IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| KRISJENN RANCH, LLC, KRISJENN | § | CASE NO. 20-50805 |
| RANCH, LLC, SERIES UVALDE | § | |
| RANCH, KRISJENN RANCH, LLC | § | |
| SERIES PIPELINE ROW | § | |
| | § | |
| DEBTOR | § | |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE
DEBTOR-IN-POSSESSION TO INCUR FINANCING**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS. IF NO TIMELY RESPONSE IS FILED WITHIN TWENTY ONE (21) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD. A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

KrisJenn Ranch, LLC, KrisJenn Ranch and LLC Series Uvalde Ranch (the "Debtor"), Debtor and Debtor-in-Possession, hereby files this Motion for Entry of an Order Pursuant to 11 U.S.C. Sections 364 and 503 and Federal Rules of Bankruptcy Procedure 4001 Authorizing the Debtor-in-Possession to Incur Post-Petition Financing (the "Motion") and in support, respectfully represents as follows:

**PROCEDURAL BACKGROUND**

1. On April 27, 2020, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Code"). The Debtor continues to manage its financial affairs as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No creditors' committee has yet been

1

appointed in this case by the United States Trustee. No trustee or examiner has been requested or appointed.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. Debtor purchased the KrisJenn Ranch (the "Ranch") in 2013 for $3,952,000 and then invested an additional $840,000 in the Ranch. The Ranch derives its income from the sale of cattle and a white-tail deer hunting lease operation.

4. The Ranch is encumbered by a $5.9 million loan from Mcleod Oil ("Mcleod") related to an investment in a pipeline and its right of way. The origins of this loan are complicated. In 2017, Debtor and Larry Wright loaned $4.1 million and $1.2 million, respectively, to Black Duck, LLC ("Black Duck"). Debtor owned a 50% interest in Black Duck, and Daniel Moore owned the other 50% interest in Black Duck. The purpose of the loans was to fund Black Duck's purchase of a discontinued oil pipeline (the "Pipeline") and right of way for $5 million plus closing costs of the purchase. The full $4.1 million that Debtor loaned to Black Duck was obtained through a loan between Debtor and Asilo Investments, Ltd. ("Asilo"). The Pipeline and right of way were purchased pursuant to a purchase money contract that was assigned to Black Duck from Longbranch Energy, L.P. ("Longbranch"). Under the assignment, Longbranch retained a 20% net profit share interest. The terms of that agreement are currently in dispute. Daniel Moore sold his 50% interest in Black Duck back to the company in exchange for a 20% net profit share interest

to his Company DMA Properties, Inc. The terms of the agreement with Moore/DMA Properties, Inc. are also currently in dispute.

5. In 2018, Black Duck sold the Pipeline and right of way to TCRG East Texas Pipeline 1, LLC ("TCRG") for $2.5 million, and—as part of the deal—Black Duck retained 16% of the gross profit from the Pipeline and right of way. The aggregate, projected profit to Black Duck and other interested parties was $48,000 per day. Black Duck was unable to pay its debts to Debtor, and Debtor foreclosed on the note securing its loan to Black Duck. Shortly thereafter, in late 2018, Black Duck ceased being a going concern and was eventually wound down. The $2.5 million received from TCRG was allocated to Debtor to pay the debts encumbering the Pipeline and right of way—$1.2 million was used to repay Larry Wright, and $1.3 million was used to pay down the Asilo loan principal and accrued interest.

6. The loan from Mcleod was originally obtained to refinance the remaining $3.4 million loan from Asilo. Shortly after the TCRG purchase, Longbranch and Moore threatened TCRG with litigation for having purchased the Pipeline and right of way. As a result, Debtor agreed to repurchase the Pipeline and right of way from TCRG in 2019. Debtor repurchased the Pipeline and right of way under the Series Pipeline by obtaining an additional $2.5 million in financing from Mcleod, increasing the total amount loaned from Mcleod to $5.9 million.

