IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| KRISJENN RANCH, LLC, | § | |
| KRISJENN RANCH, LLC–SERIES | § | |
| UVALDE, KRISJENN RANCH, LLC– | § | |
| SERIES PIPELINE ROW, | § | Case No. 20-50805-RBK |
| | § | |
| Debtor | § | |

**AMENDED DEBTORS' RESPONSE TO DMA PROPERTIES, INC. AND LONGBRANCH ENERGY, LP'S MOTION TO SEVER OR DISMISS**

**TO THE HONORABLE CHIEF UNITED STATES BANKRUPTCY JUDGE RONALD B. KING:**

Now coms KrisJenn Ranch, LLC, KrisJenn Ranch, LLC–Series Uvalde, and KrisJenn Ranch, LLC–Series Pipeline Row and make this Amended Debtors' Response to DMA Properties, Inc. and Longbranch Energy, LP's Motion to Sever or Dismiss (the "Motion").

## I. INTRODUCTION

1. Debtor admits the facts stated but denies the movant has properly applied as the law as stated in paragraph 1 of the Motion and denies the series are joint Debtors.

2. Debtor denies paragraphs 2 and 3 of the Motion.

3. Debtor admits the stated case law of paragraph 4 of the Motion but denies it applies to Texas series.

4. Debtor admits the facts stated but denies the movant has properly applied Section 302 as stated in paragraph 5 of the Motion and denies the series are joint Debtors.

5. Debtor denies paragraphs 6–8 of the Motion.

1

## II. SUMMARY OF ARGUMENTS

6. This bankruptcy involves a voluntary petition filed by KrisJenn Ranch, LLC ("KrisJenn") on behalf of itself and KrisJenn Ranch, LLC–Series Uvalde ("Uvalde") and KrisJenn Ranch, LLC–Series Pipeline Row ("Pipeline"), and does not constitute a joint petition.

7. The United States Bankruptcy Code is silent as to how a bankruptcy court should treat a Series LLC.

8. KrisJenn, Uvalde, and Pipeline were formed under the laws of the state of Texas, and the state of Texas does not recognize a series as a separate and distinct entity. *See* TEX. BUS. ORGS. CODE ANN § 101.622 ("[A] series has the rights, power, and duties provided by this subchapter to the series but is not a separate domestic entity or organization.").

9. KrisJenn, Uvalde, and Pipeline did not file a joint petition because Texas Law does not recognize a series as an entity distinct from the Series LLC, and DMA Properties, Inc. ("DMA") and Longbranch Energy, LP's ("Longbranch") argument concerning joint petitions is inapplicable to the case at bar.

10. In addition, DMA and Longbranch present the Court with an incomplete reading of section 101.602 of the Texas Business Organizations Code, which enforces debts, liabilities, and obligations of a series solely against the assets of that series only if certain statutory requirements are met. Those statutory requirements have not been met by KrisJenn.

11. Because KrisJenn did not satisfy the statutory requirement in section 101.602 of the Texas Business Organizations Code to recognize separateness between KrisJenn, Uvalde, and Pipeline, the liabilities of each may be assessed against the other's assets.

### III. ARGUMENTS

#### A. Texas Recognizes the Single-Entity Model.

12. Debtor has been unable locate any precedence on the issue of series LLC's in bankruptcy. Some scholars have addressed how a court could view a series LLC in a bankruptcy by analyzing the laws of the state that the Series LLC was formed under. *See generally* Norman M. Powell, *Series LLCs, the UCC, and the Bankruptcy Code—A Series of Unfortunate Events?*, 41 UCC L.J. 103 (2008).[1]

13. Under section 101.622 of the Texas Business Organizations Code, "a series has the rights, powers, and duties provided by this subchapter to the series *but is not a separate domestic entity or organization*." TEX. BUS. ORGS. CODE ANN. § 101.622.

