IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| *In re:* | § | Chapter 11 |
| | § | |
| KrisJenn Ranch, LLC, Kris Jenn Ranch, | § | |
| LLC-Series Uvalde Ranch, KrisJenn | § | Case No. 20-50805-RBK |
| Ranch, LLC–Series Pipeline ROW, | § | |
| | § | |
| *Debtors* | § | |

## REPLY TO RESPONSE TO MOTION TO SEVER OR DISMISS

### EXECUTIVE SUMMARY

Without a chief restructuring officer, it is highly unusual (and perhaps suspect) for three Chapter 11 debtors in possession to unilaterally consolidate their financial affairs in bankruptcy due to their own mismanagement and comingling of assets. Yet this is precisely what the debtors—KrisJenn Ranch, LLC and its two related series LLCs ("Uvalde Ranch" and "Pipeline ROW")—have done here despite having operated for *years* as ostensibly separate entities. *See* Dkt. 29 ¶18.

The series LLC is a corporate form permitted under Texas law and the laws of an increasing number of other states. Here, the debtors—a parent LLC and its series LLCs— jointly filed for bankruptcy. In response, DMA Properties, Inc. (DMA) and Longbranch Energy, LP (Longbranch) filed a motion to sever or dismiss, contending that each debtor should have filed separate bankruptcy petitions. DMA and Longbranch each own a net

profits interest[1] in and to a pipeline right-of-way in East Texas; Pipeline ROW holds the record title for that right-of-way. DMA and Longbranch also hold both liquidated and unliquidated unsecured claims against one or more of the debtors. DMA and Longbranch filed their motion to sever or dismiss to prevent the prejudice to themselves and to other creditors that will occur if debtors are allowed to procced under a single, joint bankruptcy petition.

Whether to sever or dismiss—or allow these cases to proceed as consolidated—requires the Court to determine if a series LLC is a "person" under the Bankruptcy Code, specifically 11 U.S.C. §§101(9)(A)(i), (iv) and (41).While the issue appears simple, its resolution will have wide-reaching ramifications for the bankruptcy process as a whole. And Movants agree the issue of whether a parent LLC and its series LLCs should be treated as separate persons is an issue of first impression for this Court and perhaps for *any* bankruptcy court. As such, the Court's decision here will likely be widely reviewed and cited.

Because a series LLC is a person and permitting the debtors to independently merge their bankruptcy proceedings would have negative consequences for both the bankruptcy process and the series LLC form while also allowing debtors to benefit from their misdeeds, the Court should sever or dismiss.

---

[1] A net profits interest in oil and gas properties is an interest in the underlying real property. *Hamman et. al. v. Lyle, et. al,* No. 16-34850, 2020 WL 930111, at *11 (Bankr. S.D. Tex. Feb. 21, 2020).

## ARGUMENT AND AUTHORITIES

**I.**      **KrisJenn Ranch, Uvalde Ranch, and Pipeline ROW are each a "person" under the Bankruptcy Code and should be treated as individual debtors.**

It is well settled that in order to be eligible for relief under the Bankruptcy Code, the debtor must be a "person or a municipality." 11 U.S.C. §§101(13), 109(a). "The term 'person' includes individual, partnership, and corporation." 11 U.S.C. §101(41). A "corporation" in turn, may include "association having a power or privilege that a private corporation, but not an individual or a partnership, possesses" or a "business trust." 11 U.S.C. §§101(9)(A)(i), (iv).

While there is no specific reference in the Bankruptcy Code to the form LLC or the form series LLC, the use of the term "includes" means "person" is not limited to only "individual, partnership, and corporation." And as an LLC and a series LLC are creatures of Texas law, the Court should look to state law in evaluating how to treat them. *See In re ICLNDS Notes Acquisition, LLC,* 259 B.R. 289, 292-93 (Bankr. N.D. Ohio 2001) (looking to Ohio law and concluding that an LLC is eligible to be a debtor).

Texas law explicitly defines "person" to mean "an individual or a corporation, partnership, *limited liability company*, business trust, trust, association, or other organization, estate, government or governmental subdivision or agency, or other legal entity, or a *series of a domestic limited liability company* or foreign entity." TEX. BUS. ORGS. CODE §1.002 (69-b) (emphasis added). This fact alone demonstrates that the LLC and series LLCs in this case are "persons" and should be treated as individual debtors.

