# Series LLCs, the UCC, and the Bankruptcy Code— A Series of Unfortunate Events?

Norman M. Powell

Norman M. Powell is a partner in the Delaware law firm of Young Conaway Stargatt & Taylor, LLP, where his practice includes formation and service as Delaware counsel to corporations, limited liability companies, and statutory trusts, and the delivery of legal opinions relating to such entities, security interests, and other matters of Delaware law. He can be reached via email at npowell@ycst.com. Mr. Powell acknowledges and thanks his colleague Patrick A. Jackson, an associate in Young Conaway's Bankruptcy and Restructuring department, for his insights and research assistance.

## INTRODUCTION

The Delaware Limited Liability Company Act, Del. Code Ann. tit. 6, § 18-101 et seq. (the Delaware LLC Act), facilitates the formation of entities with attributes carefully crafted to meet the needs of a given application. It is regularly revised so as to best assure that Delaware limited liability companies (LLCs) can be crafted to meet the ever-developing needs of the marketplace. The Delaware LLC Act explicitly invokes Delaware's policy to give "maximum effect to the principle of freedom of contract and to the enforceability of limited liability company agreements."[1] Since the mid-1990s, the Delaware LLC Act has permitted the formation of LLCs with separate series of members, managers, and assets. Where separate series are properly established and maintained, the debts, liabilities, obligations, and expenses incurred, contracted for, or otherwise existing with respect to a particular series are enforceable against the assets of such series only and not against the assets of the LLC generally or any other series.[2] The flexibilities and advantages afforded by the Delaware LLC Act, intended as they are to address the diverse needs of various constituencies, present unique issues and risks in certain contexts and applications. This article discusses the issues that arise when Delaware LLCs with series (Series LLCs) or such series themselves (Series) become debtors for Uniform Commercial Code

Article 9 purposes and questions concerning Series LLCs and Series as debtors under the Bankruptcy Code.

## I. SERIES LLCS AND SECURED TRANSACTIONS

For some years, the Delaware LLC Act has permitted the formation of LLCs with separate series of members, managers, and limited liability company interests. In 2007, certain provisions of the LLC Act relating to the holding of assets associated with a Series were amended.[3] The amendments provide maximum flexibility and so accommodate the needs of a great many constituencies. Inevitably, some options are better suited to some applications than others. There is an interesting interplay between these provisions and perfection of security interests by filing under Article 9 of the Uniform Commercial Code.[4]

### A. Who Is the Debtor in a Series LLC?

Those dealing with the creation and perfection of security interests in assets associated with a Series must be particularly careful in identifying their "debtor" (that is, the person having an interest in the collateral at issue, within the meaning of U.C.C. § 9-102(a)(28)) and in answering each question that follows from that threshold issue. In the years since the comprehensive revisions to Article 9 took effect in 2001, most lawyers have become comfortable that a Delaware LLC is a "registered organization" within the meaning of U.C.C. § 9-102(a)(70). Thus a Delaware LLC, even a Series LLC, is "located" in Delaware under § 9-307(e), and a financing statement identifying a Delaware LLC as "debtor" must feature the Delaware LLC's name (only) in box 1a as indicated in § 9-503(a)(1) and be filed in Delaware under § 9-301. Things may be very different if one is considering assets associated with a Series. The current Delaware LLC Act provides, in relevant part, as follows:

(b)  …. Assets associated with a series may be held directly or indirectly, including in the name of such series, in the name of the limited liability company, through a nominee or otherwise….

(c)  A series established in accordance with subsection (b) of this section…. shall have the power and capacity to, in its own name, contract, hold title to assets (including real, personal and intangible property), grant liens and security interests, and sue and be sued.[5]

As regards assets of a given Series, who is the "debtor" within the meaning of U.C.C. § 9-102(a)(28)? Possibilities would seem to include the Series LLC itself, the Series, and a nominee.

### B. The LLC as Debtor.

If the Series LLC itself is the debtor, Article 9 would seem to require an ordinary filing against and naming the Series LLC as debtor, in the Series LLC's location (that is, Delaware). Matters unique to the Series might be addressed in the collateral description, or in box 10 (miscellaneous) of the financing statement addendum, as appropriate.

