THE SERIES LLC: SUGGESTIONS FOR SURVIVING
SOME SERIOUS UNCERTAINTIES

*Michael E. Fink*[*]

## I. INTRODUCTION

Classes on business entities undoubtedly were much easier to teach a mere thirty years ago, when only four main business entities existed: corporations, limited partnerships, general partnerships, and sole proprietorships.[1] Now there has been an explosion in business forms, particularly unincorporated entities.[2] Though structures like the limited liability partnership and the limited liability limited partnership are significant in their own right,[3] the limited liability company (LLC) is probably the most important business entity development of the past several decades.[4] Providing its members and managers with a liability shield without exacting a price in the nature of control of the enterprise[5] has made the LLC the most common business form adopted by new ventures.[6]

---

[*]    Juris Doctor, May 2011, University of Pittsburgh School of Law. Many thanks go to Robert T. Harper and Stephanie Winer Schreiber for their invaluable advice and encouragement throughout this and many other endeavors.

[1].    *See* Carol R. Goforth, *The Series LLC, and a Series of Difficult Questions*, 60 ARK. L. REV. 385, 385 (2007). Professor Goforth acknowledges the existence of other options for specialized business, such as real estate investment trusts, but notes that "the vast majority of American businesses" were organized as one of the four main statutory options. *Id.*

[2].    *See id.* at 385–86.

[3].    *See* M. Shaun McGaughey, *Limited Liability Partnerships: Need Only Professionals Apply?*, 30 CREIGHTON L. REV. 105 (1996) (discussing the limited liability partnership); Dem A. Hopkins, *LLLPs—A New Limited Liability Option*, CCH LIMITED LIABILITY COMPANY GUIDE: LLC ADVISOR, Nov. 16, 2000, at 4 (discussing the limited liability limited partnership).

[4].    For a good overview of the history of the limited liability company, see Thomas Earl Geu, *Understanding the Limited Liability Company: A Basic Comparative Primer (Part One)*, 37 S.D. L. REV. 44, 44–96 (1992).

[5].    Compare this to the limited partnership, in which only limited partners enjoy limited liability, and only if they refrain from the management or control of the enterprise. *E.g.*, Freedman v. Tax Review Bd. Philadelphia, 243 A.2d 130, 134 (Pa. Super. Ct. 1968), *aff'd*, 258 A.2d 323 (Pa. 1969).

[6].    *See* Howard M. Freidman, *The Silent LLC Revolution—The Social Cost of Academic Neglect*, 38 CREIGHTON L. REV. 35, 36 (2004).

UNIVERSITY OF PITTSBURGH LAW REVIEW                    [Vol. 72:597

Delaware has long been recognized as one of the most pro-business states in the Union,[7] and encouraging business by furthering the limited liability of business owners may have been the impetus behind Delaware's creation of the series limited liability company.[8] Simply put, in Delaware (and eight other states),[9] an LLC may choose to arrange itself into multiple "series" or "cells." The assets of each series are then shielded from the liabilities of other series or of the LLC itself.[10] For example, an LLC operating taxicabs could assign each individual cab to a separate series.[11] Liability resulting from a serious accident involving one taxicab would not then threaten the existence of the entire venture.[12]

Eight of the nine states to enact a provision providing for a Series LLC in their LLC statutes have followed the Delaware model.[13] Delaware has made it easy to establish separate series within an LLC; all that is required is notice to that effect in the LLC Agreement.[14] This means that a Series LLC can be formed in any of these states without additional expenses beyond the state's standard LLC filing and maintenance fees.[15] The Illinois model, on the other hand, is not quite as simple because it requires a separate filing and fee for each series.[16] However, the Illinois statute drives home the point that the series are to be regarded as separate business entities because "[e]ach series with limited liability may, in its own name, contract, hold title to assets, grant security interests, sue and be sued and otherwise conduct business and exercise the powers of a limited liability company under [the Illinois Act]."[17]

---

7.    *See* Steven J. Cleveland, *Process Innovation in the Production of Corporate Law*, 41 U.C. DAVIS L. REV. 1829, 1833–68 (discussing Delaware's corporate law innovations and the positive outcomes of these innovations).

8.    DEL. CODE ANN. tit. 6, § 18-215 (2010).

9.    As of 2009, the other states to offer a Series LLC with internal liability shields are Illinois, Iowa, Nevada, Oklahoma, Tennessee, Texas, Utah, and Wisconsin. *See* 805 ILL. COMP. STAT. 180/37-40 (2010); IOWA CODE § 490A.305 (2010); NEV. REV. STAT. § 86.296 (2010); OKLA. STAT. tit. 18, § 2054.4 (2010); TENN. CODE ANN. § 48-249-309 (2010); TEX. BUS. ORGS. CODE ANN. § 101.601 (Vernon 2010); UTAH CODE ANN. § 48-2C-606 (2010); WIS. STAT. § 183.0504 (2010).

10.    DEL. CODE ANN. tit. 6, § 18-215.

11.    *See* Goforth, *supra* note 1, at 393.

12.    *Id.* Presumably insurance would play a large part in resolving such an incident, but the example serves the purpose of illustrating the great benefit of internal liability shields.

13.    *See* Sandra Mertens, *Series Limited Liability Companies: A Possible Solution to Multiple LLCs*, 84 CHI.-KENT L. REV. 271, 291–92 (2009). *See also* IOWA CODE § 490A.305; NEV. REV. STAT. § 86.296; OKLA. STAT. tit. 18, § 2054.4; TENN. CODE ANN. § 48-249-309; TEX. BUS. ORGS. CODE ANN. § 101.601; UTAH CODE ANN. § 48-2C-606; WIS. STAT. § 183.0504. Illinois created its own model for the Series LLC.

