

**The relief described hereinbelow is SO ORDERED.**

**Signed May 21, 2020.**

_____
Ronald B. King
Chief United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| KRISJENN RANCH, LLC, KRISJENN | § | CASE NO. 20-50805 |
| RANCH, LLC, SERIES UVALDE | § | |
| RANCH, KRISJENN RANCH, LLC | § | |
| SERIES PIPELINE ROW | § | |
| | § | |
| DEBTOR | § | |

**ORDER ON DEBTOR'S MOTION FOR ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF PROFESSIONALS**

Come on for consideration the Motion for Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals (the "Motion"). The Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157, 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtors, their estates, and creditors; (iv) proper and adequate notice of the Motion has been given, and that no other or further notice is necessary; (v) all objections to

the Motion have been resolved by this Order or are overruled in their entirety; and (vi) upon the record herein, after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.

**IT IS, THEREFORE ORDERED** that the Motion is hereby granted.

**IT IS FURTHER ORDERED** that all professionals of the Estates, including any counsel or advisors to the Unsecured Creditors Committee (if appointed), seeking interim compensation must comply with the following procedures (the "Fee Procedures"):

(a) On or before the tenth (10th) day of each month following the month for which compensation and reimbursement of expenses is sought, each Professional may submit by email a monthly statement (the "Monthly Statement") that contains: (i) a description of the services rendered; (ii) the time spent; (iii) the hourly rates charged; and (iv) the name of the attorney, accountant, other professional or paraprofessional performing the work to Debtor, the undersigned attorneys, counsel for the Official Unsecured Creditor's Committee, if any, and the Office of the United States Trustee (the "Notice Parties").

(b) Each such recipient shall have until the twenty-fifth (25th) day of the month to review the Monthly Statement. If no recipient objects, as provided in paragraph (c) below, the Debtor may pay and/or the Professional may draw down on its retainer, if any, a total of eighty percent (80%) of the amount of fees for services provided and one-hundred percent (100%) of the amount of expenses incurred and/or disbursements requested in that particular Monthly Statement. In the event Professionals draw down on their retainer, Debtor may, but is not obligated to, replenish such retainer during the course of the case.

(c) If any of the Notice Parties determine that the compensation or reimbursement sought in a particular Monthly Statement is inappropriate or unreasonable, or that the numbers and calculations are incorrect, such Notice Party, as the case may be, shall, on or before the twenty-fifth (25th) day of the month, serve by email on: (i) the Professional whose statement is objected to; and (ii) except to the extent duplicative of the foregoing clause, the other Notice Parties, a Notice of Objection to Fee Statement (the "Notice of Objection"), setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting party and the Professional whose statement is objected to shall meet or confer and attempt to reach an agreement regarding the correct payment to be made. If an agreement cannot be reached, or if no meeting or conference takes place, the Professional whose Monthly Statement is objected to shall have the option of (i) filing the Notice of Objection together with a request for

    payment with this Court, or (ii) foregoing payment with respect to the disputed amount until the final fee application hearing, at which time this Court shall consider and dispose of the objection if payment of the disputed amount is requested. Debtor is authorized to pay promptly that percentage set forth above of any portion of the fees and disbursements requested (less the amount of any draw-down by the Professional from its retainer used to satisfy such amounts) that are not the subject of a Notice of Objection.

(d) The first Monthly Statement may be submitted by each of the Professionals by, Wednesday, June 10, 2020, and shall cover the period from the commencement of the Case through May 31, 2020.

(e) Neither the payment nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement as provided herein shall bind any party in interest or the Court with respect to the allowance of applications for compensation and reimbursement of Professionals.

(f) The service of a Notice of Objection shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether or not raised in the Notice of Objection. Furthermore, the decision by any party not to serve a Notice of Objection to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

**IT IS FURTHER ORDERED** that Debtor shall include all payments to Professionals on his monthly financial reports, detailed so as to state the amount paid to all Professionals.

**IT IS FURTHER ORDERED** that any Professionals who received an advance payment or retainer prior to the Petition Date shall be entitled to maintain and retain any unapplied portion of such advance payment or retainer during the case to be applied to such Professional's final application for the payment of fees and expenses herein.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

###

**Submitted By:**

MULLER SMEBERG, PLLC

By: /s/ *Ronald J. Smeberg*
      RONALD J. SMEBERG
      State Bar No. 24033967
      111 W. Sunset Rd.
      San Antonio, Texas 78209
      210-664-5000 (Tel)
      210-598-7357 (Fax)
      ron@muller-smeberg.com
      ATTORNEY FOR DEBTOR