

**The relief described hereinbelow is SO ORDERED.**

**Signed September 01, 2020.**

_____
Ronald B. King
Chief United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| KRISJENN RANCH, LLC, KRISJENN | § | CASE NO. 20-50805 |
| RANCH, LLC, SERIES UVALDE | § | |
| RANCH, KRISJENN RANCH, LLC | § | |
| SERIES PIPELINE ROW | § | |
| | § | |
| DEBTOR | § | |

## SECOND INTERIM ORDER ON DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION TO PRE-PETITION LENDER

KrisJenn Ranch, LLC, KrisJenn Ranch and LLC Series Uvalde Ranch (the "Debtor"), in this Chapter 11 case has moved this Court for a final order authorizing use of cash collateral (the "Motion"). On June 30, 2020, the Court entered a first interim order authorizing the use of cash collateral [Dckt # 58]

## FACTS

On April 24, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Code"). The Debtor continues to manage and operate its financial affairs as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

Section 363(a) of the Bankruptcy Code defines "cash collateral" to mean cash, negotiable instruments, documents of title, securities, deposit accounts or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments, whether existing before or after the commencement of the case under the Bankruptcy Code ("Cash Collateral").

Debtor seeks interim and final authorization to use Cash Collateral (as defined herein) to pay ordinary and necessary operating expenses pertaining to the Property and Collateral (the "Expenses") from the Petition Date until this case is confirmed, converted to chapter 7, or dismissed.

Debtor proposes to grant Mcleod Oil, LLC ("Mcleod" or "Lender") a replacement lien on post-petition cash collateral to the extent its interest is secured by Debtor's assets, a recognized method for providing adequate protection as specified under sections 361 and 363.

Debtor has agreed to segregate and account to Mcleod for all Cash Collateral which: (i) it now possesses; (ii) it has permitted to be transferred into the possession of others, if any, since the Petition Date; (iii) is being held by any party in privity with the Debtor; or (iv) the Debtor might hereafter obtain (except personal compensation as approved herein or other order of the Court). Debtor shall use Mcleod Cash Collateral only in strict accordance with the terms

and conditions as set forth in this order.

Debtor has requested immediate entry of this Order pursuant to the Bankruptcy Rule 4001(b)(2). Debtor asserts that the permission granted herein to allow Debtor to obtain the use of Cash Collateral is necessary to avoid immediate and irreparable harm to Debtor. This Court concludes that entry of this Order is in Debtor's best interest and its estate and creditors.

Based upon the above findings, the Court, having reviewed the Motion, grants the Motion as follows:

**IT IS HEREBY ORDERED,**

1. Debtor shall maintain a debtor in possession ("DIP") account, which shall receive and contain any and all other sources of cash constituting Mcleod's Cash Collateral, which is generated by and is attributable to the Property and Collateral (the "DIP Account"). All cash generated from the Property and Collateral during the pendency of the Debtor's bankruptcy case, including any cash held in any of the Debtor's pre-petition business accounts, shall be placed and held in the DIP Account.

2. Debtor shall account to Mcleod for all of the Cash Collateral that Debtor possesses, has deposited in the business DIP Account, or that it has permitted to be transferred, if any, into the possession of others or to accounts other than the business DIP Account that are being held by those in privity with the Debtor, or which the Debtor might hereafter obtain.

3. Unless otherwise ordered by this Court, Debtor is hereby authorized to use Cash Collateral strictly in accordance with the terms of this Order and shall be limited to paying expenses listed on Exhibit A to Debtor's motion with a 10% total variance provided for in the Budget and other administrative expenses as authorized by Court order.

4. Debtor is authorized to use Cash Collateral to pay other expenses related to the

Property, which are not on Exhibit A or authorized by Court order, only upon first obtaining written consent from Mcleod which may be by email to Mcleod's counsel or officers. Request for payment of additional expenses shall be made no less than three (3) business days from the date such funds are needed unless a bona fide emergency exists. The written request shall provide a thorough explanation to include purpose, amount, to whom payable and other information to substantiate the necessity and emergency of the additional expenses as may be reasonably requested. If Mcleod does not reply within three (3) business days, then the request shall be deemed granted. Debtor shall not use cash collateral to pay its professional fees without first obtaining authorization from Mcleod or the Court.

