**The relief described hereinbelow is SO ORDERED.**

**Signed December 09, 2020.**

_____
**Ronald B. King**
**Chief United States Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| **KRISJENN RANCH, LLC, KRISJENN** | § | **CASE NO. 20-50805** |
| **RANCH, LLC - SERIES UVALDE** | § | |
| **RANCH, KRISJENN RANCH, LLC** | § | |
| **- SERIES PIPELINE ROW** | § | |
| | § | |
| **DEBTORS** | § | |

### FINAL ORDER ON DEBTORS' 1) AGREED MOTION TO MODIFY CASH COLLATERAL AND 2) MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING DEBTORS TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION TO PRE-PETITION LENDER

KrisJenn Ranch, LLC ("KJR"), KrisJenn Ranch, LLC - Series Uvalde Ranch ("KJR-Ranch"), and KrisJenn Ranch, LLC - Series Pipeline ROW ("KJR-ROW"; and KJR, KJR-Ranch, and KJR-ROW, collectively, the "Debtors"), in this Chapter 11 case have moved this Court for a final order authorizing use of cash collateral (the "Motion").

### Procedural History And Findings

On April 24, 2020 (the "Petition Date"), the Debtors filed a voluntary petition for relief

under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Code").

The Debtors continue to manage and operate their financial affairs as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

On June 30, 2020, the Court entered its first interim order authorizing the use of cash collateral [Dckt. # 58].

On September 1, 2020, the Court entered its second interim order authorizing the use of cash collateral [Dckt. # 77].

On November 5, 2020, the Court entered its third interim order authorizing the use of cash collateral [Dckt. #84].

The Debtors filed Adversary Claim No. 20-05027 in this matter on May 1, 2020. The Adversary Claim was set for trial on December 7, 2020, but has since been re-set to January 11, 2021, upon request of the Defendants.

On December 3, 2020, the Debtors filed their Agreed Motion to Modify Cash Collateral Order.

McLeod Oil, LLC ("McLeod Oil") is a secured creditor in this proceeding, with liens securing indebtedness owed by the Debtors. The liens cover, among other assets, (i) a ranch owned by Debtor KJR-Ranch (the "Ranch"), and (ii) a pipeline and right-of-way system owned by Debtor KJR-ROW (the "Pipeline ROW"; and the Pipeline ROW and Ranch, collectively, the "Property"). Prior to the commencement of this case, the Debtors and McLeod Oil entered into to that certain Second Loan Modification Agreement dated December 20, 2019 (the "Second Loan Modification"), which itemizes, explains, and describes the indebtedness owed to McLeod Oil and the liens mentioned above, as of the date of the filing of this proceeding. Under the

Second Loan Modification, the maturity date of the indebtedness is August 8, 2021 (the "Existing Loan Maturity Date").

Contemporaneously with the Second Loan Modification, Debtor KJR-ROW, Debtor KJR, et al., and McLeod Oil entered into that certain Option Agreement (the "Option Agreement"), also dated December 20, 2019, covering the Pipeline ROW. Under the Option Agreement, McLeod Oil has the option (the "Option") to acquire the Pipeline ROW for $6,000,000, and the Option expires on February 8, 2021 (the "Existing Option Exercise Date"). McLeod Oil agreed to the current extension for use of cash collateral until January 11, 2021, because it believed the issues regarding rights in the Pipeline ROW would be resolved at the December 7th trial, leaving it sufficient time to decide whether it wanted to exercise the option. However, now that the trial has been continued to January 11, 2021, McLeod Oil is concerned that it will not have sufficient time to evaluate the Pipeline ROW assets before final trial on the merits and expiration of any time to appeal.

Section 363(a) of the Code defines "cash collateral" to mean cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property, and the fees, charges, accounts or other payments, whether existing before or after the commencement of the case under the Code (collectively, "Cash Collateral").

The Debtors seek final authorization to use Cash Collateral to pay ordinary and necessary operating expenses pertaining to the Property and other collateral (the "Expenses") from the Petition Date until this case is confirmed, converted to chapter 7, or dismissed.

The Debtors have agreed to extending the Existing Option Exercise Date, provided the

estate is compensated for the additional time, the Existing Loan Maturity Date is likewise extended, and the Debtors' rights to the use of Cash Collateral continue. To that end, pursuant to a proposed First Amendment to Option Agreement, attached as Exhibit A to this Order, the Existing Option Exercise Date is extended by three months in exchange for an extension fee of $50,000, and McLeod Oil is given the right to extend the new option exercise date for two additional, 3-month extensions for $50,000 per additional extension.   The three extension fees are applicable to the purchase price if the option is exercised; however, the purchase price has been increased from $6,000,000 to $6,150,000, effectively making the extension payments permanent and additional consideration for the option.   Additionally, pursuant to a proposed Third Loan Modification Agreement, attached as Exhibit B, the Existing Loan Maturity Date is extended to the later of November 8, 2021, or six months following expiration of the option period under the Option Agreement. McLeod Oil has also granted Debtor the use of Cash Collateral through the pendency of the bankruptcy case under the current terms until either (i) the case is dismissed, converted to chapter 7, or confirmed, or (ii) the stay is lifted as to McLeod Oil.

