

# FARM AND RANCH REAL ESTATE LISTING AGREEMENT
# EXCLUSIVE RIGHT TO SELL

USE OF THIS FORM BY PERSONS WHO ARE NOT MEMBERS OF THE TEXAS ASSOCIATION OF REALTORS®, INC. IS NOT AUTHORIZED.
©**Texas Association of REALTORS®, Inc. 2021**

1. **PARTIES:** The parties to this agreement (this Listing) are:

   Seller: **KRISJENN RANCH, LLC - By: Larry Wright**

   Address: **410 SPYGLASS**
   City, State, Zip: **MCQUEENEY, , TX 78123**
   Phone: **(210)288-2806**                Fax: _____
   E-Mail: **larrymwright54@yahoo.com**

   Broker: **Texas Ranches For Sale**
   Address: **609 FM 289**
   City, State, Zip: **Comfort, TX  78013**
   Phone: **(210)859-6256**                Fax: **(210)579-1900**
   E-Mail: **Griffin@TexasRanchesForSale.com**

   Seller appoints Broker as Seller's sole and exclusive real estate agent and grants to Broker the exclusive right to sell the Property.

2. **PROPERTY:** "Property" means the land, improvements, accessories, and crops described below except for any exclusions, exceptions, or reservations described below.

   A. <u>Land</u>: The land situated in _____**Uvalde**_____ County, Texas described as follows:
   **980 +/- Acres out of A0164 ABSTRACT 0164 SURVEY 687 21.04, A0165 ABSTRACT 0165 SURVEY 689 950.36**

   or as described on attached exhibit, also known as **Described as Exhibit "A"** _____ (address/zip code), together with all rights, privileges, and appurtenances pertaining thereto, including but not limited to: water rights, claims, permits, strips and gores, easements, and cooperative or association memberships.

   B. <u>Improvements</u>:

   (1) <u>Farm and Ranch Improvements</u>: The following **permanently installed and built-in items**, if any: windmills, tanks, barns, pens, fences, gates, sheds, outbuildings, and corrals.

   (2) <u>Residential Improvements</u>: The house, garage and all other fixtures and improvements attached to the above-described real property, including without limitation, the following **permanently installed and built-in items**, if any: all equipment and appliances, valances, screens, shutters, awnings, wall-to-wall carpeting, mirrors, ceiling fans, attic fans, mail boxes, television antennas, mounts and brackets for televisions and speakers, heating and air-conditioning units, security and fire detection equipment, wiring, plumbing and lighting fixtures, chandeliers, water softener system, kitchen equipment, garage door openers, cleaning equipment, shrubbery, landscaping, outdoor cooking equipment, and all other property attached to the above-described real property.

(TXR-1201) 03-01-21      Initialed for Identification by Broker/Associate _____ and Seller _____ , _____      Page 1 of 11

Texas Ranches For Sale, 609 FM 289 Comfort TX 78013                                    Phone: 2108596256        Fax: 2105791900                Uvalde - Wright,
Ken Hoerster                        Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5    www.lwolf.com

Farm and Ranch Listing concerning _____

C. <u>Accessories</u>:

(1) <u>Farm and Ranch Accessories</u>: The following described related accessories: *(check boxes of accessories to be conveyed)* ☐ portable buildings ☐ hunting blinds ☐ game feeders ☐ livestock feeders and troughs ☐ irrigation equipment ☐ fuel tanks ☐ submersible pumps ☐ pressure tanks ☐ corrals ☐ gates ☐ chutes ☐ other: _____
_____
_____.

(2) <u>Residential Accessories</u>: The following described related accessories, if any: window air conditioning units, stove, fireplace screens, curtains and rods, blinds, window shades, draperies and rods, door keys, mailbox keys, above ground pool, swimming pool equipment and maintenance accessories, artificial fireplace logs, security systems that are not fixtures, and controls for: (i) garage doors, (ii) entry gates, and (iii) other improvements and accessories. "Controls" includes Seller's transferable rights to the i) software and applications used to access and control improvements or accessories, and (ii) hardware used solely to control improvements or accessories.

D. <u>Crops</u>: All crops growing on the Property. Seller will retain the right to harvest all growing crops until delivery of possession of the Property to a buyer.

E. <u>Exclusions</u>: The following improvements, accessories, and crops will be retained by Seller and excluded: **N/A**
_____
_____.

