# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| KRISJENN RANCH, LLC, et al | § | CASE NO. 20-50805-rbk |
| | § | |
| | § | |
| DEBTOR | § | (Jointly Administered) |

## DEBTORS' MOTION TO APPROVE SALE OF REAL ESTATE ASSET FREE AND CLEAR OF ALL INTERESTS PURSUANT TO 11 U.S.C. § 363(b) and (f)

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
**MOVANT HAS REQUESTED EXPEDITED CONSIDERATION OF THIS MOTION AND HAS REQUESTED THAT A HEARING BE HELD ON THIS MOTION AT THE COURT'S EARLIEST CONVENIENCE. IF THE COURT IN FACT SETS THIS MOTION FOR AN EXPEDITED HEARING, THEN ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

KrisJenn Ranch, LLC, KrisJenn Ranch LLC, Series Uvalde Ranch, and KrisJenn Ranch, LLC, Series Pipeline Row (collectively, the "Debtors"), the Debtors and Debtors-in-Possession in the above captioned case, hereby file this Motion To Approve Sale of Real Estate Asset Free and Clear of all Interests Pursuant to 11 U.S.C. § 363(b) and (f), (the "Sale Motion") and would show the following:

## PROCEDURAL BACKGROUND

1. On April 27, 2020 (the "Petition Date"), Debtors filed a joint voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. The Debtors continues to manage their financial affairs as a debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. The cases were severed by the Court; however, the Debtors' respective cases continue to be jointly

1

administered. No creditors' committee has yet been appointed in this case by the United States Trustee. No trustee or examiner has been requested or appointed.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. Debtor, Krisjenn Ranch, LLC, Series Uvalde Ranch owns a 980 acre ranch in Uvalde County, Texas (the "Ranch")[1]. A & S Ranch, Ltd. ("Buyer") has offered to purchase the Ranch for $7.45 million pursuant to the contract attached as Exhibit "A." (the "Contract"). Buyer is not an insider.

4. McLeod Oil, LLC ("McLeod Oil") is the primary secured creditor in this proceeding, with liens securing indebtedness owed by the Debtors. The liens cover, among other assets, (i) the Ranch, and (ii) a pipeline and right-of-way system owned by Debtor KJR-ROW (the "Pipeline ROW"). The original debt to McLeod Oil was $5.9 million at 4.5% interest. Debtors agree McCleod is owed at least $6.43 million in principal and interest. Mcleod claims it is owed approximately $7.3 million in principal, interest and attorney fees. Uvalde County filed a claim for $6451.48 for ad valorem taxes on the Ranch. There are no other Debts encumbering the Ranch.

5. Upon Closing, Debtor proposes paying the following:

    a. Closing costs;

    b. Realtor Commission of $50,000 to Griffin Kott;

---

[1] The Legal description to for the Ranch is attached as Exhibit B to the Contract.

    c. $5.9 million in principal and $530,000 in interest to McLeod on its Debt; and

    d. Any remaining outstanding ad valorem taxes on the Ranch.

    e. The remaining proceeds from the Sale shall be held in escrow with the title company until further order of the Court.

## RELIEF REQUESTED

6. Debtors request the Court authorize sale of the Property to the Buyer and make payments directly from closing as proposed herein with all remaining funds held in escrow with the title company until further order of the Court.

## ARGUMENT AND AUTHORITY

7. Section 363(b)(1) of the Bankruptcy Code provides that, "the Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Courts generally have applied four factors in determining whether to approve a sale pursuant to Section 363 of the Bankruptcy Code: (1) whether a valid business justification exists for the proposed transaction; (2) whether fair consideration is provided; (3) whether the transaction has been proposed in good faith; and (4) whether adequate and reasonable notice is provided. *240 North Brand Partners, Ltd. v. Colony GFP Partners, L.P.* (*In re 240 North Brand Partners, Ltd.*), 200 B.R. 653, 659 (9th Cir. B.A.P. 1996); *United States Internal Revenue Service v. Moberg Trucking, Inc.* (*In re Moberg Trucking, Inc.*), 112 B.R. 362, 364 (9th Cir. B.A.P. 1990) (Mooreman, J. dissenting) (citing the four factors in determining whether a sale pursuant to § 363(b) should be approved). As set forth herein, cause exists with respect to the sales encompassed within this Sale Motion.

8. The Debtors also propose the sale of the Property be "free and clear" of interests to the fullest extent in accordance with section 363(f) of the Bankruptcy Code. Section 363(b)(1)

of the Bankruptcy Code provides that a trustee "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." This provision generally allows a trustee (in this case Debtors subject to court approval) to sell property of the estate outside the ordinary course of business where the proposed sale is a sound exercise of the trustee's business judgment, the sale is proposed in good faith, and is for fair value. Committee of Equity Security Holders v. Lionel Corporation (In re Lionel Corp.), 722 F.2d 1063, 1010 (2d Cir. 1983).

9. One or more of the following must also be demonstrated in order for a sale to be free and clear of interests pursuant to section 363(f) of the Bankruptcy Code when:

   a. applicable nonbankruptcy law permits a sale free and clear of such interest;

   b. the holder of the interest consents;

   c. the interest is a lien and the price at which the property is to be sold exceeds the aggregate value of all liens against it;

   d. the interest is in bona fide dispute; or,

   e. the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of such interest.

10. The Bankruptcy Code authorizes the Debtors to sell the Property.

11. Debtors propose to sell the Property and believes McLeod Oil will consent to the sale provided its liens attach to any proceeds of sale. Further, Debtor believes the sale proceeds will exceed the total amount of liens against the Ranch.

