**The relief described hereinbelow is SO ORDERED.**

**Signed August 11, 2021.**

_____
**Ronald B. King**
**Chief United States Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| KRISJENN RANCH, LLC, et al | § | CASE NO. 20-50805-rbk |
| | § | |
| | § | |
| DEBTOR | § | (Jointly Administered) |

**ORDER ON DEBTORS' MOTION TO APPROVE SALE OF REAL ESTATE ASSET FREE AND CLEAR OF ALL INTERESTS PURSUANT TO 11 U.S.C. § 363(b) and (f)**

On Consideration of Debtors' Motion to Approve Sale of Real Estate Asset Free and Clear of All Interests Pursuant to 11 U.S.C. **§ 363(b) and (f)** (the "Sale Motion") filed by Debtor in the above-captioned bankruptcy, concerning certain real property briefly described as follows:

980 Ac. +/- in Uvalde County Texas (the "Real Property") and more further Described as Exhibit "A" attached.

1

The Court finds that the relief requested in the Sale Motion is in the best interest of the Debtors' estate, their creditors and other parties in interest; and the Debtors have provided appropriate and sufficient notice under the circumstances, and that no other or further notice is required; and the Court has reviewed the Sale Motion and has heard the evidence in support of the relief requested therein at a hearing before the Court (the "Sale Hearing").

The Court considered any objections to the Sale Motion, each of which are overruled, resolved, or withdrawn; and including the announcements and agreements stated on the record at the hearing, the Court has determined that the legal and factual bases set forth in the Sale Motion and at the Sale Hearing establish just cause for the relief granted herein. Therefore, after due deliberation and sufficient cause appearing:

THE COURT HEREBY FINDS THAT:

1. <u>Jurisdiction and Venue</u>. This Court has jurisdiction over this bankruptcy case and the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 105(a). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (M). Venue is proper in this district pursuant to 28 U.S.C. §§ 148 and 1409(a).

2. <u>Statutory Predicates</u>. The statutory predicates for the relief sought in the Sale Motion are sections 105(a) and 363 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") 2002, 6004, 9007 and 9014, and the applicable Local Rules for the United States Bankruptcy Court for the Western District of Texas (the "<u>Local Rules</u>").

3. <u>Final Order</u>. This order approving the Sale Motion (the "<u>Order</u>") constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and to any extent necessary under Bankruptcy Rules 9014, Rule 54(b) of the Federal

Rules of Civil Procedure, made applicable by Bankruptcy Rule 7054, and any other applicable rule or law, the Court expressly finds that there is no just reason for the delay in the implementation of this Order, waives any stay, and expressly directs entry of the order as set forth herein. This Order shall be effective and enforceable immediately upon entry.

4. <u>Notice</u>. As evidenced by the certificates of service filed with this Court, based upon the record of the case and representations of counsel at the Sale Hearing: (i) in accordance with inter alia, Bankruptcy Rule 2002, due proper, timely, adequate and sufficient notice of the Sale Motion has been provided; (ii) no other or further notice need be provided; (iii) such notice was and is good, sufficient and appropriate under the circumstances of this bankruptcy case; and (iv) no other or further notice of the Sale Motion or the Sale Hearing is or shall be required. The disclosures made by the Debtors concerning the Sale Motion and the Sale Hearing were reasonable, adequate and complete.

5. <u>Opportunity to Object</u>. A reasonable opportunity to object and to be heard with respect to the proposed the Sale Motion and the relief requested therein has been given to all interested persons and entities, including, without limitation, the following: (i) all potential purchasers previously identified by the Debtors and any additional parties who have expressed an interest in potentially acquiring the Real Property, including those parties that have submitted formal expressions of interest; (ii) all other potentially interested parties identified by the Debtors in their business judgment as a potential purchaser of the Real Property; (iii) the Office of the United States Trustee; (iv) all applicable federal, state and local regulatory or taxing authorities; and (v) the Debtors and all parties on the most current service list.

