**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CHAPTER 11** |
| | § | |
| **KRISJENN RANCH, LLC, et al** | § | **CASE NO. 20-50805-rbk** |
| | § | |
| **DEBTOR** | § | **(Jointly Administered)** |

**WILLIAM D. KUHLMANN, JR'S AND ALBERT, NEELY & KUHLMANN, L.L.P.'S
MOTION TO QUASH SUBPOENAS AND
MOTION FOR ENTRY OF PROTECTIVE ORDER**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

**NOW COME** William D. Kuhlmann, Jr. ("Mr. Kuhlmann") and Albert, Neely & Kuhlmann, L.L.P. ("ANK" and collectively with Mr. Kuhlmann, "Movants") and file this Motion to Quash Subpoenas and Motion for Entry of Protective Order (the "Motion"), and in support thereof would respectfully show the Court the following:

**I.
INTRODUCTION**

Mr. Kuhlmann and his firm, ANK, are counsel, but not counsel of record, for creditor McLeod Oil, LLC ("McLeod"), which is represented in the above-referenced bankruptcy by Laura Worsham. The debtors in this case (collectively, "Debtor") and their counsel are inappropriately using litigation tactics and gamesmanship to target Movants as a ploy to pressure McLeod into foregoing attorney's fees and interest, which will be the subject of a hearing scheduled for January 12, 2022. Movants therefore seek relief from the Court as set forth below.

## II.
## BACKGROUND

McLeod is a secured creditor of the Debtor. The sole "Issues" (herein so called) between McLeod and Debtor ultimately to be resolved by the Court are (1) the reasonableness and necessity of McLeod's attorney's fees; and (2) the amount of default interest to which McLeod is entitled pursuant to the loan documents that form the basis of McLeod's secured claim. Debtor and its attorneys, however, are seeking privileged documents, communications and testimony that have no bearing on the Issues or Debtor's bankruptcy.

Counsel for Debtor, John Muller, emailed Mr. Kuhlmann two (2) Subpoenas (collectively, the "Subpoenas") seeking the production of certain documents; one Subpoena was issued to Mr. Kuhlmann and the other was issued to ANK. The Subpoenas are attached to this Motion as **Exhibit "A."** The Subpoenas, however, are invalid because they were not properly served in accordance with the Federal Rules of Civil Procedure ("FRCP") and were not accompanied by the appropriate fees. The Subpoenas also require disclosure of privileged communications between McLeod and its lawyers and have imposed undue burdens and expense on Mr. Kuhlmann and ANK.

In a letter dated December 1, 2021, attached to the same email referenced above, Mr. Muller further requested that Mr. Kuhlmann appear for his deposition, which he agreed could be held on January 5, 2022 (the "Proposed Deposition"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. Mr. Muller's December 1, 2021 letter is attached hereto as **Exhibit "B."** But, Debtor has not served a subpoena for the Proposed Deposition and Debtor insists that the Proposed Deposition contain no limitations or restrictions.

Despite the enforceability issues with the Subpoenas, and in the spirit of cooperation, Movants have agreed to produce non-privileged documents responsive to the requests set forth in the Subpoenas. Movants' Joint Response to the Subpoenas is attached hereto as **Exhibit "C."** Movants have also been willing to provide a privilege log for the privileged communications withheld from the production, but Movants were unable to reach an agreement with Debtor regarding the due date of that privilege log. Mr. Kuhlmann also is agreeable to appearing for the Proposed Deposition provided that it is appropriately limited in time, place, and scope of topics.

On December 16, 2021, Movants and their retained counsel, Lynne Frank, discussed at length the issues surrounding the privilege log and the Proposed Deposition, including the deadline to produce a privilege log and limitations on the Proposed Deposition. Debtor's counsel, however, would only agree to extend the deadline to produce a privilege log until December 23, 2021, if Movants agreed to several conditions, one of which included an agreement "not to attempt to restrict [Debtor's] right to conduct the deposition under the Rules." The email setting forth the proposed "conditions" is attached hereto as **Exhibit "D."** Mr. Muller further claimed in a conference call on December 16, 2021, that he intended to "adjudicate" the privilege log and seek to compel the production of those attorney-client privileged documents. When asked the basis for entitlement to privileged documents, Mr. Muller skirted the question and simply maintained that he was entitled to them.

