IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| KRISJENN RANCH, LLC, et. al. | § | CASE NO. 20-50805-rbk |
| | § | |
| | § | |
| DEBTOR | § | (Jointly Administered) |

**KRISJENN RANCH, LLC, KRISJENN RANCH, LLC-SERIES UVALDE RANCH, AND KRISJENN RANCH, LLC-SERIES PIPELINE ROW, AS SUCCESSORS-IN-INTEREST TO BLACK DUCK PROPERTIES, LLC'S RESPONSE TO WILLIAM D. KUHLMANN, JR AND ALBERT, NEELY, & KUHLMANN, LLP'S MOTION TO QUASH SUBPOENAS AND MOTION FOR ENTRY OF PROTECTIVE ORDER AND DEBTORS' MOTION TO COMPEL AND MOTION FOR CONTINUANCE**

TO THE HONORABLE JUDGE RONALD B. KING:

COME NOW Debtors, Plaintiffs, and Counter-Defendants KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, and KrisJenn Ranch, LLC-Series Pipeline Row, as successors-in-interest to Black Duck Properties, LLC, (collectively the "Debtors" or "KrisJenn") and file this Response to William D. Kuhlmann, Jr. and Albert, Neely, & Kuhlmann, LLP's (collectively "Kuhlmann") Motion to Quash Subpoenas and Motion for Entry of a Protective Order; Debtors' Motion to Compel and Motion for Continuance and would respectfully show as follows:

**ADMISSIONS AND DENIALS**

1. Paragraph 1 is denied.

2. Debtors admit that there is a controversy about the extent, if any, of attorney's fees that should be allowed in connection with McLeod Oil, LLC's proof of claim and the operative interest rate but otherwise deny the allegations made in Paragraph 2.

3. Debtors admit Kuhlmann conferred with its counsel about acceptance and compliance with a request for production under Rule 2004 of the Federal Rules of Bankruptcy Procedure but otherwise deny the allegations made in Paragraph 3.

4. Debtors admit Kuhlmann conferred with its counsel about appearance for an oral deposition under Rule 2004 of the Federal Rules of Bankruptcy Procedure but otherwise deny the allegations made in Paragraph 4.

5. Paragraph 5 is admitted.

6. Debtors deny "Mr. Muller skirted the question" but otherwise admit the allegations made in Paragraph 6.

7. Paragraph 7 is denied.

8. Paragraph 8 states a request for relief and conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

9. Paragraph 9 states a request for relief and conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

10. Paragraph 10 states a request for relief and conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

11. Paragraph 11 states a request for relief and conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

12. Paragraph 12 states a request for relief and conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

13. Paragraph 13 states a request for relief and conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

14. Paragraph 14 states a request for relief and conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

15. Paragraph 15 states a request for relief and conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

16. Paragraph 16 states a request for relief and conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

17. Paragraph 17 states a request for relief and conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

18. Paragraph 18 states a request for relief and conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this paragraph are denied.

## SUMMARY

19. McLeod Oil, LLC ("McLeod") is currently seeking reimbursement from Krisjenn Ranch, LLC ("KrisJenn") for approximately $230,000.00 in attorney's fees and costs. McLeod claims these fees are allowed because its term note with KrisJenn allows for recovery of fees and costs associated with "protecting its collateral." However, ten months after executing the term note, McLeod Oil secured an Option Agreement with KrisJenn that allowed it to purchase the ROW for approximately $6 million. The deadline to exercise the Option was originally February 8, 2021, but it was extended by agreement to November 8, 2021. The value of the ROW largely depends on the existence of DMA and Longbranch's net profits interest claims against the ROW. Further, DMA and Longbranch threatened to sue McLeod, and eventually did sue McLoed, under various theories of tortious conduct relating to the ROW.

20. As a result, the McLeods engaged in extensive legal efforts to get DMA and Longbranch to release their "net profits interest" and other legal claims against the ROW on or before the expiration of the option period. McLeod now claims that such efforts—primarily performed by attorney Bill Kuhlmann during the option period—were necessary to "protect its collateral" under the provisions of the term note. KrisJenn contends that the work performed by Kuhlmann was done to: (1) avoid litigation with DMA and Longbranch; and (2) enhance the value of the ROW so McLeod could exercise its option.

