IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| KRISJENN RANCH, LLC, KRISJENN RANCH, LLC, SERIES UVALDE RANCH, KRISJENN RANCH, LLC, SERIES PIPELINE ROW | § § § § § § | CASE NO. 20-50805-rbk |
| | § | CHAPTER 11 |
| | § | |
| DEBTOR | § | (Jointly Administered) |

**McLEOD OIL, LLC'S COMMENT IN SUPPORT OF WILLIAM D. KUHLMANN, JR.'S AND ALBERT, NEELY & KUHLMANN, L.L.P.'S MOTION TO QUASH SUBPOENAS AND MOTION FOR ENTRY OF PROTECTIVE ORDER**

NOW COMES McLeod Oil, LLC ("McLeod Oil") and files this its Comment in Support of William D. Kuhlmann, Jr.'s and Albert, Neely & Kuhlmann, L.L.P.'s Motion to Quash Subpoenas and Motion for Entry of Protective Order (the "Motion") filed on December 17, 2021 [Doc. No. 184], and in support of such would show the Court as follows:

1. McLeod Oil certainly agrees that the Debtors have the right to conduct discovery regarding the amount, reasonableness and necessity of its attorneys' fees and the amount of default interest pursuant to the Loan Documents in connection with the Objections to Claims and Motion for Determination of Post-Petition Fees and Costs under 11 U.S.C. § 506 ("the Motion") before this Court.

2. McLeod Oil has resisted responding in kind to the attacks made by the Debtors, in part, to avoid incurring additional attorneys' fees at the potential expense of the Debtors'

Estates.[1]  However, because Debtors' Response to the Motion was calculated to paint McLeod Oil in a negative light before the upcoming hearing, McLeod Oil is forced to defend itself against Debtors' spurious claims of self- dealing.

3.  Debtors apparently contend the legal fees incurred in connection with the negotiation and drafting of certain Compromise Settlement Agreements are not recoverable as counsel engaged in "secret communications" with counsel for DMA Properties, Inc. ("DMA") and Longbranch Energy, LP ("Longbranch").  Debtors incorrectly claim that DMA and Longbranch sued McLeod Oil.  The Debtors acknowledged early in the case that the best case scenario was for the ROW to be monetized so McLeod Oil would exercise its option resulting in sufficient funds for the Debtors to pay off the lien on the Uvalde ranch and keep same.  Debtors engaged in multiple negotiations with DMA, Longbranch and McLeod Oil, and a global resolution was reached governing the ownership of the ROW and disposing of the claims in the adversary.  Debtors were part of these negotiations.  At the urging of, and with the blessing of Debtors, McLeod's counsel drafted the agreements which went through multiple revisions and drafts before the deal ultimately fell apart. After a second deal fell apart, counsel for Debtors implored McLeod Oil to negotiate separately with DMA and Longbranch in an attempt to clean up the title issues on the ROW, so it would exercise its option, thereby allowing the Debtors to pay off the lien on the ranch.  Counsel for Debtors told McLeod that at this point Mr. Wright was no longer interested in retaining an ownership interest in the ROW and "only cared about keeping his ranch."  As a result of this conversation with Debtors' counsel, McLeod Oil proceeded to

---

[1] Pursuant to the terms of the Loan Documents, McLeod Oil asserts that the Debtors are obligated to pay the attorneys' fees incurred in these discovery matters.

negotiate directly with DMA and Longbranch. There were no secret negotiations. Negotiations fell apart in part because McLeod Oil insisted that Mr. Wright be released as part of any settlement and DMA and Longbranch would not agree.

4. The McLeods have fully cooperated with the Debtors in this matter. After the ranch sale, and upon Debtors' request in August, 2021, McLeod Oil produced copies of both law firms' billing statements.

5. In November, Debtors emailed subpoenas to McLeod Oil, John McLeod, and Adam McLeod requesting production of certain documents and their appearance at Rule 2004 examinations. Although McLeod Oil believed some of the discovery requests were overbroad and not germane to the issues of attorneys' fees or default interest, McLeod Oil opted not to expend attorneys' fees to object or quash such subpoenas in hopes that once Debtors reviewed the document production they would see and finally believe there were no secret communications and negotiations with counsel for DMA and/or Longbranch, or the principals of such companies.

6. Despite certain procedural defects in the subpoenas, McLeod Oil further opted to both produce responsive documents and appear for the examinations under the subpoenas instead of filing a Motion to Quash, in an effort to minimize the attorneys' fees expended. McLeod Oil's efforts to cooperate and minimize the potential expenses to these Debtors is now being characterized by Debtors as "resistance and obstructionism."

