**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CHAPTER 11** |
| | § | |
| **KRISJENN RANCH, LLC, et al** | § | **CASE NO. 20-50805-rbk** |
| | § | |
| **DEBTOR** | § | **(Jointly Administered)** |

**WILLIAM D. KUHLMANN, JR'S MOTION TO QUASH SUBPOENA**
**AND REQUEST FOR SANCTIONS**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

**NOW COMES** William D. Kuhlmann, Jr. ("Mr. Kuhlmann") and files this Motion to Quash Subpoena and Request for Sanctions (the "Motion"), and in support thereof would respectfully show the Court the following:

## I. INTRODUCTION

Mr. Kuhlmann is counsel, but not counsel of record, for creditor McLeod Oil, LLC ("McLeod"), which is represented in the above-referenced bankruptcy by Laura Worsham. **Today**, on January 4, 2022, counsel for the "Debtors" (herein so called), John Muller, emailed counsel for Mr. Kuhlmann, Lynne Frank, a 2004 examination subpoena (the "Subpoena") commanding Mr. Kuhlmann to appear for his deposition **tomorrow,** January 5, 2022, at 10:00 a.m. via zoom. Mr. Kuhlmann files this Motion to quash the Subpoena pursuant to Federal Rule of Civil Procedure ("FRCP") 45 because (1) Debtors failed to personally serve the Subpoena on Mr. Kuhlmann and failed to tender a witness fee; (2) the Subpoena fails to allow a reasonable time to comply; (3) the Subpoena requires disclosure of

privileged or other protected matters; (4) the Subpoena subjects Mr. Kuhlmann to undue burden; and (5) the deposition of a party's attorney is generally improper. The Subpoena is attached hereto as **Exhibit "A."**

Mr. Kuhlmann further seeks sanctions against Debtor and their lawyer, Mr. Muller, under FRCP 45 (d) (1) because they continue to relentlessly engage in unnecessary, aggressive and bizarre gamesmanship and litigation tactics that have no place in bankruptcy court.

## II.
## BACKGROUND

The Subpoena that is the subject of this Motion directly relates to (1) the Motion to Quash Subpoenas and Motion for Entry of Protective Order (the "Related Motion") filed by Mr. Kuhlmann and his firm, Albert, Neely & Kuhlmann, L.L.P. ("ANK") on December 17, 2021; (2) Debtors' Response to the Related Motion (the "Related Response"); and (3) Mr. Kuhlmann's and ANK's Reply to the Related Response (the "Related Reply"). In the Related Motion, Mr. Kuhlmann, among other things, seeks entry of a protective order that would block the Debtors from taking his deposition. The hearing on the Related Motion is set for 9:30 a.m. tomorrow, January 5, 2022, and Mr. Kuhlmann incorporates by reference herein the content set forth in the Related Motion and Related Reply.

On January 4, 2022,—and notwithstanding Mr. Kuhlmann's and ANK's filing of the Related Motion—John Muller (1) wrote a letter to Ms. Frank, (the "First January 4th Letter") stating Mr. Muller will "proceed with taking Mr. Kuhlmann's deposition immediately following the conclusion of the hearing"; (2) wrote a second letter to Ms. Frank (the "Second January 4th Letter") advising that his firm "has sent the statutory witness fee via certified

mail CRRR 7020 1810 0000 0653 5345"; and (3) emailed the Subpoena (Exh. "A") to Ms. Frank, which is issued to Mr. Kuhlmann "c/o Lynne B. Frank, Bruner & Bruner, P.C., 3700 W. 7th Street, Fort Worth, Texas 76107." The First January 4th Letter is attached hereto as **Exhibit "B"** and the Second January 4th Letter is attached hereto as **Exhibit "C." Debtors failed to personally serve Mr. Kuhlmann with the Subpoena and have not tendered the witness fee as evidenced by the USPS tracking page attached hereto as Exhibit "D," and Mr. Kuhlmann will not agree to accept service of the Subpoena or otherwise waive of any the requirements of FRCP 45.**

