**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| KRISJENN RANCH, LLC | § | CASE NO. 20-50805-rbk |
| | § | |
| | § | |
| DEBTOR | § | (Jointly Administered) |

**MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT
PURSUANT TO BANKRUPTCY RULE 9019(A)**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING, UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.    REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE JUDGE KING UNITED STATES BANKRUPTCY JUDGE FOR THE WESTERN DISTRICT OF TEXAS:

KrisJenn Ranch, LLC, KrisJenn Ranch LLC, Series Uvalde Ranch, and KrisJenn Ranch LLC, Series Pipeline Row (the "Debtors") file this Motion for Approval of Settlement Agreement under Rule 9019(a) of the Federal Rules of Bankruptcy Procedure ("Motion") and seeks the Court's approval of the settlement and resolution of disputes between Debtors and their principal Larry Wright on one hand (collectively the "KrisJenn Parties"), and McLeod Oil, LLC ("McLeod Oil"), John W. McLeod, Jr., and Adam W. McLeod (collectively, the "McLeods"), on the other. Collectively, the McLeods and the KrisJenn Parties are referred to as the "Parties."   In support of

the Motion, the Debtors would show the Court as follows:

## I.
## JURISDICTION, AND VENUE, AND CONSTITUTIONAL AUTHORITY TO ENTER A FINAL ORDER

1.      The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334.   These matters concern the administration of the bankruptcy estate; accordingly, these are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).   Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.   The predicate for the relief requested herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2.      The Debtors are requesting this Court approve a settlement under an express bankruptcy provision, i.e. Bankruptcy Rule 9019. This Rule gives bankruptcy courts discretion to approve a compromise. State law has no equivalent to Bankruptcy Rule 9019. Moreover, the factors which bankruptcy courts are required to review in making a determination of whether or not to approve a settlement have been developed entirely by the federal courts, including the Supreme Court of the United States. *See United States v. Key,* 397 U.S. 322 (1970); *Rivercity v. Herpel (In re Jackson Brewing Co.),* 624 F.2d 599, 602 (5th Cir.1980). Accordingly, because the resolution of the Motion is not based on state common law, but entirely on federal bankruptcy law (both the Rule and the case law instructing how to apply the Rule), the holding in *Stern* is inapplicable, and this Court has the constitutional authority to enter a final order under 28 U.S.C. §§ 157(a) and (b)(1).

## II.
## FACTUAL BACKGROUND

3.      As more further stated in the Parties' settlement agreement attached as Exhibit "A," (the "Settlement Agreement") and in the Parties pleadings [Dckts 163 and 212], McLeod Oil provided financing relating to that certain right-of-way and pipeline (the "ROW") that spans

approximately 65 miles and runs through Angelina County, Nacogdoches County, Rusk County, and Shelby County in east Texas. The Debtors have never contested receiving the financing, the purpose of the financing, or the validity of McLeod Oil's liens. The Parties disputed the propriety of default interest and amounts of attorney fees as discussed in detail in the Settlement Agreement and pleadings. McLeod Oil contends the default interest was triggered prior to or during the bankruptcy filing through a failure to timely make payments on the debt, and the KrisJenn Parties contend there either never was a default because the documents moved all payments to November 2021, or default payments were never properly declared. Regardless, whether default interest was proper, KrisJenn Parties acknowledge some attorney fees would be awarded to the Mcleods as a fully secured party pursuant to 11 §USC 506.[1]

4.      While each party contends their position is correct, the Parties each also acknowledge there is a legitimate risk the Court could find for the opposing party. Moreover, there is no clear way to "split the baby," at least in regard to the default interest, which accounts for up to $650,000 of McLeod Oil's claim. Hence, the KrisJenn Parties could be facing $650,000 in default interest along with $200,000 to $250,000 in attorney fees. If the Court were to award all the requested damages to McLeod Oil, there likely would be no funds remaining for administrative expenses or to pay the estates' unsecured creditors; therefore, requiring a drawn out plan execution process for the claims to be paid.

5.      In simple terms, but as more fully discussed in the Settlement Agreement, the general terms of the settlement are as follows:

(a)      The Debtors are paying McLeod Oil $385,000 in cash from the funds in the Debtor in Possession Account;

---

[1] The Parties' arguments have been thoroughly outlined in their pleadings in Docket Numbers 163 (Amended Joint Debtors' Objection to Claims) and 175 (Mcleods' Response), which are incorporated for the purpose of providing context of the Parties' arguments.

(b)     Larry Wright is transferring 165 net mineral acres of the Wright Mineral Interest (as more particularly detailed in the Settlement Agreement) to McLeod Oil in lieu of Debtors paying McLeod Oil an additional $165,000.[2]

(c)     McLeod Oil is releasing all encumbered property owned by the estate and Larry Wright; and

(d)     The Settlement Agreement includes mutual releases for all Parties.

Per the terms of Debtors' Plan of Reorganization, upon confirmation, Larry Wright shall be reimbursed $165,000 from the Estate.   The Settlement is not contingent upon confirmation of the Plan.

## III.
## RELIEF REQUESTED

6.     The Debtors seek the Court's approval of the Settlement Agreement negotiated by respective counsels for the Parties.

7.     Subject to the Court's approval, the Parties agreed to the terms set forth in the Settlement Agreement.   The material terms of the Settlement Agreement include the following:

(a)     The Debtors shall pay the Mcleods $385,000 in cash from the funds in the Debtor in Possession account;

(b)     Larry Wright shall transfer 165 net mineral acres of the Wright Mineral Interests to McLeod Oil;[3]

(c)     McLeod Oil is releasing all encumbered property owned by the estate and Larry Wright; and

(d)     The Parties shall execute mutual releases.

---

[2] Larry Wright's payment of the mineral interests subject to reimbursement insures the estate will have sufficient funds to pay all allowed claims and administrative expenses on the Effective Date of the proposed plan. See generally Debtors' Fourth Amended Joint Disclosure Statement [Dckt 212].
[3] Larry Wright shall be reimbursed $165,000 from the estate upon confirmation of Debtors' plan of reorganization pending before the Court as detailed in the live Plan and Disclosure Statement.

**IV.**
**LEGAL AUTHORITIES IN SUPPORT OF THE RELIEF SOUGHT**

8.      A bankruptcy court may approve a motion for compromise or settlement after notice and a hearing pursuant to Rule 9019.   FED. R. BANKR. P. 9019(a).   In determining whether to approve a settlement made in accordance with Federal Rule of Bankruptcy Procedure 9019, the Fifth Circuit requires the reviewing bankruptcy court to assess whether the settlement is "fair, equitable, and in the best interest of the estate." *In re Age Ref., Inc.,* 801 F.3d 530, 540 (5th Cir. 2015); *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980); *In re Roquomore,* 393 B.R. 474, 479–80 (Bankr. S.D. Tex. 2008); *see also Official Comm. of Unsecured Creditors v. Cajun Elec. Power. Coop., Inc.* (*In re Cajun Elec. Power Coop.*), 119 F.3d 349, 356 (5th Cir. 1997).

9.      To judge whether a settlement is fair and equitable, bankruptcy courts in the Fifth Circuit apply the three-part test set out in *Jackson Brewing* with a focus on comparing "the terms of the compromise with the likely rewards of litigation." *In re Age Ref., Inc.,* 801 F.3d at 540 (citing *In re Jackson Brewing Co.,* 624 F.2d at 602). In doing so, the bankruptcy court must evaluate: (1) the probability of success in litigating the claim subject to settlement, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of litigation and any attendant expense, inconvenience, and delay; and (3) all other factors bearing on the wisdom of the compromise. *In re Age Ref., Inc.,* 801 F.3d at 540. The Fifth Circuit has determined that the "other" factors include: (i) "the best interests of the creditors, 'with proper deference to their reasonable views'"; and (ii) "'the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion.'" *In re Age Ref., Inc.,* 801 F.3d at 540 (citing *In re Cajun Elec. Power Coop., Inc.,* 119 F.3d 349, 356 (5th Cir.1997) (quoting *In re Foster Mortg*., 68 F.3d 914, 917 (5th Cir.1995)).

10.     The Court has the discretionary authority to approve a settlement under Bankruptcy Rule 9019(a).  *See Protective Comm. of Stockholder of TMT Trailer Ferry, Inc. v. Anderson (In re TMT Trailer Ferry, Inc.)*, 390 U.S. 414, 424 (1968), *on remand*, *TMT Trailer Ferry, Inc. v. Kirkland*, 471 F.2d 10 (5th Cir. 1972).   The decision to approve a compromise "lies within the discretion of the trial judge*." In re AWECO, Inc*., 725 F.2d 293, 297 (5th Cir. 1984). The Court need not "conduct a mini-trial to determine the probable outcome of any claims waived in the settlement." *In re Age Refining, Inc.,* 801 F.3d at 541; *Cajun Elec.,* 119 F.3d at 355.

11.     The Debtor presents the following arguments in further support of the approval of the attached, written Settlement Agreement based on each of the factors that the Court must consider in the Fifth Circuit.

### a.     THE LIKELY PROBABILITY OF SUCCESS GIVEN UNCERTAINTIES IN LITIGATION.

12.     The first factor in analyzing whether a compromise is fair, equitable, and in the best interests of the estate requires that this Court first look to at the "probability of success in the litigation, with due consideration for the uncertainty in fact and law." *In re Cajun Elec.,* 119 F.3d at 356. A mini-trial on the state court issues is not required under Fifth Circuit law to approve the settlement. *In re Age Refining, Inc.,* 801 F.3d at 541.

13.     Debtors have never contested the validity of the McLeod Oil debt or its underlying documents. Debtors have contested whether a default occurred and, even if a default had occurred, whether default interest was triggered. Due to the complexity of the transactions between the Parties, Debtors and McLeod agree that victory is uncertain for each side of the litigation.   Given that uncertainty and the reality that defeat would cause substantial hardship to either side, settling in a compromise weighs heavily in favor of approving the Settlement Agreement.

