IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| KRISJENN RANCH, LLC, et al. | § | |
| | § | |
| *Debtors* | § | Case No. 20-50805-RBK |
| | § | |
| | § | Jointly Administered |

**DMA PROPERTIES INC.'S LIMITED OBJECTION TO KRISJENN RANCH, LLC; KRISJENN RANCH LL, SERIES UVALDE RANCH; AND KRISJENN RANCH, LLC, SERIES PIPELINE ROW'S FOURTH AMENDED SUBSTANTIVELY CONSOLIDATED PLAN OF REORGANIZATION [Dkt. 211]**

COME NOW DMA Properties, Inc. and Frank Daniel Moore (together, "DMA"), Creditors and Parties-in-Interest in the above-captioned case, and make this limited objection to the Fourth Amended Substantively Consolidated Plan of Reorganization ("Plan") filed by the Debtors herein [Dkt. 211].

## I. INTRODUCTION

1. Prepetition, DMA sued Debtor in State Court. Upon filing for Chapter 11 protection, the Debtor removed that suit to this Court (the "Adversary Proceeding"). The dispute between DMA and the Debtor arose from the parties' business divorce. DMA and KrisJenn each owned part of an entity called Black Duck. In exchange for assigning its interested in Black Duck to KrisJenn, DMA agreed to take an assignment in a note payable referred to as the Big Foot Note, and also took an assignment of a 20% non-participating royalty interest in a right-of-way (the "ROW"). DMA asserted that its interest in the ROW was a real property interest that "ran with the land." KrisJenn failed to remit payments from the Big Foot Note to DMA, and disputed the nature of DMA's interest in the ROW.

2. Following a multi-day trial in the Adversary Proceeding, this Court ruled that DMA was entitled to payments from the Big Foot Note. DMA's claim on this count is treated in Class 2 under the Plan and is unimpaired. DMA does not object to the treatment of its Class 2 Claim.

3. The Court, however, ruled that DMA's interest in the ROW was not a real property interest that ran with the land, but rather, a personal covenant. DMA has appealed that portion of the Judgment, and the appeal is pending in the United States District Court for the Western District of Texas.

4. DMA's claim of a real property interest in the ROW is treated in Class 3 under the Plan. DMA objects to the treatment of Class 3. Without any legal justification, the treatment of the Class 3 claim would subvert the role of the appellate courts and improperly limit DMA's remedies if its appeal is successful.

5. The treatment of Class 3 Claims is designed to allow Debtor to sell the ROW during the pendency of the appeal free and clear of DMA's asserted NPRI. This treatment subverts the appellate process and, in the event that DMA prevails on appeal, would deprive DMA of its remedies. It should be noted that the Plan purports to be a 100% Plan. Thus, the sale of the ROW is not necessary to the effectuation of the Plan.

## II. ARGUMENT

6. There is no basis in the Bankruptcy Code or other law that allows KrisJenn to use the Plan process to circumvent the appellate process. The treatment of Class 3 Claims, however, would subvert the role of the appellate court by limiting the remedies that the appellate court could effectively order. Under the Plan, as drafted, KrisJenn proposes to be able the sell the ROW free and clear of DMA's royalty interest, regardless of the ultimate outcome of the appeal. With all due respect, that deprives the appellate court of the authority to overrule this Court's Judgment as it relates to the nature of DMA's royalty interest.

7. The Plan thus impairs DMA's rights but classifies DMA as unimpaired, in violation of 11 U.S.C. §§ 1129(a)(8) & (a)(10).

8. The Plan should only be confirmed if it recognizes the possibility that the ultimate decision of the appellate court may award DMA a 20% interest that runs with the land. Preserving and acknowledging the reality of the appellate process will not impede KrisJenn's ability to pay its creditors in full.

### III. CONCLUSION

9. The Plan, as proposed, expands KrisJenn's rights to the ROW by undermining the appellate court's ability to provide a remedy in the event that this Court's Judgment is reversed as to the ROW. There is no basis in the Bankruptcy Code for this impairment of DMA's rights and the classification of DMA's Class 3 Claim as "unimpaired" is incorrect.

WHEREFORE, PREMISES CONSIDERED, DMA prays that the Court enter an denying confirmation of the Fourth Amended Plan for such other relief to which DMA may be entitled at law or equity.

Dated: February 14, 2022.

    Respectfully submitted

    LANGLEY & BANACK, INC.
    745 East Mulberry, Suite 700
    San Antonio, Texas 78212
    Telephone: (210) 736-6600
    Facsimile: (210) 735-6889
    Email: nwilson@langleybanack.com

    /s/ *Natalie F. Wilson*
    NATALIE F. WILSON
    State Bar No. 24076779
    *Counsel for Defendants/Third-Party Plaintiffs*
    *DMA Properties, Inc. and Frank Daniel Moore*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on all parties on the attached service matrix by the court's electronic transmission facilities or first class mail on this 14th day of February, 2022.

                                                           /s/ *Natalie F. Wilson*
                                                          NATALIE F. WILSON