IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **KRISJENN RANCH, LLC,** *et al.,* | § | |
| | § | |
| *Debtors* | § | Case No. 20-50805-RBK |
| | § | |
| | § | Jointly Administered |

**LONGBRANCH ENERGY, LP'S LIMITED OBJECTION TO KRISJENN RANCH, LLC; KRISJENN RANCH LLC, SERIES UVALDE RANCH; AND KRISJENN RANCH, LLC, SERIES PIPELINE ROW'S FOURTH AMENDED SUBSTANTIVELY CONSOLIDATED PLAN OF REORGANIZATION [Dkt. # 211]**

Now comes **LONGBRANCH ENERGY, LP** ("Longbranch Energy" and/or "Longbranch"), a Creditor and Party-in-Interest in the above-entitled and numbered case, and respectfully files this its Limited Objection to the Fourth Amended Substantively Consolidated Plan of Reorganization ("Plan") filed by the Debtors herein [Dkt. # 211].

## I. INTRODUCTION

1. Prepetition, Longbranch counter-sued Debtor in a Texas state court. Upon filing for Chapter 11 protection, the Debtor removed that suit to this Court (the "Adversary Proceeding"). Creditor Longbranch Energy and Darin Borders ("Longbranch"), and Creditor DMA Properties and Daniel Moore ("DMA"), separately executed net-profits-interest agreements with Debtor's predecessor, an entity called Black Duck, regarding a 65-mile multi-line pipeline right-of-way ("ROW") in East Texas. By the plain language of such agreements, Longbranch and DMA each received a 20% net-profits interest in the ROW, constituting real property interests attaching to and running with the ROW and being binding upon successors and assigns. The dispute between Longbranch Energy and the Debtor arose when Black Duck and its principal, Larry Wright,

Page 1 of 4

attempted to sell the multi-line pipeline ROW to a third party without disclosing or honoring Longbranch's 20% non-participating royalty interest (NPRI) in the ROW. Longbrach Energy asserted that its interest in the ROW was a real property interest that "ran with the land."

2. Following a multi-day trial in the Adversary Proceeding, this Court ruled that, along with DMA's interest in the ROW, Longbranch Energy's interest in the ROW was not a real property interest that ran with the land, but rather, a personal covenant. Longbranch Energy and DMA have appealed that portion of the Judgment, and the appeal is pending in the United States District Court for the Western District of Texas.

3. Longbranch Energy's claim of a real property interest in the ROW is treated in Class 3 under the Plan. Longbranch objects to the treatment of Class 3. Without any legal justification, the treatment of the Class 3 claim would subvert the role of the appellate courts and improperly limit Longbranch Energy's remedies if its appeal is successful.

4. The treatment of Class 3 Claims is designed to allow Debtor to sell the ROW during the pendency of the appeal free and clear of Longbranch Energy's asserted NPRI, i.e., its 20% royalty interest. This treatment subverts the appellate process and, in the event that Longbranch Energy prevails on appeal, would deprive Longbranch of its remedies. It should be noted that the Plan purports to be a 100% Plan. Thus, the sale of the ROW is not necessary to the effectuation of the Plan.

## II. ARGUMENT

5. There is no basis in the Bankruptcy Code or other law that allows KrisJenn to use the Plan process to circumvent the appellate process. The treatment of Class 3 Claims, however, would subvert the role of the appellate court by limiting the remedies that the appellate court could effectively order. Under the Plan, as drafted, KrisJenn proposes to be able the sell the ROW free

and clear of Longbranch Energy's and DMA's respective royalty interests, regardless of the ultimate outcome of the appeal. With all due respect, that deprives the appellate court of the authority to overrule this Court's Judgment as it relates to the nature of Longbranch Energy's and DMA's royalty interest.

6. The Plan thus impairs Longbranch Energy's rights but classifies Longbranch as unimpaired, in violation of 11 U.S.C. §§ 1129(a)(8) & (a)(10).

7. The Plan should only be confirmed if it recognizes the possibility that the ultimate decision of the appellate court may award Longbranch Energy a 20% interest that runs with the land. Preserving and acknowledging the reality of the appellate process will not impede KrisJenn's ability to pay its creditors in full.

### III. CONCLUSION

8. The Plan, as proposed, expands KrisJenn's rights to the ROW by undermining the appellate court's ability to provide a remedy in the event that this Court's Judgment is reversed as to the ROW. There is no basis in the Bankruptcy Code for this impairment of Longbranch Energy's rights and the classification of Longbranch's Class 3 Claim as "unimpaired" is incorrect.

**WHEREFORE, LONGBRANCH ENERGY, LP,** prays respectfully that the Court enter an order denying confirmation of the Debtor's Fourth Amended Plan, and for such other and further relief to which Longbranch Energy may be entitled at law or equity.

Dated: February 14, 2022.

Respectfully submitted,

**BURNS & BLACK, PLLC**
750 Rittiman Road
San Antonio, Texas 78209-5500
Telephone: (210) 829-2020
Facsimile: (210) 829-2021
Email: mblack@burnsandblack.com

By: _____
     **MICHAEL J. BLACK**
     Bar No. 02384400

**ATTORNEYS FOR
LONGBRANCH ENERGY, LP**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on all parties on the attached service matrix by the court's electronic transmission facilities or first class mail on this 14th day of February, 2022.

_____
**MICHAEL J. BLACK**

\