IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| | § | CASE NO. 20-50805-rbk |
| | § | |
| KRISJENN RANCH, LLC, et.al. | § | (Jointly Administered) |

## MOTION TO LIFT AUTOMATIC STAY

TO THE HONORABLE RONALD B. KING, UNITED STATES CHIEF BANRUPTCY JUDGE

Preciliana Jose Flores ("Interested Party" or "Flores") files this motion for relief from the automatic stay in order to pursue his personal injury claim against KRISJENN RANCH, LLC ("Debtors") and in support respectfully shows as follows:

### LOCAL RULE 4001(a)(12) NOTICE

This pleading request relief that may be adverse to your interests.

If no timely response is filed within 14 days of Service the relief requested herein may be granted without a hearing being held.

A timely filed response is necessary for a hearing to be held.

### RELIEF REQUESTED

Pursuant to of 11 U.S.C Section 362, (d)(1), Local Bankruptcy Rules of the United States District Court, Western District of Texas, San Antonio Division, and Fed. R. Bankr. P. 9014, Interested Party respectfully requests that this Court enter an order lifting the automatic stay of his action against Krisjenn Ranch, LLC. now pending in the 25th Judicial District Court, Gaudalupe County, Texas, captioned *Preciliano Jose Flores v. Larry Wright and Krisjenn Ranch, LLC.*, Cause No. 20-1459-CV-C, Guadalupe County, Texas (the "State Court Action"). In support of this motion, Interested Party, upon information and belief, states by his attorneys that Debtors have

1

available insurance coverage against liability for the claims in the State Court Action. Therefore, relief from the stat will not prejudice the debtor or the bankruptcy estate.

## I.
## RELEVANT BACKGROUND

The State Court Action is one for personal injuries sustained by Interested Party who on March 13, 2019, was hired Plaintiff to do fencing and other work on Defendant's ranch, Krisjenn Ranch, LLC. Defendant, Larry Wright, while operating a tractor, crashed into Preciliano Jose Flores, causing serious bodily injuries. A copy of the petition in the State Court Action is attached hereto as Exhibit "A" and incorporated herein for all purposes.

Upon information and belief, the Debtor has available insurance coverage against liability for the claims in the State Court Action. Interested Party seeks to proceed with the State Court Action solely for discovery purposes and/or to recover any insurance coverage.

In the event a judgment, assessment or recovery is entered or obtained against Krisjenn Ranch, LLC in favor of the Interested Party in the State Court Action, the Interested Party agrees that he will recover only from the insurance company covering Krisjenn Ranch, LLC and not from the debtor or the debtor's estate. Interested Party further agrees not to attempt to enforce all or any part of said judgment, assessment or recovery against Krisjenn Ranch, LLC obtained in the State Court Action which exceeds the amount of coverage provided by the policy of insurance and agrees not to attempt to recover any parts of the judgment, assessment or recovery in the State Court Action from the personal assets of Krisjenn Ranch, LLC.

By reason of the foregoing, Krisjenn Ranch, LLC's total exposure in the State Court Action is limited to the extent of the policy limits only of its primary and excess policies of insurance. For the foregoing reasons, and the judicial economy that will be served by adjudicating the Interested Party's claim to a liquidated sum, the Court should lift the automatic stay with regard to

the State Court Action, and allow the Interested Party to pursue his claim against Krisjenn Ranch, LLC in the State Court Action, limited solely to obtaining a final, executable judgment, assessment or recovery in the State Court Action in an amount not in excess of the policy limits of the foregoing available insurance coverage of Krisjenn Ranch, LLC.

## II.
## ARGUMENTS & AUTHORITIES

U.S.C. § 362(d)(1) provides that the "court shall grant relief from stay provided under subsection (a) of this section, such as terminating, annulling, modifying, or conditioning such stay… for cause." Further, "actions which are only remotely related to the case under Title 11 or which involve rights of third parties often will be permitted to proceed in another forum." 2 Collier on Bankruptcy § 362.07[3]. The test for whether a stay should be lifted to permit state court actions to proceed involves consideration of the following factors: (a) whether great prejudice to either the bankruptcy estate or the debtor will result from the continuation of the state proceedings; (b) whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor of permitting proceedings to go forward; and (c) whether the non-debtor party has the likelihood of prevailing on the merits. *See* e.g. *In Re Pro Weekly, Inc.*, 60 B.R. 824, 826 (D. N.E. Ill. 1986); *In Re Salisbury*, 123 B.R. 913, 915 (S.D. Ala. 1990); *In Re Bock Laundry Machine Co.*, 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984). Here, each factor favors the Interested Party. In addition, "a decision to lift the stay is not an adjudication of the validity or avoidability of the claim, but [rather, a decision to lift the stay is merely] a determination that [his] claim is sufficiently plausible to allow its prosecution elsewhere." *See Grella v. Salem Five Cent Savings Bank*, 42 F.3d 26, 34 (1994).

Continuation of the State Court Action will not result in any prejudice or hardship to

the Debtor or the bankruptcy estate. It will not diminish the estate of the Debtor because the Debtor's insurance covers both the defense of the claim and the covered damages.

The Interested Party has already suffered significant harm as a result of Krisjenn Ranch, LLC's negligence, and will be further prejudiced by awaiting resolution of the Debtor's bankruptcy petition before proceeding for recovery against Krisjenn Ranch, LLC. Therefore, since the relief from the stay will have no effect on the bankruptcy estate, the relief requested by Interested Party should be granted.

