**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE No. 20-50805-rbk** |
| **KRISJENN RANCH, LLC** | § | |
| | § | **CHAPTER 11** |
| **MOVANTS.** | § | **(Jointly Administered)** |

---

### MOTION TO CONTINUE ORDER TO SHOW CAUSE HEARING

---

**COMES NOW** Express H2O Pipeline and ROW, LLC and Larry Wright ("Movants") respectfully submit this Motion to Continue the hearing scheduled on the Order to Show Cause for Conversion of the confirmed Chapter 11 case of KrisJenn Ranch, LLC ("Debtor" or "KrisJenn") to Chapter 7 ("Conversion Hearing"). In support thereof, the Movants would respectfully how as follows:

### I.      INTRODUCTION

This Court has entered an Order to Show Cause directing the Debtor to show cause why the confirmed Chapter 11 case should not be converted to Chapter 7. The Debtor's current counsel have indicated an intention to withdraw from representation. Movants seek a brief continuance of the Conversion Hearing to permit: (1) parallel state court proceedings in Angelina County District Court to reach final resolution on June 29-30, 2026, which will permit all parties to benefit from the clarity and finality that will result from the conclusion of the state court proceedings and which will directly impact the viability of the Debtor's Chapter 11 Plan and the grounds asserted in the Order to Show Cause; and (2) the Debtor to retain substitute counsel.

A continuance is warranted because: (1) Movants have demonstrated diligence in pursuing resolution of the dispute with DMA and Longbranch, which appears to have led to the Order to

MOTION TO CONTINUE

Show Cause; (2) the continuance will be materially useful in allowing the state court proceedings to reach conclusion; (3) the inconvenience to the Court and other parties is minimal given the brief delay tied to a specific date; and (4) significant prejudice will result to the Debtor, creditors, estate assets, and third parties if the Conversion Hearing proceeds before the state court proceedings conclude. Additionally, the imminent state court hearing constitutes an unusual circumstance that justifies temporary deferral of the conversion decision. Accordingly, the Movants assert that equitable considerations strongly favor granting this continuance.

## II.     STATEMENT OF FACTS

### A.  The Parties and Their Interests

1.      Express H2O and Larry Wright are parties in interest in Adversary Proceeding No. 20-05207, which is related to the underlying Chapter 11 bankruptcy case of KrisJenn. Larry Wright is a former principal of KrisJenn and a former principal of Express H2O. Movants have a direct economic interest in the outcome of the bankruptcy case, as the adversary proceeding involves claims and assets that will be affected by any conversion of the case to Chapter 7 or by the appointment of a Chapter 7 trustee.

2.      Undersigned counsel is not counsel to the Debtor with respect to the main bankruptcy case. The Debtor is currently represented by counsel, but those attorneys have either already sought to withdraw from the case (Docket No. 262) or have indicated an intention to withdraw from representation.

### B.  The Bankruptcy Case and the Order to Show Cause

3.      The Debtor's Chapter 11 case has been confirmed. Subsequently, this Court entered an Order to Show Cause directing the Debtor to show cause why the confirmed Chapter 11 case should not be converted to Chapter 7. The Conversion Hearing is scheduled for June 11, 2026.

MOTION TO CONTINUE

### C. The Parallel State Court Proceedings

4.      Concurrent with the bankruptcy proceedings, there are ongoing proceedings in Angelina County District Court (the "Angelina Court") under Cause No. CV-00461-24-08, which seek to resolve competing ownership claims and quiet title to a critical right-of-way asset (the "ROW" or "Gulf Easements").

5.      The Angelina Court has issued a series of four pivotal summary judgment orders that systematically established the framework for finality in the state court litigation:

a.  On July 21, 2025, the Angelina Court entered its *Order on Motions for Summary Judgment*, which denied Westlake's traditional motion for summary judgment and granted Movants' motion for partial summary judgment on declaratory relief (Exhibit A);

b.  On October 22, 2025, the Angelina Court entered its

i.  *Order on Plaintiff's Amended Motion for Partial Summary Judgment on Defendant's Declaratory Judgment Claim*, ordering that Westlake take nothing by way of its declaratory judgment actions and disposing of those claims entirely (Exhibit B);

ii.  *Order on Plaintiff's Motion for Partial Summary Judgment on Westlake's Suit to Quiet Title Claim*, ordering that Westlake take nothing on its quiet title counterclaims (Exhibit C); and

iii.  *Order on Plaintiff's Motion for Partial Summary Judgment on Plaintiff's Suit to Quiet Title Claim*, which officially quieted title to the Gulf Easements in favor of Express H2O and estopped Westlake from asserting any inconsistent further claim or interest (Exhibit D).

