Exhibit
M-2
exhibitsticker.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE No. 20-50805-rbk** |
| **KRISJENN RANCH, LLC** | § | |
| | § | **CHAPTER 11** |
| **MOVANTS.** | § | **(Jointly Administered)** |

## MOTION FOR CLARIFICATION OF ORDER TO SHOW CAUSE

COMES NOW Express H2O Pipeline and ROW, LLC and Larry Wright ("Movants") and respectfully file this Motion for Clarification of the Court's Order to Show Cause (Doc. 257) directing the Reorganized Debtor, KrisJenn Ranch, LLC ("KrisJenn" or the "Reorganized Debtor"), to show cause why its confirmed Chapter 11 case should not be converted to Chapter 7. In support thereof, Movants respectfully show the Court as follows:

### I. INTRODUCTION

On May 22, 2026, the Court entered an Order to Show Cause (the "Order" or "OSC") directing the Reorganized Debtor to appear on June 11, 2026 and show cause why this case should not be converted from Chapter 11 to Chapter 7 "for cause," including under 11 U.S.C. § 1112(b). The Order states that the record "raises substantial questions regarding [the Reorganized Debtor's] compliance with the confirmed Plan of Reorganization sufficient to warrant inquiry under 11 U.S.C. § 1112(b)(4)."

Movants are parties in interest whom the Order expressly invites to appear and be heard, and they wish to participate meaningfully. The Order, however, identifies neither the specific provisions of the Plan with which the Reorganized Debtor is allegedly out of compliance, nor the conduct, omissions, or facts said to give rise to "cause." Reference to the Plan as a whole, which

is a twenty-page instrument addressing numerous distinct obligations, does not apprise Movants of what compliance is in question or what they must be prepared to address. Because conversion is among the most serious remedies available under Chapter 11, and because due process requires notice reasonably calculated to inform parties of the specific issues to be adjudicated, Movants respectfully request that the Court clarify the grounds at issue and afford a reasonable opportunity to prepare and present evidence directed to those grounds.

## II. BACKGROUND

On February 3, 2022, the Debtors filed their Fourth Amended Substantively Consolidated Plan of Reorganization (the "Plan"), which was subsequently confirmed. Doc. 234. The Plan provides, among other things, for the payment of real estate taxes, administrative claims, a secured class for the McLeod Oil debt, and unsecured claims, funded principally from the sale of real property and/or pipeline rights.

On May 22, 2026, the Court entered the Order to Show Cause in connection with Adversary No. 20-5027 and the underlying bankruptcy case. The Order directs the Reorganized Debtor to appear by Zoom on June 11, 2026 at 10:00 a.m. and provides that any party in interest may appear and be heard.

The Order recites that the record "raises substantial questions regarding [the Reorganized Debtor's] compliance with the confirmed Plan of Reorganization sufficient to warrant inquiry under 11 U.S.C. § 1112(b)(4)," but does not specify which Plan obligations, deadlines, payments, or other requirements are alleged to be unsatisfied, or what conduct or omissions are said to constitute "cause."

Movants are parties in interest in Adversary Proceeding No. 20-05027, which is related to the underlying Chapter 11 case. Express H2O holds property that once belonged to the Debtor and

is the subject of this Court's Judgment After Remand. Larry Wright is a former principal of KrisJenn and of Express H2O. Movants have a direct economic interest in the case and in any conversion to Chapter 7 or appointment of a Chapter 7 trustee, and the Order expressly permits them to appear and be heard.

## III. ARGUMENT AND AUTHORITIES

Conversion of a confirmed Chapter 11 case to Chapter 7 is a serious remedy with significant and often irreversible consequences for the Reorganized Debtor, creditors, and other parties in interest. Under 11 U.S.C. § 1112(b), a bankruptcy court shall convert a Chapter 11 case to a Chapter 7 case for cause when it determines that doing so is "in the best interests of creditors and the estate" after notice and a hearing. 11 U.S.C. § 1112(b)(1); In *re Double H Transportation LLC*, 603 F. Supp. 3d 468, 479 (W.D. Tex. 2022). Under 11 U.S.C. § 102(1)(A), "after notice and a hearing" means "such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances."

Federal Rule of Bankruptcy Procedure 1017(f)(1) treats a proceeding to convert a case as a contested matter governed by Rule 9014, and Rule 2002 requires notice of a hearing on a motion to convert, including notice to equity security holders. *See* FED. R. BANKR. P. 1017(f)(1), 9014, 2002(d)(4).

Similar to an allegation of contempt, a conversion show cause notice must identify the specific grounds at issue. Due process accordingly requires notice reasonably calculated to apprise interested parties of the specific matter to be decided and a meaningful opportunity to be heard. The Fifth Circuit has required that show cause orders provide sufficient specificity to inform the alleged contemnor of the charges and allow preparation of a defense. *See Waste Mgmt. of Washington, Inc. v. Kattler,* 776 F.3d 336, 339–40 (5th Cir. 2015) ("In general, due process

requires 'that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses.'") (internal citations omitted). Other courts have agreed that show cause orders must give sufficient notice as to the conduct at issue. *In re Reeves*, 372 B.R. 525, 528 (Bankr. N.D. Ga. 2007) ("A show cause order affords due process if the order delineates the conduct at issue in a manner sufficient to provide the attorney an opportunity to prepare a defense and affords the attorney a hearing at which he can present evidence in support of such defense.").

