**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE No. 20-50805-rbk** |
| **KRISJENN RANCH, LLC, ET AL.** | § | |
| | § | **CHAPTER 7** |
| | § | **(Converted)** |

**APPELLANT LARRY WRIGHT'S STATEMENT OF ISSUES TO BE PRESENTED AND DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**

Pursuant to Federal Rule of Bankruptcy Procedure 8009(a)(1), Appellant Larry Wright submits this combined Statement of the Issues to Be Presented and Designation of the Items to Be Included in the Record on Appeal from the Order Converting Case to Chapter 7 (ECF No. 301), entered September 29, 2026.

## I. STATEMENT OF ISSUES TO BE PRESENTED

1. Whether the Bankruptcy Court erred in finding "cause" under 11 U.S.C. § 1112(b)(4) to convert a Chapter 11 case whose plan had been confirmed and substantially consummated, where the sole asserted plan default—the post-confirmation transfer of the right-of-way to Express H2O—had already been adjudicated and remedied by a constructive trust affirmed on appeal.

2. Whether the Bankruptcy Court erred in determining that conversion was in the best interests of creditors and the estate, and in failing to find "unusual circumstances" precluding conversion under 11 U.S.C. § 1112(b)(2).

3. Whether the Bankruptcy Court erred in its treatment of substantial consummation and the finality and reliance interests arising from confirmation, including its application of 11 U.S.C. § 1101(2).

4. Whether the Bankruptcy Court erred in converting the case to Chapter 7 given KrisJenn Ranch, LLC's termination under Texas law and the expiration of the three-year winding-up period under Texas Business Organizations Code § 11.356, and given that estate property had revested in the reorganized debtor under 11 U.S.C. § 1141(b).

5. Whether the Bankruptcy Court exceeded its post-confirmation subject-matter jurisdiction by basing conversion on the transfer of the right-of-way to Express H2O, a non-debtor transferee, when it simultaneously found it lacked jurisdiction to unwind that transfer.

6. Whether the Bankruptcy Court erred in converting a case that had been fully administered and closed by final decree, and later reopened, where no Chapter 11 case remained "pending" that was subject to conversion under 11 U.S.C. § 1112(b).

7. Whether the Bankruptcy Court abused its discretion by converting the case rather than dismissing it or granting narrower relief, including by failing to consider dismissal as the less harmful remedy under 11 U.S.C. § 1112(b)(1).

8. Whether the Bankruptcy Court's findings of fact and conclusions of law stated on the record in support of conversion are clearly erroneous or otherwise erroneous as a matter of law.

9. Such further issues as may appear from the record on appeal, the transcript of the proceedings, and the Bankruptcy Court's findings of fact and conclusions of law once transcribed.

Appellant reserves the right to supplement or amend this Statement of Issues upon receipt of the transcript of the hearing at which the Bankruptcy Court stated its findings of fact and conclusions of law.

## II. DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

Appellant designates the following items to be included in the record on appeal:

### A. Items from the Main Bankruptcy Case (No. 20-50805-rbk)

| No. | ECF No. | Date Filed/Entered | Description |
|---|---|---|---|
| 1 | 301 | 09/29/2026 | Order Converting Case to Chapter 7 (the order on appeal) |
| 2 | 257 | 05/22/2026 | Order to Show Cause Why Case Should Not Be Converted to Chapter 7 |
| 3 | 293 | 07/21/2026 | Larry Wright's Response to Order to Show Cause |
| 4 | 308 | 10/05/2026 | Transcript of the September 29, 2026 hearing on the Order to Show Cause, including the Court's findings of fact and conclusions of law stated on the record |
| 5 | 234 | 02/28/2022 | Order Confirming the Fourth Amended Substantively Consolidated Plan of Reorganization |
| 6 | 211 | 02/03/2022 | Fourth Amended Substantively Consolidated Plan of Reorganization |
| 7 | 212 | 02/03/2022 | Fourth Amended Joint Disclosure Statement |
| 8 | 243 | 04/01/2022 | Motion for Entry of Final Decree Closing Cases |
| 9 | 244 | 04/20/2022 | Final Decree Closing Case |
| 10 | 258 | 05/22/2026 | Order Reopening Case |
| 11 | 314 | 10/12/2026 | Notice of Appeal and Statement of Election |

| | | | |
|---|---|---|---|
| 12 | 307 | 10/05/2026 | Notice of Chapter 7 Bankruptcy Case |
| 13 | N/A | — | Docket Sheet for Case No. 20-50805-rbk |

**B. Items from the Related Adversary Proceeding (No. 20-05027-rbk)**

The following items from the adversary proceeding are designated because the Order Converting Case to Chapter 7 and the Court's findings relied upon the proceedings, judgment, and transfers adjudicated therein.

| No. | AP ECF No. | Date Filed/Entered | Description |
|---|---|---|---|
| 14 | 498 | 10/02/2025 | DMA's Motion to Enforce Judgment and for Sanctions and Seeking Leave to File Fraudulent Transfer Claims |
| 15 | 542 | 11/04/2025 | Wright's Motion to Dismiss for Lack of Jurisdiction and Authority or, Alternatively, Motion to Stay |
| 16 | 330 | 03/26/2024 | Opinion After Remand |
| 17 | 329 | 03/26/2024 | Final Judgment After Remand |
| 18 | 380 | 02/08/2025 | Transcript of the February 5, 2025 hearing on the Motion to Enforce Constructive Trust |

**C. Items from the Prior District Court Appeal (Nos. SA-24-CV-365-XR; SA-24-CV-367-XR)**

| No. | Date | Description |
|---|---|---|
| 19 | 08/11/2025 | Order on Bankruptcy Appeal affirming the Final |

| | | |
|---|---|---|
| | | Judgment After Remand |
| 20 | 08/11/2025 | Final Judgment of the District Court |

Appellant reserves the right to supplement or amend this Designation, including upon receipt and review of the transcript of the September 29, 2026 hearing, and to designate additional items in response to any designation of additional items by Appellees under Rule 8009(a)(2).

## III. TRANSCRIPT (Fed. R. Bankr. P. 8009(b))

The transcript of the September 29, 2026 hearing on the Order to Show Cause has already been ordered (Bankr. ECF No. 303) and filed of record at Bankr. ECF No. 308 (Oct. 5, 2026). Appellant designates that transcript as part of the record on appeal (Item 4 above).

Dated: October 29, 2026

Respectfully submitted,

**HAYWARD PLLC**

By: /s/*Charlie Shelton*
Charlie Shelton
Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, TX 78757
(737) 881-7100 (Phone/Fax)
cshelton@haywardfirm.com

***Counsel for Larry Wright***

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically via the court's CM/ECF system on October 29, 2026, thus effecting service on any parties requesting service. Additionally, on October 29, 2026 or within one business day thereof, the foregoing was served via U.S. First Class Mail to all parties listed below.

| | |
|---|---|
| KrisJenn Ranch, LLC, et al.<br>410 Spyglass Rd.<br>McQueeney, TX 78123-3418<br><br>***Debtors*** | Munsch Hardt Kopf & Harr, P.C.<br>Attn: Jay H. Ong<br>1717 West 6th Street, Suite 250<br>Austin, TX 78703<br><br>***Counsel for the Chapter 7 Trustee*** |
| Christy L. Heimer<br>P.O. Box 140193<br>Austin, TX 78714<br><br>***Chapter 7 Trustee*** | |

/s/ Charlie Shelton
Charlie Shelton