7. Approximately $6.05 million is outstanding on the Mcleod debt. The Mcleod debt is also secured by the Pipeline and the right of way. Debtor contends the Mcleod debt is substantially over-secured. There is no other debt secured by the Ranch except property taxes that will not come due until January 2021. Debtor defaulted on payments due to Mcleod in February 2020.

8. Debtor needs access to post petition financing because it only sells cattle in June and November and only runs deer hunts in November and December. The loan is necessary to fund operating expenses, including but not limited to purchasing cattle feed, replacement heifers, and deer feed, and to pay the ranch foreman and professional fees. A monthly budget is attached as exhibit A to this motion.

9. Debtor is unable to obtain financing on better terms than an interest free unsecured line of credit.

## RELIEF REQUESTED

10. By this Motion, Debtor seeks entry of an Order authorizing Larry Wright, an insider, to loan up to $75,000 in the form of a line of credit to Debtor on an unsecured basis at zero (0%) percent interest. The funds shall be used in accordance with Exhibit A to fund Debtor's cattle and deer lease operations and to pay professional fees authorized by the Court. The agreement shall be governed by Exhibit B, revolving Line of Credit Agreement. In general, the Line of Credit Agreement provides for a maximum loan amount of $75,000, repayment of the loans in 24 months, at zero (0%) percent interest unless funds are matured and then at six 6% percent interest, monthly payments of 2% of the outstanding balance, and shall be treated as an unsecured debt along with the prepetition unsecured class in the event of liquidation or conversion to chapter 7.

## ARGUMENT AND AUTHORITY

11. Pursuant to 11 U.S.C. § 364(b), "the court, after notice and a hearing, may authorize the [debtor-in-possession] to obtain unsecured credit . . ." Here, Debtor has located unsecured credit to pay "the actual, necessary costs and expenses of preserving the estate," and is therefore entitled to the relief requested. 11 U.S.C. § 503(b)(1)(A).

12. "Cases consistently reflect that the court's discretion under section 364 of the Bankruptcy Code is to be utilized on grounds that permit reasonable business judgment to be exercised so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers or its purpose is not so much to benefit the estate as to benefit the parties in interest." See *In re Ames Dept. Stores, Inc.*, 115 B.R. 34, 40 (S.D.N.Y. 1990). Here, the Debtor has used its reasonable business judgment in its determination to obtain credit under very favorable terms, which will permit the debtor to operate and pay its professionals during the bankruptcy. In no way is the bankruptcy process being leveraged as this financing will form the basis for recovery to the Debtor's estate.

13. For all of the above reasons, this Court should grant the Debtor's Motion to Incur Debt in the form of the Line of Credit in Exhibit "B.".

## SET THE MOTION FOR HEARING

14. Bankruptcy Rule 4001(c)(2) states, ". . . the court may commence a final hearing on a motion for authority to obtain credit no earlier than 14 days after service of the motion." Here the debtor has not requested interim relief and instead requests the Court set a final hearing no earlier than 14 days after service of the motion.

## NOTICE

15. Notice of this Motion has been or will be provided to (a) the Office of the United States Trustee for the Western District of Texas, (b) all known or alleged secured creditors, (c) the unsecured non-insider creditors of the Debtor (on a consolidated basis), (d) all known shareholders, (e) all Debtor professionals, (f) all members of any official committee of unsecured creditors that may be appointed, (g) counsel for, and any professionals retained by, any official committee of unsecured creditors that may be appointed, (h) the United States Attorney's Office for the Western

District of Texas, (i) the Internal Revenue Service, (j) any persons who have filed a request for notice pursuant to Bankruptcy Rule 2002, and (k) any such other government agencies to the extent required by the Bankruptcy Rules and Local Rules. The Debtor submits that no further notice of this Motion is required.

WHEREFORE, Debtor respectfully requests that upon hearing it be permitted to obtain Debtor in Possession financing as requested hearing, and for any such further relief to which it may be entitled.