14. While neither the code, nor case law, expressly addresses how a series would be treated under bankruptcy law, it seems apparent that the Texas Legislature intended for the Series of a Series LLC to not be a distinct entity. Uvalde and Pipeline filed for Bankruptcy with KrisJenn because they are not distinct entities under the Texas Business Organizations Code and are not able to petition for protection under the Bankruptcy Code unless they do so as a part of KrisJenn.

15. The Court should deny DMA and Longbranch's motion to split or dismiss because Texas law recognizes KrisJenn and its Series as one entity, and, therefore, KrisJenn could not have

---

[1] The Single-Entity Model finds support in the Delaware LLC Act, which provides that Series terminate on the dissolution of the Series LLC. That is, Series cannot exist absent the continued existence of a Series LLC, a fact that suggest that Series are something other than separate and distinct entities. Additional provisions of the Delaware LLC Act and other Delaware entity laws support the inference that the legislature intended that Series be treated as part of the same entity as the Series LLC, not as separate entities distinct from it.

Norman M. Powell, *Series LLCs, the UCC, and the Bankruptcy Code—A Series of Unfortunate Events?*, 41 UCC L.J. 103, 108 (2008); *see also* Carol R. Goforth, *The Series LLC, and a Series of Difficult Questions*, 60 AR. L.R. 385, 398 (2007).

possibly filed a joint petition. Thus, DMA and Longbranch's arguments regarding joint petitions are without merit.

### B. The Separation of Assets and Liabilities Between the Series is Not Applicable Because the Statutory Requirements Under TBOC 101.602(b) Were Not Satisfied.

16. DMA and Longbranch cite section 101.602(a) of the Texas Business and Organizations Code for the proposition that the liabilities of KrisJenn, Uvalde, and Pipeline can only be assessed against their own respective assets. However "[s]ubsection (a) [of 101.602] applies only if: (1) the records maintained for that particular series account for the assets associated with that series separately from the other assets of the company or any other series; (2) the company agreement contains a statement to the effect of the limitations provided in Subsection (a); *and* (3) the company's certificate of formation contains a notice of the limitations provided in Subsection (a)." TEX. BUS. ORGS. CODE ANN. § 101.602(b).

17. DMA and Longbranch assert that section 101.602(a) creates statutory protections that would be eluded should the Court deny their motion. However, these protections do not even apply in this case because the Series LLC must qualify for the protections by satisfying the requirement under section 101.602(b) before they can apply.

18. Here, KrisJenn, Uvalde, and Pipeline have not maintained records for each particular series account for the assets associated with that series separately from the other assets of the company or any other series. All of the KrisJenn money has been comingled between KrisJenn and its series. Therefore, section 101.602(a) is also inapplicable to the case at bar.

19. Under DMA and Longbranch's reading of 101.602(a)—while giving effect to 101.622—a Series would never be able to file for bankruptcy. Under this interpretation, a Series cannot file for bankruptcy with the LLC because it has separate assets and liabilities—and would

4

constitute a "joint filing"—and a Series cannot file on its own because 101.622 states that the Series is not a distinct entity.

20. The only reasonable solution under the relevant statutes is to allow KrisJenn, Uvalde, and Pipeline to file for bankruptcy as one entity. Because KrisJenn did file for bankruptcy as one entity, the Court should deny DMA and Longbranch's motion to dismiss or sever in its entirety.

### IV. CONCLUSION

21. Texas Law does not recognize a series as a distinct entity from the Series LLC. KrisJenn, Uvalde, and Pipeline could not have improperly filed a joint petition because they are one entity according to the laws they were organized under.

22. Therefore, the Court should deny DMA and Longbranch's request to sever or dismiss the Debtor's petition and grant Debtor all relief justly required.

Respectfully submitted,

MULLER SMEBERG, PLLC

By: /s/ *Ronald J. Smeberg* .
RONALD J. SMEBERG
State Bar No. 24033967
MULLER SMEBERG, PLLC
111 W. Sunset Rd.
San Antonio, TX 78209
210-664-5000 (Tel)
210-598-7357 (Fax)
ron@smeberg.com
ATTORNEY FOR DEBTOR

5

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2020, true and correct copies of the foregoing will be forwarded electronically via the Court's ECF System, or by U.S. first class mail, postage prepaid, on, all parties listed on the attached Service List.