LLCs are regularly treated as debtors in bankruptcy because "an LLC draws its character from both [the corporation and partnership] forms of doing business." *In re*

*ICLNDS*, 259 B.R. at 292-93; *see also, e.g.*, *New Hope Hosp., LLC v. EH Nat'l Bank*, No. 3:15-CV-2296-B, 2016 WL 5661654, at *1 (N.D. Tex. Sept. 29, 2016) (concerning a Chapter 11 bankruptcy where the debtor was a Texas LLC). An LLC is therefore "similar enough to those entities that it also comes within the definition of 'person'" under the Bankruptcy Code. *Id.*

So, too, for a series LLC. Texas law permits the series LLC entity form to have individualized membership and management, enjoy broad powers to transact business, and maintain separate debts and obligations from all related entities. Such treatment indicates that a Texas series LLC draws its character from the corporation and partnership forms and should be treated as a person under the Bankruptcy Code.

Specifically, a series LLC may have entirely separate "members, managers, membership interests, or assets" with "separate rights, powers, or duties" *See* TEX. BUS. ORGS. CODE §101.601. Although an individual series is "not a separate domestic entity[,]"[2] Texas law grants extensive powers to a series LLC. A Texas series LLC has "the power and capacity" to do all of the following in its "own name[:]"

    (1)    sue and be sued;

    (2)    contract;

    (3)    acquire, sell, and hold title to assets of the series, including real property, personal property, and intangible property;

    (4)    grant liens and security interests in assets of the series;

    (5)    be a promoter, organizer, partner, owner, member, associate, or manager of an organization; and

---

[2] TEX. BUS. ORGS. CODE §101.622.

(6)     exercise any power or privilege as necessary or appropriate to the conduct, promotion, or attainment of the business, purposes, or activities of the series.

*Id.* §101.605.

These powers give a series LLC the ability to operate as an individual entity, just like a corporation or partnership. A series entity's power to "sue and be sued" in the series LLC's own name alone suggests that a series LLC has the power to "sue" for its own bankruptcy.

Perhaps most significantly, Texas law sets the general rule that the debts and liabilities of one series belong to that series alone. *Id.* §101.602(a)(1). And a series LLC does not generally inherit the debts and liabilities of the parent LLC or any other series. *Id.* §101.602(a)(2).

That general rule applies here. The debts and liabilities of KrisJenn Ranch, Uvalde Ranch, and Pipeline ROW belong to each of those entities alone, requiring a separate bankruptcy proceeding for each.

The exception to the general rule—where an individual series becomes liable for the debts and obligations of its parent LLC and other series and vice versa—applies only if a series fails to satisfy three requirements. *See* TEX. BUS. ORGS. CODE. §101.602(a) (setting out the general rule "subject to Subsection (b)"). A series LLC loses its protected, individualized status by failing to (1) maintain records that "account for the assets associated with the series separately from other assets of the company or other series"; (2) include a special statement in the company agreement; or (3) include a notice in the company's certificate of formation. *Id.* §101.602(b).

Here, debtors only contend that they have not maintained the separate records required under §101.602(b)(1) because Larry Wright—professional gambler and a principal of the debtors—"comingled" money "between KrisJenn and its series." Resp. ¶18.

But comingling money is not what triggers the merger exception. Indeed, "assets associated with a series"—such as money—"may be held directly or indirectly . . . in the name of the limited liability company, through a nominee, or otherwise." TEX. BUS. ORGS. CODE §101.603(a).

Rather, the standard for records that "account for the assets associated with that series separately" is a low one to maximize the general rule's coverage:

> If the records of a series are maintained in a manner so that the assets of the series can be reasonably identified by specific listing, category, type, quantity, or computational or allocational formula or procedure, including a percentage or share of any assets, or by any other method in which the identity of the assets can be objectively determined, the records are considered to satisfy the requirements of Section 101.602(b)(1).

*Id.* §101.603(b).

Debtors do not argue that the assets of the series cannot be "reasonably identified."[3] Instead, evidence exists that Wright incurred indebtedness, granted liens, gave options for the purchase of real property, and conducted business separately for KrisJenn Ranch, Uvalde Ranch, and Pipeline ROW. *See, e.g.*, Ex. A (Deed from TCRG to

---

[3] It is also suspect for the debtors to asset that their assets are so comingled to merit one proceeding at a point in the bankruptcy process when the creditors are at a distinct disadvantage in examining and reviewing the debtors' records.

Pipeline ROW); Ex. B (Asilo Investment Resolution Certificate). This evidence shows that assets of the series can be reasonably identified.

Texas law treats both an LLC and a series LLC as a "person" as the term is used in 11 U.S.C. §101(41). And, given the attributes of a series LLC under the Texas Business Organizations Code, both an LLC and a series LLC should be classified as a "corporation" under the Bankruptcy Code because they closely resemble an "association having a power or privilege that a private corporation, but not an individual or a partnership, possesses" or a "business trust." 11 U.S.C. §§101(9)(A)(i), (iv). KrisJenn Ranch, Uvalde Ranch, and Pipeline ROW thus are each debtors and should have their own bankruptcy proceedings.