### C. A Nominee as Debtor.

If a nominee is the debtor, one must consider whether that nominee is an organization, a registered organization, an individual, or something else. An effective filing against the assets of the corresponding Series would be filed in such nominee's location (which may not be Delaware) as determined under the applicable subpart of § 9-307, and name the nominee (only) in box 1a (or box 1b, if applicable) in deference to the applicable subpart of § 9-503.

### D. A Series as Debtor.

If the Series is the debtor, one must consider whether it is a registered organization, an organization (other than a registered organization), or something else. "Registered organization" is defined in § 9-102(a)(70) as "an organization organized solely under the law of a single State or the United States and as to which the State or the United States must maintain a public record showing the organization to have been organized." It would seem clear that the Article 9 definition of "registered organization" does not fit Series. The Delaware Secretary of State (the "Secretary of State") does not necessarily receive, let alone have an obligation to maintain, any public record showing a given Series to have been organized (nor, of interest to the would-be filer, indicating its name), and the Series LLC as a whole is issued a single organizational identification number.

Section 18-215(b) of the Delaware LLC Act requires that notice of the limitation on liabilities of a Series be set forth in the certificate of formation of the Series LLC, but requires nothing more. Indeed, the notice may refer to the LLC agreement's establishment, or provision for future establishment, of Series. The Delaware LLC Act provides that such notice "shall be sufficient for all purposes of this subsection whether or not the limited liability company has established any series when such notice is included in the certificate of formation, and there shall be no requirement that any specific series of the limited liability company be referenced in such notice."[6] Simple notice that one or more (unnamed) Series might come into existence at some unspecified time in the future will suffice. Thus a Series is not itself a registered organization within the meaning of § 9-102(a)(70).

"Organization" is defined in U.C.C. § 1-201(b)(25) as "a person other than an individual." "Person," in turn, is defined in U.C.C. § 1-201(b)(27) as "an individual, corporation, business trust, estate, trust, partnership, limited liability company, association, joint venture, government, governmental subdivision, agency, or instrumentality, public corporation, or any other legal or commercial entity." Is it sufficiently clear whether a Series is a legal or commercial entity? Article 9 appears to contemplate that debtors to which it applies are either individuals or organizations (see, e.g., § 9-307(b)). On balance, holding Series assets in the name of the Series may leave Article 9 secured parties without the degree of certainty and confidence to which they have become accustomed.

### E. What and Where to File?

Beyond the question of who the "debtor" is for the relevant assets, and having had such debtor effectively grant the desired security interest, interested parties must determine the proper characterization of such debtor for purposes of determining where to file a financing statement against it and determine its name and other information for purposes of completing such financing statement. If the debtor is the Series LLC itself, these questions are easily answered. If the debtor is a nominee, these questions should be easily answerable by consideration of the relevant attributes of that nominee under Article 9. If the debtor is the Series, questions remain as to the characterization of the debtor and thus its location for purposes of § 9-307 (that is, where to file), and what name, organizational identification number (if applicable—Delaware does not require organizational identification numbers on financing statements), and other identifying information to provide on a financing statement (that is, what to file).

## II. SERIES LLCS AND THE BANKRUPTCY CODE

The interplay between Series LLCs and Series and the Bankruptcy Code, 11 U.S.C.A. § 101 et seq., as amended, is still more uncertain. If a Series LLC becomes a "debtor" within the meaning of the Bankruptcy Code, are its constituent Series likewise debtors? Are the Series LLC and its constituent Series all one and the same debtor? Is it possible for a Series, to the exclusion of the Series LLC, to be a debtor within the meaning of the Bankruptcy Code? Or could it be that, regardless of how these questions are answered, assets of a Series will not be available to creditors of another Series or the Series LLC?