14.    DEL. CODE ANN. tit. 6, § 18-215(a).

15.    Of course, a state could set the filing fee for a Series LLC higher than the fees for a regular LLC.

16.    805 ILL. COMP. STAT. 180/37-4(b).

17.    *Id.* This language, combined with Illinois's requirement of multiple filings and fees, may play

Pennsylvania's LLC Act[18] does not contain a provision authorizing the creation of series within an LLC. This not only prevents domestic business ventures from electing this entity, but casts uncertainty on how foreign Series LLCs should be treated when doing business within the Commonwealth. Unless Pennsylvania enacts legislation allowing the creation of Series LLCs (or, at a minimum, recognizing foreign Series LLCs), the only guidance for treating foreign Series LLCs is the section of the LLC Act on foreign LLCs.[19] This section gives the members and managers of a foreign LLC the same protections as those in a domestic LLC.[20] As discussed below, regarding the internal liability shields of a Series LLC, this guidance is murky at best.[21]

This Note begins in Part II by analyzing the actual and potential benefits of the Series LLC. Part III discusses real and potential problems with this new entity; these problems are not insubstantial. Part IV of this Note argues that the problems presented by Series LLCs can in fact be overcome, and provides a tentative roadmap for doing so. This is done by placing the current uncertainties surrounding Series LLCs into the historical context of the development of LLCs generally, arguing that such problems are mere "growing pains." Noting that Series LLCs are here to stay, and concluding that the problems surrounding them are indeed surmountable, Part V suggests that Pennsylvania enact its own Series LLC statute, being generous in its treatment of foreign Series LLCs in the meantime.

## II. BENEFITS OF THE SERIES LLC

The many benefits of a limited liability company with internal liability shields are readily apparent. This is because limited liability, as opposed to unrestricted individual liability, "encourages and promotes business, commerce, manufacturing and industry."[22] The ability to segregate assets into multiple series, thereby limiting the liability of each series from other series of the same entity, is a further step in this direction of encouraging business.

One of the main advantages of choosing an LLC for a business venture is that it confers on its members and managers many of the benefits and

---

into the analysis of the strength of the internal liability shields. *See infra* notes 91–98 and accompanying text.

18.   15 PA. CONS. STAT. §§ 8901–98.
19.   § 8981 (incorporating §§ 8581–90).
20.   *Id.*
21.   *See infra* notes 66–68 and accompanying text.
22.   Johnson v. Kinchen, 160 So. 2d 296, 299 (La. Ct. App. 1964).

characteristics of the corporate form without demanding all of a corporation's formalities.[23] Forming and running a corporation can be difficult or daunting, especially for the small businessman who might otherwise turn to the simplicity of a sole proprietorship or general partnership for his business entity of choice.[24] Because an LLC requires fewer formalities than do corporations,[25] the LLC is a much more user-friendly business entity than a corporation.[26] Though the Delaware model of Series LLC requires slightly more formalities than a regular LLC to effectuate the internal liability shields,[27] these formalities are still more lenient than a corporation's requirements.

If forming and running a closely-held corporation proves to be beyond the wishes or abilities of a businessman seeking simplicity, then more complicated structures such as holding companies, affiliates, and subsidiaries are obviously unavailable. This is where the Series LLC can really shine. The analogy of a Series LLC to a parent-subsidiary relationship between corporations is apparent.[28] The separate existence of corporations in a parent-subsidiary relationship is firmly ingrained in American business law.[29] Equally well established is the attendant limited liability to such business structures.[30] A Series LLC gives a businessman the ability to shield assets, or separate parts of his business, from each other in a relationship that resembles the parent-subsidiary relationship, but on the easier and friendlier level of an LLC.

Income tax treatment is another benefit a Series LLC has over corporations, including corporations in a parent-subsidiary relationship. The

23. See Vasilios T. Nacopoulos, Note and Comment: Whither (Wither) Subchapter C?: The Effect of the Double-Tax System's Progeny (the LLC, Check-the-Box and Subchapter S), 17 J.L. & COM. 159, 166–68 (1997).

24. Lance Cole, Reexamining the Collective Entity Doctrine in the New Era of Limited Liability Entities—Should Business Entities Have a Fifth Amendment Privilege?, 2005 COLUM. BUS. L. REV. 1, 84.

25. See, e.g., Kaycee Land & Livestock v. Flahive, 46 P.3d 323, 328 (Wyo. 2002) (noting that "many of the organizational formalities applicable to corporations do not apply to LLCs").

26. As discussed infra notes 50–54, there is concern that failing to observe the separate records requirement of the Series LLC statutes could result in veil piercing.

27. DEL. CODE ANN. tit. 6, § 18-215(b) (2010) ("the records maintained for any such series [must] account for the assets associated with such series separately from the other assets of the limited liability company, or any other series thereof").

28. See Goforth, supra note 1, at 389. Professor Goforth notes that multiple corporations or multiple LLCs would also serve to insulate assets as does a parent/subsidiary relationship. Id.

29. See, e.g., Greater Hammond Cmty. Servs. v. Mutka, 735 N.E.2d 780, 784 (Ind. 2000) (noting that the "general rule of corporate law, however, is that a corporation will not be held liable for the acts of other corporations, including its subsidiaries").

30. See Frank H. Easterbrook & Daniel R. Fischel, Limited Liability and the Corporation, 52 U. CHI. L. REV. 89, 90 (1985).

tax treatment of a business organization is one of the major forces in the choice of entity.[31] Normal LLCs can elect pass-through tax treatment from the Internal Revenue Service (IRS).[32] This pass-through tax treatment is one of the characteristics that made the LLC so popular.[33] In January of 2008, the IRS issued a private letter ruling explaining that the federal tax characterization of each series in a Series LLC will be determined independently.[34] As a result, one series of a Series LLC could elect to be taxed as a partnership while another series in the same Series LLC elects to be taxed as a corporation. This comports with the tax treatment of LLCs generally and keeps with LLC-defining flexibility.