5. As partial adequate protection for the cash collateral permitted to be used by Debtor, Lender is hereby granted, effective as of the Petition Date, valid, binding, enforceable, and automatically perfected liens (the "Replacement Liens") that shall be **co-extensive** with the Lender's pre-petition liens, of which Mcleod's lien is a secured, valid, binding and enforceable lien on the Property and Collateral and limited to the diminution of the value of Lenders' Collateral, without the need for any further filing, instrument, recording, or otherwise, to the same extent, validity, and priority as existed on the Petition Date, in all currently owned or hereafter acquired business property and business assets of Debtor, on all business accounts (including deposit accounts and accounts receivable), inventory, fixtures, equipment, general intangibles, chattel paper, rents, documents and instruments and the real property defined above as "Property". Said liens and security interests shall continue to attach to all Property and Collateral, including but not limited to Debtor's post-petition receivables (excluding approved personal compensation). Debtor shall execute and deliver to Mcleod if applicable, all such agreements, financing statements, instruments and other documents as Mcleod may reasonably

request to evidence, confirm, validate or perfect the liens granted pursuant hereto.

6. Provided however, notwithstanding any provision of this interim order the ad valorem tax liens currently held by the various ad valorem tax entities shall neither be primed by nor subordinated to any liens granted herein.

7. On two (2) business days' notice, the Debtor shall permit representatives, agents, and/or employees of Mcleod to visit, inspect, have reasonable access to and consult with, as the case may be: (a) the Debtor's books and records, including any held by a third party; (b) the personnel and/or agents of the Debtor who are familiar with the Debtor's books and records or the information set forth therein; and (d) such other information as Mcleod may reasonably request.

8. The Debtor and its representatives, agents, and/or employees shall cooperate and consult with, and provide to such representatives, agents, and/or employees of Mcleod all such information as it may reasonably request.

9. Debtors are authorized to use Cash Collateral for the period of April 27, 2020, through the date of Final Hearing, only in the amounts, and only for the purposes set forth herein. Mcleod reserves the right to petition the court for additional adequate protection including, but not limited to, regular adequate protection payments.

10. **Abatement of 11 U.S.C. § 362(d)(3):** Notwithstanding 11 U.S.C. § 362(d)(3), Debtor shall not be obligated to make interest only payments to McCleod until further notice and hearing on the Motion (or by agreement of the parties) and failure to file a plan within 90 days of entry of the order for relief shall not be grounds to lift the stay solely in regard to 11 U.S.C. § 362(d)(3). Upon entry of any order requiring Debtor to comply with 11 U.S.C. § 362(d)(3), Debtor shall have 21 days to comply with 11 U.S.C. § 362(d)(3).

11. ORDERED that the Court shall maintain jurisdiction to interpret and enforce this Order to the maximum extent possible notwithstanding any potential dismissal of the Bankruptcy Case.

12. Pursuant to Bankruptcy Rule 4001(b)(2), a Final Hearing on Debtor's Motion for Interim and Final Orders Authorizing Debtor to Use Cash Collateral and Granting Adequate Protection to Pre-Petition Lender is hereby is set for September 2, 2020 at 9:30 am (the "Final Hearing"). VIA TELEPHONE Dial 888-278-0296 Access Code 9198559#. Any party-in-interest objecting to the relief sought in the Motion shall serve and file written objections, which shall be served upon: (a) counsel for Debtors; (b) counsel for Mcleod; and, (c) the Office of the U.S. Trustee for the Western District of Texas, San Antonio Division. Moreover, all objections shall be filed with the Clerk of the United States Bankruptcy Court for the Western District of Texas, San Antonio Division no later than seven (7) business days before the Final Hearing.

###

**Submitted By:**

MULLER SMEBERG, PLLC

By: /s/ *Ronald J. Smeberg*
RONALD J. SMEBERG
State Bar No. 24033967
111 W. Sunset Rd.
San Antonio, Texas 78209
210-664-5000 (Tel)
210-598-7357 (Fax)
ron@muller-smeberg.com
ATTORNEY FOR DEBTOR