Finally, the Debtors have agreed to segregate and account to McLeod Oil for all Cash Collateral which: (i) they now possess; (ii) McLeod Oil has permitted to be transferred into the possession of others, if any, since the Petition Date; (iii) is being held by any party in privity with any of the Debtors; or (iv) the Debtors might hereafter obtain (except personal compensation as approved herein or other order of the Court).   The Debtors shall use McLeod Oil's Cash Collateral only in strict accordance with the terms and conditions as set forth in this Order.

This Court concludes that entry of this Order is in the Debtors' best interests and their

estates and creditors.   Based upon the above findings, the Court, having reviewed the Motion, grants the Motion as follows:

**IT IS HEREBY ORDERED,**

1.      The Debtors shall maintain their respective, debtor-in-possession ("DIP") accounts, which DIP accounts shall receive and contain any and all other sources of cash constituting McLeod Oil's Cash Collateral, which are generated by and are attributable to the Property and other collateral (such accounts, collectively, the "DIP Account").   All cash generated from the Property and other collateral during the pendency of the Debtors' bankruptcy case, including any cash held in any of the Debtors' pre-petition business accounts, shall be placed and held in the DIP Account.

2.      The Debtors shall account to McLeod Oil for all of the Cash Collateral (i) that the Debtors possess, that they have deposited in the business DIP Account, or that McLeod Oil has permitted to be transferred, if any, into the possession of others or into accounts other than the business DIP Account that are being held by those in privity with any of the Debtors, or (ii) that the Debtors might hereafter obtain.

3.      Unless otherwise ordered by this Court, the Debtors are hereby authorized to use Cash Collateral strictly in accordance with the terms of this Order and shall be limited to paying expenses listed on Exhibit A to Debtors' original Motion for Interim and Final Orders Authorizing Debtor to Use Cash Collateral and Granting Adequate Protection to Pre-Petition Lender (the "First Order Expenses"), with a 10% total variance provided for in the Budget and other administrative expenses as authorized by Court order, including professional expenses, pursuant to the Court's first interim order authorizing the use of cash collateral entered on June 30, 2020 [Dckt. # 58].

4.      The Debtors are authorized to use Cash Collateral to pay other expenses related to the Property, which are neither included in the First Order Expenses nor authorized by Court order, only upon first obtaining written consent from McLeod Oil, the request for which must be in writing but may be by email to McLeod Oil's counsel or officers. Such request for payment of additional expenses shall be made no less than three (3) business days from the date such funds are needed unless a bona fide emergency exists.  The written request shall provide a thorough explanation to include purpose, amount, to whom payable and other information to substantiate the necessity and emergency of the additional expenses as may be reasonably requested.  If McLeod Oil does not reply within three (3) business days, then the request shall be deemed granted.  The Debtors shall not use Cash Collateral to pay their professional fees without first obtaining authorization from McLeod Oil or the Court; however, such provision on professional fees does not apply to any monies paid by McLeod Oil to Debtor for extension fees as set forth herein.

5.      As partial adequate protection for the Cash Collateral permitted to be used by the Debtors, McLeod Oil was previously granted, effective as of the Petition Date and pursuant to the first interim order authorizing the use of cash collateral [Dckt # 58],  valid, binding, enforceable, and automatically perfected liens (the "Replacement Liens") that were and are **co-extensive** with McLeod Oil's pre-petition liens (which liens are secured by the Property and other collateral, valid, and binding, as well as enforceable against said Property and other collateral, and limited to the diminution of the value thereof), and such Replacement Liens are reaffirmed without the need for any further filing, instrument, recording, or otherwise, to the same extent, validity, and priority as existed on the Petition Date, in all currently owned or hereafter acquired business property and business assets of the Debtors, on all business

accounts (including the DIP Account, other deposit accounts, and accounts receivable), inventory, fixtures, equipment, general intangibles, chattel paper, rents, documents, instruments, and the real property defined above as the "Property". Said liens and security interests shall continue to attach to all Property and other collateral, including but not limited to the Debtors' post-petition receivables (excluding approved personal compensation). The Debtors shall execute and deliver to McLeod Oil, if applicable, all such agreements, financing statements, instruments, and other documents as McLeod Oil may reasonably request to evidence, confirm, validate, or perfect the liens granted pursuant hereto.