F. <u>Reservations and Exceptions</u>: Except as described below, Seller instructs Broker to market the Property without exceptions, reservations, conditions, or restrictions.

| | <u>Presently Held by Others</u> | <u>To be additionally retained by Seller</u> |
|---|---|---|
| Minerals: | | |
| Mineral Leases: | | |
| Royalties: | | |
| Surface Leases: | | |
| Timber Interest: | | |
| Easements: | | |
| Water Rights: | | |
| Other: | | |
| Restrictions: | | |
| Zoning: | | |

G. <u>Government Programs</u>: The Property is subject to the following government programs: **N/A** _____
_____.

H. <u>Agricultural Development District</u>: The Property ☐ is ☒ is not located in a Texas Agricultural Development District.

*Notice: The terms of a contract for the sale of the Property will control which improvements, accessories, crops, or reservations will be excluded.*

Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5    www.lwolf.com    **Uvalde - Wright,**

Farm and Ranch Listing concerning _____

3. **LISTING PRICE:** Seller instructs Broker to market the Property at the following price: $ **8,700,000.00**
(Listing Price). Seller agrees to sell the Property for the Listing Price or any other price acceptable to Seller.   Seller
will pay all typical closing costs charged to sellers of farm and ranch real estate in Texas (seller's typical closing costs
are those set forth in the farm and ranch contract forms promulgated by the Texas Real Estate Commission).

4. **TERM:**

A. This Listing begins on _____**July 1, 2021**_____ and ends at 11:59 p.m. on _____**July 31, 2022**_____ .

B. If Seller enters into a binding written contract to sell the Property before the date this Listing begins and the
contract is binding on the date this Listing begins, this Listing will not commence and will be void.

5. **BROKER COMPENSATION:**

A. When earned and payable, Seller will pay Broker:
[X] (1) ____**4.500**____ % of the sales price.
[X] (2) **3% of sales price if an outside Broker does not represent the Buyer.** _____ .

B. Earned: Broker's compensation is earned when any one of the following occurs during this Listing:
(1) Seller sells, exchanges, options, agrees to sell, agrees to exchange, or agrees to option all or part of the
Property to anyone at any price on any terms;
(2) Broker individually or in cooperation with another broker procures a buyer ready, willing, and able to buy the
Property at the Listing Price or at any other price acceptable to Seller; or
(3) Seller breaches this Listing.

C. Payable: Once earned, Broker's compensation is payable either during this Listing or after it ends at the earlier of:
(1) the closing and funding of any sale or exchange of all or part of the Property;
(2) Seller's refusal to sell the Property after Broker's compensation has been earned;
(3) Seller's breach of this Listing; or
(4) at such time as otherwise set forth in this Listing.

Broker's compensation is not payable if a sale of the Property does not close or fund as a result of: (i) Seller's
failure, without fault of Seller, to deliver to a buyer a deed or a title policy as required by the contract to sell; (ii) loss
of ownership due to foreclosure or other legal proceeding; or (iii) Seller's failure to restore the Property, as a result
of a casualty loss, to its previous condition by the closing date set forth in a contract for the sale of the Property.

D. Other Compensation:

(1) Breach by Buyer Under a Contract: If Seller collects earnest money, the sales price, or damages by suit,
compromise, settlement, or otherwise from a buyer who breaches a contract for the sale of the Property
entered into during this Listing, Seller will pay Broker, after deducting attorney's fees and collection expenses,
an amount equal to the lesser of one-half of the amount collected after deductions or the amount of the
Broker's Compensation stated in Paragraph 5A. Any amount paid under this Paragraph 5D(1) is in addition to
any amount that Broker may be entitled to receive for subsequently selling the Property.

(2) Service Providers: If Broker refers Seller or a prospective buyer to a service provider (for example, mover,
cable company, telecommunications provider, utility, or contractor) Broker may receive a fee from the service
provider for the referral. Any referral fee Broker receives under this Paragraph 5D(2) is in addition to any
other compensation Broker may receive under this Listing.

Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5   www.lwolf.com      **Uvalde - Wright,**

Farm and Ranch Listing concerning _____

    (3) <u>Other Fees and/or Reimbursable Expenses</u>: _____

    _____

    _____

    _____ .

E.  <u>Protection Period</u>:

    (1) "Protection period" means that time starting the day after this Listing ends and continuing for    **90**    days. "Sell" means any transfer of any fee simple interest in the Property whether by oral or written agreement or option.

    (2) Not later than 10 days after this Listing ends, Broker may send Seller written notice specifying the names of persons whose attention was called to the Property during this Listing. If Seller agrees to sell the Property during the protection period to a person named in the notice or to a relative of a person named in the notice, Seller will pay Broker, upon the closing of the sale, the amount Broker would have been entitled to receive if this Listing were still in effect.