12. Under these conditions, Debtors contend the sale is in the best interest of the estate and its creditors and should be approved.

## **NOTICE**

13. An element for the approval of a sale under § 363(b) of the Bankruptcy Code is the requirement that interested parties receive adequate and reasonable notice. Debtors' attorney has caused a copy of this Sale Motion to be served First Class United States Mail upon (1) the Debtors; (2) the Trustee, (3) the secured creditors of the Debtors; (4) the twenty largest unsecured creditors of the Debtors; (5) the United States Trustee; (6) those persons who have formally appeared in this Case and requested service pursuant to Bankruptcy Rule 2002; and (7) all applicable government agencies to the extent required by the Bankruptcy Rules and the Local Rules. The Debtors submit that no other or further notice need be provided.

14. Debtors are seeking expedited consideration. Only appearance at the hearing shall be required to preserve an objection to sale.

15. WHEREFORE, the Debtors respectfully request that the Court enter an order approving the sale in accordance with the terms and conditions set out in this Sale Motion and granting such other relief as is just and proper.

Dated: August 5, 2021

        Submitted By:
        Respectfully submitted,

SMEBERG LAW FIRM, PLLC
By: /s/ *Ronald J. Smeberg* .
    RONALD J. SMEBERG
    State Bar No. 24033967
    SMEBERG LAW FIRM, PLLC
    4 Imperial Oaks
    San Antonio, TX 78248
    210-695-6684 (Tel)
    210-598-7357 (Fax)
    ron@smeberg.com
    ATTORNEY FOR DEBTORS

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2021, true and correct copies of the foregoing motion will be forwarded electronically via the Court's ECF System, or by U.S. first class mail, postage prepaid, on, all parties listed on the attached Service List.

        */s/ Ronald J. Smeberg*
        RONALD J. SMEBERG

## SERVICE LIST

**DEBTOR**
KrissJenn Ranch, LLC
410 Spyglass Rd
Mc Queeney, TX 78123-3418

**GOVERNMENT ENTITIES**

Office of the UST
615 E Houston, Room 533
PO Box 1539
San Antonio, TX 78295-1539

U.S. Attorney
Attn: Bkcy Division
601 NW Loop 410, Suite 600
San Antonio, Texas 78216

Internal Revenue Services
Special Procedures Branch
300 E. 8th St. STOP 5026 AUS
Austin, TX 78701

Texas Comptroller of Public Account
Attn: Bankruptcy
P.O. Box 149359
Austin, TX 78714-9359

Angelina County Tax Assessor
606 E Lufkin Ave,
Lufkin, Texas 75901

Nacogdoches County Tax Assessor Collector
101 West Main Street
Nacogdoches, Texas 75961

Rusk County
202 N Main St,
Henderson, Texas 75652

Shelby County, Tax Collector
200 St. Augustine St.
Center, Texas 75935

Tenaha ISD Tax Assessor-Collector
138 College St
Tenaha, TX 75974-5612

Uvalde Tax Assessor
Courthouse Plaza, Box 8
Uvalde, Texas 78801

**NOTICE PARTIES**

METTAUER LAW FIRM
c/o April Prince
403 Nacogdoches St Ste 1
Center, TX 75935-3810

Albert, Neely & Kuhlmann
1600 Oil & Gas Building
309 W 7th St
Fort Worth, TX 76102-6900

Laura L. Worsham
JONES, ALLEN & FUQUAY, LLP
8828 Greenville Ave.
Dallas, Texas 75243

Craig Crockett
CRAIG M. CROCKETT, PC
5201 Camp Bowie Blvd. #200
Fort Worth, Texas 76107

Christopher S. Johns
JOHNS &COUNSEL PLLC
14101 Highway 290 West, ste 400A
Austin, Texas 78737

Timothy Cleveland
CLEVELAND|TERRAZAS PLLC
4611 Bee Cave Road, ste 306B
Austin, Texas 78746

Andrew R. Seger
KEY TERRELL & SEGER
4825 50th Street, ste A

Lubbock, Texas 79414

**SECURED CREIDITORS**

McLeod Oil, LLC
c/o John W. McLeod, Jr.
700 N Wildwood Dr
Irving, TX 75061-8832

**UNSECURED CREIDITORS**

Bigfoot Energy Services
312 W Sabine St
Carthage, TX 75633-2519

C&W Fuels, Inc.
Po Box 40
Hondo, TX 78861-0040

Davis, Cedillo & Mendoza
755 E Mulberry Ave Ste 500
San Antonio, TX 78212-3135

Granstaff Gaedke & Edgmon
5535 Fredericksburg Rd Ste 110
San Antonio, TX 78229-3553

Hopper's Soft Water Service
120 W Frio St
Uvalde, TX 78801-3602

Larry Wright
410 Spyglass Rd
Mc Queeney, TX 78123-3418

Medina Electric
2308 18th St.

Po Box 370
Hondo, TX 78861-0370

Medina's Pest Control
1490 S Homestead Rd
Uvalde, TX 78801-7625

Texas Farm Store
236 E Nopal St
Uvalde, TX 78801-5317

Uvalco Supply
2521 E Main St
Uvalde, TX 78801-4940

Longbranch Energy
c/o DUKE BANISTER RICHMOND
Po Box 175
Fulshear, TX 77441-0175

DMA Properties, Inc.
896 Walnut Street at US 123 BYP
Seneca, SC 29678