6. <u>Arm's-Length Sale</u>. The Earnest Money Contract was negotiated, proposed and entered into by the Debtors on behalf of the Debtors' estate and A&S Ranch, Ltd. ("A&S") for

3

the purchase price of Seven Million and Four-Hundred Fifty Thousand and no/100 Dollars ($7,450,000.00), without collusion, in good faith and from arm's-length bargaining positions. Neither the Debtors nor A&S nor any of their respective representatives, have engaged in any conduct that would cause or permit the Sale to be avoided under section 363(n) of the Bankruptcy Code. Specifically, neither A&S nor any of its representatives have acted in a collusive manner with any person. The terms and conditions of the Sale and the transaction contemplated thereby (including without limitation the consideration provided in respect thereof) are fair and reasonable and shall not be avoided under section 363(n) of the Bankruptcy Code.

7. <u>Good Faith Purchaser</u>. A&S is purchasing the Real Property in good faith and is a good faith purchaser of the Real Property within the meaning of section 363(m) of the Bankruptcy Code and is therefore entitled to all of the protections afforded by that provision. A&S and its representatives have proceeded in good faith and without collusion in all respects in connection with the Sale Motion and Sale Hearing.

8. <u>Sale in the Best Interests of the Debtors, the Debtors' Estates and Creditors</u>. Good and sufficient reasons for approval of the Sale have been articulated, and the relief requested in the Sale Motion and granted herein is in the best interest of the Debtors, the Debtors' estate, their creditors and other parties in interest.

9. <u>Business Justification</u>. The Debtors have demonstrated both (i) good, sufficient and sound business purposes and justifications and (ii) compelling circumstances for the Sale outside of the ordinary course of business under section 363(f) of the Bankruptcy Code in that, among other things, the immediate approval by this Court of the sale to A&S is necessary and appropriate to maximize the value of the Debtors' estate. Given all the circumstances of this bankruptcy case and the adequacy and fair value of the purchase price, the proposed sale

4

constitutes a reasonable and sound exercise of the Debtors' business judgment and should be approved.

10. <u>Free and Clear</u>. Krisjenn Ranch, LLC Series Uvalde Ranch is the sole and lawful owner of the Real Property. The conveyance of the Real Property will be a legal, valid, and effective transfer of the Real Property and vests or will vest A & S Ranch, Ltd. with all right, title, and interest of the Debtor to the Real Property free and clear of all interests to the fullest extent permitted under 11 U.S.C. §363(f) including without limitation all liens (as defined in section 101(37) of the Bankruptcy Code, whether consensual, statutory, possessory, judicial or otherwise), claims (as defined in section 101(5) of the Bankruptcy Code and including without limitation successor liability claims), or other interests, of any kind or nature whatsoever, whether known or unknown, legal or equitable, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or after the commencement of these bankruptcy cases, and whether imposed by agreement, understanding, law, equity or otherwise, accruing, arising or relating thereto, (collectively, the "<u>Interests</u>"[1]), at any time prior to the date of the Closing Date.

11. <u>Satisfaction of 363(f) Standards</u>. The Debtors may sell and transfer, and A&S may purchase, the Real Property free and clear of any interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. The proposed sale of the Real Property will be free and clear of all liens, claims, Interests, and encumbrances including any liabilities that arose prior to

---

[1] The term "<u>Interests</u>" as used in this Order includes, without limitations: all encumbrances; obligations; debts; liabilities; demands; guaranties; options; rights; restrictions; contractual commitments, including but not limited to, any license obligations; rights of first refusal or interests; any of the foregoing that purport to give to any party any defense, a defense or right of setoff, or recoupment against or a right or option to effect any forfeiture, modification or termination of the Debtor's interests in the Real Property, or any similar rights; any of the foregoing arising under any mortgages, deeds of trust, security interests, conditional sale or other title retention agreements, pledges, judgments, demands, encumbrances, rights of first refusal or charges of any kind or nature.

the closing date, with all such liens, claims, Interests, encumbrances and liabilities to transfer and attach to the sale proceeds, including the McLeod Oil lien claim, if any, with the same validity, priority, force and effect (if any) that such liens, claims, interests, encumbrances and liabilities had on the Real Property immediately prior to the closing date.