Movants believe that Debtor and its lawyer are engaging in unnecessary gamesmanship and litigation tactics. Defendants have threatened litigation, and as further evidence of such tactics, Movants have attached hereto as **Exhibit "E"** a litigation hold letter that Mr. Muller mailed to Mr. Kuhlmann on December 10, 2021.

## II.
## REQUESTED RELIEF

**A.     The Subpoenas**

Movants ask that the Court quash the Subpoenas, or in the alternative, modify the Subpoenas and enter a protective order. An order quashing the Subpoenas is necessary under FRCP 45 (d) (3) because the Subpoenas (a) were not properly served with a witness fee; (b) require disclosure of privileged or other protected matter, and no exception or waiver applies; (c) seek documents beyond the scope of the Issues; (d) subject Movants to undue burden and expense; and (e) require a Movants to comply beyond the geographical limits specified in Rule 45(c).

The Subpoenas should be quashed altogether because Debtor failed to properly serve them on the Movants, Movants have not accepted service and Debtors failed to tender any requisite witness fees. Debtor and its lawyers fail to acknowledge the issue regarding the unenforceability of the Subpoenas, and instead insist that Movants comply with the Subpoenas. (See Exhibit "D").

The Subpoenas should further be quashed because they target privileged documents, seek documents unrelated to the Issues, and subject Movants to undue burden and expense. Not only has Mr. Muller said that he is targeting attorney-client privileged communications, the requests of the Subpoena themselves seek documents subject to the attorney-client and work-product privileges. (See Exhibit "A"). Moreover, non-privileged documents otherwise covered by Subpoenas have already been produced by McLeod and other third parties, and all of the documents sought are obtainable from those sources and other sources. The documents produced likewise speak for themselves. The majority of the documents sought

have nothing to do with the Issues, and Mr. Kuhlmann spent significant amounts of time culling through and reproducing those documents. The preparation of a privilege log will likewise take several hours to complete as there are hundreds of confidential email communications being withheld under a claim of privilege.

Additionally, the Subpoenas should be quashed because they require production of documents, or electronically stored information, at Mr. Muller's office in San Antonio, which is over 100 miles outside of where Movants reside and have their office, respectively (Fort Worth), in violation of FRCP 45(c)(2) and 45(d)(3)(A)(ii).

Alternatively, if the Court does not quash the Subpoenas, Movants ask that the Court modify the Subpoenas and enter a protective order that prevents Movants from having to disclose privileged attorney-client communications and work-product privilege documents. To the extent the Subpoenas are not quashed, Movants further seek a ten (10) day extension from the date of the Court's order to prepare a privilege log. **By producing the documents pursuant to the Response attached as Exhibit "C," Movants do not intend to waive the right to challenge the validity of the Subpoenas nor do they intend to waive any claims of privilege with respect to withheld documents.**

B.  **The Proposed Deposition**

Movants ask the Court to enter a protective order with respect to the Proposed Deposition. Debtor demands to take the Proposed Deposition without restriction or limitation. (See Exhibit "D"). Again, in the spirit of cooperation (and health permitting), Mr. Kuhlmann will agree to make himself available for his deposition via Zoom or other remote means subject to limitations of time and scope. The Proposed Deposition should be limited as requested herein because (1) Debtor's demand to take Mr. Kuhlmann's deposition plainly

seeks to invade the attorney-client and work-product privileges; and (2) the issue of the reasonableness and necessity of attorney's fees is the only issue pending before the Court that would be appropriate for Mr. Kuhlmann to testify.

Depositions of attorney's are scrutinized by both federal and state courts. "Generally, federal courts have disfavored the practice of taking the deposition of a party's attorney; instead, the practice should be employed only in limited circumstances." *Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999); *Flynn v. State Farm Fire & Cas. Ins. Co. (Tex.)*, EP08CV305PRMRPM, 2009 WL 10669395, at *2 (W.D. Tex. – El Paso May 12, 2009) (mem. op.) (quashing plaintiffs' notice of deposition to defense counsel and entering protective order because plaintiffs failed to establish that no other means existed to obtain the information than to depose opposing counsel); *In re Baptist Hosps. of Se. Tex.*, 172 S.W.3d 136, 145 (Tex. App.—Beaumont 2005, orig. proceeding) ("compelling a deposition of the opposing party's attorney of record concerning the subject matter of the litigation is inappropriate under most circumstances," and a trial court should only allow such a deposition as "a last resort."). A deposition of Mr. Kuhlmann should therefore be closely scrutinized and protected.