21. The option agreement does not allow for recovery of attorney's fees for such efforts and, moreover, Kuhlmann's work was not necessary to "protect the collateral" because, at the time the term note was made, McLeod took its prospective interest in the ROW subject to DMA and Longbranch's claimed net profits interests. As such, removal of those claims only served to enhance the value of the ROW—not protect it from diminution of value. KrisJenn seeks to

*Debtor's Response to Motion for Protection*      4

discover all of Kuhlmann's correspondence with McLeod so that it can show the Court that Kuhlmann engaged in secret communications and negotiations with counsel for DMA and Longbranch; falsely claimed that Kuhlmann's work in negotiating a "Confidential Settlement Agreement" was for the benefit of KrisJenn; and that McLeod is now attempting to make KrisJenn pay for its diligence and development fees relating to the option agreement under the false pretense that such efforts were necessary to "protect their collateral."

22. KrisJenn has issued 2004 Examination Notices to McLeod and its counsel to collect evidence that will reveal the truth regarding the scope and nature of Kuhlmann's legal services. These discovery efforts have been met with every conceivable form of resistance. McLeod is attempting to "run out the clock" before the Court hears arguments relating to the its claimed legal fees.

## BACKGROUND

23. On October 12, 2021, KrisJenn moved for a determination of the McLeod's claimed fees and interest.

24. On November 10, 2021, the Court set this matter to be heard on January 12, 2022.

25. On or about November 5, 2021, KrisJenn served Requests for Production under Rule 2004 (the "Request") to Adam McLeod, John McLeod, and McLeod Oil, LLC (collectively the "Responding Parties"). Each of the Requests were substantively identical and requested basic information, including:

   a. Fee Agreements with Jones, Allen, & Fuquay, LLP;
   b. Original copies of fee bills received for Jones Allen & Fuquay, LLP's services;
   c. Fee Agreements with Albert, Neely, & Kuhlmann, LLP;
   d. Original copies of fee bills received for Albert, Neely, & Kuhlmann, LLP's services;
   e. Documents relating to negotiations or execution of compromise settlement agreements referenced in the previously produced and redacted fee bills;

  f. Documents relating to the loan modifications between McLeod Oil, LLC and Debtors;
  g. Documents and communications between the responding party and any representative of Johns & Hebert, PLLC;
  h. Documents and communications between the responding party and any representative of Cleveland | Krist, PLLC;
  i. Documents and communications between the responding party and any representative of Duke, Bannister, Miller, & Miller, PLLC;
  j. Documents and communications between the responding party and Frank Daniel Moore, DMA Properties, Inc., Longbranch Energy, LP, and/or Darin Borders;
  k. Communications with any purchaser, investor, and/or other person relating to the responding party's efforts to sell or fund any project regarding the right of way that has been the subject of the Adversary Proceeding;
  l. Documents showing principal, interest, late fees, or other amounts claimed;
  m. Documents showing drafts, notes, spreadsheets, or work papers calculating amounts claims;
  n. Documents showing the respondent provided notice of default on McLeod's loan to Debtors;
  o. Documents showing McLeod provided notice that default interest, late fees, or other charges were owed; and
  p. All documents the responding party intends to use as evidence in support of the Claim.

26. After sending the Request, Debtors conferred with the Responding Parties' counsel to find a mutually agreeable date to take the oral deposition of each. In response, the Responding Parties sought agreement to extend the deadline to produce responsive documents until "three days before the depositions." Exhibit 1. Believing McLeod was working diligently to comply with the Request, Debtors agreed to the proposed arrangement and set the depositions to occur on December 7, 2021. *Id.*

27. On November 19, 2021, Debtors' counsel became concerned that McLeod was not going to produce its correspondence with Kuhlmann under the pretense such documents were not within McLeod's possession, custody, or control. Counsel for KrisJenn sent correspondence to confirm this position, stating:

> I gleaned from our conversation that the McLeod's do not intend on producing many documents or communications relating to the compromise settlement agreement between the McLeod's, the attorneys, and Longbranch Energy, LP, its

*Debtor's Response to Motion for Protection*                    6

principal Darrin Borders, or its attorneys. Please be advised that under Rule 34[1] of the Federal Rules of Civil Procedure a responding party is under an obligation to produce responsive documents within the party's possession, custody, or control This would undoubtedly include documents related to people who negotiated on the McLeod's behalf. Bill Kuhlmann's fee bills show that he was primarily engaged in these negotiations. Consequently, his communications with Borders and Moore, or their agents, would be covered by these requests. Please confirm whether these documents are being collected in response to our subpoena. If not, we will take further action to ensure they are.