7. Mr. Muller was specifically informed by counsel that McLeod Oil would be producing responsive documents in Mr. Kuhlmann's possession, custody, or control by December 3, 2021, pursuant to the agreement of the parties, and in fact such documents were produced.

8. Adam and John McLeod (both individually and as the representative of McLeod

Oil) appeared for their Rule 2004 examinations on December 7, 2021. Debtors chose to suspend Adam's examination after five hours, and did not start John or McLeod Oil's examinations. Counsel for McLeod Oil has not yet received a copy of Adam McLeod's examination to respond to the cherry-picked portions included in Debtors' Response.

9. Counsel did not interfere in Adam McLeod's deposition. Debtors' counsel attacked Adam for failure to produce additional worksheets of the claim amount calculations, despite being told multiple times that his father, John McLeod, handled the financial aspects of McLeod Oil. Counsel for McLeod Oil stated the worksheets were not calculations of the amount claimed, but were calculations made under different scenarios when the parties were trying to work out an agreement for shared ownership interests in the ROW, and that counsel made the decision to not produce such worksheets as such were not responsive to the document requests. Again, in an effort to be cooperative and not incur additional fees bringing that issue before this Court, McLeod Oil proceeded to produce the worksheets in question the next day (December 8, 2021). Additionally, the responsive documents were produced again in electronic format along with the text messages between Adam and John McLeod.

10. In addition to other responsive documents, the McLeods have produced all emails and texts between:

      (a)    the McLeods and DMA;
      (b)    the McLeods and Longbranch;
      (c)    Jones, Allen & Fuquay, LLP and each of DMA's attorneys;
      (d)    Jones, Allen & Fuquay, LLP and each of Longbranch's attorneys;
      (e)    Mr. Kuhlmann and each of DMA's attorneys; and
      (f)    Mr. Kuhlmann and each of Longbranch's attorneys.

Despite such production showing there was no secret deal or negotiations, Debtors seek to

continue this fishing expedition apparently in an attempt to garner information they can use either in threatened litigation against McLeod Oil and/or as part of Debtors' due diligence they are currently conducting on the ROW.

11. The McLeods do not agree to waiver of the attorney-client privilege and join in Mr. Kuhlmann's Motion for Protective Order.

12. McLeod Oil is not attempting to make Debtors pay for its diligence and development fees relating to the Option Agreement.

13. McLeod Oil's response to Debtors' conditional extension agreement is attached hereto as Exhibit "A" and incorporated herein by reference for all purposes. McLeod Oil does not oppose a continuance in this matter.

                Respectfully submitted,

                **JONES, ALLEN & FUQUAY, L.L.P.**
                8828 Greenville Avenue
                Dallas, Texas 75243
                Telephone: (214) 343-7400
                Facsimile: (214) 343-7455

By: */s/ Laura L. Worsham*
      Laura L. Worsham
      State Bar No. 22008050

ATTORNEYS FOR MCLEOD OIL, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January, 2022, a true and correct copy of the foregoing was forwarded electronically via the Court's ECF System, or by U.S. First Class mail, postage prepaid, on the parties set forth below and to all parties listed on the attached Service List.

**SERVICE LIST**:

William D. Kuhlmann, Jr.
ALBERT NEELY & KUHLMANN, L.L.P.
1600 Oil & Gas Building
309 West Seventh Street
Fort Worth, Texas 76102
wdkuhlmann@anklaw.com
**By Notice of Electronic Filing**

Lynne B. Frank
BRUNER & BRUNER, P.C.
3700 West 7th Street
Fort Worth, Texas 76107-2536
lfrank@bjplaw.com
**By Notice of Electronic Filing**

C. John Muller IV
CJ MULLER & ASSOCIATES, PLLC
111 W. Sunset Road
San Antonio, Texas 78209
john.muller@cjma.law
**By Notice of Electronic Filing**

Ronald J. Smeberg
Attorney for Debtor
THE SMEBERG LAW FIRM, PLLC
4 Imperial Oaks
San Antonio, Texas 78248
ron@smeberg.com
**By Notice of Electronic Filing**

    /s/ *Laura L. Worsham*
    Laura L. Worsham

| | |
|---|---|
| From: | Laura Worsham |
| To: | John McLeod, Jr.; Adam McLeod; William Kuhlmann; Lynne Frank |
| Cc: | Kim McDonald |
| Subject: | RE: In re: KrisJenn Ranch, LLC 20-50805 MCLEOD"S PROPOSED RESPONSE |
| Date: | Friday, December 17, 2021 10:14:19 AM |

Zeke,

We are in receipt of your email sent late yesterday.