## II.
## REQUESTED RELIEF

Movants ask the Court to quash the Subpoena because (1) Debtors failed to personally serve the Subpoena on Mr. Kuhlmann and failed to tender a witness fee; (2) the Subpoena fails to allow a reasonable time to comply; (3) the Subpoena requires disclosure of privileged or other protected matters; (4) the Subpoena subjects Mr. Kuhlmann to undue burden; and (5) the deposition of a party's attorney is generally improper and should be closely scrutinized. Alternatively, and strictly in the alternative, Mr. Kuhlmann asks that the Court modify the Subpoena to (1) impose a time limitation of not more the two (2) hours; (2) move Mr. Kuhlmann's deposition to a date and time (still via Zoom) that is mutually agreeable to the parties involved; and (3) limit the scope of topics exclusively to factual inquiries only that are relevant to the upcoming hearing on January 13, involving only the reasonableness and necessity of McLeod's attorney's fees for which it seeks to recover from Debtors under the loan documents.

**A. Personal Service and Witness Fee**

As explained above, Debtors failed to personally serve the Subpoena on Mr. Kuhlmann and failed to tender a witness fee. Instead, Debtors emailed the Subpoena to Ms. Frank and have not mailed the witness fee. "Strict compliance with the rules for the service of subpoenas must be proved in the manner provided by law" in order for them to be enforceable. *United States v. Davenport*, 312 F.2d 303, 307 (7th Cir. 1963); *see also In re Dennis*, 330 F.3d 696 (5th Cir. 2003) (stating "[t]he conjunctive form of [Rule 45] indicates that proper service requires not only personal delivery of the subpoena, but also tendering of the witness fee and a reasonable mileage allowance," and holding that subpoena was not properly served and unenforceable); *Future World Elecs., LLC v. Over Drive Mktg., LLC*, 3:12-CV-2124-B, 2014 WL 1794835 (N.D. Tex. May 5, 2014) (refusing to order third party to appear for his deposition or to hold him in contempt because subpoena was served on third party's attorney—not personally on the third party—and because witness and mileage fees were not tendered); *Morawski v. Farmers Tex. County Mut. Ins. Co*., 3:14-MC-21-D-BN, 2014 WL 717170, at *1–2 (N.D. Tex. Feb. 25, 2014) (holding that subpoenas were invalid because "there is no evidence that Plaintiff personally served Pruitt or Martin with a subpoena or tendered the required witness fees and mileage allowance"). Service of a subpoena on a party's attorney is likewise improper service. *See Morawski*, 2014 WL 717170, at *1–2 (service of subpoenas on party's attorney was improper service, rendering the subpoenas invalid). Because Debtors failed to strictly comply with the subpoena requirements of FRCP 45, the Court should quash the Subpoena.

**B. Unreasonable Time for Compliance**

FRCP 45 (d) (3) (A) (i) requires a Court to quash or modify a subpoena that "fails to allow a reasonable time to comply." Debtors emailed the Subpoena to counsel for Mr. Kuhlmann at 10:51 a.m. on January 4, 2021, *less than twenty-four (24) hours prior to the date and time of the deposition set forth in the Subpoena*. Under no circumstances is less than twenty-four (24) hours "reasonable" under FRCP 45 (d) (3) (A) (i). The Court should therefore quash the Subpoena.

C. **Disclosure of Privileged Information**

As detailed in the Related Motion and Related Reply, Debtors improperly seek attorney-client and work product privileged information from Mr. Kuhlmann. Debtors also admit in the Related Response that they seek and believe they are entitled to such privileged information. Mr. Kuhlmann incorporates by reference all of the authority and arguments contained in the Related Motion and Related Reply in support of his argument that that Debtors seek privileged information to which they are not entitled under any circumstance. The Court should therefore quash the Subpoena because it violates FRCP 45 (d) (3) (A) (iii).