### B.     COMPLEXITY AND LIKELY DURATION OF LITIGATION AND ANY ATTENDANT EXPENSE, INCONVENIENCE, AND DELAY FAVOR AN EARLY SETTLEMENT.

14.     The Court must also weigh the potential "complexity and likely duration of the litigation and any attendant expense [and] inconvenience." *Cajun Elec.,* 119 F.3d at 356.   While trial on the merits was imminent, the cost of finishing the trial likely would have cost both sides upwards of $50,000 each.   Additionally, the losing party likely would have appealed any judgment causing further delay in prosecuting Debtors' plan of reorganization; therefore, delaying payment to creditors and adding more estate expense.   Further, if Debtors ultimately lost the ligation, all of McLeod Oil's litigation expense would have been borne by the Debtors' estate. The cost of proceeding with these claims coupled with the risk substantially outweighs the likelihood and benefits of success.

**C.     THE PROPOSED SETTLEMENT IS IN THE BEST INTERESTS OF THE CREDITORS, AND THE PRODUCT OF ARMS-LENGTH NEGOTIATIONS.**

15.     The third factor for this Court is to evaluate is the "wisdom of the compromise," which is broken into two more specific factors—that is, "[w]hether the compromise serves the paramount interest of creditors with proper deference to their reasonable reviews" and "[t]he extent to which the settlement is truly the product of arms-length bargaining and not of fraud or collusion." *In re Roqumore,* 393 B.R. at 480.

16.     Here, the Settlement Agreement would serve the paramount interest of the creditors in the Chapter 11 case.   If the Settlement is approved, then there will be sufficient funds to pay all of the allowed non insider claims.    If the case were tried and Debtors were to lose, then there would not be sufficient funds on hand to pay the unsecured creditors or the administrative claims.

17.     In further support of the third factor that the Court must consider, all parties to the Settlement Agreement were represented by counsel. The parties, via counsel, engaged in many calls and e-mail communications to exchange information regarding the merits of the claims, resulting in the negotiated Settlement. In taking these actions, the Parties ensured that all interests

7

were adequately met in a valid, arms-length bargain ultimately reflected by the Settlement Agreement.

## V.
## GENERAL

18.     In support of this Motion, the following documents are attached hereto and incorporated by reference herein: (1) the Settlement Agreement between the Parties attached as Exhibit "A"; and (2) a proposed Order approving the compromise.

WHEREFORE, based on the foregoing, the Debtors request that the Court enter an order, substantially in the form attached:

(a)     Approve the Motion and allow the parties to compromise and settle the contested claim objection on the terms presented in this Motion pursuant to Bankruptcy Rule 9019, and

(b)     Granting such other and further relief as the Court may deem just and appropriate.

Submitted By:
SMEBERG LAW FIRM, PLLC
By:_____/s/ *Ronald J. Smeberg*_____
RONALD J. SMEBERG
State Bar No. 24033967
4 Imperial Oaks
San Antonio, Texas 78248
210-695-6684 (Tel)
210-598-7357 (Fax)
ron@smeberg.com
ATTORNEY FOR DEBTOR

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2022, true and correct copies of the foregoing motion will be forwarded electronically via the Court's ECF System, or by U.S. first class mail, postage prepaid, on, all parties listed on the attached Service List.

*/s/ Ronald J. Smeberg*
RONALD J. SMEBERG

## SERVICE LIST

**DEBTOR**
KrissJenn Ranch, LLC
410 Spyglass Rd
Mc Queeney, TX 78123-3418

**GOVERNMENT ENTITIES**

Office of the UST
615 E Houston, Room 533
PO Box 1539
San Antonio, TX 78295-1539

U.S. Attorney
Attn: Bkcy Division
601 NW Loop 410, Suite 600
San Antonio, Texas 78216

Internal Revenue Services
Special Procedures Branch
300 E. 8th St. STOP 5026 AUS
Austin, TX 78701

Texas Comptroller of Public Account
Attn: Bankruptcy
P.O. Box 149359
Austin, TX 78714-9359

Angelina County Tax
Assessor
606 E Lufkin Ave,
Lufkin, Texas 75901

Nacogdoches County Tax Assessor Collector
101 West Main Street
Nacogdoches, Texas 75961

Rusk County
202 N Main St,
Henderson, Texas 75652

Shelby County, Tax Collector
200 St. Augustine St.
Center, Texas 75935

Tenaha ISD Tax Assessor-Collector
138 College St
Tenaha, TX 75974-5612

Uvalde Tax Assessor
Courthouse Plaza, Box 8
Uvalde, Texas 78801

**NOTICE PARTIES**

METTAUER LAW FIRM
c/o April Prince
403 Nacogdoches St Ste 1
Center, TX 75935-3810

Albert, Neely & Kuhlmann
1600 Oil & Gas Building
309 W 7th St
Fort Worth, TX 76102-6900

Laura L. Worsham
JONES, ALLEN & FUQUAY, LLP
8828 Greenville Ave.
Dallas, Texas 75243

Craig Crockett
CRAIG M. CROCKETT, PC
5201 Camp Bowie Blvd. #200
Fort Worth, Texas 76107

Christopher S. Johns
JOHNS &COUNSEL PLLC
14101 Highway 290 West, ste 400A
Austin, Texas 78737

Timothy Cleveland
CLEVELAND|TERRAZAS PLLC
4611 Bee Cave Road, ste 306B
Austin, Texas 78746

**SECURED**

**CREIDITORS**

McLeod Oil, LLC
c/o John W. McLeod, Jr.
700 N Wildwood Dr
Irving, TX 75061-8832

**UNSECURED CREIDITORS**

Bigfoot Energy Services
312 W Sabine St
Carthage, TX 75633-2519

C&W Fuels, Inc.
Po Box 40
Hondo, TX 78861-0040

Davis, Cedillo & Mendoza
755 E Mulberry Ave Ste 500
San Antonio, TX 78212-3135

Granstaff Gaedke & Edgmon
5535 Fredericksburg Rd Ste 110
San Antonio, TX 78229-3553

Hopper's Soft Water Service
120 W Frio St
Uvalde, TX 78801-3602

Larry Wright
410 Spyglass Rd
Mc Queeney, TX 78123-3418

Medina Electric
2308 18th St.
Po Box 370
Hondo, TX 78861-0370

Medina's Pest Control
1490 S Homestead Rd
Uvalde, TX 78801-7625

Texas Farm Store
236 E Nopal St
Uvalde, TX 78801-5317

Uvalco Supply
2521 E Main St
Uvalde, TX 78801-4940

Longbranch Energy
c/o DUKE BANISTER RICHMOND
Po Box 175
Fulshear, TX 77441-0175

DMA Properties, Inc.
896 Walnut Street at US 123 BYP
Seneca, SC 29678

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into effective this 9th day of February 2022 (the "Effective Date") by and between McLeod Oil, LLC ("McLeod"); John W. McLeod, Jr.; and Adam W. McLeod (McLeod, John, and Adam, collectively, the "McLeods"); KrisJenn Ranch, LLC ("KJR"), KrisJenn Ranch, LLC Series Uvalde Ranch ("KJR-Uvalde"), and KrisJenn Ranch, LLC-Series Pipeline Row ("KJR-ROW"); and Larry M. Wright ("Wright") (collectively, the "Parties).

## RECITALS

WHEREAS reference is made to (i) that certain Warranty Deed With Vendor's Lien dated August 2, 2004, from Charles D. Arnold and Cindy Arnold Baker, as grantors, to Larry M. Wright, as grantee, recorded in Volume 1649, Page 33, Official Public Records, Webb County, Texas (the "Source Deed"), and the 1912.508 acres of land described by metes and bounds therein, said land being comprised of various amounts of acreage out of seven (7) original surveys, and (ii) the following instruments wherein Larry M. Wright was the grantor (collectively, the "Out-Sale Deeds"): (A) Warranty Deed With Vendor's Lien dated July 29, 2005, from Larry M. Wright, as grantor, to Don Liska and wife, Nancy Liska, as grantees, recorded in Volume 1888, Page 52, Official Public Records, Webb County, Texas; (B) Warranty Deed dated effective November 10, 2005, from Larry Wright, as grantor, to Larry D. Dierking and wife, Sarah M. Dierking, as grantees, recorded in Volume 1965, Page 798, Official Public Records, Webb County, Texas; and (C) Mineral Deed dated November 26, 2007, from Larry Wright, as grantor, to Kyle Lewis Henderson, as grantee, recorded in Volume 2818, Page 671, Official Public Records, Webb County, Texas. Following the Out-Sale Deeds, Wright owned, and still owns, 724.17 net mineral acres out of 1732.627 of the original 1912.508 acres described above (the "Wright Mineral Interests");

WHEREAS McLeod, KJR, and Wright entered into a certain Term Note and Loan Agreement (and related instruments) dated February 8, 2019 (collectively, the "Loan"). Pursuant to the Loan, KrisJenn borrowed $3.4 million from McLeod and promised to pay all amounts owing under the Loan;

WHEREAS the Loan was secured by collateral that included, among other things (i) that certain real property located in Uvalde County, Texas (the "Ranch"), and (ii) the Wright Mineral Interests;

WHEREAS, on or about November 13, 2019, KJR, Wright, and McLeod entered into a Loan Modification Agreement whereby the principal on the loan was increased to $3.5 million;

WHEREAS, on or about December 20, 2019, KJR, Wright, and McLeod, joined by KJR-Uvalde and KJR-ROW (KJR, KJR-Uvalde, and KJR-ROW, collectively, "KrisJenn") entered into a Second Loan Modification Agreement (the "Second Loan Modification"). The Second Loan Modification increased the principal amount owed on the loan to $5.9 million, extended the Maturity Date to August 8, 2021, and added as collateral to the Loan that certain right-of-way and pipeline (the "ROW") that spans approximately 65 miles and runs through Angelina County, Nacogdoches County, Rusk County, and Shelby County in east Texas, being more particularly described in the "Option Memorandum" (defined below);

WHEREAS, on or about December 20, 2019, Wright, KJR-ROW, and McLeod entered into an Option Agreement under which McLeod was granted the option to purchase the ROW (the