Finally, resolving the personal injury action will have the added advantage of quantifying or liquidating the Interested Party's claim. To the extent any verdict or judgment against Krisjenn Ranch, LLC (save and except awards for punitive damages), in the State Court Action exceeds Debtor's available insurance coverage, the Interested Party agrees not to pursue Krisjenn Ranch, LLC's personal estate or assets. Therefore, there can be no prejudice to Debtor by lifting the stay. There is irreparable prejudice to the Interested Party on the other hand, if he is denied his right to pursue his claims of serious injuries and derivative damages in the State Court Action. Finally, Debtor has no equity in the subject insurance policy, and thus the policy is not needed for an effective reorganization.

Accordingly, it is respectfully requested that this Court lift the automatic stay and allow the State Court Action to proceed. *See In Re Cohen*, 141 B.R. 1. 1-2 (Bank. D.Mass. 1992); *In Re L.G. Salem Ltd. Partnership,* 140 B.R. 932, 935 (Bankr. D.Mass 1992); *Worcester County National Bank v. Resnik,* 9 B.R. 891, 892 (Bankr. D. Mass. 1981).

## III.
## CONCLUSION

WHERFORE, the Interested Party respectfully requests this Honorable Court grant the Motion to Lift Automatic Stay, allow the Interested Party to proceed with his personal injury and derivative claims lawsuit against Krisjenn Ranch, LLC and grant such relief as this Court deems just and proper.

Respectfully submitted,

THE LAW OFFICES OF THOMAS J. HENRY
5711 University Heights Blvd., Suite 101
San Antonio, Texas 78249
210/ 656-1000 – Phone
361/ 985-0601 – Facsimile

By: /s/ Charles S. Dunn
CHARLES S. DUNN
State Bar No. 06241200
*e-mail: cdunn-svc@tjhlaw.com
**Service by e-mail to this address only**
*ATTORNEYS FOR PLAINTIFF*

## CERTIFICATE OF CONFERENCE

I hereby certify that I attempted to confer with Defendants' counsel regarding the contents of this motion and no agreement could be reached.

_____
CHARLES S. DUNN

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing instrument has been sent via the United States Western District Court's CM/ECF filing system on February 22, 2022.

_____
CHARLES S. DUNN

## SERVICE LIST

**DEBTOR**

KrisJenn Ranch, LLC
410 Spyglass Rd
Mc Queeney, TX 78123-3418

**GOVERNMENT ENTITIES**

Office of the UST
615 E Houston, Room 533
PO Box 1539
San Antonio, TX 78295-1539

U.S. Attorney
Attn: Bkcy Division
601 NW Loop 410, Suite 600
San Antonio, Texas 78216

Internal Revenue Services
Special Procedures Branch
300 E. 8th St. STOP 5026 AUS
Austin, TX 78701

Texas Comptroller of Public Account
Attn: Bankruptcy
P.O. Box 149359
Austin, TX 78714-9359

Angelina County Tax Assessor
606 E Lufkin Ave,
Lufkin, Texas 75901

Nacogdoches County Tax Assessor Collector
101 West Main Street
Nacogdoches, Texas 75961

Rusk County
202 N Main St,
Henderson, Texas 75652

Shelby County, Tax Collector
200 St. Augustine St.
Center, Texas 75935

Tenaha ISD Tax Assessor-Collector
138 College St
Tenaha, TX 75974-5612

Uvalde Tax Assessor
Courthouse Plaza, Box 8
Uvalde, Texas 78801

**NOTICE PARTIES**

METTAUER LAW FIRM
c/o April Prince
403 Nacogdoches St Ste 1
Center, TX 75935-3810

Albert, Neely & Kuhlmann
1600 Oil & Gas Building
309 W 7th St
Fort Worth, TX 76102-6900

Laura L. Worsham
JONES, ALLEN & FUQUAY, LLP
8828 Greenville Ave.
Dallas, Texas 75243

Craig Crockett
CRAIG M. CROCKETT, PC
5201 Camp Bowie Blvd. #200
Fort Worth, Texas 76107

Christopher S. Johns

JOHNS &COUNSEL PLLC
14101 Highway 290 West, ste 400A
Austin, Texas 78737

Timothy Cleveland
CLEVELAND|TERRAZAS PLLC
4611 Bee Cave Road, ste 306B
Austin, Texas 78746

Andrew R. Seger
KEY TERRELL & SEGER
4825 50th Street, ste A
Lubbock, Texas 79414

**SECURED CREIDITORS**

McLeod Oil, LLC
c/o John W. McLeod, Jr.
700 N Wildwood Dr
Irving, TX 75061-8832

**UNSECURED CREIDITORS**

Bigfoot Energy Services
312 W Sabine St
Carthage, TX 75633-2519

C&W Fuels, Inc.
Po Box 40
Hondo, TX 78861-0040

Davis, Cedillo & Mendoza
755 E Mulberry Ave Ste 500
San Antonio, TX 78212-3135

Grandstaff Gaedke &Edgmon
5535 Fredericksburg Road,
Suite 110
San Antonio, TX 78229-3553

Hopper's Soft Water Service
120 W Frio Street
Uvalde, TX 68801-3602

Larry Wright
410 Spyglass Road
Me Queeney, TX 78123-3418

Medina Electric
2308 18th Street
P.O. Box 370
Hondo, TX 78861-0370

Medina's Pest Control
1490 S. Homestead Road
Uvalde, TX 78801-0370

Texas Farm Store
236 E. Nopal Street
Uvalde, TX 78801-5371

Uvalco Supply
2521 E. Main Street
Uvalco, TX 78801-4940

Longbranch Energy
c/o DUKE BAISTER
RICHMOND
P.O. BOX 175
Fulshear, TX 77441-0175

DMX Properties, Inc.
896 Walnut Street at US
123 BYP
Seneca, SC 29678