6. These cumulative rulings provided the foundation for subsequent progress toward finality. Movants were unable to begin safely driving toward a complete resolution of the state court proceedings until this sequence of summary judgments cleared the core title disputes. Following these orders, certain intervenors (landowners in two counties of the multi-county ROW) made appearances in the state court proceedings. Movants were initially concerned that these intervenor appearances would delay or prevent final resolution of the state court matter. However, based on recently filed pleadings, Westlake and the intervenors have taken positions indicating that they do not expect the state court proceedings to continue beyond the June 29-30 hearing.

7. As of the recent pleadings, this is the first time that all parties to the state court proceedings have taken the position that the June 29-30 hearing will be the final hearing in the matter. All parties, including Westlake and the intervenors, have indicated that they do not anticipate further proceedings in the trial court beyond June 29-30.

8. The state court judge in Angelina County District Court previously stayed the case in February 2025 when this Court was considering DMA and Longbranch's request to essentially take title to the ROW away. This prior stay demonstrates that the state court judge is sensitive to developments affecting title to the ROW and may be inclined to pause or continue proceedings if significant developments occur in the bankruptcy case.

9. If the Angelina Court becomes aware that the bankruptcy court is considering conversion of the Chapter 11 case to Chapter 7 prior to the June 11, 2026 hearing in front of this Court, the Angelina Court may conclude that the Debtor's title to the ROW is at risk and may continue or stay the June 29-30 hearing. This would further delay resolution and prejudice all parties' interests in achieving finality.

10. Express H2O, for its part, also wants to relay that it is working with four non-

MOTION TO CONTINUE

exclusive brokers to sell the ROW, which is a significant asset. However, those brokers do not have agreements with KrisJenn.

11. Any significant developments in the bankruptcy court-including the scheduling or holding of a Conversion Hearing or the appointment of a Chapter 7 trustee-would likely discourage the brokers from continuing their efforts to sell the ROW. If the case is converted to Chapter 7, new agreements would be required with each broker, which would give the brokers cold feet and further frustrate efforts to sell the ROW.

12. The loss of momentum in the asset sale process would prejudice Express H2O and other parties in interest, including DMA and Longbranch, who are also stakeholders in the resolution of this matter.

### III. RELIEF REQUESTED AND BASIS THEREFOR

13. Initially, the Movants note that they seek only scheduling relief, not substantive adjudication of the conversion merits, which remains the Debtor's prerogative. Beyond that, the Movants assert good cause exists to grant this motion for several reasons.

14. First, as indicated above, and as this Court is aware, Mr. Smeberg has filed a motion to withdraw as counsel (Docket No. 262). Undersigned counsel is not counsel to the Debtor with respect to the main bankruptcy case and, notwithstanding appearing for the Debtor in the adversary proceeding on discrete issues, does not represent the Debtor generally. Accordingly, the Debtor's counsel of record is seeking a withdrawal which, assuming it is granted, will leave the Debtor unrepresented. The Debtor would require additional time to identify counsel and get counsel up to speed on the facts of the case and for counsel to prepare for a hearing on the order to show cause.

15. Second, Movants have demonstrated consistent diligence throughout these proceedings. Until the partial summary judgments set forth above, meaningful progress toward the

MOTION TO CONTINUE

Angelina Case could not occur. That Order represented a critical milestone, enabling the parties to move forward with concrete expectations regarding title resolution.

16.    The recent filings from Westlake and the intervenors (indicating for the first time that all parties expect the state court proceedings to conclude on June 29-30) reflect genuine momentum toward finality. This progression of events demonstrates that diligence has been maintained and that the timing of this continuance request is appropriate given the evolving posture of the case.

17.    Third, a brief continuance pending the conclusion of the June 29-30 state court hearing would provide information crucial to handling the Order to Show Cause Hearing. The outcome of that hearing will inform whether conversion to Chapter 7 is appropriate. If the state court proceedings resolve the title and ownership disputes, the predicate for conversion may be eliminated entirely, rendering the Order to Show Cause hearing unnecessary.

18.    The date-certain nature of the June 29-30 hearing provides a clear temporal boundary. A continuance of brief duration will allow the Court to receive information that directly bears on the central question before it and may eliminate the need for conversion proceedings altogether.

19.    Fourth, the burden imposed by a brief continuance is minimal. The Court's docket will experience no meaningful disruption from postponing the Order to Show Cause hearing by a short period following the June 29-30 state court proceedings.

20.    To further minimize any inconvenience, Movants propose to file a prompt status report with the Court within five business days after the conclusion of the state court hearing, updating the Court on the outcome and the status of the conversion question. This approach ensures that the Court remains informed and that the matter can be scheduled for hearing on an expedited

MOTION TO CONTINUE

basis once the state court proceedings conclude if needed.