Here, by contrast, the Order references only the Reorganized Debtor's "compliance with the confirmed Plan of Reorganization" in general terms, without identifying which Plan obligations, deadlines, payments, or conduct are alleged to be deficient. The confirmed Plan is a twenty-page instrument addressing numerous distinct obligations, and the potential grounds for "cause" enumerated in § 1112(b)(4) are broad. A party cannot meaningfully respond to allegations of Plan non-compliance without knowing which specific provisions are allegedly violated, what conduct is said to constitute the violation, and what evidence the Court will consider. A general reference to the Plan as a whole therefore does not supply the "appropriate" notice required by § 102(1)(A).

Determining the existence of cause to support conversion is a specific evidentiary inquiry. *In re EarthSnap, Inc.,* 670 B.R. 49, 53 (Bankr. E.D. Tex. 2025) (citing *In re Timbers of Inwood Forest Assocs., Ltd.*, 808 F.2d 363, 371–72 (5th Cir. 1987)). The party seeking conversion "bears the burden of proving cause by a preponderance of the evidence," and the opposing parties must have a fair opportunity to present responsive evidence. *See In re Ozcelebi*, 639 B.R. 365, 383 (Bankr. S.D. Tex. 2022) (denying conversion where the movant failed to carry that burden

following an evidentiary hearing). Because the Order does not identify the specific compliance issues at stake, the current notice is insufficient to permit Movants to identify, assemble, and present the documents and witnesses responsive to a properly framed conversion inquiry.

Clarification of the specific grounds will allow Movants and other parties in interest to focus their preparation, avoid expending resources on immaterial issues, and present relevant evidence in an organized manner, while assisting the Court by narrowing and sharpening the issues for hearing. A short reset of the hearing date, measured from the date of the Court's clarification, would cure the deficiency identified above without prejudice to any party.

## IV. CONCLUSION

WHEREFORE, Express H2O and Larry Wright respectfully request that the Court (i) clarify the specific provisions of the confirmed Plan, and the conduct or omissions alleged to constitute "cause" under 11 U.S.C. § 1112(b), that are the subject of the Order to Show Cause; (ii) afford Movants and other parties in interest a reasonable opportunity following such clarification to prepare and present evidence, including by resetting or continuing the June 11, 2026 hearing as necessary; and (iii) grant such other and further relief as the Court deems just and proper.

Dated: June 1, 2026

Respectfully submitted,

**HAYWARD PLLC**

By: */s/ Charlie Shelton*

Charlie Shelton
Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, TX 78757
(737) 881-7100 (Phone/Fax)
cshelton@haywardfirm.com

***Counsel for Express H2O Pipeline and ROW, LLC and Larry Wright***

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2026, the foregoing pleading was served via CM/ECF on all parties requesting such service. Additionally, on the same date or within one business day thereof, the pleading was served via United States First Class Mail to all parties on the service list below who did not receive electronic service.

| | |
|---|---|
| Cobb & Johns PLLC<br>Attn: Christopher S. Johns & Michael Cotton<br>13341 West U.S. Highway 290, Building 2<br>Austin, TX 78737<br>chris@cobbjohns.com<br>michael@cobbjohns.com<br><br>***Attorneys for Longbranch Energy, DMA Properties, and Frank Daniel Moore*** | Cleveland Krist PLLC<br>Attn: Timothy Cleveland & Austin H. Krist<br>303 Camp Craft Road, Suite 325<br>Austin, TX 78746<br>tcleveland@clevelandkrist.com<br>akrist@clevelandkrist.com<br><br>***Attorneys for Longbranch Energy, DMA Properties, and Frank Daniel Moore*** |
| Langley & Banack<br>Attn: Natalie F. Wilson<br>745 East Mulberry Avenue, Suite 700<br>San Antonio, TX 78212<br>nwilson@langleybanack.com<br><br>***Attorneys for DMA Properties and Frank Daniel Moore*** | Burns & Black PLLC<br>Attn: Michael Black<br>750 Rittiman Road<br>San Antonio, TX 78209<br>mblack@burnsandblack.com<br><br>***Attorneys for Longbranch Energy*** |
| JF Duke and Associates<br>Attn: Jeffery Duke<br>11819 Great Oaks Drive<br>College Station, TX 77494<br>jeff@jfduke.com<br><br>***Attorneys for Longbranch Energy*** | United States Trustee<br>Attn: Shane P. Tobin<br>903 San Jacinto Blvd., Room 230<br>Austin, TX 78701<br><br>United States Trustee<br>Attn: Erin Coughlin<br>615 E Houston, Suite 533<br>San Antonio, TX 78295-1539<br><br>***United States Trustee*** |

*<u>/s/ Charlie Shelton</u>*
Charlie Shelton