Dated: April 27, 2020

> Submitted By:
> MULLER SMEBERG, PLLC
>
> By: /s/ *Ronald J. Smeberg*
> RONALD J. SMEBERG
> State Bar No. 24033967
> 111 W. Sunset Rd.
> San Antonio, Texas 78209
> 210-664-5000 (Tel)
> 210-598-7357 (Fax)
> ron@mullwe-smeberg.com
> PROPOSED ATTORNEY FOR DEBTOR

### CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2020, true and correct copies of the foregoing motion will be forwarded electronically via the Court's ECF System, or by U.S. first class mail, postage prepaid, on, all parties listed on the attached Service List.

> */s/ Ronald J. Smeberg*
>
> RONALD J. SMEBERG

# SERVICE LIST

**DEBTOR**

KrissJenn Ranch, LLC
410 Spyglass Rd
Mc Queeney, TX 78123-3418

**GOVERNMENT ENTITIES**

Office of the UST
615 E Houston, Room 533
PO Box 1539
San Antonio, TX 78295-1539

U.S. Attorney
Attn: Bkcy Division
601 NW Loop 410, Suite 600
San Antonio, Texas 78216

Internal Revenue Services
Special Procedures Branch
300 E. 8th St. STOP 5026 AUS
Austin, TX 78701

Texas Comptroller of Public Account
Attn: Bankruptcy
P.O. Box 149359
Austin, TX 78714-9359

Angelina County Tax Assessor
606 E Lufkin Ave,
Lufkin, Texas 75901

Nacogdoches County Tax
Assessor Collector
101 West Main Street
Nacogdoches, Texas 75961

Rusk County
202 N Main St,
Henderson, Texas 75652

Shelby County, Tax Collector
200 St. Augustine St.
Center, Texas 75935

Tenaha ISD Tax Assessor-Collector
138 College St
Tenaha, TX 75974-5612

Uvalde Tax Assessor
Courthouse Plaza, Box 8
Uvalde, Texas 78801

**NOTICE PARTIES**

METTAUER LAW FIRM
c/o April Prince
403 Nacogdoches St Ste 1
Center, TX 75935-3810

Albert, Neely & Kuhlmann
1600 Oil & Gas Building
309 W 7th St
Fort Worth, TX 76102-6900

Laura L. Worsham
JONES, ALLEN & FUQUAY, LLP
8828 Greenville Ave.
Dallas, Texas 75243

Craig Crockett
CRAIG M. CROCKETT, PC
5201 Camp Bowie Blvd. #200
Fort Worth, Texas 76107

Christopher S. Johns
JOHNS &COUNSEL PLLC
14101 Highway 290 West,
ste 400A
Austin, Texas 78737

Timothy Cleveland
CLEVELAND|TERRAZAS PLLC
4611 Bee Cave Road, ste 306B
Austin, Texas 78746

Andrew R. Seger
KEY TERRELL & SEGER
4825 50th Street, ste A
Lubbock, Texas 79414

**SECURED CREIDITORS**

McLeod Oil, LLC
c/o John W. McLeod, Jr.
700 N Wildwood Dr
Irving, TX 75061-8832

**UNSECURED CREIDITORS**

Bigfoot Energy Services
312 W Sabine St
Carthage, TX 75633-2519

C&W Fuels, Inc.
Po Box 40
Hondo, TX 78861-0040

Davis, Cedillo & Mendoza
755 E Mulberry Ave Ste 500
San Antonio, TX 78212-3135

Granstaff Gaedke & Edgmon
5535 Fredericksburg Rd Ste 110
San Antonio, TX 78229-3553

Hopper's Soft Water Service
120 W Frio St
Uvalde, TX 78801-3602

Larry Wright
410 Spyglass Rd
Mc Queeney, TX 78123-3418

Medina Electric
2308 18th St.
Po Box 370
Hondo, TX 78861-0370

Medina's Pest Control
1490 S Homestead Rd
Uvalde, TX 78801-7625

Texas Farm Store
236 E Nopal St
Uvalde, TX 78801-5317

Uvalco Supply
2521 E Main St
Uvalde, TX 78801-4940

Longbranch Energy
c/o DUKE BANISTER RICHMOND
Po Box 175
Fulshear, TX 77441-0175

DMA Properties, Inc.
896 Walnut Street at US 123 BYP
Seneca, SC 29678