*/s/ Ronald J. Smeberg*
RONALD J. SMEBERG

## SERVICE LIST

**DEBTOR**

KrissJenn Ranch, LLC
410 Spyglass Rd
Mc Queeney, TX 78123-3418

**GOVERNMENT ENTITIES**

Office of the UST
615 E Houston, Room 533
PO Box 1539
San Antonio, TX 78295-1539

U.S. Attorney
Attn: Bkcy Division
601 NW Loop 410, Suite 600
San Antonio, Texas 78216

Internal Revenue Services
Special Procedures Branch

300 E. 8th St. STOP 5026 AUS
Austin, TX 78701

Texas Comptroller of Public Account
Attn: Bankruptcy
P.O. Box 149359
Austin, TX 78714-9359

Angelina County Tax Assessor
606 E Lufkin Ave,
Lufkin, Texas 75901

Nacogdoches County Tax Assessor Collector
101 West Main Street
Nacogdoches, Texas 75961

Rusk County
202 N Main St,
Henderson, Texas 75652

Shelby County, Tax Collector
200 St. Augustine St.
Center, Texas 75935

Tenaha ISD Tax Assessor-Collector
138 College St
Tenaha, TX 75974-5612

Uvalde Tax Assessor
Courthouse Plaza, Box 8
Uvalde, Texas 78801

**NOTICE PARTIES**

METTAUER LAW FIRM
c/o April Prince
403 Nacogdoches St Ste 1
Center, TX 75935-3810

Albert, Neely & Kuhlmann
1600 Oil & Gas Building
309 W 7th St
Fort Worth, TX 76102-6900

Laura L. Worsham
JONES, ALLEN & FUQUAY, LLP
8828 Greenville Ave.
Dallas, Texas 75243

Craig Crockett
Craig M. Crockett, PC
5201 Camp Bowie Blvd. #200
Fort Worth, Texas 76107

Christopher S. Johns
JOHNS &COUNSEL PLLC
14101 Highway 290 West,
ste 400A
Austin, Texas 78737

Timothy Cleveland
CLEVELAND|TERRAZAS PLLC
4611 Bee Cave Road, ste 306B
Austin, Texas 78746

Andrew R. Seger
KEY TERRELL & SEGER
4825 50th Street, ste A
Lubbock, Texas 79414

**SECURED CREIDITORS**

McLeod Oil, LLC
c/o John W. McLeod, Jr.
700 N Wildwood Dr
Irving, TX 75061-8832

**UNSECURED CREIDITORS**

Bigfoot Energy Services
312 W Sabine St

Carthage, TX 75633-2519

896 Walnut Street at US 123 BYP
Seneca, SC 29678

C&W Fuels, Inc.
Po Box 40
Hondo, TX 78861-0040

Davis, Cedillo & Mendoza
755 E Mulberry Ave Ste 500
San Antonio, TX 78212-3135

Granstaff Gaedke & Edgmon
5535 Fredericksburg Rd Ste 110
San Antonio, TX 78229-3553

Hopper's Soft Water Service
120 W Frio St
Uvalde, TX 78801-3602

Larry Wright
410 Spyglass Rd
Mc Queeney, TX 78123-3418

Medina Electric
2308 18th St.
Po Box 370
Hondo, TX 78861-0370

Medina's Pest Control
1490 S Homestead Rd
Uvalde, TX 78801-7625

Texas Farm Store
236 E Nopal St
Uvalde, TX 78801-5317

Uvalco Supply
2521 E Main St
Uvalde, TX 78801-4940

Longbranch Energy
c/o DUKE BANISTER RICHMOND
Po Box 175
Fulshear, TX 77441-0175

DMA Properties, Inc.