II.     **As a matter of first impression, the Court's decision here will likely become the model on how to treat series LLCs in bankruptcy and will likely affect future use of the series LLC.**

The parties have not identified any case where a court has considered how to treat a parent LLC and its series LLCs in bankruptcy. Given the spread of series LLCs and the inevitability of bankruptcy matters that includes these entities, courts across the nation will thus likely look to this Court's decision on the instant motion to sever or dismiss as the example of how to proceed.

It is tempting to begin and end the analysis of whether a parent LLC and all its series LLC should be classified as one debtor with Texas Business Organizations Code §101.622, which states that a series LLC "is not a separate domestic entity or organization." Yet that error not only ignores the provisions of Texas law discussed in Part I but also raises a host of thorny issues for the bankruptcy process:

1. **Authority to file**: If all series LLCs are to be considered a single debtor, who authorizes the bankruptcy filing where each series LLC has distinct management?

2. **Insolvency**: How does one measure the "insolvency" of an LLC where one series LLC is financially successful and another series LLC is deeply insolvent?

3. **Marshalling of assets and liquidation**: If a bankruptcy entails the marshalling of assets and the disposition of those assets for the benefit of creditors, how will the issue of "horizontal" limited liability be handled between and among series LLCs and their respective creditors?

4. **Adjudication of lien priority**: How does one resolve the issue of lien priority where financing statements containing run-of the mill dragnet clauses are filed against separate series LLCs when the series LLCs ostensibly hold record title to entirely separate assets?

5. **Preference actions**: In the context of a run-of-the mill preference action under Section 547 of the Bankruptcy Code, is a member of one series LCC an "insider" to a separate series LCC in which he or she owns no interest?

6. **Fraudulent transfers**: Where a financially solvent series LLC has made transfers to third parties, may those transfers be set aside under Section 548 of the Bankruptcy Code where the transferee had notice of the insolvency of a separate series of the company?

7. **Innocent creditors**: A bankruptcy court is fundamentally a court of equity, and as such, is it equitable to force innocent creditors who dealt with an individual Series LLC in good faith to "in line" behind the creditors of another series LLC?

The answers to these questions become more difficult if the Court permits the debtors to unilaterally lump a parent LLC in with its series LLCs in a single bankruptcy proceeding.

And if all series LLCs are to be considered as a single debtor in bankruptcy, then the application of traditional bankruptcy rules to each of these questions could effectively

8

undermine (and perhaps make wholly obsolete) Texas's statutory scheme of permitting a parent LLC to create a series of "siloed" subsidiaries with differing ownership and management. In other words, there would be no point to having a series LLC if all of the assets and liabilities of each series would up in the same "pot" when it came to a bankruptcy filing.

### III. Debtors should not be permitted to benefit from their own gross mismanagement.

Notwithstanding having transacted business as separate entities for several years, the debtors now contend that the business and financial affairs of each series LLC should be merged with its parent LLC in bankruptcy because Wright comingled funds.[4] In so doing, the debtors have essentially taken it upon themselves to consolidate their financial and business affairs because of their own gross mismanagement.

First, the debtors should not be able to single-handedly consolidate their bankruptcy proceedings by filing one joint bankruptcy petition. Only the Court has the power to determine whether a case *may* be substantively consolidated. *In re AHF Dev., Ltd.,* 462 B.R. 186, 195 (Bankr. N.D. Tex. 2011); *In re Permian Producers Drilling, Inc.,* 263 B.R. 510, 517 (W.D. Tex. 2000). The Debtors do not decide substantive consolidation.

Second, the debtors seek to benefit from their own bad acts by placing all creditors in the same line for a single pool of assets. In effect, this may allow the debtors to play favorites among the creditors, allowing preferred creditors to access assets that would

---

[4] And, as discussed in Part I, comingling funds does not mean that the parent LLC and its series LLCs should be treated as one debtor.

have been walled off due to the separation of assets between the parent LLC and the series LLCs.

## CONCLUSION

For these reasons, DMA and Longbranch respectfully ask the Court to grant its motion to sever or dismiss so that KrisJenn Ranch, Uvalde Ranch, and Pipeline ROW each have its own separate bankruptcy proceeding.