### A. Is a Series LLC a Debtor?

The Bankruptcy Code provides that "[t]he term 'debtor' means [a] person… concerning which a case… has been commenced."[7] In turn, "[t]he term 'person' includes individual, partnership, and corporation."[8] Finally,

> [t]he term "corporation"… includes… (i) association having a power or privilege that a private corporation, but not an individual or a partnership, possesses; (ii) partnership association organized under a law that makes only the capital subscribed responsible for the debts of such association; (iii) joint-stock company; (iv) unincorporated company or association; or (v) business trust; but… does not include limited partnership.[9]

A great many Delaware LLCs, whether with or without Series, will fit this definition of "corporation," though it would seem at least theoretically possible to form a Delaware LLC in which each attribute enumerated in the definition of "corporation" is disclaimed or renounced by language in the limited liability company agreement, which language should be given effect under the Delaware LLC Act ("It is the policy of this chapter to give the maximum effect to the principle of freedom of contract and to the enforceability of limited liability company agreements").[10] Note that the definitions of both "person" and "corporation" purport to include, but not to be limited to, the illustrative examples that follow. However, even if we conclude, as we likely will, that a Series LLC with separate Series can be a debtor under the Bankruptcy Code, what does that mean for assets held in Series?

### B. Three Conceptual Models for Analysis of Series.

It may be helpful to consider these questions in terms of three conceptual models. The first such model (the "Single-Entity Model") would regard the Series LLC and its Series as one and the same legal entity. Under this model, when a Series LLC is a debtor, its Series are constituent parts of that debtor. It would seem doubtful that such Series could themselves be debtors separate and apart from their Series LLC. The second such model (the "Multi-Entity Model") would regard the Series LLC and its various Series as distinct legal entities. A Series LLC could be a debtor, as could any of its Series, but the bankruptcy of any one would not directly affect the others. The third such model (the "Quasi-Trust Model") would focus not on the question of entity status, but rather on the fact that a Series LLC has no beneficial interest in assets held in Series, nor does a Series have a beneficial interest in assets held in a separate Series, in each case unless otherwise provided in the limited liability company agreement.

The Single-Entity Model finds support in the Delaware LLC Act, which provides that Series terminate on the dissolution of the Series LLC.[11] That is, Series cannot exist absent the continued existence of a Series LLC, a fact that suggests that Series are something other than separate and distinct entities. Additional provisions of the Delaware LLC Act and other Delaware entity laws support the inference that the legislature intended that Series be treated as part of the same entity as the Series LLC, not as separate entities distinct from it.

Delaware entities generally can only be created by filing something with the Secretary of State.[12] Partnerships are an exception. They may, but are not required to, file a statement of existence with the Secretary of State.[13] At common law, however, partnerships were not considered entities.[14] Series, on the other hand, need not file anything with the Secretary of State.[15] Instead, there is only inquiry notice as to the existence (or possible future existence) of one or more Series.[16] Under the Multi-Entity Model or the Quasi-Trust Model, by contrast, a Series LLC and its Series could be separate entities, or perhaps separate beneficial interests, because a Series has the ability to "contract, hold title to assets… and sue and be sued."[17] To be a separate entity, an organization "must have a legal identity apart from its members."[18] The ability to contract, hold assets in its name, and sue and be sued would likely establish a separate legal identity for the organization. Thus a bankruptcy court could hold that the Series LLC and its Series are different legal entities.

To embrace the Multi-Entity Model would require concluding that the Delaware legislature, in a significant departure from long-standing policy, had chosen to allow the formation of entities without filing with the Secretary of State any document specifically identifying them. This would seem to suggest that the Multi-Entity Model is to be disfavored. Yet the Single-Entity Model would seem to frustrate a primary purpose of Delaware LLC Act § 18-215(b). We are left, then, with the Quasi-Trust Model. It is consistent with the explicit provisions of Delaware LLC Act ("[U]nless otherwise provided in the limited liability company agreement, none of the debts, liabilities, obligations and expenses incurred, contracted for or otherwise existing with respect to the limited liability company generally or any other series thereof shall be enforceable against the assets of [a given]… series").[19] It is consistent with bankruptcy law ("To determine whether the Debtor ha[s] a legal or equitable interest [in assets of the series]…, we must look to state law").[20] Under Bankruptcy Code § 541(a)(1), "all legal or equitable interests of the debtor" are property of the estate. Regardless of whether assets are held in the name of the Series LLC, in the name of the Series, or otherwise, the applicable state law provides that the assets of a Series cannot be used to pay the debts of another Series or of the Series LLC unless