This collection of benefits—limited individual liability, internal liability shields around assets, a structure approaching that of parent-subsidiary corporations, and the potential of only facing taxation at the individual level—makes the Series LLC seem as though it may be the best business entity development to date.

### III. POTENTIAL PROBLEMS WITH THE SERIES LLC

Everything presented thus far paints a rosy picture of the Series Limited Liability Company. However, it is not without its own set of problems and unanswered questions, and fewer than twenty percent of the states have authorized it. Universally, the main concern surrounding the Series LLC is "uncertainty."[35] Uncertainty concerning nearly every facet of the Series LLC, from taxation to veil piercing to choice of law, has led many commentators to refrain from embracing the Series LLC or recommending it to clients.[36]

---

31.  *See* Craig J. Langstraat & K. Dianne Jackson, *Choice of Business Tax Entity after the 1993 Tax Act*, 11 AKRON TAX J. 1, 1 (1995).

32.  *See* Geu, *supra* note 4, at 45 (discussing the IRS's administrative ruling that an LLC would be taxed as a partnership). By way of comparison, a corporation is taxed twice: once at the entity level, and then again as distributions are made to shareholders (unless the corporation qualifies for and elects taxation under subchapter S of the internal revenue code). *See* Langstraat & Jackson, *supra* note 31, at 1–2.

33.  *See* Tanya Simpson, *Have Estate Planners Hijacked the LLC? How Restrictions on Dissolution Have Crippled the LLC as a Viable Small Business Entity*, 34 FLA. ST. U. L. REV. 573, 575 (2007) (noting that "[t]he popularity of the LLC first took off when the Internal Revenue Service . . . formally recognize[ed] that a limited liability entity could . . . avoid[] the dreaded double taxation of a corporation").

34.  I.R.S. Priv. Ltr. Rul. 2008-03-004 (Jan. 18, 2008), *available at* http://www.irs.gov/pub/irs-wd/0803004.pdf.

35.  *See, e.g.*, Mertens, *supra* note 13; Christopher S. McLoon & Margaret C. Callaghan, *The Dangerous Charm of the Series LLC*, 24 ME. B.J. 226 (2009).

36.  *See, e.g.*, Mertens, *supra* note 13; McLoon & Callaghan, *supra* note 35.

Consider the taxation issue. While a regular LLC receives pass-through tax treatment from the IRS, it is still unresolved if a Series LLC, resembling separate enterprises under one overarching umbrella, still qualifies for this treatment.[37] This question is even less settled among the states.[38] Related questions include the availability of offsets between series, whether each series has to file a separate return,[39] and whether one series could elect to be taxed as a corporation while others elect partnership taxation.[40]

While the IRS has provided only marginal guidance on this issue, California has been much more explicit. Despite the IRS's silence on its perception of the Series LLC as one entity, the California Franchise Tax Board has decided to view a Series LLC as a "series" of separate LLCs,[41] meaning California levies taxes and fees on each Series transacting business in the state individually.[42] This is in spite of the general rule that, for state tax purposes, "the tax classification of unincorporated entities piggy-backs on the entity's classification for federal income tax purposes."[43] For any venture that expects to conduct a significant portion of its business in California before the IRS eventually (if ever) issues a definitive public ruling on the tax treatment for the Series LLC, this vehicle may not be the best choice. Avoiding multiple taxation is one of the biggest benefits of the unincorporated business forms,[44] and California explicitly takes this benefit away.

Another major area of uncertainty with the Series LLC concerns the actual strength of the internal liability shields.[45] There is absolutely no case law on the effectiveness of the internal liability shields in domestic cases, let alone outside of the jurisdiction of formation. A very real fear, however, is that the internal shields of a Series LLC may be easily subject to "piercing."[46] Disregarding the corporate entity and holding shareholders liable (often referred to as "piercing the corporate veil") is an extreme equitable remedy, reserved for radical cases when a court feels it is "necessary to impose

---

37.    *See* Goforth, *supra* note 1, at 401. *But see* I.R.S. Priv. Ltr. Rul. 2008-03-004, *supra* note 34.

38.    *See infra* notes 41–44 and accompanying text.

39.    This question is more important regarding the Delaware style of Series LLC. The Illinois statute clearly delineates separate series as separate entities so this is likely less of an issue for an Illinois Series LLC. *See supra* notes 16–17 and accompanying text.

40.    *See* Goforth, *supra* note 1, at 401. *But see* I.R.S. Priv. Ltr. Rul. 2008-03-004, *supra* note 34.

41.    Sheldon I. Banoff & Richard M. Lipton, *Shop Talk: California Takes a Stand on Delaware Series LLCs but There's No News from IRS*, 104 J. TAX'N 315, 315 (2006).

42.    *Id.*

43.    *Id.*

44.    *See* Simpson, *supra* note 33.

45.    *See* Goforth, *supra* note 1, at 396–97.

46.    *See id.* at 398.

shareholder liability despite corporate law's promise of limited liability."[47] The policies underlying the doctrine of veil piercing justify its extension to other limited liability entities, such as the LLC.[48] One of the most commonly cited reasons for piercing a veil of limited liability is that the corporate entity (or the limited liability entity, as the case may be) is but a mere "alter ego" of the shareholder.[49] Series LLC statutes typically require the maintenance of separate records for each series,[50] and the failure to comply could show a treatment of one series as a mere alter ego of the LLC as a whole.[51] One fear is that the requirement of separate record maintenance may be lost on an insufficiently cautious manager.[52] This concern results from the fact that the Series LLC is supposed to be a singular entity.[53] Whether such improper record maintenance would then lead to veil piercing (defeating the entire purpose of the internal shields) is, at best, unclear.[54]

The effect of bankruptcy on a Series LLC is another area of concern.[55] Are the separate series affected if the LLC itself files for bankruptcy? Is the LLC itself, or other series thereof, affected if just one series files for bankruptcy? Can a single series even do so? These are some of the uncertainties regarding the application of bankruptcy law to Series LLCs.[56]

The greatest uncertainty regarding Series LLCs, however, is how the entity will be treated outside of its jurisdiction of creation, especially when the

---

47.   *See* David Millon, *Piercing the Corporate Veil, Financial Responsibility, and the Limits of Limited Liability*, 56 EMORY L.J. 1305, 1310 (2007).