6. As additional adequate protection, the Court approves, and authorizes the Debtors' entry into, the First Amendment to Option Agreement (i.e., Exhibit A) and Third Loan Modification Agreement (i.e., Exhibit B), both of which also are attached to Debtors' Agreed Motion to Modify Cash Collateral Order.

7. Notwithstanding any provision of this final order, the ad valorem tax liens currently held by the various ad valorem tax entities shall neither be primed by, nor subordinated to, any liens granted herein.

8. On two (2) business days' notice, the Debtors shall permit representatives, agents, and/or employees of McLeod Oil to visit, inspect, have reasonable access to, and consult with, as the case may be: (a) the Debtors' respective books and records, including any held by a third party; (b) the personnel and/or agents of the Debtors who are familiar with the Debtors' respective books and records or the information set forth therein; and (c) such other information as McLeod Oil may reasonably request.

9. The Debtors and their representatives, agents, and/or employees shall cooperate and consult with, and provide to such representatives, agents, and/or employees of McLeod Oil,

all such information as any of such representatives, agents, and/or employees may reasonably request.

10.     Debtors are authorized to use Cash Collateral for the period of April 27, 2020, through the date this case is confirmed, dismissed, or converted to a case under Chapter 7,  only in the amounts, and only for the purposes, set forth herein.   McLeod Oil reserves the right to petition the court for additional adequate protection including, but not limited to, regular adequate protection payments under the limitations set forth in Paragraph 11 below.

11.     **Abatement of 11 U.S.C. § 362(d)(3):**  Notwithstanding 11 U.S.C. § 362(d)(3), the Debtors shall not be obligated to make interest only payments to McLeod Oil pursuant to § 362(d)(3) until expiration of the "Option Period" as defined in the Option Agreement unless agreed to by the Parties, and failure to file a plan within 90 days of entry of the order for relief shall not be grounds to lift the stay solely in regard to 11 U.S.C. § 362(d)(3).   Nothing in this order shall be construed as a waiver by McLeod Oil of any defaults under the terms of its Loan Documents.   Further, other than its rights under § 362(d)(3), which are abated to the extent provided under the terms of this Order, McLeod Oil reserves all of its rights under 11 U.S.C. § 362.

12.     IT IS FURTHER ORDERED that the Court shall maintain jurisdiction to interpret and enforce this Order to the maximum extent possible notwithstanding any potential dismissal of the Bankruptcy Case.

###

**Submitted By:**


THE SMEBERG LAW FIRM, PLLC

By: /s/ *Ronald J. Smeberg*
     RONALD J. SMEBERG
     State Bar No. 24033967
     4 Imperial Oaks
     San Antonio, Texas 78248
     210-695-6684 (Tel)
     210-598-7357 (Fax)
     ron@smeberg.com
     ATTORNEY FOR DEBTOR

## FIRST AMENDMENT TO OPTION AGREEMENT

This First Amendment to Option Agreement (this "Amendment") is by and among (i) KrisJenn Ranch, L.L.C., a Texas limited liability company ("KJR"), KrisJenn Ranch, L.L.C.-Series Pipeline ROW, a series of KrisJenn Ranch, L.L.C., a Texas limited liability company ("KJR-ROW"), and Larry M. Wright, individually ("Wright"), and (ii) McLeod Oil, LLC, a Texas limited liability company ("McLeod Oil"; and KJR, KJR-ROW, Wright, and McLeod Oil, each individually, a "Party", and collectively, the "Parties"), and is dated to be effective as of the 30th day of November, 2020 (the "Effective Date").

**WHEREAS**, reference is made to that certain Option Agreement dated December 20, 2019 (the "Option Agreement"), by and among KJR, KJR-ROW, and Wright (referred to therein, collectively, as "Optionor Group"; and KJR-ROW additionally referred to therein as "Optionor"), and McLeod Oil (referred to therein as "Optionee"), a Memorandum of which (the "Memorandum") being recorded (i) as Instrument No. 2020-00390109, Official Public Records, Angelina County, Texas, (ii) as Instrument No. 2020-193, Official Records, Nacogdoches County, Texas, (iii) in Volume 3681, Page 300, Official Public Records, Rusk County, Texas, and (iv) as Instrument No. 2020000082, Official Public Records, Shelby County, Texas; and