    (3) This Paragraph 5E survives termination of this Listing. This Paragraph 5E will not apply if:
        (a) Seller agrees to sell the Property during the protection period;
        (b) the Property is exclusively listed with another Texas licensed real estate broker at the time the sale is negotiated; and
        (c) Seller is obligated to pay the other broker a fee for the sale.

F.  <u>County</u>: All amounts payable to Broker are to be paid in cash in  **Uvalde or Kendall**_____
    _____ County, Texas.

G.  <u>Escrow Authorization</u>: Seller authorizes, and Broker may so instruct, any escrow or closing agent authorized to close a transaction for the purchase or acquisition of the Property to collect and disburse to Broker all amounts payable to Broker under this Listing.

**6. LISTING SERVICES:**

A.  <u>Filing</u>: Seller instructs Broker as follows: *(Check 1 or 2 only.)*

    [X] (1) Broker will file this Listing with one or more Multiple Listing Services (MLS) according to the following: *(Check only one box.)*

        [ ] (a) Broker will file this Listing with one or more Multiple Listing Services (MLS) by the earlier of the time required by MLS rules or 5 days after the date this Listing begins. Seller authorizes Broker to submit information about this Listing and the sale of the Property to the MLS.

        [X] (b) Seller instructs Broker not to file this Listing with one or more Multiple Listing Services (MLS) until   **14**   days after the date this Listing begins for the following purpose(s):  **Time to prepare marketing material and take photographs of the ranch.**
        (Note: Do not check if prohibited by MLS(s).)

<u>Notice</u>: MLS rules require Broker to accurately and timely submit all information the MLS requires including final closing of sales and sales prices. MLS rules may require that the information be submitted to the MLS throughout the time the Listing is in effect. Subscribers to the MLS and appraisal districts may use the information for market evaluation or appraisal purposes. Subscribers are other brokers, agents, and real estate professionals such as appraisers. Any information filed with the MLS becomes the property of the MLS for all purposes. **Submission of information to MLS ensures that persons who use and benefit from the MLS also contribute information.**

Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5   www.lwolf.com     **Uvalde - Wright,**

Farm and Ranch Listing concerning _____

☐ (2)  Broker will not file this Listing with any Multiple Listing Services (MLS) or other listing service.

**<u>Notice</u>: Seller acknowledges and understands that if this option is checked: (1) Seller's Property will not be included in the MLS database available to real estate agents and brokers from other real estate offices who subscribe to and participate in the MLS, and their buyer clients may not be aware that Seller's Property is offered for sale; (2) Seller's Property will not be included in the MLS's download to various real estate Internet sites that are used by the public to search for property listings; and (3) real estate agents, brokers, and members of the public may be unaware of the terms and conditions under which Seller is marketing the Property.**

B.  <u>Listing Content</u>: If Broker files this Listing under Paragraph 6A(1)(a) or (b), the parties agree to the following:

   (1)  <u>Definitions</u>:
   (a)  "Listing Content" means all photographs, images, graphics, video recordings, virtual tours, drawings, written descriptions, remarks, narratives, pricing information, and other copyrightable elements relating to the Property.
   (b)  "Seller Listing Content" means Listing Content provided by Seller to Broker or Broker's associates.
   (c)  "Broker Listing Content" means Listing Content that is otherwise obtained or produced by Broker or Broker's associates in connection with this Listing.

   (2)  Seller grants Broker a non-exclusive, irrevocable, worldwide, royalty-free license to use, sublicense through multiple tiers, publish, display, and reproduce the Seller Listing Content, to prepare derivative works of the Seller Listing Content, and to distribute the Seller Listing Content, including any derivative works of the Seller Listing Content. This Paragraph 6B(2) survives termination of this Listing.

   (3)  All Broker Listing Content is owned exclusively by Broker, and Seller has no right, title or interest in or to any Broker Listing Content.

   (4)  Seller understands and agrees that both the Seller Listing Content and Broker Listing Content, including any changes to such content, may be filed with the MLS, included in compilations of listings, and otherwise distributed, publicly displayed and reproduced.

**7.  ACCESS TO THE PROPERTY:**

A.  <u>Authorizing Access</u>: Authorizing access to the Property means giving permission to another person to enter the Property, disclosing to the other person any security codes necessary to enter the Property, and lending a key to the other person to enter the Property, directly or through a keybox. To facilitate the showing and sale of the Property, Seller instructs Broker to:
   (1)  access the Property at reasonable times;
   (2)  authorize other brokers, their associates, inspectors, appraisers, and contractors to access the Property at reasonable times; and
   (3)  duplicate keys to facilitate convenient and efficient showings of the Property.