12. <u>Ad valorem tax, Quarterly Fees, and Interim Distribution of Proceeds</u>. The ad valorem tax lien pertaining to the Real Property shall attach to the sales proceeds and the Debtors (or the closing agent on his behalf) is authorized and directed to pay all ad valorem tax debt owed incident to the Real Property immediately upon closing and prior to any disbursement of proceeds to any other person or entity. Next the following is authorized to be paid from the closing proceeds:

   a. Closing costs;

   b. Realtor commission of $25,000 to Griffin Kott;

   c. Ranch consulting fee of $25,000 to Cory Molloy; and

   d. An interim payment of $6.43 million to McLeod Oil which shall be applied in accordance with the terms of its loan documents. Such interim payment is the amount Debtor asserts it owes McLeod Oil. McLeod Oil asserts it is owed at least $7.175 million and such amount continues to accrue.

   e. All proceeds from the sale not disbursed pursuant to this Order shall be placed in a new debtor-in-possession bank account that shall solely be used to hold the sale proceeds. No other funds may be deposited in the new debtor-in-possess account and no funds shall be withdrawn from the account without further order of the Court. All liens, including the McLeod Oil lien, claims, Interests, encumbrances and liabilities shall transfer and attach to the proceeds in the new debtor in possession account with the same validity, priority, force and effect (if any) that

6

such liens, claims, interests, encumbrances and liabilities had on the Real Property immediately prior to the closing date.

13. <u>Failure to Close</u>. In the event that the sale to A&S does not close pursuant to the sale contract, Debtors may take any action permitted by the sale contract and Texas law including but not limited to terminate the contract and retain all earnest money, enforce specific performance, or extend the closing date, except Debtors may not enter into any modification, amendment, or supplement that has a material adverse effect on the Debtors' estates in the business judgment of the Debtors.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. <u>Sale Motion is Granted</u>. The Sale motion and the relief requested therein is GRANTED and APPROVED, as set forth herein and on the record of the Sale Hearing, which is incorporated herein in its entirety, and the sale as contemplated thereby is granted and approved. All findings of fact and conclusions of law of this Court stated on the record as part of the Court's ruling at the Sale Hearing are incorporated herein by reference and made a part hereof. The Debtors are authorized and directed to sell the Real Property to A&S for $7,450,000.00

2. <u>Objections Overruled</u>. Any objections to the entry of this Order or the relief granted herein or requested in the Sale Motion that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the merits with prejudice.

3. <u>Free and Clear</u>. Except as expressly provided for in this Order, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, as of the Closing Date, the Debtor shall transfer, and A & S shall take title to and possession of, the Real Property free and clear of all Interests, with all such Interests, including the McLeod Oil lien claim, if any, attaching to the

proceeds of sale, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority, which such Interests now have against the Real Property. Liens in favor of the ad valorem taxing authorities for amounts attributable to the year in which the sale occurs shall remain against the Real Property.

4. <u>Valid Transfer</u>. As of the Closing Date, the transaction shall effect a legal, valid, enforceable and effective sale and transfer of the Real Property to A&S and shall vest A&S with valid legal title to such Real Property free and clear of any Interests of any kind whatsoever. The Real Property is transferred to A&S "as is, where is" with all faults.

5. <u>Direction to Release Interests</u>. On the Closing Date, each of the Debtors' creditors or Interest holders is authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release its Interests in the Real Property, if any, as such Interests may have been recorded or may otherwise exist.

6. <u>Good Faith</u>. The transactions contemplated are undertaken by A&S and its affiliates, agents and representatives, without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale with A&S, unless such authorization is duly stayed pending such appeal prior to the closing. A&S, which shall include its affiliates, agents and representative, is a good faith purchaser of the Real Property, and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code.

7. <u>Retention of Jurisdiction</u>. The Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this Order, including, but not limited to, retaining jurisdiction to: (a)

8

interpret, implement and enforce the provisions of this Order and any related order; and (b) protect A & S against any Interests in the Real Property of any kind or nature whatsoever that attached to the proceeds of the sale.

8. Surrender of Possession. Debtors shall surrender possession of the Real Property to A&S on the Closing Date.

9. Application of Sale Proceeds.

   a. Ad valorem tax lien pertaining to the Real Property shall attach to the sales proceeds and the Debtors (or the closing agent acting on behalf of the Debtors) shall pay all ad valorem tax debt owed incident to the Real Property immediately upon closing and prior to any disbursement of proceeds to any other person or entity.

   b. The Sales Proceeds shall then be applied to any costs of sale including but not limited to title fees, recording fees and any other fees customarily associated with the sale of real property in Texas;

   c. The Sales Proceeds shall then be applied to the $25,000 realtor commission of Griffin Kott and $25,000 ranch consulting fee of Cory Molloy;

   d. Next, an interim payment of $6.43 million shall be paid to McLeod Oil which shall be applied in accordance with the terms of its loan documents. Such interim payment is the amount Debtor asserts it owes McLeod Oil. McLeod Oil asserts it is owed at least $7.175 million and such amount continues to accrue..