Debtor refuses to limit Mr. Kuhlmann's deposition and refuses to articulate the topics on which it seeks to depose Mr. Kuhlmann. (See Exhibit "D"). Mr. Kuhlmann is McLeod's attorney, and the only legitimate topic he could be questioned about is the reasonableness and necessity of McLeod's claim for attorney's fees. Any questions outside of that scope would be irrelevant and subject Mr. Kuhlmann to the risk of inadvertently waiving the attorney-client privilege.

Any information the Debtor seeks from Mr. Kuhlmann is likewise obtainable from another source. Debtor already deposed a representative of McLeod, and McLeod produced documents in response to Debtor's subpoena request. Debtor has likewise obtained documents from other third parties and will be receiving additional documents from Mr. Kuhlmann. Therefore, because other means exist for Debtor to obtain the information it seeks to obtain from Mr. Kuhlmann, the Court should enter a protective order.

Debtor's motivation for taking Mr. Kuhlmann's deposition has nothing to do with the Issues or this bankruptcy, as evidenced in part by the litigation hold letter attached hereto as Exhibit "E." Movants therefore request that the Court enter a protective order that contains the following conditions and limitations with respect to the Proposed Deposition:

1. The Proposed Deposition may only take place via Zoom on a mutually agreeable date and at a mutually agreeable time;
2. The Proposed Deposition cannot exceed to two (2) hours total in length; and
3. The scope of topics is limited exclusively to the reasonableness and necessity of McLeod's attorney's fees.

### C. Request for Sanctions

Debtor and its lawyer, Mr. Muller, have failed to take reasonable steps to avoid imposing undue burden or expense Movants as required by FRCP 45. Movants have been forced to retain counsel to protect them in connection with the Subpoenas and Proposed Deposition. Movants have tried to cooperate with Debtor, but Debtor's unreasonable demands and unwillingness to compromise have made a resolution of this matter impossible. Pursuant to FRCP 45 (d) (1), Movants therefore ask the Court to impose sanctions against

Debtor and Mr. Muller for Movant's reasonable attorney's fees incurred in connection with the Subpoena, the Proposed Deposition, and this Motion.

## VI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Movants pray that the Court set this Motion for hearing, grant this Motion, and for all such other and further relief to which Movants may show themselves justly entitled.

Respectfully submitted,

*/s/ William D. Kuhlmann, Jr.*
WILLIAM D. KUHLMANN, JR
State Bar No. 11756450
Email: wdkuhlmann@anklaw.com
ALBERT NEELY & KUHLMANN, L.L.P.
1600 Oil & Gas Building
309 West Seventh Street
Fort Worth, Texas 76102
Telephone: (817) 877-0055
Fax: (817) 870-2849


*/s/ Lynne B. Frank*
Lynne B. Frank
lfrank@bjplaw.com
State Bar No. 24087215
BRUNER & BRUNER, P.C.
3700 West 7th Street
Fort Worth, Texas 76107-2536
Telephone: (817) 332-6633
Facsimile: (817) 332-6619
***Motion for Admission Pro Hac Vice Pending***

.

## CERTIFICATE OF CONFERENCE

The undersigned certifies that he and his lawyer conferred via phone conference and email on December 16, 2021, with counsel for Debtor, and that an agreement could not be reached regarding the subject matter of this Motion.

*/s/ William D. Kuhlmann, Jr.*
William D. Kuhlmann, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2021, a true and correct copy of the foregoing document was served upon all parties listed below electronically via the Court's ECF System.

C John Muller IV (john.muller@cjma.law)
CJ MULLER & ASSOCIATES, PLLC
111 W. Sunset Road
San Antonio, Texas 78209
*Attorney for Debtor*

Ronald J. Smeberg (ron@smeberg.com)
SMEBERG LAW FIRM, PLLC
4 Imperial Oaks
San Antonio, Texas 78248
*Attorney for Debtor*

Laura L. Worsham (lworsham@jonesallen.com)
Jones, Allen & Fuquay, LLP
8828 Greenville Avenue
Dallas, TX 75243
*Attorney for Creditor McLeod Oil, LLC*

*/s/ William D. Kuhlmann, Jr.*
William D. Kuhlmann, Jr.