Exhibit 2. In response, McLeod's attorney stated:

As to your letter dated November 19, 2021, what you have gleaned regarding the McLeods' intent with regard to production of responsive documents is likewise incorrect. I am aware of the provisions of Rule 34 and my obligations thereunder. Although I believe certain of your requests are irrelevant to the pending Motions, we are in the process of collecting the responsive documents.

Exhibit 3. Immediately upon receiving this nebulous response, KrisJenn's counsel issued a 2004 Examination Notice to Kuhlmann and his law firm seeking documents and information that was identical to the original Request to McLeod (the "Second Request"). Debtors' counsel subsequently informed Worsham that it would withdraw the Second Request if McLeod actually produced its emails with Kuhlmann in compliance with Rule 34.

28. On December 4, 2021, the Responding Parties produced documents without objecting to the Request. The Responding Parties did not include any withholding statement and did not produce a privilege log. KrisJenn's counsel worked through the weekend and processed all information received in less than three days.

Adam McLeod's Deposition:

29. On December 7, 2021, Adam McLeod presented himself for deposition. The following things were discovered during the deposition:

---

[1] Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rule 7034 of the Federal Rules of Bankruptcy Procedure, states a responding party is under an obligation to produce responsive documents within the party's possession, custody, and control.

*Debtor's Response to Motion for Protection* 7

    a.    Adam McLeod admitted that he did not search for or produce any text messages or emails by and between himself and his father (the co-owners of McLeod) prior to attending the deposition; Exhibit 4, pp. 22:16-28:22.

    b.    All attachments to email produced by McLeod were not produced in an electronic format, as requested. Instead, they were printed and decoupled from the original email and produced in a separate file so that KrisJenn could not determine which attachment belonged to each produced email; *Id*. at 59:8-61:8.

    c.    McLeod did not produce a single email or text message showing its direct correspondence with Kuhlmann. McLeod only produced email and text messages that included a third party. KrisJenn already had the grand majority of these documents; *Id*. 30:21- 34:2. *and*

    d.    Adam McLeod regularly refused to answer questions "without seeing 'the document." *See e.g.* Exhibit 4, p. 25:10-28:13.

30.    Moreover, Adam McLeod was not prepared for counsel's inquiries about McLeod's failure to produce documents. As a result, McLeod's counsel interfered in the deposition and began to provide protracted answers on behalf of Adam. Exhibit 4 pp. 22:16-28:22. Among other things, she stated that McLeod, "did not produce [emails relating to loan calculations] because we did not deem them to be - - fit for your request." Exhibit 4 p. 24:4-5. Further she said, "I did not think they were responsive to your subpoena, not trying to hold anything back. Because they were calculations for amounts we were willing to settle for, not calculating the amounts we claimed are owed." Exhibit 4 p. 33:8-15. "So if you would like to have those before you take John McLeod's deposition, I can visit with him, look at those, and forward them to you." *Id*.

31.    Further, once it became clear that documents had been withheld, McLeod's counsel claimed many documents had been withheld from the Request on the basis of attorney-client privilege, even though McLeod had not made any objections, provided any withholding statements, or produced any privilege logs. *Id*. at 108:14-111-13. To justify these secret and improper withholdings, McLeod's counsel claimed it was discounting its fees by $31,000.00 to account for the withheld documents. *Id*. at 109:2-3.

*Debtor's Response to Motion for Protection*                                             8

32. Thereafter, Debtors suspended Adam McLeod's deposition and postponed the depositions of John McLeod and McLeod Oil, LLC until McLeod supplemented its responses to the Request. Exhibit 4 pp. 182:17-183:6. McLeods attorney did not object to the suspension and postponement and subsequently produced electronic copies of non-privileged emails and Adam McLeod's text messages with his father. However, McLeod continues to refuse production of (1) non-privileged email between Adam and John McLeod and (2) any email correspondence between McLeod and its attorneys that do not include a third party. McLeod should not withhold these documents because it chose to disclaim privilege.