As to paragraph 4- the McLeod parties will review their document production and agree to finalize any supplementation. As to communications with Jeff Duke, I direct your attention, at a minimum to McLeod Oil documents nos. 001276-001282 and 001299-001314 produced on December 3, 2021. Those documents were produced again in folders on December 8th. Of course, I will re-verify but to the best of my knowledge those are the only emails and text communications between any representatives of McLeod Oil and Mr. Duke.

As to No. 5, I agree to make the McLeod parties available to continue their depositions but cannot agree to do so within seven (7) days of the Court's ruling as I have no idea when the Court will rule. As briefly discussed on the phone yesterday, I have a multi-party contempt and injunction trial in BK court starting January 24th and we have depositions scheduled most every day in January starting on the 4th until such trial, except for the time blocked out for this hearing. Additionally, I will need to check the clients' availability. I agree to work with you on a mutually agreeable date to continue those depositions once the Court rules.

As to No. 6- has an objection been filed? If so, please provide us with a copy.

One of our attorneys will make themselves available for hearing on December 30th if the Court has availability.

Agree as to Nos. 7 and 8.

Laura L. Worsham
Partner

JONES, ALLEN & FUQUAY, LLP
8828 Greenville Ave.
Dallas, Texas 75243
(214) 343-7400
(214) 343-7455 fax

**CONFIDENTIAL NOTICE**

THIS E-MAIL, INCLUDING ANY ATTACHED FILES, IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE (COLLECT), AND DELETE ALL COPIES OF THIS MESSAGE. THANK YOU.

**From:** Ezekiel Perez <zeke.perez@cjma.law>
**Sent:** Thursday, December 16, 2021 6:17 PM
**To:** lfrank@bjplaw.com
**Cc:** Laura Worsham <lworsham@jonesallen.com>; akrist@clevelandkrist.com; John Muller <john.muller@cjma.law>; ron@smeberg.com
**Subject:** In re: KrisJenn Ranch, LLC 20-50805

Lynn,

We assume you are making an appearance on behalf of Bill Kuhlmann and his law firm. Please correct us if we are wrong. If so, per our conversation today, we are willing to give Mr. Kuhlmann and his law firm another extension to respond to our 2004 examination notice provided that all parties are willing to cooperate on the outstanding discovery and scheduling issues that exist in this case. As such, we will agree to receive your privilege log on December 23, 2021 upon the following conditions:

1. Mr. Kuhlmann and his law firm will produce a withholding statement and privilege log for each and every document claimed to be subject to privilege on or before December 23, 2021.
2. An attorney for Mr. Kuhlman and his law firm will be available for a hearing on all claims of privilege on December 30, 2021 or, if the Court indicates this date is not available, the Court's first available date thereafter.
3. Mr. Kuhlmann and his law firm will continue to be available on January 5, 2022 for deposition and will not attempt to restrict our right to conduct the deposition under the Rules.
4. McLeod Oil, John McLeod, and Adam McLeod will finalize their supplementation of documents. Such supplementation would necessarily include, but not be limited to, the production of all communications between any of McLeod's representatives (including John McLeod, Adam McLeod, Bill Kuhlmann, or anyone else) and Jeff Duke and any other representative of Duke, Banister, Miller & Miller. We have noticed that no documents or communications between these parties have been produced even though they are repeatedly referenced in the fee bills, and they are clearly not subject to claims of privilege.
5. McLeod Oil, John McLeod, and Adam McLeod will be made available to continue their depositions within seven days of the Court's ruling.
6. An attorney for Mr. Borders (Tim, Chris, Christie, or Austin) will make themselves available for

      a hearing on their objections to Debtor's recent 2004 Examination Notice on December 30, 2021.

7. All parties will agree to not oppose an extension to the hearing scheduled on January 12, 2022, if the Debtors should request such an extension.
8. All parties will agree to not oppose an extension to the deadline to file a plan scheduled on January 19, 2022, if the Debtors should request such an extension.

If this is agreeable, I would ask that representatives of all the parties respond and indicate such agreement (including Laura and Austin). This agreement is not final and binding unless all parties agree to the terms, as stated. Thanks,

*Ezekiel J. Perez*
Associate Attorney
**CJ Muller & Associates, PLLC**
111 W. Sunset Rd., San Antonio, TX 78209
Main: (210) 664-5000
zeke.perez@cjma.law

NOTICE: This electronic message contains information which may be legally confidential and/or privileged. The information is intended solely for the individual or entity named above and access by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this information is prohibited and may be unlawful. If you have received this electronic transmission in error, please reply immediately to the sender that you have received the message in error, and delete it from your computer. Thank you.