**D. Undue Burden to Kuhlmann**

Also as detailed in the Related Motion and Related Reply, Mr. Kuhlmann's deposition would impose an undue burden on him. In addition to the unreasonably short notice of his deposition, Debtors refuse to limit his deposition in time or scope, they seek privileged information and it would be extremely difficult, if not impossible, for Mr. Kuhlmann—an attorney who has represented McLeod in various legal matters since at least 2014—to differentiate non-privileged matters from privileged matters in this case while giving his deposition. *See Nat'l W. Life Ins. Co. v. W. Nat. Life Ins. Co.*, A-09-CA-711 LY, 2010 WL 5174366, at *2–4 (W.D. Tex. Dec. 13, 2010) (holding that it would be unduly

burdensome for party's outside, non-counsel of record to be deposed in light of relevancy and privilege issues among other factors"). The Court should therefore quash the Subpoena because it violates FRCP 45 (d) (3) (A) (iv).

**E. <u>The Deposition of a Party's Attorney is Generally Improper</u>**

The Related Motion and Related Reply extensively explain why courts are reluctant and generally refuse to allow the deposition of a party's attorney as well as why Mr. Kuhlmann's deposition is wholly improper in the present case. Specifically, Debtors cannot satisfy the "Shelton Rule," which allows attorney depositions only in the limited circumstances where the party seeking the deposition clearly demonstrates that: (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case. *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986); *Nguyen v. Excel Corp.*, 197 F.3d 200, 208–09 (5th Cir. 1999) (affirming the district court's opinion regarding the deposition of defense counsel based on the Shelton factors because); *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999) (citing *Shelton* for the position that "the practice of taking the deposition of a party's attorney ... should be employed only in limited circumstances."). Consequently, the Court should quash the deposition.

**F. <u>Request for Sanctions</u>**

Debtors and Mr. Muller have failed—intentionally—to take reasonable steps to avoid imposing undue burden or expense on Mr. Kuhlmann as required by FRCP 45. Mr. Kuhlmann has been forced to retain counsel to protect him in connection with Debtors' relentless demands to take his deposition. Debtors and Mr. Muller continue to make unreasonable demands and erratic decisions that are driving up legal fees and costs incurred

by Mr. Kuhlmann. Pursuant to FRCP 45 (d) (1), Mr. Kuhlmann therefore asks the Court to impose sanctions against the Debtors and Mr. Muller for Mr. Kuhlmann's reasonable attorney's fees incurred in connection with the Subpoena, the Related Motion and this Motion. Action by the Court is the only force that will stop Debtors' and Mr. Muller's Rambo litigation tactics that simply have no place in bankruptcy court.

## VI. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Mr. Kuhlmann prays that the Court set this Motion for hearing, grant this Motion, and for all such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

*/s/ Lynne B. Frank*

Lynne B. Frank (admitted *pro hac vice*)
lfrank@bjplaw.com
State Bar No. 24087215
BRUNER & BRUNER, P.C.
3700 West 7th Street
Fort Worth, Texas 76107-2536
Telephone: (817) 332-6633
Facsimile: (817) 332-6619

***Attorney for William D. Kuhlmann, Jr.***

.

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2022, a true and correct copy of the foregoing document was served upon all parties listed below electronically via the Court's ECF System.

C John Muller IV (john.muller@cjma.law)
CJ MULLER & ASSOCIATES, PLLC
111 W. Sunset Road
San Antonio, Texas 78209
*Attorney for Debtor*

Ronald J. Smeberg (ron@smeberg.com)
SMEBERG LAW FIRM, PLLC
4 Imperial Oaks
San Antonio, Texas 78248
*Attorney for Debtor*

Laura L. Worsham (lworsham@jonesallen.com)
Jones, Allen & Fuquay, LLP
8828 Greenville Avenue
Dallas, TX 75243
*Attorney for Creditor McLeod Oil, LLC*

*/s/ Lynne B. Frank*
Lynne B. Frank