*Settlement Agreement and General Release*                                                    Page 1 of 13

"Option"), a Memorandum of which is recorded as Instrument No. 2020-193, Official Records, Nacogdoches County, Texas (the "Option Memorandum"). Under the Option, the "Option Period" (as defined therein) would have expired on February 8, 2021;

WHEREAS, on or about April 23, 2020, McLeod sent a letter to KrisJenn providing notice of an Event of Default ("Default Letter");

WHEREAS, on or about April 27, 2020, KrisJenn instituted the following bankruptcy proceedings pending in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division (collectively, the "Bankruptcy"): (A) Case No. 20-50805-RBK, styled "In Re: KrisJenn Ranch, LLC, Debtor", (B) Case No. 20-51083-RBK, styled "In Re: KrisJenn Ranch, LLC Series Uvalde Ranch, Debtor", and (C) Case No. 20-51084-RBK, styled "In Re: KrisJenn Ranch, LLC Series Pipeline ROW, Debtor", the preceding being jointly administered pursuant to that certain Order signed June 5, 2020;

WHEREAS, on or about November 30, 2020, KrisJenn, Wright, and McLeod entered into a Third Loan Modification Agreement ("Third Loan Modification"). The Third Loan Modification extended the Maturity Date from August 8, 2021 to the later of (i) November 8, 2021; or six months following expiration of the Option Period;

WHEREAS, on or about November 30, 2020, the parties also executed a First Amendment to Option Agreement (the "Option Amendment"). This Option Amendment extended the Option Period to May 8, 2021, with McLeod having two rights to further extend the Option Period to August 8, 2021, and November 8, 2021, respectively;

WHEREAS, on or about On December 9, 2020, the Court entered an Order, permitting the parties to enter into the Third Loan Modification and Option Amendment. McLeod subsequently exercised all of its extension rights and the Option Period was extended to November 8, 2021. As a result, the Maturity Date for the Loan Agreement was extended to six months following the expiration of the Option Period (being May 8, 2022), and all payments—including payments of principal, interest, or otherwise—are presently due to McLeod on May 8, 2022;

WHEREAS, on or about August 26, 2021, with permission of the Court in the Bankruptcy, KrisJenn sold the Ranch; and $6.43M of the sales proceeds were distributed to McLeod the following day, and the remainder of the sale proceeds were deposited into a new Debtor-In-Possession account solely established to hold the sale proceeds (the "New DIP Account"), McLeod's liens thereby attaching to the sale proceeds in the New DIP Account;

WHEREAS a dispute arose between the Parties regarding the following (collectively, the "Dispute"): the Loan (including without limitation the Second Loan Modification and the Third Loan Modification); the Option (including without limitation the Option Amendment); principal, interest, late fees, attorney's fees, and/or other debts owed by and between the Parties; the ROW; and events and circumstances surrounding development of the ROW and negotiation and execution of any of the preceding instruments; and

WHEREAS the Parties now wish to resolve the Dispute and all other issues and matters that exist between them, without any admission of fault, so that they may avoid the hazard and expense of further litigation;

NOW, THEREFORE, for and in consideration of the above Recitals and the promises and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

*Settlement Agreement and General Release*                                    Page 2 of 13

1.     The Parties agree to submit this Agreement to the Bankruptcy Court for approval. This Agreement shall become null and void in all respects if the Bankruptcy Court does not approve it without modification. However, upon approval of this Agreement, the Parties agree as follows:

2.     Within three (3) days of approval by the Bankruptcy Court, KrisJenn shall pay to McLeod THREE HUNDRED AND EIGHTY-FIVE THOUSAND DOLLARS ($385,000.00) (the "Settlement Payment") from the funds in the New DIP Account. The Settlement Payment shall be paid by a cashier's check to "McLeod Oil, LLC" which shall be delivered to Laura Worsham at Jones, Allen & Fuquay, LLP at 8828 Greenville Avenue in Dallas, Texas 75243.

3.     Within three (3) days of approval by the Bankruptcy Court, Wright shall execute and deliver to McLeod the Mineral Deed attached hereto as **Exhibit A** and incorporated by reference herein.

4.     Within three (3) days of approval by the Bankruptcy Court, McLeod shall (i) release all liens and encumbrances associated with the Loan and encumbering the ROW and the Wright Mineral Interests and return fully executed originals of the five (5) Release of Lien documents, attached hereto as **Exhibits B 1-5**, to CJ Muller & Associates, PLLC c/o Charles J. Muller IV at 111 W. Sunset Rd. in San Antonio, Texas 78209; and (ii) release (A) that certain Memorandum of Option Agreement, and (B) Memorandum of First Amendment to Option Agreement, both of which have been recorded with the County Clerks of Nacogdoches, Angelina, Rusk, and Shelby Counties, Texas, and return fully executed originals of the four (4) Release documents, attached hereto as **Exhibits B 6-9**, to CJ Muller & Associates, PLLC c/o Charles J. Muller IV at 111 W. Sunset Rd. in San Antonio, Texas 78209.

5.     McLeod stipulates, agrees, represents, and warrants that it did not transfer or assign the Option and that all rights to purchase the ROW stated in the Option have expired.

6.     Wright stipulates, agrees, represents, and warrants that no portion of the 1912.508 acres described in the Source Deed has ever been, and is not now being, used or claimed by Wright and his wife, Gwen Wright, as their homestead.

7.     McLeod shall vote in favor of KrisJenn's plan of reorganization as Debtor in the Bankruptcy and not object to the plan provided no provision of the plan conflicts with this Agreement; provided, however, that (i) confirmation by the Court of the Debtor's plan of reorganization in the Bankruptcy is not a condition precedent to the validity or effectiveness of this Agreement, and (ii) if the plan of reorganization is not confirmed by the Court in the Bankruptcy, this Agreement shall be unaffected thereby and shall remain in full force and effect, subject to the provisions of paragraph 1, above.

8.     RELEASE BY MCLEOD OIL, LLC; JOHN MCLEOD; AND ADAM MCLEOD: Each of McLeod Oil, LLC, John W. McLeod, Jr., and Adam W. McLeod, on behalf of themselves and their past, present, and future parents, subsidiaries, affiliates, spouses, agents, servants, owners, officers, managers, employees, attorneys (including without limitation the "Creditor Attorneys" [defined below]), accountants, insurers, successors, assigns, representatives, and any and all persons, firms, or companies, in privity with them, for all purposes and for all time, hereby RELEASES, ACQUITS, AND FOREVER DISCHARGES, in all respects, KJR, KJR-Uvalde, KJR-ROW, and Wright and their respective administrators, attorneys (including without limitation the "Debtor Attorneys" [defined below]), officers, directors, managers, shareholders, members,

*Settlement Agreement and General Release*                                    Page 3 of 13

owners, partners, affiliated companies, parent companies, subsidiaries, spouses, assigns, predecessors, successors, related companies, trustees, advisors, insurance carriers, and insurers, from any and all claims, demands, liabilities, damages, and causes of action of any nature, whether existing, threatened, future, known, or unknown, whether accrued presently or in the future, resulting from, airing out of, incident to, or in connection with, directly or indirectly, the Dispute and/or any other occurrences made the basis of the claims and defenses existing between the Parties for any reason whatsoever on or before the date of this Agreement or that could have been asserted in the Bankruptcy. For the purposes of this paragraph 7 and paragraph 8, below, (i) the term "Debtor Attorneys" means, collectively, each of Charles John Muller IV; CJ Muller & Associates, PLLC; Ronald J. Smeberg; The Smeberg Law Firm, PLLC; and their respective administrators, heirs, devisees, spouses, principals, employees, contractors, agents, successors, and assigns, as applicable; and (ii) the term "Creditor Attorneys" means, collectively, each of Laura L. Worsham; Jones, Allen & Fuquay, LLP; William D. Kuhlmann, Jr.; Albert, Neely & Kuhlmann, L.L.P.; Nathaniel W. Kuhlmann; Nathaniel W. Kuhlmann, P.C.; William D. Kuhlmann, III; William D. Kuhlmann III Law, P.C.; and their respective administrators, heirs, devisees, spouses, principals, employees, contractors, agents, successors, and assigns, as applicable.

9.     RELEASE BY KRISJENN AND WRIGHT: Each of KJR, KJR-Uvalde, KJR-ROW, and Wright, on behalf of themselves and their past, present, and future parents, subsidiaries, affiliates, spouses, agents, servants, owners, officers, managers, employees, attorneys (including without limitation the Debtor Attorneys), accountants, insurers, successors, assigns, representatives, and any and all persons, firms, or companies, in privity with them, for all purposes and for all time, hereby RELEASES, ACQUITS, AND FOREVER DISCHARGES, in all respects, McLeod Oil, LLC, John W. McLeod, Jr., and Adam W. McLeod, and their respective administrators, attorneys (including without limitation the Creditor Attorneys), officers, directors, managers, shareholders, members, owners, partners, affiliated companies, parent companies, subsidiaries, spouses, assigns, predecessors, successors, related companies, trustees, advisors, insurance carriers, and insurers from any and all claims, demands, liabilities, damages, and causes of action of any nature, whether existing, threatened, future, known, or unknown, whether accrued presently or in the future, resulting from, airing out of, incident to, or in connection with, directly or indirectly, the Dispute and/or any other occurrences made the basis of the claims and defenses existing between the Parties for any reason whatsoever on or before the date of this Agreement or that could have been asserted in the Bankruptcy.

10.     No Prior Assignment. Each Party represents and warrants that it has not assigned, pledged, or otherwise transferred any right, title, interest, or claim it has or may have that relates to this Agreement.

11.     No Admission of Liability.  The Parties acknowledge that this settlement is a compromise of doubted and disputed claims, and that the consideration described herein has been given by way of compromise to avoid expenses and end the Bankruptcy.  The Parties expressly deny liability for the claims and potential claims that are the subject of this Agreement, and nothing in this Agreement shall be construed as an admission of liability by any Party.