21.     Fifth, denial would create substantial and concrete harm to the estate and its creditors. The risk of state court delay or additional stays is significant. The state judge previously stayed this case in February 2025 when this Court was considering DMA and Longbranch's motion to enforce constructive trust. Ongoing bankruptcy conversion or trustee discussions may prompt another stay or continuance in state court, creating uncertainty and delay that could extend the resolution timeline substantially. A brief continuance in this Court, coordinated with the state court proceedings, avoids the risk of conflicting orders and duplicative proceedings.

22.     Sixth, any concern that a brief continuance would prejudice the enforcement of this Court's prior orders is mitigated by recent corporate governance changes and explicit assurances of compliance. To the extent other stakeholders might argue that a brief delay risks undermining the *status quo*, Movants clarify two critical facts. For one, Express H2O is no longer managed by Larry Wright, and Mr. Wright retains no ownership interest in the entity. Second, Chris Sachitano, the newly appointed Manager of Express H2O, has repeatedly given his unequivocal assurances that Express H2O will fully abide by this Court's Judgment After Remand. Accordingly, granting a brief, date-certain continuance to allow the state court proceedings to conclude does not jeopardize the integrity of this Court's underlying rulings or the protections sought by judgment creditors. Instead, it merely ensures an orderly resolution based on final state court title determinations.

23.     Further, the marketing efforts of the four non-exclusive brokers currently engaged to market the right-of-way are at risk of being chilled. These brokers lack agreements with KrisJenn and, if a conversion occurs and a trustee is appointed, it would inject uncertainty into who the appropriate party to manage the ROW would be. This chilling effect will likely directly

MOTION TO CONTINUE

harm the Express H2O's ability to realize value from the right-of-way asset.

## IV.    CONCLUSION

WHEREFORE Express H2O and Larry Wright respectfully request that this Court enter an order granting this motion and grant such other relief as the Court deems just and proper.

Dated: June 1, 2026

Respectfully submitted,

**HAYWARD PLLC**

By: */s/ Charlie Shelton*
Charlie Shelton
Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, TX 78757
(737) 881-7100 (Phone/Fax)
cshelton@haywardfirm.com

***Counsel for Express H2O Pipeline and ROW, LLC and Larry Wright***

MOTION TO CONTINUE

9 | P a g e

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 29, 2026, I did email the following parties regarding the relief requested herein. As of the time of the filing of the instant motion, none have provided any substantive response.

cdunn@teamjustice.com
Lulú Ortiz <lortiz@clevelandkrist.com>
Cathi Johnston <cjohnston@langleybanack.com>
Stacy Foushee <sfoushee@langleybanack.com>
lworsham@jonesallen.com;
kmcdonald@jonesallen.com
Ronald Smeberg <ron@smeberg.com>
Austin Krist <akrist@clevelandkrist.com>
Natalie Wilson <nwilson@langleybanack.com>
John Muller <john.muller@cjma.law>

*/s/ Charlie Shelton*
Charlie Shelton

MOTION TO CONTINUE

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2026, the foregoing pleading was served via CM/ECF on all parties requesting such service. Additionally, on the same date or within one business day thereof, the pleading was served via United States First Class Mail to all parties on the service list below who did not receive electronic service.

| | |
|---|---|
| Cobb & Johns PLLC<br>Attn: Christopher S. Johns & Michael Cotton<br>13341 West U.S. Highway 290, Building 2<br>Austin, TX 78737<br>chris@cobbjohns.com<br>michael@cobbjohns.com<br><br>***Attorneys for Longbranch Energy, DMA Properties, and Frank Daniel Moore*** | Cleveland Krist PLLC<br>Attn: Timothy Cleveland & Austin H. Krist<br>303 Camp Craft Road, Suite 325<br>Austin, TX 78746<br>tcleveland@clevelandkrist.com<br>akrist@clevelandkrist.com<br><br>***Attorneys for Longbranch Energy, DMA Properties, and Frank Daniel Moore*** |
| Langley & Banack<br>Attn: Natalie F. Wilson<br>745 East Mulberry Avenue, Suite 700<br>San Antonio, TX 78212<br>nwilson@langleybanack.com<br><br>***Attorneys for DMA Properties and Frank Daniel Moore*** | Burns & Black PLLC<br>Attn: Michael Black<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>***Attorneys for Longbranch Energy*** |
| JF Duke and Associates<br>Attn: Jeffery Duke<br>11819 Great Oaks Drive<br>College Station, TX 77494<br>jeff@jfduke.com<br><br>***Attorneys for Longbranch Energy*** | United States Trustee<br>Attn: Shane P. Tobin<br>903 San Jacinto Blvd., Room 230<br>Austin, TX 78701<br><br>***United States Trustee*** |

*/s/ Charlie Shelton*
Charlie Shelton

MOTION TO CONTINUE