Respectfully submitted,

/s/ Michael Black
Michael Black
State Bar No. 02384400
Burns & Black PLLC
750 Rittiman Road
San Antonio, Texas 78209
210-829-2022
210-829-2021 fax
mblack@burnsandblack.com

*Attorneys for Longbranch Energy, LP and DMA Properties, Inc.*

/s/ Christopher S. Johns
Christopher S. Johns
State Bar No. 24044849
Christen Mason Hebert
State Bar No. 24099898
JOHNS & COUNSEL PLLC
14101 Highway 290 West, Suite 400A
Austin, Texas 78737
512-399-3150
512-572-8005 fax
cjohns@johnsandcounsel.com
chebert@johnsandcounsel.com

/s/ Timothy Cleveland
Timothy Cleveland
State Bar No. 24055318
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com

/s/ Andrew R. Seger
Andrew R. Seger
State Bar No. 24046815
KEY TERRELL & SEGER
4825 50th Street, Suite A
Lubbock, Texas 79414
806-793-1906
806-792-2135 fax
aseger@thesegerfirm.com

*Attorneys for DMA Properties, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by way of e-service through the CM/ECF system by notice of electronic filing or as otherwise set out herein on the 19th day of May, 2020: Mr. Ronald J. Smeberg, Attorney for Debtor, MULLER SMEBERG, PLLC, 111 West Sunset Road, San Antonio, Texas 78209; U.S. Trustee, 615 East Houston Street, Room 533, P.O. Box 1539, San Antonio, Texas 78295-1539; Ms. Laura L. Worsham, JONES, ALLEN & FUQUAY, LLP, 8828 Greenville Avenue, Dallas, Texas 75243; Mr. Tab Beall, PERDUE, BRANDON, FIELDER, COLLINS & MOTT, LLP, P.O. Box 2007, Tyler, Texas 75710-2007; and Mr. Carlos M. Arce, PERDUE, BRANDON, FIELDER, COLLINS & MOTT, LLP, 613 Northwest Loop 410, Suite 550, San Antonio, Texas78213. Additionally, I hereby certify that a true and a correct copy of the foregoing document was served on all each of the following parties on this 19th day of May, 2020:

Albert, Neely & Kuhlmann, LLP
1600 Oil & Gas Building
309 W. 7th St
Fort Worth, TX 76102-6900

Angelina County Tax Assessor
606 E Lufkin Ave
Lufkin, TX 75901-0434

Bigfoot Energy Services, LLC
312 W. Sabine St
Carthage, TX 75633-2519

C&W Fuels, Inc.
P.O. Box 40
Hondo, TX 78861-0040

Davis, Cedillo & Mendoza, Inc.
755 E Mulberry Ave Ste 500
San Antonio, TX 78212-3135

Duke, Banister, Richmond, PLLC
Mr. Jeffrey Duke
P.O. Box 175
Fulshear, TX 77441

Granstaff Gaedke & Edgmon, PC
5535 Fredericksburg Rd Ste 110
San Antonio, TX 78229-3553

Hopper's Soft Water Service
120 W. Frio St.
Uvalde, TX 78801-3602

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

KrisJenn Ranch, LLC
KrisJenn Ranch, LLC, Series U
410 Spyglass Rd
McQueeney, TX 78123-3418

Mr. Larry Wright
410 Spyglass Rd
McQueeney, TX 78123-3418

Longbranch Energy
c/o Duke Banister Richmond
P.O. Box 175
Fulshear, TX 77441-0175

McLeod Oil, LLC
c/o Ms. Laura L. Worsham
Jones Allen & Fuquay, LLP
8828 Greenville Avenue
Dallas, Texas 75243

McLeod Oil, LLC
c/o Mr. John W. McLeod, Jr.
700 N. Wildwood Dr
Irving, TX 75061-8832

Medina Electric
2308 18th St.
P.O. Box 370
Hondo, TX 78861-0370

Medina's Pest Control
1490 S. Homestead Rd.
Uvalde, TX 78801-7625

Mettauer Law Firm, PLLC
c/o Ms. April Prince
403 Nacogdoches St Ste 1
Center, TX 75935-3810

Nacogdoches County Tax Assessor
101 W. Main St Ste 100
Nacogdoches, TX 75961-4820

Nacogdoches County, et al.
c/o Mr. Tab Beall
Perdue Brandon Fielder Collins & Mott
P.O. Box 2007
Tyler, TX 75710-2007

Rusk County Appraisal District
107 N. Van Buren St
Henderson, TX 75652-3113

Shelby County Tax Collector
200 St. Augustine St.
Center, TX 75935

Tenaha ISD Tax Assessor-Collector
138 College St.
Tenaha, TX 75974-5612

Texas Comptroller of Public Accounts
Capitol Station
P.O. Box 13528
Austin, TX 78711-3528

Texas Farm Store
236 E. Nopal St
Uvalde, TX 78801-5317

Uvalco Supply
2521 E. Main St
Uvalde, TX 78801-4940

Uvalde County Tax Assessor
Courthouse Plaza, Box 8
Uvalde, TX 78801

Uvalde County Tax Office
c/o Mr. Carlos M. Arce
Perdue, Brandon, Fielder, Collins & Mott
San Antonio, TX 78216

/s/ Michael Black
Michael Black

14