the LLC agreement so provides. That is, while a Series LLC may or may not have a legal interest in assets of a Series, it has no beneficial interest in such assets unless the LLC agreement gives rise to such beneficial interest. Under the Quasi-Trust Model, the language of the Delaware LLC Act can be given meaning consistent with existing bankruptcy law. However, because a Series cannot exist beyond the life of its related Series LLC, a proceeding on behalf of a Series LLC under Chapter 7 of the Bankruptcy Code may necessitate the disposition of Series assets.

## C. Substantive Consolidation and the Series LLC.

Of course, some might argue for application of the doctrine of substantive consolidation, by which a bankruptcy court may consolidate the assets and liabilities of multiple debtor entities, or of a debtor entity and one or more nondebtor entities, allowing creditors of one entity to reach assets of the other entities notwithstanding each entity's independent legal existence under applicable nonbankruptcy law. Substantive consolidation is a construct of federal common law and arises from the bankruptcy court's equitable powers.[21] Some have also found a statutory basis for substantive consolidation in Bankruptcy Code §§ 105(a) (bankruptcy court's general equitable powers), 302(b) (permitting consolidation of joint cases filed by married individuals), and 1123(a)(5)(C) (permitting a Chapter 11 plan to provide for the "merger or consolidation of the debtor with one or more persons"). As an equitable doctrine, it does not admit of formulaic application, and, apart from a salutary mention in a 1941 Supreme Court opinion (stating, arguably in dictum, that the bankruptcy referee had the authority to substantively consolidate a debtor and nondebtor entity), there is no guiding authority from the Supreme Court as to when the doctrine may be applied.[22] In 2005, the Third Circuit noted that there was no reason to believe that substantive consolidation was limited to a particular type of entity.[23] Under the Single-Entity Model, there is no need to resort to substantive consolidation. Under the Multi-Entity Model, presumably the doctrine would be applied (or found inapplicable) in the usual way. Under the Quasi-Trust Model, one might conceivably argue against substantive consolidation on the basis of the Bankruptcy Code itself.

Bankruptcy Code § 541(c)(2) provides that "[a] restriction on the transfer of the beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a [bankruptcy] case." Thus, to the extent that the series construct permitted by Delaware LLC Act § 18-215 were viewed as a restriction on the transfer of a given Series' beneficial interest in assets to a consolidated bankruptcy estate of the Series LLC or another Series, Bankruptcy Code § 541(c)(2) can be read as abrogating the power to substantively consolidate (because,

to the extent substantive consolidation is premised on Bankruptcy Code § 105(a), it cannot overstep statutory bounds established elsewhere in the Bankruptcy Code). Additional support can be found in Bankruptcy Code § 541(d), which provides that property

> in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest… becomes property of the estate… only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

Under this view, even the titling of Series assets in the name of the Series LLC would not compromise separateness.

## CONCLUSION

Delaware limited liability companies provide extraordinary flexibility and can be formed with characteristics chosen to facilitate outcomes not feasible for corporations and other traditional operating companies. Such characteristics include legal isolation of assets in a given transaction from the consequences of a future insolvency, special mechanisms to better assure continuity of existence, and modification of fiduciary and other duties. Formation of Delaware LLCs requires the filing of a short and simple certificate with the Secretary of State and generally includes drafting of an operating agreement endowing the entity with the special attributes desired in the application at hand. Thus many of the most sought-after and bargained-for attributes of the Delaware LLC are a function not of governing statutes but of carefully drafted operating agreements. However, creative structures can give rise to challenges and uncertainties.

There is an interesting interplay between the series provisions of the Delaware LLC Act and Article 9. Although the Delaware LLC Act facilitates the holding of assets associated with series in a number of different ways, some of these options present the would-be secured party with uncertainty as to the identity of its debtor, its debtor's name, and how to complete and where to file a financing statement. Finally, although it is clear that a Delaware LLC, including a Delaware LLC with separate series, can be a debtor under the Bankruptcy Code, it is unclear (1) whether a given series can be a debtor under the Bankruptcy Code and (2) the extent to which series assets may be available for inclusion in the bankruptcy estate of a Delaware LLC with separate series or a given series. From the perspectives of both Article 9 and the Bankruptcy Code, it may be best to title assets of a Series in the name of the Series LLC. Flexibility provides many benefits, but its cost is the burden of having to make appropriate choices.