48.   *See id. See also* NetJets Aviation, Inc. v. LHC Communs., LLC, 537 F.3d 168, 176 (2d Cir. 2008) (discussing the "similar liability shields that are provided by corporations and LLCs to their respective owners" and the similar reasons for piercing these shields); *Kaycee Land*, 46 P.3d at 327 (noting there is "no reason, in either law or policy, to treat LLCs differently than we treat corporations [regarding the piercing doctrine]").

49.   *See* Millon, *supra* note 47, at 1329.

50.   *See, e.g.*, DEL. CODE ANN. tit. 6, § 18-215(b) (2010) ("the records maintained for any such series [must] account for the assets associated with such series separately from the other assets of the limited liability company, or any other series thereof" for the internal liability shields to apply); 805 ILL. COMP. STAT. 180/37-40 ("separate and distinct records [must be] maintained . . . and the assets associated with any such series [must be] held . . . and accounted for separately from the other assets of the limited liability company" for the internal liability shields to apply).

51.   *See* Goforth, *supra* note 1, at 399–400.

52.   *Id.*

53.   *Id.*

54.   *Id.*

55.   *See* Norman M. Powell, *Series LLCs, the UCC, and the Bankruptcy Code—A Series of Unfortunate Events?*, 41 UCC L.J. 2, art. 2 (2008).

56.   *Id.* Because of the bankruptcy court's equitable powers, this concern to creditors in bankruptcy may well be overblown; the court could apply the doctrine of substantial consolidation in the event it views the Series LLC as something other than just a single entity. *Id.*

foreign jurisdiction does not itself provide for the creation of Series LLCs.[57] The conflict of law analysis for Series LLCs is rather vague.[58] One of the problems is that despite all fifty states' enactment of LLC statutes, the states are not uniform on the characteristics and permissible activities of LLCs. For example, an LLC may be formed in Pennsylvania for any lawful purpose except insurance or banking,[59] and by default enjoys perpetual life.[60] New Jersey, on the other hand, allows LLCs for any lawful business,[61] but by default limits LLCs to a thirty-year lifespan (although the certificate of formation may elect perpetual life).[62] Delaware fits right in the middle, allowing LLCs to engage in any business except banking,[63] while granting a default endless lifespan.[64] Because of such non-uniformity, LLC acts must include provisions explaining the treatment of foreign LLCs.[65]

Most (if not all) foreign LLC qualification statutes provide that the laws of the jurisdiction of formation govern the liability of members of the foreign LLC.[66] However, "whether a forum state should defer to a foreign state's rules on an entity's ability to segregate its assets and its creditors' access to those assets" is an entirely different question than that of liability for members of a foreign LLC.[67] As Professor Rutledge notes, "limited liability . . . can exist only by the virtue of state action. . . . [L]imited liability, as a legal attribute, is a privilege granted by a sovereign."[68] This is where statutes recognizing foreign LLCs break down. A foreign Series LLC is granted internal liability shields by the foreign state. However, the domestic state provides the same external liability shields that the Series LLC enjoys in its jurisdiction of formation. Whether a state would or should modify its own sovereign grant of limited liability to accommodate a foreign Series LLC is uncertain.

---

57.  *See* Thomas E. Rutledge, *To Boldly Go Where You Have Not Been Told You May Go: LLCs, LLPs, and LLLPs in Interstate Transactions*, 58 BAYLOR L. REV. 205, 205 (2006).

58.  *Id.*

59.  15 PA. CONS. STAT. § 8991 (2010).

60.  15 PA. CONS. STAT. § 8971 (2010).

61.  N.J. STAT. ANN. § 42:2B-8(a) (West 2010).

62.  N.J. STAT. ANN. § 42:2B-48(a) (West 2010).

63.  DEL. CODE ANN. tit. 6, § 18-106 (2010).

64.  DEL. CODE ANN. tit. 6, § 18-801 (2010).

65.  *E.g.*, 15 PA. CONS. STAT. § 8981 (2010); N.J. STAT. ANN. § 42:2B-52 (2010); DEL. CODE ANN. tit. 6, § 18-901 (2010).

66.  *E.g.*, 15 PA. CONS. STAT. § 8981; N.J. STAT. ANN. § 42:2B-52; DEL. CODE ANN. tit. 6, § 18-901. *See also* 2 CARTER G. BISHOP & DAVID S. KLEINBERGER, LIMITED LIABILITY COMPANIES—TAX AND BUSINESS LAW 14.06[1][c] (2009) (noting that "[m]any (perhaps most) LLC statutes make foreign law controlling where the question is the liability of a member for the obligations of a foreign LLC").

67.  BISHOP & KLEINBERGER, *supra* note 66.

68.  *See* Rutledge, *supra* note 57, at 211.

The first Series LLC statute was enacted in 1996, a mere fourteen years ago.[69] Fourteen years may be adolescence for humans, but Series LLCs are still in their infancy. Uncertainty regarding this new entity's taxation, strength, and conflict of law analysis are profound and perplexing. Precious little case law exists to guide businessmen and practitioners,[70] and the thought of a negative resolution to any of these open questions is enough to give anyone pause.