**WHEREAS**, reference is made to (i) the following bankruptcy proceedings pending in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division: (A) Case No. 20-50805-RBK, styled "In Re: KrisJenn Ranch, LLC, Debtor" (the "KJR Bankruptcy Case"), (B) Case No. 20-51083-RBK, styled "In Re: KrisJenn Ranch, LLC Series Uvalde Ranch, Debtor" (the "KJR-Ranch Bankruptcy Case"), and (C) Case No. 20-51084-RBK, styled "In Re: KrisJenn Ranch, LLC Series Pipeline ROW, Debtor" (the "KJR-ROW Bankruptcy Case"), the KJR Bankruptcy Case, KJR-Ranch Bankruptcy Case, and KJR-ROW Bankruptcy Case being jointly administered pursuant to that certain Order signed June 5, 2020 (the KJR Bankruptcy Case, KJR-Ranch Bankruptcy Case, and KJR-ROW Bankruptcy Case, collectively and as jointly administered, the "Bankruptcy Case"); as well as (ii) the following adversary proceeding filed in the Bankruptcy Case: Adversary No. 20-05027 (the "Adversary Proceeding"); and

**WHEREAS**, the Parties desire to amend the Option Agreement under the terms and conditions set forth in this Amendment;

**NOW, THEREFORE**, in consideration of the foregoing, and of the mutual covenants herein contained, and for other good and valuable consideration, the receipt and sufficiency of which being acknowledged by all of the Parties hereto, KJR, KJR-ROW, and Wright (as Optionor Group) and McLeod Oil (as Optionee) hereby agree as follows:

A.     **Consideration/Extension Fee**.  As consideration for the extension of the "Option Period" (as defined in the Option Agreement) as set forth in paragraph C, below, within three (3) business days following the "BR Approval Date" (as defined in paragraph E, below), McLeod Oil shall pay KJR-ROW the amount of Fifty Thousand and No/100 Dollars ($50,000.00; the

"First Extension Fee"). The First Extension Fee shall be paid by wire transfer pursuant to wiring instructions delivered to McLeod Oil by KJR-ROW (although if KJR-ROW delays providing McLeod Oil with current wiring instructions, McLeod Oil's obligation to make the wire transfer shall be extended until the third (3rd) business day following the date on which the wiring instructions are provided by KJR-ROW to McLeod Oil). The First Extension Fee is non-refundable; provided, however, that at the "Closing" (as defined in the Option Agreement), the First Extension Fee will be applied against the Purchase Price as a credit in McLeod Oil's favor (such credit, an "Extension Fee Credit"). Paragraph B, below, sets forth an amendment to Section 2 of the Option Agreement; and the Parties acknowledge, stipulate, and agree that references in the new, amendatory language set forth therein to a "credit" or "credits" include references to (i) the first Extension Fee Credit discussed above, and (ii) any additional Extension Fee Credit to which Optionee may become entitled as a result of exercising the additional extension rights discussed in the new amendatory language set forth in paragraph C, below. For the purposes hereof, a business day is any calendar day other than Saturday, Sunday, or any other day in which national banks are closed for business in Bexar County, Texas.

B.    **Purchase Price.**  The Parties amend the Option Agreement by deleting the first sentence in Section 2 thereof, and replacing it with the following:

> In the event Optionee timely exercises the Option in accordance with the terms hereof during the Option Period, the "Purchase Price" (herein so called) for the Property shall be Six Million One Hundred Fifty Thousand and No/100 Dollars ($6,150,000.00), payable at the "Closing" (as defined in Section 8, below); provided, however, that following application of any credit or credits in Optionee's favor, the balance of the Purchase Price shall be paid via forgiveness of the then-existing, outstanding Principal Loan Amount and any accrued, unpaid interest up to the full amount of the Purchase Price (less any such credit or credits in Optionee's favor); provided further, however, that to the extent the aggregate of the then-existing, outstanding Principal Loan Amount and any accrued, unpaid interest (i) exceeds the Purchase Price following application of any such credit or credits in Optionee's favor, Optionor shall pay the excess to Optionee in cash at the Closing, or (ii) is less than the Purchase Price following application of any credit or credits in Optionee's favor, Optionee shall pay such difference to Optionor in cash at the Closing.

By way of example and to aid in the interpretation and construction of the Option Agreement as amended hereby, if McLeod Oil exercises one (but not both) of the two, additional extension rights created in the amendatory language set forth in paragraph C, below, and at the time of Closing KJR-ROW has paid the Principal Loan Amount (as referenced in the amendatory language set forth immediately above) and all accrued interest in full, McLeod Oil would pay in cash the amount of $6,050,00.00, being the full Purchase Price of $6,150,000, less (i) the First Extension Fee of $50,000.00 set forth in paragraph A, above, applied as an Extension Fee Credit,

and (ii) the extension fee of $50,000.00 paid in connection with McLeod Oil's exercise of the first of the two, additional extension rights (created in paragraph C, below), applied as an Extension Fee Credit.