B.  <u>Scheduling Companies</u>: Broker may engage the following companies to schedule appointments and to authorize others to access the Property: _____**N/A**_____ .

C.  <u>Keybox</u>: **A keybox is a locked container placed on the Property that holds a key to the Property. A keybox makes it more convenient for brokers, their associates, inspectors, appraisers, and contractors to show, inspect, or repair the Property. The keybox is opened by a special combination, key, or programmed device so that authorized persons may enter the Property, even in Seller's absence. Using a keybox will probably increase the number of showings, but involves risks (for example, unauthorized entry, theft, property damage, or personal injury). Neither the Association of REALTORS® nor MLS requires the use of a keybox.**

Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5    www.lwolf.com      **Uvalde - Wright,**

Farm and Ranch Listing concerning _____

(1) Broker ☐ is ☒ is not authorized to place a keybox on the Property.

(2) If a tenant occupies the Property at any time during this Listing, Seller will furnish Broker a written statement (for example, TXR No. 1411), signed by all tenants, authorizing the use of a keybox or Broker may remove the keybox from the Property.

D. <u>Liability and Indemnification</u>: When authorizing access to the Property, Broker, other brokers, their associates, any keybox provider, or any scheduling company are not responsible for personal injury or property loss to Seller or any other person. Seller assumes all risk of any loss, damage, or injury. **Except for a loss caused by Broker, Seller will indemnify and hold Broker harmless from any claim for personal injury, property damage, or other loss.**

8. **COOPERATION WITH OTHER BROKERS:** Broker will allow other brokers to show the Property to prospective buyers. Broker will offer to pay the other broker a fee as described below if the other broker procures a buyer that purchases the Property.

A. <u>MLS Participants</u>: If the other broker is a participant in the MLS in which this Listing is filed, Broker will offer to pay the other broker:
(1) if the other broker represents the buyer: **2.250** % of the sales price or $ **N/A** ; and
(2) if the other broker is a subagent: **2.250** % of the sales price or $ **N/A** .

B. <u>Non-MLS Brokers</u>: If the other broker is not a participant in the MLS in which this Listing is filed, Broker will offer to pay the other broker:
(1) if the other broker represents the buyer: **2.250** % of the sales price or $ **N/A** ; and
(2) if the other broker is a subagent: **2.250** % of the sales price or $ **N/A** .

9. **INTERMEDIARY:** *(Check A or B only.)*

☒ A. <u>Intermediary Status</u>: Broker may show the Property to interested prospective buyers who Broker represents. If a prospective buyer who Broker represents offers to buy the Property, Seller authorizes Broker to act as an intermediary and Broker will notify Seller that Broker will service the parties in accordance with one of the following alternatives.

(1) If a prospective buyer who Broker represents is serviced by an associate other than the associate servicing Seller under this Listing, Broker may notify Seller that Broker will: (a) appoint the associate then servicing Seller to communicate with, carry out instructions of, and provide opinions and advice during negotiations to Seller; and (b) appoint the associate then servicing the prospective buyer to the prospective buyer for the same purpose.

(2) If a prospective buyer who Broker represents is serviced by the same associate that is servicing Seller, Broker may notify Seller that Broker will: (a) appoint another associate to communicate with, carry out instructions of, and provide opinions and advice during negotiations to the prospective buyer; and (b) appoint the associate servicing the Seller under this Listing to Seller for the same purpose.

(3) Broker may notify Seller that Broker will make no appointments as described under this Paragraph 9A and, in such an event, the associate servicing the parties will act solely as Broker's intermediary representative, who may facilitate the transaction but will not render opinions or advice during negotiations to either party.

☐ B. <u>No Intermediary Status</u>: Seller agrees that Broker will not show the Property to prospective buyers who Broker represents.

Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5    www.lwolf.com        **Uvalde - Wright,**

Farm and Ranch Listing concerning _____

**Notice:** **If Broker acts as an intermediary under Paragraph 9A, Broker and Broker's associates:**
  # **may not disclose to the prospective buyer that Seller will accept a price less than the asking price unless otherwise instructed in a separate writing by Seller;**
  # **may not disclose to Seller that the prospective buyer will pay a price greater than the price submitted in a written offer to Seller unless otherwise instructed in a separate writing by the prospective buyer;**
  # **may not disclose any confidential information or any information Seller or the prospective buyer specifically instructs Broker in writing not to disclose unless otherwise instructed in a separate writing by the respective party or required to disclose the information by the Real Estate License Act or a court order or if the information materially relates to the condition of the property;**
  # **may not treat a party to the transaction dishonestly; and**
  # **may not violate the Real Estate License Act.**

**10. CONFIDENTIAL INFORMATION:** During this Listing or after it ends, Broker may not knowingly disclose information obtained in confidence from Seller except as authorized by Seller or required by law. Broker may not disclose to Seller any confidential information regarding any other person Broker represents or previously represented except as required by law.