   e. All proceeds from the sale not disbursed pursuant to this Order shall be placed in a new debtor-in-possession bank account that shall solely be used to hold the sale proceeds. No other funds may be deposited in the new debtor-in-possess account

and no funds shall be withdrawn from the account without further order of the Court. All liens, including the McLeod Oil lien, claims, Interests, encumbrances and liabilities shall transfer and attach to the proceeds in the new debtor in possession account with the same validity, priority, force and effect (if any) that such liens, claims, interests, encumbrances and liabilities had on the Real Property immediately prior to the closing date.

    f.   McLeod Oil reserves all of its rights to the sale proceeds in this new debtor in possession account.

    g.   The Debtors (or the closing agent acting on behalf of the Debtors) is authorized and directed to immediately disburse such proceeds as stated herein.

10. <u>Current Year Ad Valorem Tax</u>. Notwithstanding any provision herein to the contrary, the ad valorem taxes for year 2021 pertaining to the Real Property shall be prorated in accordance with the Earnest Money Contract and shall become the responsibility of A&S and the 2021 ad valorem tax lien shall be retained against the Real Property until such taxes are paid in full.

11. Notwithstanding anything in this Order or the Sales Contract, the 2021 tax liens of Uvalde County Tax Office and all entities for whom they collect, shall remain attached to the Property until paid in full, with any statutory interest or penalties if incurred, by the Buyer.

12. <u>Non-Material Modifications</u>. The Earnest Money Contract and any related agreements, documents or other instruments, may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or

supplement does not have a material adverse effect on the Debtors or the Debtors' estates in the business judgment of the Debtors.

13. Following closing, the Debtors shall file with the Court and provide to the United States Trustee the statements of sale proceeds required by Federal Rule of Bankruptcy Procedure 6004(f) and shall include in the disbursements for the pertinent Monthly Operating Report the liens and expenses paid from closing.

14. At closing, the Debtors are authorized and shall pay 0.8% of the disbursements from the sale to the United States Trustee for quarterly fees due under 28 U.S.C. § 1930(a)(6) for the third quarter of 2021, or if the sale closes after September 30, 2021, for the quarter in which the sale closes. The payment shall be sent to the Office of the U.S. Trustee, Attn: Brian Henault, 615 E. Houston, Room 533, San Antonio, TX 78295.

15. <u>Subsequent Plan Provisions</u>. Nothing contained in any subsequent order of this Court or any court of competent jurisdiction in this bankruptcy case or any successor case (including, without limitation, any order authorizing the sale of Real Property pursuant to sections 363, 365 or any other provision of the Bankruptcy Code or any order entered after the conversion of the bankruptcy case to a case under chapter 7 of the Bankruptcy Code), or in any chapter 11 plan confirmed in the bankruptcy case or any other confirming any such plan, shall alter, conflict with, or derogate from, the provisions of this Order, which provisions shall survive and remain in full force and effect. The Debtors are further authorized and directed to perform such tasks and execute, acknowledge and deliver such instruments or documents as may be necessary to evidence and/or consummate the sale of the Real Property pursuant to this Order.

16. <u>No Stay of Order</u>. **Notwithstanding the provisions of the Bankruptcy Rule 6004 or any applicable provisions of the Local Rules, this Order shall not be stayed for fourteen (14) days after the entry hereof, but shall be effective and enforceable immediately**

11

**upon entry. Time is of the essence in closing the transaction referenced herein, and the Debtors and Purchaser intend to close the Sale as soon as practicable. Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.**

17. <u>Order Controls</u>. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Sale Motion in this bankruptcy case, the terms of this Order shall govern.

18. The Court herein incorporates all rulings made on the record as part of this Order.

### 

Respectfully submitted,

SMEBERG LAW FIRM, PLLC
    By: /s/ *Ronald J. Smeberg*                .
    RONALD J. SMEBERG
    State Bar No. 24033967
    SMEBERG LAW FIRM, PLLC
    4 Imperial Oaks
    San Antonio, TX 78248
    210-695-6684 (Tel)
    210-598-7357 (Fax)
    ron@smeberg.com
    ATTORNEY FOR DEBTORS