33. Currently, KrisJenn has no way of determining which documents are being withheld because it chose not to produce a privilege log. Nevertheless, such documents are certain to exist because: (1) they are referenced in Kuhlmann's fee bills; and (2) it is axiomatic that an attorney would confer with his client and share drafts of proposed legal documents. In sum, McLeod knows that claiming privilege will diminish its chances of recovery in this dispute and has chose to conceal such documents, without claiming privilege, so that KrisJenn cannot collect evidence that will undeniably reveal the true nature of Kuhlmann legal services.

Kuhlmann's response to 2004 examination:

34. On December 1, 2021, KrisJenn served its Subpoena for Rule 2004 Examination to Kuhlmann and his law firm. The noticed date for document production was December 15, 2021.

35. On December 13, 2021, Kuhlmann requested an extension to respond on December 17, 2021. Exhibit 5.

36. On December 14, 2021, KrisJenn's counsel responded and said "Agreed. Thanks." *Id*.

37. On December 16, 2021, at 11:40 a.m. counsel for Kuhlmann contacted KrisJenn for the first time and requested an extension to produce a privilege log. Exhibit 6. KrisJenn's counsel stated that all privileges had been waived by McLeod but, nevertheless, offered to provide a one-week extension. This extension was conditioned upon, the following:

1. Mr. Kuhlmann and his law firm will produce a withholding statement and privilege log for each and every document claimed to be subject to privilege on or before December 23, 2021.
2. An attorney for Mr. Kuhlman and his law firm will be available for a hearing on all claims of privilege on December 30, 2021 or, if the Court indicates this date is not available, the Court's first available date thereafter.
3. Mr. Kuhlmann and his law firm will continue to be available on January 5, 2022 for deposition and will not attempt to restrict our right to conduct the deposition under the Rules.
4. McLeod Oil, John McLeod, and Adam McLeod will finalize their supplementation of documents. Such supplementation would necessarily include, but not be limited to, the production of all communications between any of McLeod's representatives (including John McLeod, Adam McLeod, Bill Kuhlmann, or anyone else) and Jeff Duke and any other representative of Duke, Banister, Miller & Miller. We have noticed that no documents or communications between these parties have been produced even though they are repeatedly referenced in the fee bills, and they are clearly not subject to claims of privilege.
5. McLeod Oil, John McLeod, and Adam McLeod will be made available to continue their depositions within seven days of the Court's ruling.
6. An attorney for Mr. Borders (Tim, Chris, Christie, or Austin) will make themselves available for a hearing on their objections to Debtor's recent 2004 Examination Notice on December 30, 2021.
7. All parties will agree to not oppose an extension to the hearing scheduled on January 12, 2022, if the Debtors should request such an extension.
8. All parties will agree to not oppose an extension to the deadline to file a plan scheduled on January 19, 2022, if the Debtors should request such an extension.

Exhibit 7. These conditions were more than reasonable given that a hearing on McLeod's $700,000.00 claim was scheduled in 27 days, including the Christmas and New Year holidays.

38. The Parties were unable to come to an agreement and, despite acceptance of the 2004 notice and acquiescence to a date certain for deposition, Kuhlmann now moves this Court to quash the subpoenas and for protection.

## ARGUMENT

39. The parties currently disagree on several issues, including: (1) whether interest from the time of filing is calculated at the Contract Rate of 4.5% or the Default Interest Rate of 10.5%; (2) whether KrisJenn is liable for Late Charge equal to 5% of the total principal amount; (3) whether attorney's fees are owed under the term note; and (4) if so, the calculation of expenses for such attorney's fees and costs.

40. Kuhlmann's fees and negotiations are at the center of the dispute regarding the applicability of McLeod's request for attorney's fees in this case. The obligation to pay attorney's fees is contingent upon the certain contractual provisions, including the existence of a default and whether the work being done was for to protect the collateral. As such, KrisJenn should be allowed unfettered access to determine the validity of the debt for which repayment is sought in this case. The attorney-client privilege has been waived.

41. The attorney-client privilege does not belong to Kuhlmann or his law firm—it belongs to McLeod. *See In re Hunt*, 153 B.R. 445, 453 (Bankr. N.D. Tex. 1992) ("the attorney-client privilege belongs solely to the client."). The Second Request is substantively identical to the Request and McLeod has never objected, claimed privilege, or tendered a withholding statement or privilege log. In fact, Adam McLeod's counsel expressly disclaimed such privilege on the record. *See* Exhibit 4 p. 111:11-13 ("We will withdraw the privilege claim for him to answer the question if there are any such conversations or documents."). Kuhlmann cannot seek to claim privilege for the same documents requests that McLeod does not.