12.     Confidentiality and Non-Disparagement. The Parties agree to keep this Agreement and all matters litigated in the Bankruptcy case confidential and to not disclose such matters to any non-parties except: (i) to their respective tax advisors and attorneys; (ii) as compelled by a subpoena or court of competent jurisdiction, in which case the other Party shall be provided at least 5-days' written notice and an opportunity to object; or (iii) as required by law. The Parties

also agree to not make statements, encourage others to make statements, or release information that would or is reasonably expected to disparage or defame any other Party or any business owned or controlled by another Party. For purposes of this paragraph, a disparaging statement or representation is any communication that, if publicized to another, would cause or tend to cause the recipient of the communication to question the integrity, competence, good character, or business condition of the person or entity to whom the communication relates. Further, the McLeods will not make any representation whatsoever to other persons about the ROW, including but not limited to representations regarding the quality or nature of the ROW, the value of the ROW, any encumbrance or potential encumbrance to the ROW, or any information the McLeods may have requested or received during the Option Period that relates to the ROW. These covenants are a material inducement to this Agreement and may result in an award of actual damages and attorneys' fees for each breach.

13.     Successors and Assigns.  This Agreement shall be binding upon and inure to the benefit of the Parties and their respective agents, successors, assigns, insurance carriers, insurers, and legal representatives.

14.     Entire Agreement.  This Agreement reflects the entire agreement between the Parties with regard to the subject matter of the Agreement.  There are no other agreements or understandings between the Parties, either written or oral, with regard to the subject matter hereof, and the execution of this Agreement supersedes and cancels any earlier representations, negotiations, understandings, or agreements between the Parties regarding the subject matter. This Agreement cannot be changed, modified, amended, or terminated except by a writing signed by all of the Parties hereto.  No waiver of any of the terms of this Agreement shall be valid unless in writing and signed by the waiving Party.

15.     No Reliance or Inducement.  Each party warrants to the other that no promise, inducement or agreement not expressed in this Agreement or any other settlement document has been made to or with, as applicable, him or it in connection with this Agreement, and that each party relied solely upon his or its own judgment or knowledge.

16.     Severability.  If any of the provisions, terms, or clauses of this Agreement are declared illegal, unenforceable, or ineffective in a court of competent jurisdiction, those provisions, terms, or clauses shall be deemed severable, such that all other provisions, terms, and clauses of the Agreement shall remain valid and binding upon the Parties.  If any provision, term, or clause of this Agreement is so severed, there shall be added in its place a provision as similar in terms to such illegal or unenforceable provision as may be possible, legal, valid, and enforceable. The Parties agree that the court can and should enforce this Agreement to the maximum extent allowed by law.

17.     Joint Drafting.  The Parties have participated jointly in drafting and negotiating this Agreement.  In the event an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by the Parties, and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any of the provisions of this Agreement.

18.     No Duress or Coercion.  Each Party represents and warrants that it has received, or has had the opportunity to receive, independent legal advice from its attorneys with respect to the advisability of making the agreements provided for herein, and with respect to the execution of

this Agreement. Each Party represents and warrants that it has read and understood this Agreement and freely and voluntarily entered into this Agreement.

19.  Governing Law and Venue.  This Agreement is entered into in the State of Texas and shall be governed, construed, and enforced according to the laws of the State of Texas, notwithstanding any choice of law rules or other principles that would refer the matter to the laws of another jurisdiction.  Any action arising from or related to this Agreement shall be brought in the district courts located in Bexar County, Texas, and each Party irrevocably submits to the exclusive jurisdiction of such courts in any such action or proceeding and waives any objection or challenge to the venue or jurisdiction of such courts.

20.  Counterparts.  The Parties understand and agree that this Agreement may be executed in counterparts, each of which shall be deemed an original for all purposes, and that the signature pages may be facsimile or electronically-transmitted copies.  Each Party confirms and agrees that any facsimile or electronically-transmitted copy of such Party's executed counterpart of this Agreement (or its signature page thereof) shall be deemed to be an executed original.

21.  Authority to Execute.  By signing below, each Party warrants and represents that the person signing this Agreement on its behalf is legally competent and authorized to bind that Party.

**(Signature Pages Attached.)**

IN WITNESS THEREOF, the undersigned Parties execute this Settlement Agreement and General Release as of the Effective Date.

MCLEOD OIL, LLC

By: _____

John W. McLeod, Jr., Manager

_____

John W. McLeod, Jr., Individually

_____

Adam W. McLeod, Individually

## ACKNOWLDEGMENTS

STATE OF TEXAS §
COUNTY OF _Dallas_ §

This instrument was acknowledged before me on the __9__ day of February 2022, by John W. McLeod, Jr., individually and as a Manager of McLeod Oil, LLC.

_Regina Ann Trice_
Notary Public, State of Texas

STATE OF TEXAS §
COUNTY OF _Dallas_ §

> REGINA ANN TRICE
> Notary ID #129145780
> My Commission Expires
> October 1, 2024

This instrument was acknowledged before me on the __9__ day of February 2022, by Adam W. McLeod, individually and as a Manager of McLeod Oil, LLC.

_Regina Ann Trice_
Notary Public, State of Texas

> REGINA ANN TRICE
> Notary ID #129145780
> My Commission Expires
> October 1, 2024

_Settlement Agreement and General Release_

Page 8 of 13

IN WITNESS THEREOF, the undersigned Parties execute this Settlement Agreement and General Release as of the Effective Date.

KRISJENN RANCH, LLC

By: _____

Larry Wright, Manager

KRISJENN RANCH, LLC SERIES UVALDE RANCH

By: _____

Larry Wright, Manager

KRISJENN RANCH, LLC-SERIES PIPELINE ROW

By: _____

Larry Wright, Manager

_____

Larry Wright, Individually

## ACKNOWLDEGMENTS

STATE OF TEXAS     §
          §
COUNTY OF _Bexar_    §

    This instrument was acknowledged before me on the _1st_ day of February 2022, Larry M. Wright, Manager of KrisJenn Ranch, L.L.C., a Texas limited liability company, on behalf of said limited liability company.



Notary Public, State of Texas

> TONDA RAE SUTTON
> Notary Public, State of Texas
> Comm. Expires 08-08-2023
> Notary ID 132122102

STATE OF TEXAS     §
          §
COUNTY OF BEXAR   §

    This instrument was acknowledged before me on the _1st_ day of February 2022, Larry M. Wright, Manager of KrisJenn Ranch, L.L.C.-Series Pipeline ROW, a series of KrisJenn Ranch, L.L.C., a Texas limited liability company, on behalf of said limited liability company.



Notary Public, State of Texas

> TONDA RAE SUTTON
> Notary Public, State of Texas
> Comm. Expires 08-08-2023
> Notary ID 132122102

STATE OF TEXAS     §
          §
COUNTY OF BEXAR   §

    This instrument was acknowledged before me on the _1st_ day of February 2022, Larry M. Wright, Manager of KrisJenn Ranch, L.L.C.- a Texas limited liability company, on behalf of said limited liability company.



Notary Public, State of Texas

> TONDA RAE SUTTON
> Notary Public, State of Texas
> Comm. Expires 08-08-2023
> Notary ID 132122102

*Settlement Agreement and General Release*         Page 10 of 13

STATE OF TEXAS     §
                     §

COUNTY OF BEXAR   §

    This instrument was acknowledged before me on the 1st_____ day of February 2022, by Larry M. Wright.

Notary Public, State of Texas

TONDA RAE SUTTON
Notary Public, State of Texas
Comm. Expires 08-08-2023
Notary ID 132122102

*Settlement Agreement and General Release*                  Page 11 of 13

# Exhibit A

**Form of Mineral Deed**

**[see attached[**

## MINERAL DEED

| THE STATE OF TEXAS | § | |
| --- | --- | --- |
| | § | **KNOW ALL BY THESE PRESENTS:** |
| **COUNTY OF WEBB** | § | |

NOTICE OF CONFIDENTIALITY RIGHTS:  IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS:  YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

WHEREAS, reference is made to that certain Warranty Deed With Vendor's Lien dated August 2, 2004, from Charles D. Arnold and Cindy Arnold Baker, as grantors, to Larry M. Wright, as grantee, recorded in Volume 1649, Page 33, Official Public Records, Webb County, Texas (the "Source Deed"), and the 1912.508 acres of land described by metes and bounds therein (said 1912.508 acres, the "Original Land"), said Original Land being comprised of various amounts of acreage out of seven (7) original surveys as set forth on Exhibit "1" attached hereto and made a part hereof by reference; and

WHEREAS, further reference is made to the following instruments wherein Larry M. Wright was the grantor (collectively, the "Out-Sale Deeds"): (a) Warranty Deed With Vendor's Lien dated July 29, 2005, from Larry M. Wright, as grantor, to Don Liska and wife, Nancy Liska, as grantees, recorded in Volume 1888, Page 52, Official Public Records, Webb County, Texas; (b) Warranty Deed dated effective November 10, 2005, from Larry Wright, as grantor, to Larry D. Dierking and wife, Sarah M. Dierking, as grantees, recorded in Volume 1965, Page 798, Official Public Records, Webb County, Texas; and (c) Mineral Deed dated November 26, 2007, from Larry Wright, as grantor, to Kyle Lewis Henderson, as grantee, recorded in Volume 2818, Page 671, Official Public Records, Webb County, Texas; and

WHEREAS, following the Out-Sale Deeds, Larry M. Wright (i) retained no mineral interest in 179.881 acres described in the Warranty Deed and Mineral Deed referenced in parts (b) and (c) of the previous paragraph, respectively, and (ii) owned, and still owns, the undivided percentage interests (collectively, the "Wright Undivided Percentage Interests") in and to all of the oil, gas, and other liquid or gaseous hydrocarbons produced in association with oil and/or gas (collectively, the "Hydrocarbons") in, on, under, and/or that may be produced from each of the tracts lying within the bounds of the remaining 1732.627 acres (i.e., all of the Original Land, less and except the 179.881 acres referenced above; and hereinafter, the "Retained Land") as set forth on Exhibit "2" attached hereto and made a part hereof by reference, totaling 724.17 net mineral acres in the aggregate (such Wright Undivided Percentage Interests in and to the Hydrocarbons in, on, under, and/or that may be produced from each of the tracts comprising the Retained Land, collectively, the "Wright Mineral Interest"); and