## NOTES

1. Del. Code Ann. tit. 6, § 18-1101(b) (2008).
2. Del. Code Ann. tit. 6, § 18-215.
3. Del. Code Ann. tit. 6, § 18-215.
4. U.C.C. §§ 9-101 to 9-709 (1999).
5. Del. Code Ann. tit. 6, § 18-215.
6. Del. Code Ann. tit. 6, § 18-215.
7. 11 U.S.C.A. § 101(13) (2006).
8. 11 U.S.C.A. § 101(41).
9. 11 U.S.C.A. § 101(9).
10. Del. Code Ann. tit. 6, § 18-1101(b) (2008).
11. Del. Code Ann. tit. 6, § 18-215(k).
12. See Del. Code Ann. tit. 6, § 15-1001 (2008) (requiring limited liability partnership to file statement of qualification); Del. Code Ann. tit. 6, § 17-201 (requiring certificate to be filed for limited partnership); Del. Code Ann. tit. 6, § 18-201 (requiring certificate to be filed for Delaware LLC); Del. Code Ann. tit. 8, § 106 (2008) (commencing corporate existence on filing of certificate of incorporation); Del. Code Ann. tit. 12, § 3810 (2008) (requiring statutory trust filing).
13. Del. Code Ann. tit. 6, § 15-303.
14. See, e.g., Bergstrom v. Ridgway-Thayer Co., 53 Misc. 95, 103 N.Y.S. 1093 (Sup 1907), aff'd, 119 A.D. 889, 105 N.Y.S. 1107 (1st Dep't 1907) ("A partnership, unlike a corporation, is not an entity").
15. Del. Code Ann. tit. 6, § 18-215.
16. See Del. Code Ann. tit. 6, § 18-215(b) (requiring that a certificate of formation provide notice if a limited liability agreement establishes or provides for the establishment of Series).
17. Del. Code Ann. tit. 6, § 18-215(c).
18. In re Valley Media, Inc., 279 B.R. 105, 127, 47 U.C.C. Rep. Serv. 2d 1178 (Bankr. D. Del. 2002).
19. Del. Code Ann. tit. 6, § 18-215(b).
20. In re Bake-Line Group, LLC, 359 B.R. 566, 570, 47 Bankr. Ct. Dec. (CRR) 217 (Bankr. D. Del. 2007) (citing Butner v. U.S., 440 U.S. 48, 55, 99 S. Ct. 914, 59 L. Ed. 2d 136, 19 C.B.C. 481, Bankr. L. Rep. (CCH) P 67046 (1979)).
21. See In re Owens Corning, 419 F.3d 195, 205, 45 Bankr. Ct. Dec. (CRR) 36, Bankr. L. Rep. (CCH) P 80343 (3d Cir. 2005), as amended, (Oct. 12, 2005) and cert. denied, 547 U.S. 1123, 126 S. Ct. 1910, 164 L. Ed. 2d 685 (2006) and cert. denied, 547 U.S. 1123, 126 S. Ct. 1910, 164 L. Ed. 2d 685 (2006).
22. See Sampsell v. Imperial Paper & Color Corp., 313 U.S. 215, 61 S. Ct. 904, 85 L. Ed. 1293 (1941).
23. In re Owens Corning, 419 F.3d 195, 209 n.13, 45 Bankr. Ct. Dec. (CRR) 36, Bankr. L. Rep. (CCH) P 80343 (3d Cir. 2005), as amended, (Oct. 12, 2005) and cert. denied, 547 U.S. 1123, 126 S. Ct. 1910, 164 L. Ed. 2d 685 (2006) and cert. denied, 547 U.S. 1123, 126 S. Ct. 1910, 164 L. Ed. 2d 685 (2006).