## IV. SUGGESTIONS FOR SURMOUNTING THESE COMMONLY PERCEIVED PROBLEMS

This litany of problems may seem insurmountable. Fortunately, things are not as bad as they first appear. Series Limited Liability Companies are being adopted more quickly than LLCs originally were. Adoption by nearly twenty percent of the states may be enough of a "critical mass" to convince the remaining states to follow suit. The several existing Series LLC Acts are, with one exception, substantially similar, at least to suggest a direction for the conflict of law analysis. The exception is so direct in its intention, though, a non-series state would be hard-pressed to ignore its intent. Also, though by no means a permanent resolution to the lack of case law on the Series LLC Acts themselves, courts and practitioners actually do have a firmly established body of law to consult for guidance. Finally, compliance with formalities should not be a large stumbling block, despite non-compliance's potentially grave results. Each of these points will be addressed in turn.

### A. Putting LLC Act Adoption Rates in Context

If these concerns about choice of law and veil piercing sound familiar, they should. The Limited Liability Company itself is only thirty-three years old, having been first adopted in Wyoming in 1977.[71] It has been only twenty-two years since the IRS determined that the LLC would be taxed as a partnership.[72] By the time the IRS enacted its wildly popular "Check the Box" tax classification scheme in 1996, all fifty states and the District of Columbia had enacted LLC statutes.[73] That was the same year Delaware authorized the

---

69.  *See* Goforth, *supra* note 1, at 386–87.

70.  Mertens, *supra* note 13, at 271.

71.  *See* Geu, *supra* note 4, at 45.

72.  *Id.*

73.  Robert W. Hamilton, *Professional Partnerships in the United States*, 26 J. CORP. L. 1045, 1060

UNIVERSITY OF PITTSBURGH LAW REVIEW [Vol. 72:597

creation of Series LLCs.[74] In other words, the LLC has been universally available with the most favorable tax treatment since the exact same time that Delaware enacted its Series LLC provision. The LLC entity itself has finally come into its own, and Delaware decided to modify it, making it more business friendly with more options (namely, the internal liability shields). This makes the Series LLC seem to be an organic outgrowth of the original LLC.

From the LLC's first enactment in Wyoming, until the IRS's seminal 1988 ruling allowing the LLC to have pass through tax treatment, there were many unanswered questions.[75] Uncertainty was the buzzword then, (at least in spirit), as it is for the Series LLC now.[76] After a few years, a handful of states, but not all, had LLC Acts, and there was uncertainty as to issues like choice of law and veil piercing (even after the taxation questions had been settled). The lack of case law was lamented.[77] Even though the LLC was uncertain at its inception[78] and raised some questions that were not answered immediately,[79] it eventually became "one of the most important developments in business law in some time."[80] The Series LLC's development is on track with this schedule.

It is true that the Series LLC is currently only authorized in nine of the fifty states, accounting for only eighteen percent of the country.[81] Despite this low percentage, the Series LLC has been growing more quickly than LLCs originally did, being enacted in more states sooner than the original version. A brief historical recap is in order: the original LLC statute was enacted in Wyoming in 1977.[82] Florida followed in 1982.[83] No other states enacted such legislation until Colorado and Kansas did in 1990, two years after the IRS's

(2001).

74.  *See* Goforth, *supra* note 1, at 386–87.

75.  *See, e.g.*, Jimmy G. McLaughlin, Commentary, *The Limited Liability Company: A Prime Choice for Professionals*, 45 ALA. L. REV. 231, 232 (1993) (noting that "many questions remain unanswered").

76.  *Id.*

77.  *See, e.g.*, Richard Johnson, Comment, *The Limited Liability Company Act*, 11 FLA. ST. U. L. REV. 387 (1983) (noting that "[a]s an entirely new statutory creation, there is no case law defining the characteristics of the LLC").

78.  *Id.*

79.  McLaughlin, *supra* note 75.

80.  Daniel J. Morrissey, *Piercing All the Veils: Applying an Established Doctrine to a New Business Order*, 32 J. CORP. L. 529, 533 (2007).

81.  *See supra* note 9 and accompanying text.

82.  *See* Geu, *supra* note 4, at 45.

83.  *See* Susan Pace Hamill, *The Limited Liability Company: A Possible Choice for Doing Business?*, 41 FLA. L. REV. 721, 722 (1989).

determination that an LLC could be taxed as a partnership.[84] Four more states enacted LLC Acts in 1991,[85] and another ten followed suit in 1992.[86] For an entity that existed in Europe as far back as 1892,[87] and that was enacted domestically in the late '70s and early '80s, it took a long time for the entity really to catch on. Despite the types of uncertainties detailed above (limited case law, conflicts of laws questions, veil piercing), after the IRS's 1988 ruling, fourteen states enacted LLC statutes within the following four years. Compare this to the Series LLC, which faces similar uncertainties, but had eight of the nine states currently authorizing Series LLCs enact their legislation prior to the IRS's 2008 private letter ruling.[88] It is too early to tell if the IRS's determination that separate series' tax classifications can be determined separately will have an accelerating effect on states' adoption of Series LLC statutes, but the fact that eight states had already adopted Series LLC Acts before the IRS's ruling is encouraging.

## B. Similarity Can Simplify Choice of Law Analysis

Choice of law problems[89] are not going to go away, at least not without the Series Limited Liability Company concept being formally recognized in every state. History can again be illustrative; choice of law problems and questions of limited liability in foreign jurisdictions used to be common regarding LLCs before all states enacted such Acts.[90] In the event that not all jurisdictions adopt Series LLC legislation, the Series LLC Acts themselves can go a long way to encouraging recognition in foreign jurisdictions. The analysis under the Delaware and Illinois styles of Acts, however, varies.

---

84.   J. WILLIAM CALLISON & MAUREEN A. SULLIVAN, LIMITED LIABILITY COMPANIES: A STATE-BY-STATE GUIDE TO LAW AND PRACTICE 4 (1994).