C.    **Extension of Option Period.**  The Parties amend the Option Agreement by deleting the first sentence in Section 5 thereof, and replacing it with the following:

> Optionee shall have from the Effective Date until 11:59 p.m., local time, on May 8, 2021 (such period, the "Option Period") to exercise the Option. Furthermore, Optionee shall have two (2) additional rights to extend the expiration of the Option Period by an additional three (3) months each, as follows: (i) each of the two (2) additional extension rights shall be exercised by Optionee's notice to Optionor delivered on or before the expiration of the then-existing Option Period, and (ii) for each extension, Optionee shall pay to Optionor as an extension fee, within three (3) business days following delivery of the notice, the sum of Fifty Thousand and No/100 Dollars ($50,000.00), each of which extension fees shall be non-refundable, but each of which shall be applicable to the Purchase Price at Closing as a credit in Optionee's favor. Each extension fee shall be paid by wire transfer pursuant to wiring instructions delivered to Optionee by Optionor (although if Optionor delays providing Optionee with current wiring instructions, Optionor's obligation to make the wire transfer shall be extended until the third (3rd) business day following the date on which the wiring instructions are provided by Optionor to Optionee). For the purposes hereof, a business day is any calendar day other than Saturday, Sunday, or any other day in which national banks are closed for business in Bexar County, Texas.

The Parties acknowledge, stipulate, and agree that the credits referenced in the amendatory language set forth immediately above constitute Extension Fee Credits, as discussed in paragraph A, above.

D.    **Memorandum.**  Contemporaneously herewith, KJR-ROW, Wright, and McLeod Oil have executed in recordable form a Memorandum of First Amendment to Option Agreement (the "Amendment Memorandum") in the form attached as Exhibit "A" and made a part by reference, to be filed for record following the BR Approval Date with the County Clerks of Angelina, Nacogdoches, Shelby, and Rusk Counties, Texas, to place the public on constructive notice of this Amendment and McLeod Oil's rights hereunder. Should McLeod Oil terminate the Option Agreement or should the Option expire of its own terms, McLeod Oil shall, within ten (10) days of KJR-ROW's written request (the "Release Request"), file an instrument, executed by McLeod Oil and in recordable form, with the County Clerks of Angelina, Nacogdoches, Shelby, and Rusk Counties, Texas, releasing both the original Memorandum and the Amendment Memorandum. Should McLeod Oil fail to timely file such instrument, KJR-ROW shall have the right to file for record an affidavit stating that the Option Agreement has terminated (the "Release Affidavit");

and upon the filing of such Release Affidavit, both the Memorandum and the Amendment Memorandum shall be deemed released. KJR-ROW, KJR, and Wright covenant to not file for record the Release Affidavit except as allowed herein; and if they violate this covenant, McLeod Oil may pursue a claim for its actual, direct damages caused by the violation, excluding any punitive, consequential, special, or speculative damages.

E.     **Bankruptcy Approval**.   Reference is made to that certain Third Loan Modification Agreement of even date herewith, by and among KJR-ROW *et al.*, as borrowers, and McLeod Oil, as lender (the "Third Loan Mod"). The Parties acknowledge their understanding that both this Amendment and the Third Loan Mod are subject to and contingent upon either (i) entry of an Order entered in the Bankruptcy Case (the "Approval Order") that approves this Amendment and the transactions contemplated hereby, or (ii) entry of an Order by, or issuance of some other form of communication from, the Bankruptcy Court to the effect that no approval is needed (as applicable, the "No Approval Needed Order"); and the date of the Approval Order or No Approval Needed Order, as the case may be, is referred to herein as the "BR Approval Date". The Parties shall cooperate in attempting to obtain the Approval Order as expeditiously as is practical; provided, however, that if the Bankruptcy Court enters an Order rejecting or otherwise disapproving either this Amendment or the Third Loan Mod, this Amendment shall terminate and be of no force and effect, and the Parties shall not file for record the Amendment Memorandum.

F.     **Ratification**.   KJR-ROW, KJR, Wright, and McLeod Oil ratify, adopt, and confirm the Option Agreement as amended hereby (including without limitation the provisions of Section 7 thereof), stipulate and agree that same is in full force and effect, and agree to be bound thereby, as amended herein.

H.     **Counterparts**.   This Agreement may be executed in counterparts, and all of which, when assembled together, shall constitute one instrument.   The Parties agree that the signature of a party on this Agreement that is transmitted by facsimile or email shall be deemed to be an original.

[Signature Pages Follow]

IN WITNESS WHEREOF, the Parties have executed this Amendment to be effective as of the
Effective Date.