**11. BROKER'S AUTHORITY:**

A.  Broker will use reasonable efforts and act diligently to market the Property for sale, procure a buyer, and negotiate the sale of the Property.

B.  Broker is authorized to display this Listing on the Internet without limitation unless one of the following is checked.

☐ (1) Seller does not want this Listing to be displayed on the Internet.
☐ (2) Seller does not want the address of the Property to be displayed on the Internet.

**Notice: Seller understands and acknowledges that, if box 11B(1) is selected, consumers who conduct searches for listings on the Internet will not see information about this Listing in response to their search.**

C.  Broker is authorized to market the Property with the following financing options:

☒ (1) Conventional          ☐ (5) Texas Veterans Land Program
☐ (2) VA                    ☐ (6) Owner Financing
☐ (3) FHA                   ☒ (7) Other
☒ (4) Cash

D.  In addition to other authority granted by this Listing, Broker may:
  (1) advertise the Property by means and methods as Broker determines, including but not limited to creating and placing advertisements with interior and exterior photographic and audio-visual images of the Property and related information in any media and the Internet;
  (2) place a "For Sale" sign on the Property and remove all other signs offering the Property for sale or lease;
  (3) furnish comparative marketing and sales information about other properties to prospective buyers;
  (4) disseminate information about the Property to other brokers and to prospective buyers, including applicable disclosures or notices that Seller is required to make under law or a contract;
  (5) obtain information from any holder of a note secured by a lien on the Property;
  (6) accept and deposit earnest money in trust in accordance with a contract for the sale of the Property;
  (7) disclose the sales price and terms of sale to other brokers, appraisers, or other real estate professionals;
  (8) in response to inquiries from prospective buyers and other brokers, disclose whether the Seller is considering more than one offer (Broker will not disclose the terms of any competing offer unless specifically instructed by Seller);
  (9) advertise, during or after this Listing ends, that Broker "sold" the Property; and
  (10) place information about this Listing, the Property, and a transaction for the Property on an electronic transaction platform (typically an Internet-based system where professionals related to the transaction such as title companies, lenders, and others may receive, view, and input information).

Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5    www.lwolf.com          Uvalde - Wright,

Farm and Ranch Listing concerning _____

E. Broker is not authorized to execute any document in the name of or on behalf of Seller concerning the Property.

**12. SELLER'S REPRESENTATIONS:** Except as provided by Paragraph 15, Seller represents that:

A. Seller has fee simple title to and peaceable possession of the Property and all its improvements and fixtures, unless rented, and the legal capacity to convey the Property;

B. Seller is not bound by a listing agreement with another broker for the sale, exchange, or lease of the Property that is or will be in effect during this Listing;

C. any pool or spa and any required enclosures, fences, gates, and latches comply with all applicable laws and ordinances;

D. no person or entity has any right to purchase, lease, or acquire the Property by an option, right of refusal, or other agreement;

E. Seller is current and not delinquent on all loans and all other financial obligations related to the Property, including but not limited to mortgages, home equity loans, home improvement loans, homeowner association fees, and taxes, except _____ ;

F. Seller is not aware of any liens or other encumbrances against the Property, except _____
_____ ;

G. the Property is not subject to the jurisdiction of any court;

H. all information relating to the Property Seller provides to Broker is true and correct to the best of Seller's knowledge;

I. the name of any employer, relocation company, or other entity that provides benefits to Seller when selling the Property is: _____ ; and

J. the Seller Listing Content, and the license granted to Broker for the Seller Listing Content, do not violate or infringe upon the rights, including any copyright rights, of any person or entity.