42. Moreover, "in order to claim a privilege, the claim must be made expressly, and must be supported by a description of the nature of the documents or things not produced that is sufficient to enable the demanding party to contest the claim." *In re Porter*, 07-50455, 2007 WL

1412991 at *1 (Bankr. W.D. Tex. 2007). Debtors served notice of their subpoenas under Rule 2004 to the McLoeds, who did not object or seek a protective order prior to the expiration of the response period. Moreover, the McLeods have failed to join Kuhlmann in filing his motion for protection. An assertion of privilege, at his point, has been waived.

Quashing is procedurally improper and untimely.

43. When moving to quash a subpoena or request for examination under Rule 2004, the Fifth Circuit has articulated:

> The moving party has the burden of proof to demonstrate that compliance with the subpoena would be 'unreasonable and oppressive.' Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation. To determine whether the subpoena presents an undue burden, we consider the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad.

*Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (internal citations and quotation marks omitted).

44. Here, KrisJenn does not impose an undue burden because it: (1) seeks information only relating to the fees they seek to recover from KrisJenn; (2) has no other means of verifying the veracity of the redacted fee bills; (3) has narrowly tailored the request to apply to documents related to the fees sought in the Claim; (4) seeks only documents from the point of the alleged default to present day; (5) requests with particularity, and in sufficient detail, the documents as set forth above; and (6) does not impose a burden because most of what is being requested can easily be accessed using Outlook.

45. Moreover, it is the burden of the party sought to be examined to obtain a protective order prior to the date of required production. *In re Merrill*, 09-54616, 2010 WL 985231, *1

(Bankr. W.D. Tex. 2010). Here, Kuhlmann failed to file a motion to quash until the expiration of the deadline to produce responsive documents. Instead, he only requested an extension of time to produce a privilege log. There can be no rational explanation for this request; the time Kuhlmann's counsel spent drafting this motion easily exceeds the time it would have taken to produce a privilege log.

<u>Kuhlmann accepted service of the notices and the witness fee is inapplicable with respect to production of documents.</u>

46. Kuhlmann accepted service of the notices and requested an initial extension of two days. KrisJenn's counsel agreed to such extension and, thereafter Kuhlmann's counsel appeared and requested an additional extension of time to produce a privilege log. As such, any complaint about effective service has been waived.

47. Rule 45 of the Federal Rules of Civil Procedure requires tendering fees for 1 day's attendance and mileage "if the subpoena requires that person's attendance." Kuhlmann's position that the request for production of documents be quashed on the basis Debtors failed to provide an attendance fee is without merit. With respect to his deposition, Debtors will tender the statutory $40 fee but will not pay mileage because Kuhlmann is appearing by Zoom.

<u>The geographic limits of Rule 45(c) do not apply to this request.</u>

48. A witness may be compelled to attend trial or comply with a subpoena in the state of their residence so long as the witness does not incur substantial expense. *See In re Adkins Supply, Inc.*, 14-CV-095, 2015 WL 1498856, *7 (Bankr. N.D. Tex. 2016). Debtors' counsel has requested Kuhlmann produce documents by mail or email, which does not require Kuhlmann to travel and minimizes the expense associated with producing responsive documents. Further, Kuhlmann's deposition is scheduled to be conducted by Zoom. Moreover, after accepting service, Kuhlmann has failed to show that participating in a Zoom deposition would cause him to incur

substantial expense. In fact, McLeod claims KrisJenn is responsible for paying all fees associated with Kuhlmann's document production.

The deposition need not be limited in time and scope.