WHEREAS, Larry M. Wright intends to convey to McLeod Oil, LLC, a Texas limited liability company, Twenty-Two and 785/100 Percent (22.785%) of 8/8 of the Wright Mineral Interest, which conveyed percentage will total 165 net mineral acres in the aggregate out of the Retained Land (determined with reference to the calculation of gross acreage set forth in the

description of the Original Land in the Source Deed, and the descriptions set forth in the Out-Sale Deeds);

NOW, THEREFORE, Larry M. Wright, an individual ("Grantor"), not joined herein by his spouse because no portion of the Original Land forms any part of their homestead, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration paid in hand by McLeod Oil, LLC, a Texas limited liability company ("Grantee"), whose mailing address is 700 North Wildwood Drive, Irving, Texas 75061, the receipt and sufficiency of which being hereby agreed to, acknowledged, and confessed, has GRANTED, SOLD, and CONVEYED, and by these presents does GRANT, SELL, and CONVEY, unto said Grantee an undivided Twenty-Two and 785/100 Percent (22.785%) of 8/8 of the Wright Mineral Interest and being all of the following (collectively, the "Property"): (i) an undivided 22.785% of 8/8 of the Wright Undivided Percentage Interests in and to all of the Hydrocarbons in, on, under, and/or that may be produced from each of the tracts comprising the Retained Land, respectively, (ii) an undivided 22.785% of 8/8 of the Wright Undivided Percentage Interests in and to the rights of ingress and egress over, under, through, and across each of the tracts comprising the Retained Land and the implied right to use the surface of same for the purposes of exploring for, producing, and otherwise developing said Hydrocarbons, (iii) an undivided 22.785% of 8/8 of the Wright Undivided Percentage Interests in and to the rights of the lessor(s) under any valid and existing oil and gas leases presently in effect covering all or any part of the Hydrocarbons in, on, under, and/or that may be produced from any of the tracts comprising the Retained Land, including all rents, royalties, bonuses, and other benefits that may accrue thereunder (provided, however, that this reference does not constitute an acknowledgment of the existence or viability of any lease, nor a ratification, adoption, or revivor of any terminated or expired lease or interest); and (iv) an undivided 22.785% of 8/8 of the Wright Undivided Percentage Interests in and to the executive rights, the rights to develop, and the rights to bonus, delay rentals, and royalties, all in and to the Hydrocarbons in, on, under, and/or that may be produced from each of the tracts comprising the Retained Land. After giving effect to the conveyance set forth above, Grantor and Grantee (by its acceptance hereof) intend that they will own the undivided percentage interests (and hence the net mineral acres) set forth on Exhibit "3" attached hereto and made a part hereof by reference.

Grantor and Grantee (by its acceptance hereof) stipulate and agree that this instrument is intended as a conveyance, not a quit claim.

This conveyance and the special warranty of title herein are expressly made subject to rights of parties in possession (if any), easements and/or rights of use apparent from a visual examination of the Land (whether of record or not), taxes imposed by any federal, state, or local governmental authority and liens securing the payment of same (whether inchoate or not), and all of the terms and provisions of all existing leases, contracts, instruments, and other documents filed for record in the offices of the County and District Clerks of Webb County, Texas covering or affecting the Hydrocarbons, the Wright Mineral Interest, and/or the Retained Land (collectively, the "Permitted Exceptions").

TO HAVE AND TO HOLD the Property, subject to the Permitted Exceptions, unto Grantee, and Grantee's successors and assigns forever; and Grantor does hereby bind Grantor, and Grantor's successors and assigns, to WARRANT and FOREVER DEFEND all and singular the Property unto Grantee, and Grantee's successors and assigns, against every person whomsoever

lawfully claiming or to claim the same or any part thereof, when the claim is by, through, or under Grantor, but not otherwise, but subject, however, to the Permitted Exceptions.

IN WITNESS WHEREOF, this Mineral Deed is executed by Grantor to be effective for all purposes as of the __ day of February, 2022.

**GRANTOR**:

EXHIBIT – DO NOT EXECUTE
Larry M. Wright, an individual

**ACKNOWLEDGMENT**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF _____ | § |

The foregoing instrument was acknowledged before me on this ___ day of February, 2022, by Larry M. Wright, individually.

EXHIBIT – DO NOT EXECUTE
Notary Public in and for the State of Texas

## EXHIBIT "1"

| Survey No. | Abstract No. | Original Grantee | Gross Acres |
|---|---|---|---|
| | | | |
| 3 | 1429 | H.&G.N. RR Co. | 54.108 |
| 5 | 1431 | H.&G.N. RR Co. | 27.773 |
| 9 | 881 | B.S. & F. | 658.790 |
| 331 | 1435 | H.&G.N. RR Co. | 181.502 |
| 335 | 1433 | H.&G.N. RR Co. | 302.180 |
| 336 | 1973 | Lee Adams | 568.820 |
| 337 | 1235 | J.H. Gibson | 119.335 |
| | | | |
| | | Total: | 1912.508 |

## EXHIBIT "2"

| Survey No. | Abstract No. | Tract Gross Acres* | Wright Undivided Percentage Interests** | Net Mineral Acres*** |
|---|---|---|---|---|
| 3 | 1429 | 54.108 | 49.00% | 26.513 |
| 5 | 1431 | 27.773 | 49.00% | 13.609 |
| 9 | 881 | 325.145 | 39.00% | 126.807 |
|   |   | 153.764 | 49.00% | 75.344 |
| 331 | 1435 | 181.502 | 49.00% | 88.936 |
| 335 | 1433 | 302.180 | 39.00% | 117.850 |
| 336 | 1973 | 501.525 | 39.00% | 195.595 |
|   |   | 67.295 | 49.00% | 32.975 |
| 337 | 1235 | 119.335 | 39.00% | 46.541 |
|   | Total: | 1732.627 |   | 724.17 |

\*    The Gross Acres in each tract are taken from the Source Deed after giving effect to the amounts of acreage covered by the Out-Sale Deeds. Reference is made to the Source Deed and Out-Sale Deeds for applicable legal descriptions.

\*\*    These percentage interests are of 8/8.

\*\*\*  The Net Mineral Acres are determined with reference to the calculation of gross acreage set forth in the description of the Original Land in the Source Deed, and the descriptions set forth in the Out-Sale Deeds. To the extent of a conflict between the percentage interests and the corresponding amounts of net mineral acres, the percentage interests shall control.

### EXHIBIT "3"

| Survey No. | Abstract No. | Tract Gross Acres* | Grantee's Undivided Percentage Interests** | Grantee's Net Mineral Acres*** | Grantor's Retained Undivided Percentage Interests** | Grantor's Net Mineral Acres*** |
|---|---|---|---|---|---|---|
| | | | | | | |
| 3 | 1429 | 54.108 | 11.165% | 6.041 | 37.835% | 20.472 |
| 5 | 1431 | 27.773 | 11.165% | 3.101 | 37.835% | 10.508 |
| 9 | 881 | 325.145 | 8.886% | 28.892 | 30.114% | 97.915 |
| | | 153.764 | 11.165% | 17.168 | 37.835% | 58.176 |
| 331 | 1435 | 181.502 | 11.165% | 20.264 | 37.835% | 68.672 |
| 335 | 1433 | 302.180 | 8.886% | 26.852 | 30.114% | 90.998 |
| 336 | 1973 | 501.525 | 8.886% | 44.565 | 30.114% | 151.03 |
| | | 67.295 | 11.165% | 7.513 | 37.835% | 25.462 |
| 337 | 1235 | 119.335 | 8.886% | 10.604 | 30.114% | 35.937 |
| | | | | | | |
| | Total: | 1732.627 | | 165.000 | | 559.170 |

\*    The Gross Acres in each tract are taken from the Source Deed after giving effect to the amounts of acreage covered by the Out-Sale Deeds. Reference is made to the Source Deed and Out-Sale Deeds for applicable legal descriptions.

\*\*    These percentage interests are of 8/8.

\*\*\*    The Net Mineral Acres are determined with reference to the calculation of gross acreage set forth in the description of the Original Land in the Source Deed, and the descriptions set forth in the Out-Sale Deeds. To the extent of a conflict between the percentage interests and the corresponding amounts of net mineral acres, the percentage interests shall control.

# Exhibit B

Exhibit B-1: Release of Lien – Shelby County

Exhibit B-2: Release of Lien – Rusk County

Exhibit B-3: Release of Lien – Nacogdoches County

Exhibit B-4: Release of Lien – Angelina County

Exhibit B-5: Release of Lien – Webb County

Exhibit B-6: Release of Memoranda – for filing in Shelby County

Exhibit B-7: Release of Memoranda – for filing in Rusk County

Exhibit B-8: Release of Memoranda – for filing in Nacogdoches County

Exhibit B-9: Release of Memoranda – for filing in Angelina County

**[see attached]**

# Exhibit B-1

## RELEASE OF LIEN

## SHELBY COUNTY

**Date**: _____, 2022

**Holder of Note and Lien**: McLeod Oil, LLC, a Texas limited liability company

**Holder's Mailing Address**: 700 N. Wildwood Dr., Irving, Texas 75061

**Note**:

    **Date**: February 8, 2019

    **Original principal amount**: $3,400,000.00 and subsequently increased to $5,900,000.00

    **Borrower**: Krisjenn Ranch, LLC, a Texas limited liability company

    **Lender**: McLeod Oil, LLC, a Texas limited liability company

**Note and Lien Are Described in the Following Documents, Recorded as follows**:

1. Memorandum of Second Modification filed for record on January 10, 2020, and recorded as Instrument Number 2020000083, Official Public Records of Shelby County, Texas.

**Property (including any improvements) ("Property")**:

    That certain real property located in Shelby County, Texas and described in the Memorandum of Second Modification filed for record on January 10, 2020, and recorded as Instrument Number 2020000083, Official Public Records of Shelby County, Texas.