85.   *Id.*

86.   *Id.*

87.   Steven C. Bahls, *Application of Corporate Common Law Doctrines to Limited Liability Companies*, 55 MONT. L. REV. 43, 46 (1994) (detailing the history of the *Gesellschaft mit beschrankter Haftung* ("GmbH")).

88.   Texas is the most recent jurisdiction to enact Series LLC legislation, effective as of September 1, 2009. TEX. BUS. ORGS. CODE ANN. § 101.601 (2010).

89.   For the purposes of this section, the "choice of law problem" primarily refers to the question of whether the internal liability shields of the Series LLC will be given effect in a jurisdiction without Series LLC recognition.

90.   *See, e.g.*, Rutledge, *supra* note 57, at 208–09 (offering solutions to various choice of law problems involving various newer limited liability entities). *See also* Sylvester J. Orsi, *The Limited Liability Company: An Organizational Alternative for Small Business*, 70 NEB. L. REV. 150, 181 (1991) (discussing liability in foreign jurisdictions in 1991, before the LLC became the ubiquitous entity it is today).

The Illinois Series LLC Act is the best example of how an Act itself can help guide the choice of law analysis. The Act says:

> A series with limited liability shall be treated as a separate entity to the extent set forth in the articles of organization. Each series with limited liability may, in its own name, contract, hold title to assets, grant security interests, sue and be sued and otherwise conduct business and exercise the powers of a limited liability company under this Act.[91]

Illinois took care to reinforce the point that each series is like a separate LLC in and of itself, going as far as requiring a filing for each series separately.[92] This is the most explicit such language in any of the now-existing Series LLCs Acts. It of course, remains to be seen how this language will be interpreted under a foreign jurisdiction's provisions for recognizing foreign LLCs.

Consider Pennsylvania's approach to foreign LLCs—by no means an atypical foreign LLC authorization provision—which instructs that "[t]he laws of the jurisdiction under which a foreign limited [liability company] is organized govern its organization and internal affairs and the liability of its [members and managers]."[93] Although Pennsylvania grants deference to a foreign LLC's internal affairs,[94] the authorization provision specifically mentions that the "liability of its [members and managers]" is the same as in its home jurisdiction.[95] It says nothing of the actual liabilities of the LLC (or subdivisions thereof) when it easily could have done so (and in fact did so for members and managers).[96] This is the crux of the problem, since limiting the liability of the LLC, or assorted series thereof, by use of separate series, is exactly the benefit Series LLCs purport to create.

Now consider when an Illinois Series LLC comes to Pennsylvania. Illinois took great care to indicate that each series was to be viewed as a separate entity—each series essentially an LLC onto itself.[97] Will Pennsylvania treat each series as a separate LLC? Will Pennsylvania consider the Series LLC to be a singular entity but recognize the very clear and unambiguous internal liability shields Illinois provides? Or will Pennsylvania

---

91. 805 ILL. COMP. STAT. 180/37-40(b) (2010).
92. *Id.*
93. 15 PA. CONS. STAT. § 8981 (2010) (incorporating §§ 8581–90).
94. The internal affairs doctrine, also known as *lex incorporationis*, states that, when a dispute involves a business entity and "its relationships with its shareholders, directors, officers, or agents, the law to be applied is that of the state of incorporation." BLACK'S LAW DICTIONARY 833 (9th ed. 2009).
95. 15 PA. CONS. STAT. § 8981 (incorporating §§ 8581–90).
96. *Id.*
97. 805 ILL. COMP. STAT. 180/37-40(b) (2010).

simply view the entire Illinois Series LLC as one regular LLC, limiting the liability of all members and managers but recognizing no internal protections among assets? All three scenarios are possible under section 8981 of the PA LLC Act. As discussed below in Part V, Pennsylvania would be well advised to adopt one of the first two interpretations, though there exist doomsayers who predict (or at least fear) the third outcome.[98] At a minimum, a Pennsylvania court, looking to the Illinois statute, could not claim to be unaware of the exact intent of that state regarding the internal liability structure of the Series LLC.

An Illinois Series LLC may be treated as intended in Pennsylvania due to the Illinois statute's explicit multiple entity language (and the required multiple filings for each series).[99] But what of the other eight states that are based on the Delaware model, with its single filing requirement and less explicit language?[100] Here is where the consistency of the various Acts is helpful. A court in Pennsylvania might not know what effect to give a foreign Series LLC from Tennessee, or may be tempted to just discard its internal liability protection as a curious aberration. However, the fact that Delaware (recognized as a leader in business and commercial law),[101] Tennessee, and six other states all provide for the same style of entity might (and arguably should) give the court pause. The fact that eight states (certainly not an insignificant number) have expressed a nearly identical intent to allow for the establishment of series with internal liability shields, should attract the court's attention in interpreting section 8981, though this outcome is by no means certain. Though section 8981 admittedly says nothing of respecting other jurisdictions' provisions regarding the liability of an LLC itself, there is nothing to suggest that such recognition is not proper either. With more and more states authorizing Series LLCs, a state like Pennsylvania may be more inclined to look to those Acts in their entirety, clearing up some of the choice of law problems.

*C. Authority Actually Exists to Help Guide the Courts*

When Limited Liability Companies were in their infancy, there was little or no case law on point to guide courts and practitioners. This is hardly

---

98.  *E.g.*, Goforth, *supra* note 1, at 397–98.

99.  805 Ill. Comp. Stat. 180/37-40(b).

100.  The seven remaining states with a Series LLC statute are by no means identical to Delaware's Act, but are clearly influenced by Delaware. *See* Mertens, *supra* note 13.