**OPTIONOR GROUP**

KrisJenn Ranch, L.L.C.- Series Pipeline ROW,
a series of KrisJenn Ranch, L.L.C.,
a Texas limited liability company

By: _____
     Larry M. Wright, Manager

KrisJenn Ranch, L.L.C.,
a Texas limited liability company

By: _____
     Larry M. Wright, Manager

_____
Larry M. Wright, Individually

[Additional Signature Follows on the Next Page]

IN WITNESS WHEREOF, the Parties have executed this Amendment to be effective as of the Effective Date.

**OPTIONEE**

McLeod Oil, LLC,
a Texas limited liability company

By: _____
    John W. McLeod, Jr., Manager

Exhibit A - 7 of 9

**EXHIBIT "A"**

**MEMORANDUM OF FIRST AMENDMENT TO OPTION AGREEMENT**

This Memorandum of First Amendment to Option Agreement (this "Amendment Memorandum") is dated to be effective the 30th day of November, 2020, and is from KrisJenn Ranch, L.L.C.-Series Pipeline ROW, a series of KrisJenn Ranch, L.L.C., a Texas limited liability company ("Optionor"), and McLeod Oil, LLC, a Texas limited liability company ("Optionee"), to the public, to wit:

WHEREAS, Optionor (and other parties, including Larry M. Wright ["Wright"]) and Optionee entered into that certain Option Agreement dated December 20, 2019 (the "Contract"), covering certain real property interests in Angelina, Nacogdoches, Shelby and Rusk Counties, Texas, which real property interests are more particularly described in that certain Memorandum of Option Agreement dated December 20, 2019, recorded (i) as Instrument No. 2020-00390109, Official Public Records, Angelina County, Texas, (ii) as Instrument No. 2020-193, Official Records, Nacogdoches County, Texas, (iii) in Volume 3681, Page 300, Official Public Records, Rusk County, Texas, and (iv) as Instrument No. 2020000082, Official Public Records, Shelby County, Texas; and

WHEREAS, Optionor (and other parties, including Wright) and Optionee have entered into that certain First Amendment to Option Agreement of even date herewith (the "Amendment"), wherein they amended the Contract by extending the option period and increasing the purchase price thereunder, as well as in other respects; and

WHEREAS, Optionor, Wright, and Optionee desire to place the public on constructive notice of the Amendment's existence;

NOW, THEREFORE, Optionor, Wright, and Optionee hereby place the public on constructive notice that the Amendment exists and that it amends the Contract. Under the Amendment, Optionor (and other parties, including Wright) and Optionee increased the purchase price and extended the option period under the Contract. This Amendment Memorandum shall be deemed released upon the filing of an affidavit, executed and sworn to under oath by Optionor, with the County Clerks of Angelina, Nacogdoches, Shelby and Rusk Counties, Texas, stating that the Contract has terminated. Upon the filing of said affidavit for record with the County Clerks of Angelina, Nacogdoches, Shelby and Rusk Counties, Texas, this Amendment Memorandum shall be deemed released; and Optionor, Wright, and Optionee hereby evidence that they have agreed to same.

[signatures follow on next page]

EXECUTED to be effective as of the date set forth above.

**OPTIONOR**                                    **OPTIONEE**

KrisJenn Ranch, L.L.C.-Series Pipeline ROW,      McLeod Oil, LLC,
a series of KrisJenn Ranch, L.L.C.,              a Texas limited liability company
a Texas limited liability company

By: **EXHIBIT – DO NOT EXECUTE**                 By: **EXHIBIT – DO NOT EXECUTE**
    Larry M. Wright, Manager                         John W. McLeod, Jr., Manager


**WRIGHT**

**EXHIBIT – DO NOT EXECUTE**
Larry M. Wright

### ACKNOWLEDGMENTS

STATE OF TEXAS            §
                         §
COUNTY OF _____     §

    This instrument was acknowledged before me on this ____ day of November 2020, by
Larry M. Wright, Manager of KrisJenn Ranch, L.L.C.-Series Pipeline ROW, a series of KrisJenn
Ranch, L.L.C., a Texas limited liability company, on behalf of said limited liability company.

                          **EXHIBIT – DO NOT EXECUTE**
                          Notary Public in and for the State of Texas


STATE OF TEXAS            §
                         §
COUNTY OF _____       §

    This instrument was acknowledged before me on this ____ day of November, 2020, by
John W. McLeod, Jr., Manager of McLeod Oil, LLC, a Texas limited liability company, on
behalf of said limited liability company.

                          **EXHIBIT – DO NOT EXECUTE**
                          Notary Public in and for the State of Texas

STATE OF TEXAS       §
                                §
COUNTY OF _____ §

        This instrument was acknowledged before me on this ____ day of November, 2020, by Larry M. Wright.