**13. SELLER'S ADDITIONAL PROMISES:** Seller agrees to:

A. cooperate with Broker to facilitate the showing, marketing, and sale of the Property;

B. not rent or lease the Property during this Listing without Broker's prior written approval;

C. not negotiate with any prospective buyer who may contact Seller directly, but refer all prospective buyers to Broker;

D. not enter into a listing agreement with another broker for the sale, exchange, lease, or management of the Property to become effective during this Listing without Broker's prior written approval;

E. maintain any pool and all required enclosures in compliance with all applicable laws and ordinances;

F. provide Broker with copies of any leases or rental agreements pertaining to the Property and advise Broker of tenants moving in or out of the Property;

G. complete any disclosures or notices required by law or a contract to sell the Property; and

H. amend any applicable notices and disclosures if any material change occurs during this Listing.

**14. LIMITATION OF LIABILITY:**

A. If the Property is or becomes vacant during this Listing, Seller must notify Seller's casualty insurance company and request a "vacancy clause" to cover the Property. Broker is not responsible for the security of the Property nor for inspecting the Property on any periodic basis.

B. **Broker is not responsible or liable in any manner for personal injury to any person or for loss or damage to any person's real or personal property resulting from any act or omission not caused by Broker's negligence, including but not limited to injuries or damages caused by:**

   (1) **other brokers, their associates, inspectors, appraisers, and contractors who are authorized to access the Property;**

   (2) **other brokers or their associates who may have information about the Property on their websites;**

   (3) **acts of third parties (for example, vandalism or theft);**

   (4) **freezing water pipes;**

   (5) **a dangerous condition on the Property;**

   (6) **the Property's non-compliance with any law or ordinance; or**

   (7) **Seller, negligently or otherwise.**

Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5   www.lwolf.com        Uvalde - Wright,

Farm and Ranch Listing concerning _____

    **C. Seller agrees to protect, defend, indemnify, and hold Broker harmless from any damage, costs, attorney's fees, and expenses that:**

        **(1) are caused by Seller, negligently or otherwise;**

        **(2) arise from Seller's failure to disclose any material or relevant information about the Property; or**

        **(3) are caused by Seller giving incorrect information to any person.**

**15. SPECIAL PROVISIONS:**

    **1. Broker will make best effort to give Seller at least 24 hours notice, prior to any scheduled showings.**

**16. DEFAULT:** If Seller breaches this Listing, Seller is in default and will be liable to Broker for the amount of the Broker's compensation specified in Paragraph 5A and any other compensation Broker is entitled to receive under this Listing. If a sales price is not determinable in the event of an exchange or breach of this Listing, the Listing Price will be the sales price for purposes of computing Broker's compensation. If Broker breaches this Listing, Broker is in default and Seller may exercise any remedy at law.

**17. MEDIATION:** The parties agree to negotiate in good faith in an effort to resolve any dispute related to this Listing that may arise between the parties. If the dispute cannot be resolved by negotiation, the dispute will be submitted to mediation. The parties to the dispute will choose a mutually acceptable mediator and will share the cost of mediation equally.

**18. ATTORNEY'S FEES:** If Seller or Broker is a prevailing party in any legal proceeding brought as a result of a dispute under this Listing or any transaction contemplated by this Listing, such party will be entitled to recover from the non-prevailing party all costs of such proceeding and reasonable attorney's fees.

**19. ADDENDA AND OTHER DOCUMENTS:** Addenda that are part of this Listing and other documents that Seller may need to provide are:

[X] A. Information About Brokerage Services;

[X] B. Seller Disclosure Notice (§5.008, Texas Property Code);

[ ] C. Addendum for Seller's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards (required if Property was built before 1978);

[ ] D. MUD, Water District, or Statutory Tax District Disclosure Notice (Chapter 49, Texas Water Code);

[ ] E. Request for Mortgage Information;

[X] F. Information about On-Site Sewer Facility;

[ ] G. Information about Special Flood Hazard Areas;

[ ] H. Keybox Authorization by Tenant;

[ ] I. Seller's Authorization to Release and Advertise Certain Information; and

[ ] J. _____ .

Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5   www.lwolf.com   **Uvalde - Wright,**

Farm and Ranch Listing concerning _____

**20. PROPERTY CONDITION DISCLOSURE:**

A. "Environmental hazard or condition" means conditions such as, but not limited to: (1) substances or materials that are hazardous to the ordinary person's health; (2) toxic wastes or materials; (3) radon; (4) asbestos; (5) urea-formaldehyde; (6) lead-based paint; (7) anthrax; and (8) other substances commonly known to be pollutants or contaminants.