49. The rules provide that a subpoenaed party "may be compelled to testify regarding matters the subject of the [controversy] regardless of how he may know of those matters." *In re Porter*, 07-50455, 2007 WL 141299, at *1 (Bankr. W.D. Tex. 2007). "Because the need to develop all relevant facts in the adversary system is both fundamental and comprehensive, and the very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts, within the framework of the rules of evidence, federal courts are hesitant to exclude relevant evidence based on privilege." *In re Adkins Supply, Inc.*, 555 B.R. 579, 587 (Bankr. N.D. Tex. 2016). The attorney-client privilege applies only to confidential communications and does not apply to disclosure of the underlying facts by those who communicated with the attorney. *Id*. at 588. Kuhlmann cites to *In re Baptist Hosps. Of Se. Tex.* for the proposition that "'compelling a deposition of the opposing party's attorney of record concerning the subject matter of the litigation is inappropriate under most circumstances,' and a trial court should only allow such a deposition as a 'last resort.'" 172 S.W.3d 136, 145 (Tex. App.—Beaumont 2005, orig. proceeding). However, by his own admission, "Mr. Kuhlmann and his firm, ANK are counsel, but not counsel of record, for creditor McLeod Oil, LLC". (Dkt. 184 at 1). KrisJenn has not sought to depose Ms. Laura Worsham who is McLeod's attorney of record. Further, KrisJenn has unsuccessfully attempted to obtain information regarding the nature of Kuhlmann's negotiations on behalf of McLeod from the Mcleods. These facts are compounded by the fact the Responding Parties have failed to produce any of Kuhlmann's non-privileged emails, have not objected or made a withholding statement, and have clearly waived any privilege.

<u>Kuhlmann's request for protection is moot.</u>

50. Kuhlmann seeks an order directing the deposition: (1) to occur by Zoom on a mutually agreeable date; (2) not to exceed two hours; and (3) be limited in scope. These requests ignore the fact that, despite desire to complete Kuhlmann's deposition before Christmas, counsel reluctantly agreed to conduct his deposition, by Zoom, on January 5, 2022. Debtors intend on complying with the Rule 30 of the Federal Rules of Civil Procedure and will not exceed the 1 day of 7 hour time limit. Lastly, Debtors have provided Kuhlmann with a list of topics to be covered. Each of these topics correspond with the documents requested and are all related to the claim dispute. Kuhlmann's request for a protective order should be denied.

51. Further, Kuhlmann's motion does not state what dates would be "agreeable" but it clear he seeks to postpone his deposition to a date that is later than January 5, 2022. As such, Kuhlmann is attempting to delay his deposition until a date that will make it impossible for KrisJenn to receive and process his deposition transcript before this matter can be heard.

<u>Kuhlmann's request for sanctions is inappropriate.</u>

52. Debtors' counsel has unsuccessfully attempted to obtain the information sought directly from the McLeods. Debtors are entitled to discover information relating to the nearly $250,000.00 in attorneys' fees sought in this case and are unable to adequately prepare for the hearing on their objection without such information. As such, serving this subpoena was a necessary effort and Kuhlmann's request for sanctions should be denied.

## **MOTION TO COMPEL PRODUCTION**

53. For the reasons stated above, KrisJenn requests that McLeod and Kuhlmann be compelled to produce all documents responsive to the Request and the Second Request.

## MOTION FOR CONTINUANCE

54. Debtors have incurred significant delay in attempting to obtain the documents necessary to successfully defend against McLeod's claim.

55. Once documents have been produced, Debtors will need sufficient time to sort and review the production, prepare for the deposition, and take the oral depositions of Adam McLeod, John McLeod, McLeod Oil, LLC and William Kuhlmann.

56. As such, Debtors respectfully continue the hearing on Debtors' objection to Claim 6 for at least 30 days from the present setting.

WHEREFORE PREMISES CONSIDERED KrisJenn Ranch, LLC, KrisJenn Ranch, LLC-Series Uvalde Ranch, and KrisJenn Ranch, LLC-Series Pipeline Row, as successors-in-interest to Black Duck Properties, LLC, respectfully request that the Court deny Kuhlmann's Motion for Protection and Request for Sanctions. KrisJenn further request the Court compel McLeod and Kuhlmann's compliance with the 2004 notices, grant a continuance of the hearing currently set for January 12, 2021, and for any other relief to which they may be justly entitled.

Dated: December 30, 2021

Respectfully submitted,

CJ MULLER & ASSOCIATES, PLLC

By:   /s/ *John Muller*
        C. John Muller IV
        State Bar No. 24070306
        john.muller@cjma.law
        Ezekiel J. Perez
        State Bar No. 24096782
        zeke.perez@cjma.law
        111 W. Sunset Rd.
        San Antonio, TX 78209
        Telephone: 210-664-5000
        Facsimile: 210-598-7357

        ATTORNEY FOR DEBTORS

## **CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by way of e-service through the CM/ECF system by notice of electronic filing or via email on the 30th day of December 2021


 */s/ John Muller*
C. John Muller IV