    Holder of Note and Lien represents and warrants to Borrower that it is the owner and holder of the Note and Lien described above.

    Holder of Note and Lien acknowledges payment in full of the Note and, for value received, releases the Property from the Lien and from all liens held by Holder of Note and Lien, without regard to how they were created or evidenced.

    Holder of Note and Lien expressly waives and releases all present and future rights to establish or enforce the Lien as security for payment of any future or other indebtedness.

When the context requires, singular nouns and pronouns include the plural.

**EXECUTED TO BE EFFECTIVE AS OF THE DATE FIRST WRITTEN ABOVE**

**HOLDER OF NOTE AND LIEN**

McLeod Oil, LLC,
a Texas limited liability company

By: EXHIBIT – DO NOT EXECUTE
John W. McLeod, Jr., Manager

STATE OF _____          §
                                          §
COUNTY OF _____            §

   This instrument was acknowledged before me on the _____ day of _____ 2022 by, John W. McLeod, Jr., the Manager of McLeod Oil, LLC, a Texas limited liability company, on behalf of said company.

[NOTARY STAMP]          EXHIBIT – DO NOT EXECUTE
                        Notary Public, State of _____

AFTER RECORDING RETURN TO:

Charles J. Muller, IV, Esq.
111 West Sunset
San Antonio, Texas 78209

# Exhibit B-2

## RELEASE OF LIEN

### RUSK COUNTY

**Date**: _____, 2022

**Holder of Note and Lien**: McLeod Oil, LLC, a Texas limited liability company

**Holder's Mailing Address**: 700 N. Wildwood Dr., Irving, Texas 75061

**Note**:

       **Date**: February 8, 2019

       **Original principal amount**: $3,400,000.00 and subsequently increased to $5,900,000.00

       **Borrower**: Krisjenn Ranch, LLC, a Texas limited liability company

       **Lender**: McLeod Oil, LLC, a Texas limited liability company

**Note and Lien Are Described in the Following Documents, Recorded as follows**:

1. Memorandum of Second Modification filed for record on January 10, 2020, and recorded in Volume 3681, Page 347, Official Public Records of Rusk County, Texas.

**Property (including any improvements) ("Property")**:

       That certain real property located in Rusk County, Texas and described in the Memorandum of Second Modification filed for record on January 10, 2020, and recorded in Volume 3681, Page 347, Official Public Records of Rusk County, Texas.

       Holder of Note and Lien represents and warrants to Borrower that it is the owner and holder of the Note and Lien described above.

       Holder of Note and Lien acknowledges payment in full of the Note and, for value received, releases the Property from the Lien and from all liens held by Holder of Note and Lien, without regard to how they were created or evidenced.

       Holder of Note and Lien expressly waives and releases all present and future rights to establish or enforce the Lien as security for payment of any future or other indebtedness.

When the context requires, singular nouns and pronouns include the plural.

**EXECUTED TO BE EFFECTIVE AS OF THE DATE FIRST WRITTEN ABOVE**

**HOLDER OF NOTE AND LIEN**

McLeod Oil, LLC,
a Texas limited liability company

By: EXHIBIT – DO NOT EXECUTE
    John W. McLeod, Jr., Manager


STATE OF _____          §
                                          §
COUNTY OF _____             §

This instrument was acknowledged before me on the _____ day of _____ 2022 by, John W. McLeod, Jr., the Manager of McLeod Oil, LLC, a Texas limited liability company, on behalf of said company.


[NOTARY STAMP]                EXHIBIT – DO NOT EXECUTE
                              Notary Public, State of _____


AFTER RECORDING RETURN TO:

Charles J. Muller, IV, Esq.
111 West Sunset
San Antonio, Texas 78209

# Exhibit B-3

### RELEASE OF LIEN

### NACOGDOCHES COUNTY

**Date**: _____, 2022

**Holder of Note and Lien**: McLeod Oil, LLC, a Texas limited liability company

**Holder's Mailing Address**: 700 N. Wildwood Dr., Irving, Texas 75061

**Note:**

    **Date**: February 8, 2019

    **Original principal amount**: $3,400,000.00 and subsequently increased to $5,900,000.00

    **Borrower**:  Krisjenn Ranch, LLC, a Texas limited liability company

    **Lender:**  McLeod Oil, LLC, a Texas limited liability company

**Note and Lien Are Described in the Following Documents, Recorded as follows**:

1.  Memorandum of Second Modification filed for record on January 9, 2020, and recorded as Instrument Number 2020-181, Official Records of Nacogdoches County, Texas.

**Property (including any improvements) ("Property")**:

    That certain real property located in Nacogdoches County, Texas and described in the Memorandum of Second Modification filed for record on January 9, 2020, and recorded as Instrument Number 2020-181, Official Records of Nacogdoches County, Texas.

    Holder of Note and Lien represents and warrants to Borrower that it is the owner and holder of the Note and Lien described above.

    Holder of Note and Lien acknowledges payment in full of the Note and, for value received, releases the Property from the Lien and from all liens held by Holder of Note and Lien, without regard to how they were created or evidenced.

    Holder of Note and Lien expressly waives and releases all present and future rights to establish or enforce the Lien as security for payment of any future or other indebtedness.

When the context requires, singular nouns and pronouns include the plural.

**EXECUTED TO BE EFFECTIVE AS OF THE DATE FIRST WRITTEN ABOVE**

**HOLDER OF NOTE AND LIEN**

McLeod Oil, LLC,
a Texas limited liability company

By: <u>EXHIBIT – DO NOT EXECUTE</u>
    John W. McLeod, Jr., Manager

STATE OF _____        §
                                               §
COUNTY OF _____        §

        This instrument was acknowledged before me on the _____ day of _____ 2022 by, John W. McLeod, Jr., the Manager of McLeod Oil, LLC, a Texas limited liability company, on behalf of said company.

[NOTARY STAMP]                    <u>EXHIBIT – DO NOT EXECUTE</u>
                                      Notary Public, State of _____

AFTER RECORDING RETURN TO:

Charles J. Muller, IV, Esq.
111 West Sunset
San Antonio, Texas 78209

# Exhibit B-4

## RELEASE OF LIEN

## ANGELINA COUNTY

**Date**: _____, 2022

**Holder of Note and Lien**: McLeod Oil, LLC, a Texas limited liability company

**Holder's Mailing Address**:  700 N. Wildwood Dr., Irving, Texas 75061

**Note:**

    **Date**:  February 8, 2019

    **Original principal amount**: $3,400,000.00 and subsequently increased to $5,900,000.00

    **Borrower**:  Krisjenn Ranch, LLC, a Texas limited liability company

    **Lender:**  McLeod Oil, LLC, a Texas limited liability company

**Note and Lien Are Described in the Following Documents, Recorded as follows**:

1.  Memorandum of the Second Modification filed for record on January 10, 2020, and recorded as Instrument Number 2020-00390110, Official Public Records of Angelina County, Texas.

**Property (including any improvements) ("Property")**:

    That certain real property located in Angelina County, Texas and described in the Memorandum of Second Modification filed for record on January 10, 2020, and recorded as Instrument Number 2020-00390110, Official Public Records of Angelina County, Texas.

    Holder of Note and Lien represents and warrants to Borrower that it is the owner and holder of the Note and Lien described above.

    Holder of Note and Lien acknowledges payment in full of the Note and, for value received, releases the Property from the Lien and from all liens held by Holder of Note and Lien, without regard to how they were created or evidenced.

    Holder of Note and Lien expressly waives and releases all present and future rights to establish or enforce the Lien as security for payment of any future or other indebtedness.

When the context requires, singular nouns and pronouns include the plural.

**EXECUTED TO BE EFFECTIVE AS OF THE DATE FIRST WRITTEN ABOVE**

**HOLDER OF NOTE AND LIEN**

McLeod Oil, LLC,
a Texas limited liability company

By: <u>EXHIBIT – DO NOT EXECUTE</u>
    John W. McLeod, Jr., Manager

STATE OF _____ §
                                        §
COUNTY OF _____ §

       This instrument was acknowledged before me on the \_\_\_\_\_ day of _____ 2022 by, John W. McLeod, Jr., the Manager of McLeod Oil, LLC, a Texas limited liability company, on behalf of said company.

[NOTARY STAMP]           <u>EXHIBIT – DO NOT EXECUTE</u>
                                  Notary Public, State of _____

AFTER RECORDING RETURN TO:

Charles J. Muller, IV, Esq.
111 West Sunset
San Antonio, Texas 78209

# Exhibit B-5

### RELEASE OF LIEN

### WEBB COUNTY

**Date**: _____, 2022

**Holder of Note and Lien**: McLeod Oil, LLC, a Texas limited liability company

**Holder's Mailing Address**: 700 N. Wildwood Dr., Irving, Texas 75061

**Note:**

> **Date**: February 8, 2019
>
> **Original principal amount**: $3,400,000.00 and subsequently increased to $5,900,000.00
>
> **Borrower**: Krisjenn Ranch, LLC, a Texas limited liability company
>
> **Lender**: McLeod Oil, LLC, a Texas limited liability company

**Note and Lien Are Described in the Following Documents, Recorded as follows**:

1. Memorandum of the Second Modification filed for record on January 10, 2020, and recorded in Volume 4720, Page 744, Official Public Records of Webb County, Texas.

**Property (including any improvements) ("Property")**:

> That certain real property located in Angelina County, Texas and described in the Memorandum of Second Modification filed for record on January 10, 2020, and recorded in Volume 4720, Page 744, Official Public Records of Webb County, Texas.

Holder of Note and Lien represents and warrants to Borrower that it is the owner and holder of the Note and Lien described above.

Holder of Note and Lien acknowledges payment in full of the Note and, for value received, releases the Property from the Lien and from all liens held by Holder of Note and Lien, without regard to how they were created or evidenced.

Holder of Note and Lien expressly waives and releases all present and future rights to establish or enforce the Lien as security for payment of any future or other indebtedness.