101.  *E.g.*, Goforth, *supra* note 1, at 386.

surprising for any new business entity, and is the same problem that the Series LLC faces today. When there was little case law regarding LLCs, courts looked to the law of corporations to guide their decisions, especially in terms of veil piercing[102] and fiduciary duties.[103]

Though it is not a long-term solution to the lack of case law on Series LLCs, courts and practitioners can look to the voluminous body of case law on parent and subsidiary corporations to answer some questions. As the Series LLC becomes more widely adopted and utilized, a body of law will develop organically. In the meantime, however, the analogy is obvious: a corporation is to a parent/subsidiary relationship of corporations as an LLC is to a Series LLC. Consequentially, some guidance for courts and practitioners exists. Eventually, all of the Series LLC Acts will be interpreted by the courts of their respective states, and many of the uncertainties will be resolved. Until that time, and as an initial roadmap, the well-established law of parent/subsidiary corporations is worth considering.

## D. Formalities Are Not That High a Hurdle

Finally, an oft-raised concern regarding Series LLCs is the possibility of carelessness regarding the record-keeping requirements.[104] It defeats the purpose of a limited liability entity statute if a member or manager can accidently, and with no bad faith, impose liability on himself or his business partners. This particular concern for Series LLCs is likely overstated, however.

Consider the type of businessmen who would look to a Series LLC to fit their particular needs. This business form is sophisticated, and it would be chosen by sophisticated businessmen.[105] Were someone considering establishing multiple corporations, but then instead chose a Series LLC, he would not be unfamiliar with the concept of maintaining separate records in full compliance with statutory requirements. Therefore, even though both the Delaware[106] and Illinois[107] styles of Series LLC statutes mandate particular and

102. *See* Fredric J. Bendremer, *Delaware LLCs and Veil Piercing: Limited Liability Has Its Limitations*, 10 FORDHAM J. CORP. & FIN. L. 385, 391–92 (2005).

103. *See* Charles R. Beaudrot, Jr. & Kendall Houghton, *Effective Use of Limited Liability Companies in Georgia: An Overview of Their Characteristics and Advantages*, 45 MERCER L. REV. 25, 34 (1993).

104. *See* Goforth, *supra* note 1, at 399–400.

105. *See* Dominick T. Gattuso, *Series LLCs; Let's Give the Frog a Little Love*, 17 BUS. L. TODAY 33, 35 (July/Aug. 2008).

106. DEL. CODE ANN. tit. 6, § 18-215(a) (2005).

107. 805 ILL. COMP. STAT. 180/37-40(b) (2005).

meticulously distinct recordkeeping (as well as other technical requirements, like provisions in operating agreements), such technical requirements are directed towards people expecting and prepared to deal with them. If managers of a Series LLC fail to comply with these formalities, the blame (and any resultant liability) falls squarely on their shoulders.

## V. A SERIES OF SUGGESTIONS FOR PENNSYLVANIA

It is no secret that Pennsylvania has suffered for the past several years under the recession.[108] "Cash flow problems and curtailed credit amid this recession have hurt small businesses 'across the board'."[109] Pennsylvania unemployment rates in October and December of 2009 were the highest they had been in twenty-five years.[110] Though the recession is (arguably) ending,[111] a friendlier business climate surely would further improve Pennsylvania's economy.

In line with this notion, Pennsylvania should endeavor to be as business friendly as possible. Businesses provide jobs and contribute taxes; Pennsylvania could use more of both at the moment. While cutting taxes is one way to be pro-business,[112] another way is to be, quite literally, pro-business. To this end, Pennsylvania should be certain to recognize business entities from other jurisdictions and treat them as the other jurisdictions intended. To do this, Pennsylvania should consider adopting legislation that specifically recognizes foreign Series Limited Liability Companies; in the absence of such legislation, the courts of the Commonwealth should recognize the protection afforded such foreign entities' internal liability shields based on the legislative intent of Pennsylvania's Act. Going one step further,

---

108. *E.g.*, Thomas Olson, *Economic Storm Batters Small Businesses Hardest*, PITT. TRIB. REV., Oct. 10, 2009, *available at*, http://www.pittsburghlive.com/x/pittsburghtrib/business/s_647444.html.

109. *Id.*

110. Associated Press, *Pa. Jobless Rate Up, Jobs at Most Scarce in Decade*, PITT. TRIB. REV., Jan. 22, 2010, *available at* http://www.pittsburghlive.com/x/pittsburghtrib/business/s_663445.html.

111. Moody's analyst Mark Zandi stated that the first stimulus package of the Obama Administration "[did] what it was supposed to do—it [contributed] to ending the recession." Jackie Calmes & Michael Cooper, *Economists, Pols Debate 2nd Stimulus; Consensus: 1st One Did Help Reverse Free-Fall, Save Jobs*, PITTSBURGH POST-GAZETTE, Nov. 21, 2009, at A6. *But see* Tim Grant, *Report: Economy Hurting Firms*, PITTSBURGH POST-GAZETTE, Mar. 4, 2010, at C1 (noting that "[s]mall businesses in Pennsylvania are being choked and strangled by runaway health care costs and oppressive taxes that are made worse by a deep recession that shows little signs of recovery").

112. *See* Mirit Eyal-Cohen, *When American Small Business Hit the Jackpot: Taxes, Politics and the History of Organizational Choice in the 1950s*, 6 PITT. TAX REV. 1, 31 (2008).

Pennsylvania should consider amending its own LLC Act[113] to allow Series LLCs to be formed domestically. Not only would this in all likelihood greatly simplify any remaining choice of law problems, but it would also evidence Pennsylvania's improving business climate by joining the growing movement to enact such statutes.

If Pennsylvania's General Assembly decides to recognize foreign Series LLCs, doing so would not be difficult. Simply adding a new subsection to the foreign LLC authorization statute[114] would suffice. Language allowing the jurisdiction of organization to determine not only the liability of the members and managers, but the liability of the LLC itself, would settle the issue. This would be pro-business by providing definitive assurances to Series LLCs from other jurisdictions that they are welcome in Pennsylvania and enjoy the same protections as in their home jurisdictions. It would also permit Pennsylvania businessmen to organize a foreign Series LLC, in Delaware for instance, with the sole purpose of operating in Pennsylvania. This could serve as a test run for adoption of an entire Series LLC Act in Pennsylvania.