                                   **EXHIBIT – DO NOT EXECUTE**
                                   Notary Public in and for the State of Texas

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

## THIRD LOAN MODIFICATION AGREEMENT

This Third Loan Modification Agreement (this "Agreement") is made and entered into this 30th day of November, 2020 (the "Effective Date"), by and between (i) KrisJenn Ranch, L.L.C., a Texas Limited Liability Company ("KrisJenn Ranch"); KrisJenn Ranch, L.L.C. - Series Uvalde Ranch, a series of KrisJenn Ranch, L.L.C., a Texas Limited Liability Company ("KrisJenn Uvalde"); KrisJenn Ranch, L.L.C. - Series Pipeline ROW, a series of KrisJenn Ranch, L.L.C., a Texas Limited Liability Company ("KrisJenn Pipeline"); and Larry M. Wright, an individual ("Wright"; and KrisJenn Ranch, KrisJenn Uvalde, KrisJenn Pipeline, and Wright, collectively, "Borrowers"), and (ii) McLeod Oil, LLC, a Texas Limited Liability Company ("Lender"; and together with Borrowers, the "Parties").

WHEREAS, reference is made to (i) that certain Loan Agreement dated February 8, 2019 (the "Original Loan Agreement"), by and between KrisJenn Ranch and Wright, as borrowers, and Lender, as lender, as modified by (a) that certain Loan Modification Agreement dated November 13, 2019 (the "First Modification"), by and between KrisJenn Ranch and Wright, as borrowers, and Lender, as lender, and (b) that certain Second Loan Modification Agreement dated December 20, 2019 (the "Second Modification"), by and between Borrowers, as borrowers, and Lender, as lender (the Original Loan Agreement, as modified by the First Modification and Second Modification, the "Loan Agreement"), (ii) that certain Term Note dated February 8, 2019 (the "Original Note"), by and between KrisJenn Ranch and Wright, as borrowers, and Lender, as lender, in the original principal amount of $3,400,000.00 (which amount was subsequently increased to $5,900,000.00 [such amount, the "Principal Loan Amount"] pursuant to the Second Modification), with a maturity date of February 8, 2020 (which date was subsequently extended to August 8, 2021 [such date, the "Maturity Date"] pursuant to the Second Modification) (the Original Note, as modified by the First Modification and Second Modification, the "Note"), (iii) that certain Deed of Trust dated February 8, 2019, from KrisJenn Ranch to Adam McLeod, as Trustee, for the benefit of Lender, covering certain property situated in Uvalde County, Texas, recorded as Doc 2019000476, Official Public Records, Uvalde County, Texas (such Deed of Trust, as modified by the Second Modification, the "Uvalde County Deed of Trust"), and (iv) that certain Deed of Trust dated February 8, 2019, from Wright to Adam McLeod, as Trustee, for the benefit of Lender, covering certain mineral interests in Webb County, Texas, recorded as Doc 352098, OPR 4549, 0061-0086, Official Public Records, Webb County, Texas (the "Webb County Deed of Trust"; and the Loan Agreement, Note, Uvalde County Deed of Trust, and Webb County Deed of Trust, collectively, the "Loan Documents"); and

WHEREAS, reference is made to that certain Option Agreement dated effective December 20, 2019, by and between KrisJenn Ranch, KrisJenn Pipeline, and Wright (referred to therein, collectively, as "Optionor Group"; and KrisJenn Pipeline additionally referred to therein as "Optionor"), and Lender (referred to therein as "Optionee"), a Memorandum of which being

recorded (i) as Instrument No. 2020-00390109, Official Public Records, Angelina County, Texas, (ii) as Instrument No. 2020-193, Official Records, Nacogdoches County, Texas, (iii) in Volume 3681, Page 300, Official Public Records, Rusk County, Texas, and (iv) as Instrument No. 2020000082, Official Public Records, Shelby County, Texas (as amended by that certain First Amendment to Option Agreement of even date herewith [the "Amended Option Agreement"], and as same may be further amended from time to time, collectively, the "Option Agreement"); and

WHEREAS, the Parties desire to modify, renew, and extend the Loan Documents to extend the Maturity Date and to clarify certain facts;

NOW, THEREFORE, in consideration of the mutual promises and agreements exchanged, the Parties agree as follows, notwithstanding anything to the contrary contained in the previous Loan Documents, to wit:

1. The Parties hereby modify the Loan Documents by extending the Maturity Date to the later to occur of (i) November 8, 2021, or (ii) the date that is six (6) months following expiration of the "Option Period" (under, and as defined in, the Option Agreement).

2. Borrowers hereby agree to pay the Note and comply with the obligations expressed in the Loan Documents, as modified herein. For value received, Borrowers hereby renew and extend the Note and other Loan Documents and promise to pay to the order of Lender, according to the modified terms set forth herein, the Principal Loan Amount and interest on the Note, as set forth in the Loan Agreement. All unpaid amounts are due by the Maturity Date, as modified herein.