B. Except as disclosed below or on a seller's disclosure notice, Seller has no knowledge of the following:
(1) any flooding of the Property which has had a material adverse effect on the use of the Property;
(2) any pending or threatened litigation, condemnation, or special assessment affecting the Property;
(3) any environmental hazards or conditions which materially affect the Property;
(4) any dumpsite, landfill, or underground tanks or containers now or previously on the Property;
(5) any wetlands, as defined by federal or state law or regulation, affecting the Property;
(6) any threatened or endangered species or their habitat affecting the Property;
(7) any material defect to any improvements or accessories on the Property; or
(8) any part of the Property lying within a special flood hazard area.
Exceptions to (1)-(8): _____
_____
_____.

**21. AGREEMENT OF PARTIES:**

A. Entire Agreement: This Listing is the entire agreement of the parties and may not be changed except by written agreement.
B. Assignability: Neither party may assign this Listing without the written consent of the other party.
C. Binding Effect: Seller's obligation to pay Broker earned compensation is binding upon Seller and Seller's heirs, administrators, executors, successors, and permitted assignees.
D. Joint and Several: All Sellers executing this Listing are jointly and severally liable for the performance of all its terms.
E. Governing Law: Texas law governs the interpretation, validity, performance, and enforcement of this Listing.
F. Severability: If a court finds any clause in this Listing invalid or unenforceable, the remainder of this Listing will not be affected and all other provisions of this Listing will remain valid and enforceable.
G. Partial Sales: If Seller sells or leases part of the Property before the date this Listing ends, this Listing will continue for the remaining part of the Property through the remaining term of this Listing.
H. Notices: Notices between the parties must be in writing and are effective when sent to the receiving party's address, fax, or e-mail address specified in Paragraph 1.

**22. ADDITIONAL NOTICES:**

A. **Broker's compensation or the sharing of compensation between brokers is not fixed, controlled, recommended, suggested, or maintained by the Association of REALTORS®, MLS, or any listing service.**

B. **In accordance with fair housing laws and the National Association of REALTORS® Code of Ethics, Broker's services must be provided and the Property must be shown and made available to all persons without regard to race, color, religion, national origin, sex, disability, familial status, sexual orientation, or gender identity. Local ordinances may provide for additional protected classes (for example, creed, status as a student, marital status, or age).**

C. **Broker advises Seller to contact any mortgage lender or other lien holder to obtain information regarding payoff amounts for any existing mortgages or liens on the Property.**

D. **Broker advises Seller to review the information Broker submits to an MLS or other listing service.**

Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5   www.lwolf.com        **Uvalde - Wright,**

Farm and Ranch Listing concerning _____

E.  Broker advises Seller to remove or secure jewelry, prescription drugs, other valuables, firearms and any other weapons.

F.  Broker advises Seller to consult an attorney before using any type of surveillance device in the Property to record or otherwise monitor prospective buyers without their knowledge or consent. Seller should be aware that a prospective buyer might photograph or otherwise record the Property without Seller's knowledge or consent.

G.  Statutes or ordinances may regulate certain items on the Property (for example, swimming pools and septic systems). Non-compliance with the statutes or ordinances may delay a transaction and may result in fines, penalties, and liability to Seller.

H.  If the Property was built before 1978, Federal law requires the Seller to: (1) provide the buyer with the federally approved pamphlet on lead poisoning prevention; (2) disclose the presence of any known lead-based paint or lead-based paint hazards in the Property; (3) deliver all records and reports to the buyer related to such paint or hazards; and (4) provide the buyer a period up to 10 days to have the Property inspected for such paint or hazards.

I.  If Seller is a "foreign person" as defined by federal law, a buyer may be required to withhold certain amounts from the sales proceeds and deliver the same to the Internal Revenue Service to comply with applicable tax law. A "foreign person" is a: (1) nonresident alien individual; (2) foreign corporation that has not made an election under section 897(i) of the Internal Revenue Code to be treated as a domestic corporation; or (3) foreign partnership, trust, or estate. The definition does not include a resident alien individual. Seller notifies Broker that Seller ☐ is ☒ is not a "foreign person" as defined by federal law. If Seller is unsure whether Seller qualifies as a "foreign person" under federal law, Broker advises Seller to consult a tax professional or an attorney.

J.  Broker advises Seller to refrain from transmitting personal information, such as bank account numbers or other financial information, via unsecured email or other electronic communication to reduce risk of wire fraud.