When the context requires, singular nouns and pronouns include the plural.

**EXECUTED TO BE EFFECTIVE AS OF THE DATE FIRST WRITTEN ABOVE**

**HOLDER OF NOTE AND LIEN**

McLeod Oil, LLC,
a Texas limited liability company

By: <u>EXHIBIT – DO NOT EXECUTE</u>
     John W. McLeod, Jr., Manager

STATE OF _____ §
                                 §
COUNTY OF _____ §

     This instrument was acknowledged before me on the _____ day of _____ 2022 by, John W. McLeod, Jr., the Manager of McLeod Oil, LLC, a Texas limited liability company, on behalf of said company.

[NOTARY STAMP]          <u>EXHIBIT – DO NOT EXECUTE</u>
                            Notary Public, State of _____

AFTER RECORDING RETURN TO:

Charles J. Muller, IV, Esq.
111 West Sunset
San Antonio, Texas 78209

# Exhibit B-6

## RELEASE OF MEMORANDUMS OF OPTION AGREEMENT AND FIRST AMENDMENT TO OPION AGREEMENT

### SHELBY COUNTY

This Release of Memorandums of Option Agreement and First Amendment to Option Agreement (this "Release") is by and between (i) KrisJenn Ranch, L.L.C.-Series Pipeline ROW, a series of KrisJenn Ranch, L.L.C., a Texas limited liability company ("Optionor"), (ii) Larry M. Wright ("Wright"), and (iii) McLeod Oil, LLC, a Texas limited liability company ("Optionee"; and Optionor, Wright, and Optionee, collectively, the "Parties"), to be effective as of the ___ day of February, 2022, to wit:

WHEREAS, reference is made to (i) that certain Memorandum of Option Agreement dated effective December 20, 2019, recorded (a) as Instrument No. 2020-00390109, Official Public Records, Angelina County, Texas, (b) as Instrument No. 2020-193, Official Records, Nacogdoches County, Texas, (c) in Volume 3681, Page 300, Official Public Records, Rusk County, Texas, and (d) as Instrument No. 2020000082, Official Public Records, Shelby County, Texas (the "Option Agreement Memorandum"), placing the public on constructive notice of that certain Option Agreement, also dated effective December 20, 2019 (the "Option Agreement"), covering certain real property interests in Angelina, Nacogdoches, Shelby and Rusk Counties, Texas, being more particularly described in the Option Agreement Memorandum; and (ii) that certain Memorandum of First Amendment to Option Agreement dated effective November 30, 2020, recorded (w) as Instrument No. 2020-00401738, Official Public Records, Angelina County, Texas, (x) as Instrument No. 2020-9023, Official Records, Nacogdoches County, Texas, (y) in Volume 3746, Page 61, Official Public Records, Rusk County, Texas, and (z) as Instrument No. 20200003843, Official Public Records, Shelby County, Texas (the "First Amendment Memorandum"), placing the public on constructive notice of that certain First Amendment to Option Agreement, also dated effective November 30, 2020, which amended certain terms contained in the Option Agreement; and

WHEREAS, Optionor, Wright, and Optionee now desire to terminate and release the Option Agreement Memorandum and the First Amendment Memorandum from (i) the Official Public Records of Angelina County, Texas, (ii) the Official Records of Nacogdoches County, Texas, (iii) the Official Public Records of Rusk County, Texas, and (iv) the Official Public Records of Shelby County, Texas;

NOW, THEREFORE, in consideration of the mutual covenants to be bound hereby, and for other good and valuable consideration, the receipt and sufficiency of which being acknowledged by the Parties hereto, Optionor, Wright, and Optionee hereby agree as follows:

1.      The Parties hereby terminate and release the Option Agreement Memorandum and the First Amendment Memorandum.

2.    This Release may be executed in multiple counterparts, all of which taken together will constitute this Release.  Counterpart executions hereof may be assembled in lieu of original counterparts hereof and shall be considered original executions for all purposes.

EXECUTED to be effective as of the date set forth above:


**OPTIONOR**


KrisJenn Ranch, L.L.C.-Series Pipeline ROW,
a series of KrisJenn Ranch, L.L.C.,
a Texas limited liability company


By:    EXHIBIT – DO NOT EXECUTE
       Larry M. Wright, Manager


**WRIGHT**

EXHIBIT – DO NOT EXECUTE
Larry M. Wright

**ACKNOWLEDGMENTS**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF _____ | § |

This instrument was acknowledged before me on this ___ day of February, 2022, by Larry M. Wright, Manager of KrisJenn Ranch, L.L.C.-Series Pipeline ROW, a series of KrisJenn Ranch, L.L.C., a Texas limited liability company, on behalf of said limited liability company.

EXHIBIT – DO NOT EXECUTE
Notary Public in and for the State of Texas


| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF _____ | § |

This instrument was acknowledged before me on this ___ day of February, 2022, by Larry M. Wright.

EXHIBIT – DO NOT EXECUTE
Notary Public in and for the State of Texas


*[additional signature follows on next page]*

EXECUTED to be effective as of the date set forth above:

**OPTIONEE**

McLeod Oil, LLC,
a Texas limited liability company

By:    EXHIBIT – DO NOT EXECUTE
       John W. McLeod, Jr., Manager

## ACKNOWLEDGMENT

STATE OF TEXAS              §
                           §
COUNTY OF _____    §

       This instrument was acknowledged before me on this ___ day of February, 2022, by John W. McLeod, Jr., Manager of McLeod Oil, LLC, a Texas limited liability company, on behalf of said limited liability company.

                    EXHIBIT – DO NOT EXECUTE
                    Notary Public in and for the State of Texas

# Exhibit B-7

### RELEASE OF MEMORANDUMS OF OPTION AGREEMENT AND
### FIRST AMENDMENT TO OPTION AGREEMENT

### RUSK COUNTY

This Release of Memorandums of Option Agreement and First Amendment to Option Agreement (this "Release") is by and between (i) KrisJenn Ranch, L.L.C.-Series Pipeline ROW, a series of KrisJenn Ranch, L.L.C., a Texas limited liability company ("Optionor"), (ii) Larry M. Wright ("Wright"), and (iii) McLeod Oil, LLC, a Texas limited liability company ("Optionee"; and Optionor, Wright, and Optionee, collectively, the "Parties"), to be effective as of the ___ day of February, 2022, to wit:

WHEREAS, reference is made to (i) that certain Memorandum of Option Agreement dated effective December 20, 2019, recorded (a) as Instrument No. 2020-00390109, Official Public Records, Angelina County, Texas, (b) as Instrument No. 2020-193, Official Records, Nacogdoches County, Texas, (c) in Volume 3681, Page 300, Official Public Records, Rusk County, Texas, and (d) as Instrument No. 2020000082, Official Public Records, Shelby County, Texas (the "Option Agreement Memorandum"), placing the public on constructive notice of that certain Option Agreement, also dated effective December 20, 2019 (the "Option Agreement"), covering certain real property interests in Angelina, Nacogdoches, Shelby and Rusk Counties, Texas, being more particularly described in the Option Agreement Memorandum; and (ii) that certain Memorandum of First Amendment to Option Agreement dated effective November 30, 2020, recorded (w) as Instrument No. 2020-00401738, Official Public Records, Angelina County, Texas, (x) as Instrument No. 2020-9023, Official Records, Nacogdoches County, Texas, (y) in Volume 3746, Page 61, Official Public Records, Rusk County, Texas, and (z) as Instrument No. 20200003843, Official Public Records, Shelby County, Texas (the "First Amendment Memorandum"), placing the public on constructive notice of that certain First Amendment to Option Agreement, also dated effective November 30, 2020, which amended certain terms contained in the Option Agreement; and

WHEREAS, Optionor, Wright, and Optionee now desire to terminate and release the Option Agreement Memorandum and the First Amendment Memorandum from (i) the Official Public Records of Angelina County, Texas, (ii) the Official Records of Nacogdoches County, Texas, (iii) the Official Public Records of Rusk County, Texas, and (iv) the Official Public Records of Shelby County, Texas;

NOW, THEREFORE, in consideration of the mutual covenants to be bound hereby, and for other good and valuable consideration, the receipt and sufficiency of which being acknowledged by the Parties hereto, Optionor, Wright, and Optionee hereby agree as follows:

1.    The Parties hereby terminate and release the Option Agreement Memorandum and the First Amendment Memorandum.

2.     This Release may be executed in multiple counterparts, all of which taken together will constitute this Release.  Counterpart executions hereof may be assembled in lieu of original counterparts hereof and shall be considered original executions for all purposes.

**Exhibit A - 36 of 45**

EXECUTED to be effective as of the date set forth above:

**OPTIONOR**

KrisJenn Ranch, L.L.C.-Series Pipeline ROW,
a series of KrisJenn Ranch, L.L.C.,
a Texas limited liability company

By:    EXHIBIT – DO NOT EXECUTE
       Larry M. Wright, Manager

**WRIGHT**

EXHIBIT – DO NOT EXECUTE
Larry M. Wright

**ACKNOWLEDGMENTS**

STATE OF TEXAS               §
                             §
COUNTY OF _____       §

    This instrument was acknowledged before me on this ___ day of February, 2022, by Larry M. Wright, Manager of KrisJenn Ranch, L.L.C.-Series Pipeline ROW, a series of KrisJenn Ranch, L.L.C., a Texas limited liability company, on behalf of said limited liability company.

                               EXHIBIT – DO NOT EXECUTE
                               Notary Public in and for the State of Texas

STATE OF TEXAS               §
                             §
COUNTY OF _____       §

    This instrument was acknowledged before me on this ___ day of February, 2022, by Larry M. Wright.

                               EXHIBIT – DO NOT EXECUTE
                               Notary Public in and for the State of Texas

*[additional signature follows on next page]*

EXECUTED to be effective as of the date set forth above:

**OPTIONEE**

McLeod Oil, LLC,
a Texas limited liability company

By:     EXHIBIT – DO NOT EXECUTE
        John W. McLeod, Jr., Manager

## ACKNOWLEDGMENT

STATE OF TEXAS                §
                              §
COUNTY OF _____      §

       This instrument was acknowledged before me on this ___ day of February, 2022, by John W. McLeod, Jr., Manager of McLeod Oil, LLC, a Texas limited liability company, on behalf of said limited liability company.