If the General Assembly does not act, however, the question may first come to the courts. How to treat a foreign Series LLC will be a question of first impression for the Commonwealth when it arises. Persuasive case law from other jurisdictions might not be available to help guide the Pennsylvania courts.[115] In this case, the courts then would have nothing to assist them other than section 8981, legislative intent, and public policy concerns. As discussed above,[116] section 8981, on its face, mentions that the liability of a foreign LLC's members and managers is determined under the laws of the other state, and does not mention anything about the liabilities of the LLC itself.[117] A court can find ambiguity in the failure to acknowledge or affirmatively deny the other jurisdiction's laws on the liability of the LLC.

The legislative intent of Pennsylvania's LLC Act is only marginally better.[118] The General Assembly makes it clear that the Act exists to ensure

---

113. 15 PA. CONS. STAT. §§ 8901–98 (2010).

114. *Id.* § 8981.

115. This is, of course, one of the biggest concerns about Series LLCs in the first place. *See* Goforth, *supra* note 1, at 398. Currently only two cases cite Delaware's Series LLC Act, DEL. CODE ANN. tit. 6, § 18-215, and both are unreported, written by the same magistrate judge, and as LexisNexis so dryly puts it, they are merely "decisions with no analysis assigned." GxG Mgmt., LLC v. Young Bros. & Co., No. 05-162-B-K, 2007 U.S. Dist. LEXIS 43462 (D. Me. June 11, 2007); GxG Mgmt., LLC v. Young Bros. & Co., No. 05-162-B-K, 2007 U.S. Dist. LEXIS 12337 (D. Me. Feb. 21, 2007).

116. *Supra* notes 93–96 and accompanying text.

117. 15 PA. CONS. STAT. § 8981 (2010) (15 PA. CONS. STAT. § 8582).

118. *Id.* § 8902.

that Pennsylvania LLCs are recognized outside of the Commonwealth, and that they are afforded full faith and credit under the United States Constitution.[119] This helps guide the treatment of Pennsylvania LLCs, but sheds little light on the manner of treatment of a foreign LLC, especially a foreign Series LLC. The best argument to be made in favor of recognizing the internal liability shields of a Series LLC under section 8902 is the Golden Rule: "all things whatsoever ye would that men should do to you, do ye even so to them."[120] As Pennsylvania would like its own LLCs to be respected completely outside of the Commonwealth, then Pennsylvania should extend onto other states the same courtesy. Or, at least, the argument should be made to the court that the court should do so until the legislature speaks on the issue.

Of course, the easiest solution to many of the uncertainties presented by Series LLCs in Pennsylvania would be for Pennsylvania simply to enact its own Series LLC statute.[121] This would be proof positive of Pennsylvania's intent to recognize Series LLCs, as well as make the state that much more business friendly. The significance of a tenth state to recognize and enact Series LLC legislation would also be noteworthy for the development of the entity nationwide. It is difficult to predict where a critical mass may be for the Series LLC, but as the history of the LLC shows, once enough states were on board, the rest followed forthwith.[122]

It has been suggested that there can be such a thing as too much limited liability, that creditors may be treated unfairly by such an entity as a Series LLC.[123] This is especially true given the minimal amount of notice that Series LLC statutes require to effectuate the internal liability shields; a filing with the Secretary of State is typically sufficient.[124] Creditors, or at least creditors who wish to remain in business, know to check filings to see if an entity has limited liability. Further, they can ask for other assurances or personal guarantees if they think a particular entity (or a series) is too risky to do business with. In fact, treatment by creditors would be an excellent barometer on the market's reaction to Series LLCs. Though Series LLCs are still in their

---

119.  *Id.*

120.  *Matthew* 7:12 (King James).

121.  It goes without saying that this is not a total solution to every uncertainty addressed in Part III of this Note, particularly with regards to the ease of veil piercing and other such non-cross-jurisdictional issues. But this would be a step in that direction by being yet another state to enact a Series LLC statute. It is worth remembering that many of the uncertainties of LLCs disappeared as more and more jurisdictions enacted LLC statutes.

122.  *See* CALLISON & SULLIVAN, *supra* note 84.

123.  *See* Goforth, *supra* note 1, at 403.

124.  *See, e.g.*, DEL. CODE ANN. tit. 6, § 18-215(b) (2010).

infancy, the willingness or unwillingness of creditors to do business with them would be most telling.

The LLC has become a staple in the field of business entities in the twenty-two years since the IRS granted pass through tax treatment.[125] Its growth as an entity is therefore no surprise. The ability to segregate assets of a series is a logical step for the entity to take, as the LLC continues to imitate its corporate ancestors. It is true that the Series LLC has a number of unanswered questions, both in their home jurisdictions and in states such as Pennsylvania that have yet to authorize them.[126] The simple fact is that Series LLCs are here to stay. More states are enacting them, and none have shown signs of abandoning the concept. Though the uncertainties surrounding the Series LLC are troubling, it is time to look for (or create) solutions and embrace the idea of internal liability shields.

The concept of the Series LLC certainly has appeal; there is much to recommend the general notion. This is why businessmen form multiple LLCs or parent and subsidiary corporations. As this Note shows, the problems presented by Series LLCs are not quite as bad as first appears; direction for courts and practitioners does exist. Pennsylvania should recognize and adopt Series LLC legislation to further help solve these issues, but the continued growth and use of the entity also will be one of the best ways to resolve these problems.

125. *See* Geu, *supra* note 4, at 45.
126. *See* Goforth, *supra* note 1, at 401.