3. Following the Effective Date, Borrowers will do, execute, acknowledge, and deliver all and every further acts, deeds, conveyances, assignments, notices of assignments, transfers, instruments, letters, and assurances as Lender shall, from time to time, reasonably require, for the better assuring, securing, conveying, assigning, transferring, and confirming unto Lender of its rights under the Loan Documents (as modified herein), or for otherwise carrying out the intention or facilitating the performance of the terms of this Agreement.

4. The provisions of this Agreement are incorporated into the Loan Documents. In every other respect, Borrowers and Lender ratify, adopt, and confirm the Loan Documents, stipulate that same are in full force and effect, and agree to be bound thereby, as modified herein; provided, however, that by entering into this Agreement, Lender does not waive, and Borrowers acknowledge, stipulate, and agree that by entering into this Agreement Lender does not waive, any defaults that may exist under the Loan Documents.

5. This Agreement may be executed in two or more counterparts, and each counterpart shall be deemed an original, but all such counterparts together shall constitute but one and the same instrument. A facsimile or email version of any signature hereto shall be deemed an original for all purposes. To facilitate recording in several counties, multiple original versions of this Agreement are being prepared and executed.

6.   The Parties acknowledge their understanding that both this Agreement and the Amended Option Agreement are subject to and contingent upon either (i) entry of an Order entered in the Bankruptcy Case (the "Approval Order") that approves this Agreement and the transactions contemplated hereby, or (ii) entry of an Order by, or issuance of some other form of communication from, the Bankruptcy Court to the effect that no approval is needed (as applicable, the "No Approval Needed Order"). The Parties shall cooperate in attempting to obtain the Approval Order or No Approval Needed Order as expeditiously as is practical; provided, however, that if the Bankruptcy Court enters an Order rejecting or otherwise disapproving either this Agreement or the Amended Option Agreement, this Agreement shall terminate and be of no force and effect, and the Parties shall not file for record this Agreement.

[Signature Pages to Follow]

EXECUTED to be effective as of the date set forth above.

**BORROWERS:**

KrisJenn Ranch, L.L.C. - Series Pipeline ROW,
a series of KrisJenn Ranch, L.L.C.,
a Texas limited liability company

By: _Larry M. Wright_
    Larry M. Wright, Manager

KrisJenn Ranch, L.L.C.,
a Texas limited liability company

By: _Larry M. Wright_
    Larry M. Wright, Manager

_Larry M. Wright_
Larry M. Wright, Individually

[Acknowledgement Page to Follow]

## ACKNOWLEDGMENTS

STATE OF TEXAS              §
                           §
COUNTY OF Bexar            §

    This instrument was acknowledged before me on this 30ᵀᴴ day of November 2020, by Larry M. Wright, Manager of KrisJenn Ranch, L.L.C.- Series Pipeline ROW, a series of KrisJenn Ranch, L.L.C., a Texas limited liability company, on behalf of said limited liability company.

FRANKIE PAYNE
Notary Public, State of Texas
Comm. Expires 01-09-2023
Notary ID 131848152

_____
Notary Public in and for the State of Texas

STATE OF TEXAS              §
                           §
COUNTY OF Bexar            §

    This instrument was acknowledged before me on this 30ᵀᴴ day of November 2020, by Larry M. Wright, Manager of KrisJenn Ranch, L.L.C., a Texas limited liability company, on behalf of said limited liability company.

FRANKIE PAYNE
Notary Public, State of Texas
Comm. Expires 01-09-2023
Notary ID 131848152

_____
Notary Public in and for the State of Texas

STATE OF TEXAS              §
                           §
COUNTY OF Bexar            §

    This instrument was acknowledged before me on this 30ᵀᴴ day of November 2020, by Larry M. Wright.

_____
Notary Public in and for the State of Texas

[Additional Signature and Acknowledgment to Follow]

FRANKIE PAYNE
Notary Public, State of Texas
Comm. Expires 01-09-2023
Notary ID 131848152

LENDER:

McLeod Oil, LLC,
a Texas limited liability company

By: _____
    John W. McLeod, Jr., Manager


## ACKNOWLEDGMENT

STATE OF TEXAS        §
                        §
COUNTY OF Dallas     §

      This instrument was acknowledged before me on this 30th day of November 2020, by John W. McLeod, Jr., Manager of McLeod Oil, LLC, a Texas limited liability company, on behalf of said limited liability company.

_____
Notary Public in and for the State of Texas

BRENDA J MORALES
Notary ID #8011689
My Commission Expires
October 1, 2024

S:\Pat\McLeod - Black Duck\Third Loan Mod WDK 11-30-20 Final.docx