K.  Broker cannot give legal advice. READ THIS LISTING CAREFULLY. If you do not understand the effect of this Listing, consult an attorney BEFORE signing.

| | |
|---|---|
| **Texas Ranches For Sale** | **Larry Wright** |
| Broker's Printed Name          License No. | Client's Printed Name |
| | |
| ☒ Broker's Signature          Date | Client's Signature          Date |
| ☐ Broker's Associate's Signature, as an authorized agent of Broker | |
| **Griffin Kott** | |
| Broker's Associate's Printed Name, if applicable | Client's Printed Name |
| | |
| | Client's Signature          Date |

(TXR-1201) 03-01-2021                                                                                   Page 11 of 11



11/2/2015



# Information About Brokerage Services

*Texas law requires all real estate licensees to give the following information about brokerage services to prospective buyers, tenants, sellers and landlords.*

**TYPES OF REAL ESTATE LICENSE HOLDERS:**
- **A BROKER** is responsible for all brokerage activities, including acts performed by sales agents sponsored by the broker.
- **A SALES AGENT** must be sponsored by a broker and works with clients on behalf of the broker.

**A BROKER'S MINIMUM DUTIES REQUIRED BY LAW (A client is the person or party that the broker represents):**
- Put the interests of the client above all others, including the broker's own interests;
- Inform the client of any material information about the property or transaction received by the broker;
- Answer the client's questions and present any offer to or counter-offer from the client; and
- Treat all parties to a real estate transaction honestly and fairly.

**A LICENSE HOLDER CAN REPRESENT A PARTY IN A REAL ESTATE TRANSACTION:**

**AS AGENT FOR OWNER (SELLER/LANDLORD):** The broker becomes the property owner's agent through an agreement with the owner, usually in a written listing to sell or property management agreement. An owner's agent must perform the broker's minimum duties above and must inform the owner of any material information about the property or transaction known by the agent, including information disclosed to the agent or subagent by the buyer or buyer's agent.

**AS AGENT FOR BUYER/TENANT:** The broker becomes the buyer/tenant's agent by agreeing to represent the buyer, usually through a written representation agreement. A buyer's agent must perform the broker's minimum duties above and must inform the buyer of any material information about the property or transaction known by the agent, including information disclosed to the agent by the seller or seller's agent.

**AS AGENT FOR BOTH - INTERMEDIARY:** To act as an intermediary between the parties the broker must first obtain the written agreement of each party to the transaction. The written agreement must state who will pay the broker and, in conspicuous bold or underlined print, set forth the broker's obligations as an intermediary. A broker who acts as an intermediary:
- Must treat all parties to the transaction impartially and fairly;
- May, with the parties' written consent, appoint a different license holder associated with the broker to each party (owner and buyer) to communicate with, provide opinions and advice to, and carry out the instructions of each party to the transaction.
- Must not, unless specifically authorized in writing to do so by the party, disclose:
  - that the owner will accept a price less than the written asking price;
  - that the buyer/tenant will pay a price greater than the price submitted in a written offer; and
  - any confidential information or any other information that a party specifically instructs the broker in writing not to disclose, unless required to do so by law.

**AS SUBAGENT:** A license holder acts as a subagent when aiding a buyer in a transaction without an agreement to represent the buyer. A subagent can assist the buyer but does not represent the buyer and must place the interests of the owner first.

**TO AVOID DISPUTES, ALL AGREEMENTS BETWEEN YOU AND A BROKER SHOULD BE IN WRITING AND CLEARLY ESTABLISH:**
- The broker's duties and responsibilities to you, and your obligations under the representation agreement.
- Who will pay the broker for services provided to you, when payment will be made and how the payment will be calculated.

**LICENSE HOLDER CONTACT INFORMATION:** This notice is being provided for information purposes. It does not create an obligation for you to use the broker's services. Please acknowledge receipt of this notice below and retain a copy for your records.

| | | | |
|---|---|---|---|
| **Texas Ranches For Sale** | **0567384** | **Info@TexasRanchesForSale.com** | **(830)249-9339** |
| Licensed Broker /Broker Firm Name or Primary Assumed Business Name | License No. | Email | Phone |
| **Ken Hoerster** | **0379395** | **Ken@TexasRanchesForSale.com** | **(210)859-6256** |
| Designated Broker of Firm | License No. | Email | Phone |
| **Ken Hoerster** | **0379395** | **Ken@TexasRanchesForSale.com** | **(210)859-6256** |
| Licensed Supervisor of Sales Agent/ Associate | License No. | Email | Phone |
| **Griffin Kott** | **0667939** | **Griffin@TexasRanchesForSale.com** | **(830)889-5759** |
| Sales Agent/Associate's Name | License No. | Email | Phone |

_____        _____
Buyer/Tenant/Seller/Landlord Initials                Date

**Regulated by the Texas Real Estate Commission**

**Information available at www.trec.texas.gov**

TXR-2501

IABS 1-0 Date