                        EXHIBIT – DO NOT EXECUTE
                        Notary Public in and for the State of Texas

# Exhibit B-8

## RELEASE OF MEMORANDUMS OF OPTION AGREEMENT AND FIRST AMENDMENT TO OPTION AGREEMENT

### NACOGDOCHES COUNTY

This Release of Memorandums of Option Agreement and First Amendment to Option Agreement (this "Release") is by and between (i) KrisJenn Ranch, L.L.C.-Series Pipeline ROW, a series of KrisJenn Ranch, L.L.C., a Texas limited liability company ("Optionor"), (ii) Larry M. Wright ("Wright"), and (iii) McLeod Oil, LLC, a Texas limited liability company ("Optionee"; and Optionor, Wright, and Optionee, collectively, the "Parties"), to be effective as of the ___ day of February, 2022, to wit:

WHEREAS, reference is made to (i) that certain Memorandum of Option Agreement dated effective December 20, 2019, recorded (a) as Instrument No. 2020-00390109, Official Public Records, Angelina County, Texas, (b) as Instrument No. 2020-193, Official Records, Nacogdoches County, Texas, (c) in Volume 3681, Page 300, Official Public Records, Rusk County, Texas, and (d) as Instrument No. 2020000082, Official Public Records, Shelby County, Texas (the "Option Agreement Memorandum"), placing the public on constructive notice of that certain Option Agreement, also dated effective December 20, 2019 (the "Option Agreement"), covering certain real property interests in Angelina, Nacogdoches, Shelby and Rusk Counties, Texas, being more particularly described in the Option Agreement Memorandum; and (ii) that certain Memorandum of First Amendment to Option Agreement dated effective November 30, 2020, recorded (w) as Instrument No. 2020-00401738, Official Public Records, Angelina County, Texas, (x) as Instrument No. 2020-9023, Official Records, Nacogdoches County, Texas, (y) in Volume 3746, Page 61, Official Public Records, Rusk County, Texas, and (z) as Instrument No. 20200003843, Official Public Records, Shelby County, Texas (the "First Amendment Memorandum"), placing the public on constructive notice of that certain First Amendment to Option Agreement, also dated effective November 30, 2020, which amended certain terms contained in the Option Agreement; and

WHEREAS, Optionor, Wright, and Optionee now desire to terminate and release the Option Agreement Memorandum and the First Amendment Memorandum from (i) the Official Public Records of Angelina County, Texas, (ii) the Official Records of Nacogdoches County, Texas, (iii) the Official Public Records of Rusk County, Texas, and (iv) the Official Public Records of Shelby County, Texas;

NOW, THEREFORE, in consideration of the mutual covenants to be bound hereby, and for other good and valuable consideration, the receipt and sufficiency of which being acknowledged by the Parties hereto, Optionor, Wright, and Optionee hereby agree as follows:

1.    The Parties hereby terminate and release the Option Agreement Memorandum and the First Amendment Memorandum.

2.      This Release may be executed in multiple counterparts, all of which taken together will constitute this Release.  Counterpart executions hereof may be assembled in lieu of original counterparts hereof and shall be considered original executions for all purposes.

EXECUTED to be effective as of the date set forth above:

**OPTIONOR**

KrisJenn Ranch, L.L.C.-Series Pipeline ROW,
a series of KrisJenn Ranch, L.L.C.,
a Texas limited liability company

By:    <u>EXHIBIT – DO NOT EXECUTE</u>
        Larry M. Wright, Manager


**WRIGHT**

<u>EXHIBIT – DO NOT EXECUTE</u>
Larry M. Wright

**ACKNOWLEDGMENTS**

STATE OF TEXAS                §
                             §
COUNTY OF _____       §

    This instrument was acknowledged before me on this ___ day of February, 2022, by Larry M. Wright, Manager of KrisJenn Ranch, L.L.C.-Series Pipeline ROW, a series of KrisJenn Ranch, L.L.C., a Texas limited liability company, on behalf of said limited liability company.

                        EXHIBIT – DO NOT EXECUTE
                        Notary Public in and for the State of Texas

STATE OF TEXAS                §
                             §
COUNTY OF _____       §

    This instrument was acknowledged before me on this ___ day of February, 2022, by Larry M. Wright.

                        EXHIBIT – DO NOT EXECUTE
                        Notary Public in and for the State of Texas

*[additional signature follows on next page]*

EXECUTED to be effective as of the date set forth above:

**OPTIONEE**

McLeod Oil, LLC,
a Texas limited liability company

By:     EXHIBIT – DO NOT EXECUTE
        John W. McLeod, Jr., Manager

## ACKNOWLEDGMENT

STATE OF TEXAS                §
                             §
COUNTY OF _____        §

        This instrument was acknowledged before me on this ___ day of February, 2022, by John W. McLeod, Jr., Manager of McLeod Oil, LLC, a Texas limited liability company, on behalf of said limited liability company.

                        EXHIBIT – DO NOT EXECUTE
                        Notary Public in and for the State of Texas

# Exhibit B-9

## RELEASE OF MEMORANDUMS OF OPTION AGREEMENT AND FIRST AMENDMENT TO OPTION AGREEMENT

### ANGELINA COUNTY

This Release of Memorandums of Option Agreement and First Amendment to Option Agreement (this "Release") is by and between (i) KrisJenn Ranch, L.L.C.-Series Pipeline ROW, a series of KrisJenn Ranch, L.L.C., a Texas limited liability company ("Optionor"), (ii) Larry M. Wright ("Wright"), and (iii) McLeod Oil, LLC, a Texas limited liability company ("Optionee"; and Optionor, Wright, and Optionee, collectively, the "Parties"), to be effective as of the ___ day of February, 2022, to wit:

WHEREAS, reference is made to (i) that certain Memorandum of Option Agreement dated effective December 20, 2019, recorded (a) as Instrument No. 2020-00390109, Official Public Records, Angelina County, Texas, (b) as Instrument No. 2020-193, Official Records, Nacogdoches County, Texas, (c) in Volume 3681, Page 300, Official Public Records, Rusk County, Texas, and (d) as Instrument No. 2020000082, Official Public Records, Shelby County, Texas (the "Option Agreement Memorandum"), placing the public on constructive notice of that certain Option Agreement, also dated effective December 20, 2019 (the "Option Agreement"), covering certain real property interests in Angelina, Nacogdoches, Shelby and Rusk Counties, Texas, being more particularly described in the Option Agreement Memorandum; and (ii) that certain Memorandum of First Amendment to Option Agreement dated effective November 30, 2020, recorded (w) as Instrument No. 2020-00401738, Official Public Records, Angelina County, Texas, (x) as Instrument No. 2020-9023, Official Records, Nacogdoches County, Texas, (y) in Volume 3746, Page 61, Official Public Records, Rusk County, Texas, and (z) as Instrument No. 20200003843, Official Public Records, Shelby County, Texas (the "First Amendment Memorandum"), placing the public on constructive notice of that certain First Amendment to Option Agreement, also dated effective November 30, 2020, which amended certain terms contained in the Option Agreement; and

WHEREAS, Optionor, Wright, and Optionee now desire to terminate and release the Option Agreement Memorandum and the First Amendment Memorandum from (i) the Official Public Records of Angelina County, Texas, (ii) the Official Records of Nacogdoches County, Texas, (iii) the Official Public Records of Rusk County, Texas, and (iv) the Official Public Records of Shelby County, Texas;

NOW, THEREFORE, in consideration of the mutual covenants to be bound hereby, and for other good and valuable consideration, the receipt and sufficiency of which being acknowledged by the Parties hereto, Optionor, Wright, and Optionee hereby agree as follows:

1.      The Parties hereby terminate and release the Option Agreement Memorandum and the First Amendment Memorandum.

2.      This Release may be executed in multiple counterparts, all of which taken together will constitute this Release.  Counterpart executions hereof may be assembled in lieu of original counterparts hereof and shall be considered original executions for all purposes.

EXECUTED to be effective as of the date set forth above:

**OPTIONOR**

KrisJenn Ranch, L.L.C.-Series Pipeline ROW,
a series of KrisJenn Ranch, L.L.C.,
a Texas limited liability company

By:   <u>EXHIBIT – DO NOT EXECUTE</u>
      Larry M. Wright, Manager

**WRIGHT**

<u>EXHIBIT – DO NOT EXECUTE</u>
Larry M. Wright

**ACKNOWLEDGMENTS**

STATE OF TEXAS        §
                          §
COUNTY OF _____  §

This instrument was acknowledged before me on this ___ day of February, 2022, by Larry M. Wright, Manager of KrisJenn Ranch, L.L.C.-Series Pipeline ROW, a series of KrisJenn Ranch, L.L.C., a Texas limited liability company, on behalf of said limited liability company.

                                   <u>EXHIBIT – DO NOT EXECUTE</u>
                                   Notary Public in and for the State of Texas

STATE OF TEXAS        §
                          §
COUNTY OF _____  §

This instrument was acknowledged before me on this ___ day of February, 2022, by Larry M. Wright.

                                   <u>EXHIBIT – DO NOT EXECUTE</u>
                                   Notary Public in and for the State of Texas

*[additional signature follows on next page]*

EXECUTED to be effective as of the date set forth above:

**OPTIONEE**

McLeod Oil, LLC,
a Texas limited liability company

By:     EXHIBIT – DO NOT EXECUTE
        John W. McLeod, Jr., Manager

## ACKNOWLEDGMENT

STATE OF TEXAS               §
                             §
COUNTY OF _____       §

    This instrument was acknowledged before me on this ___ day of February, 2022, by John W. McLeod, Jr., Manager of McLeod Oil, LLC, a Texas limited liability company, on behalf of said limited liability company.

EXHIBIT – DO NOT EXECUTE
Notary Public in and for the State of Texas