**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE No. 20-50805-rbk** |
| **KRISJENN RANCH, LLC, ET AL.** | § | |
| | § | **CHAPTER 7** |
| | § | **(Converted)** |

**APPELLANT LARRY WRIGHT'S MOTION FOR LEAVE TO FILE DESIGNATION OF RECORD AND STATEMENT OF ISSUES OUT OF TIME AND TO DEEM THEM TIMELY FILED**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Appellant Larry Wright ("Appellant") files this Motion for Leave to File Designation of Record and Statement of Issues Out of Time and to Deem Them Timely Filed, and respectfully shows the Court as follows:

## I. INTRODUCTION

1. Appellant timely filed his Notice of Appeal from the Order Converting Case to Chapter 7 (ECF No. 314). However, through a good-faith and inadvertent calendaring error, the deadline to designate the record and set forth a statement of issues was never calendared. Accordingly, the Appellant did not file his designation of the record and statement of the issues within the 14-day period prescribed by Federal Rule of Bankruptcy Procedure 8009(a)(1). Appellant has now filed his statement of issues and designation of the record at Docket No. 324 in the instant case. Accordingly, Appellant seeks a brief three-day extension and an order deeming the designation and statement of issues timely filed.

2. The requested relief will not prejudice any party or delay the appeal. The brief delay has not impaired the Appellees' ability to respond, and the record and issues on appeal are now of record. No party will suffer any injury from the short delay.

## II. BACKGROUND

3. On September 29, 2026, the Court entered its Order Converting Case to Chapter 7 (ECF No. 301) (the "Conversion Order").

4. On October 12, 2026, Appellant timely filed his Notice of Appeal and Statement of Election from the Conversion Order (ECF No. 314), electing to have the appeal heard by the United States District Court for the Western District of Texas.

5. Under Federal Rule of Bankruptcy Procedure 8009(a)(1)(B), Appellant's designation of the items to be included in the record on appeal and statement of the issues to be presented were due within 14 days after the Notice of Appeal became effective, which would place them as being due on October 26, 2026.

6. Appellant had prepared his statement of the issues and was prepared to file it within the prescribed period. However, the 14-day deadline was inadvertently never calendared, and, as a result, the deadline was missed. The omission was inadvertent and in good faith, and was not the product of bad faith, dilatory motive, or any intent to delay the appeal.

7. Promptly upon recognizing the omission, Appellant prepared his designation of the record and statement of the issues, which have now been filed at Docket No. 324.

## III. RELIEF REUQESTED AND BASIS THEREFOR

8. Because the deadline under Rule 8009(a)(1) has passed, the enlargement of time is governed by Federal Rule of Bankruptcy Procedure 9006(b)(1), which permits the Court to accept a late filing "where the failure to act was the result of excusable neglect."

9. "Excusable neglect" is an equitable determination that takes account of all relevant circumstances, including the danger of prejudice, the length of the delay and its potential impact on the proceedings, the reason for the delay and whether it was within the movant's reasonable control, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). The standard encompasses late filings caused by inadvertence, mistake, or carelessness, and is not limited to circumstances beyond the party's control. *Id.*

10. Each factor favors the requested relief:

(a) *No prejudice.* The delay here is measured in days, not months. The designation and statement of issues are now of record, and the Appellees' ability to designate additional record items and to respond on appeal is unaffected.

(b) *Minimal delay and no impact on the proceedings.* The record on appeal has not yet been transmitted and briefing has not begun. The short delay has no effect on the orderly progress of the appeal.

(c) *Reason for the delay.* The omission resulted from an inadvertent calendaring error, made in good faith.

(d) *Good faith.* Appellant timely filed his Notice of Appeal, has diligently prosecuted the appeal in all other respects, and acted promptly to cure the omission upon discovering it.

11. The relief requested is consistent with the strong policy, in this Circuit, against dismissing a bankruptcy appeal for a late-filed statement of issues. An appellant's failure to take any step after the timely filing of the notice of appeal does not affect the validity of the appeal; dismissal is a sanction reserved for extreme cases of bad faith or obstinately dilatory conduct, not the ordinary consequence of a procedural misstep. *See, e.g. In re CPDC Inc.*, 221 F.3d 693 (5th Cir. 2000) (untimely filing of statement of issues did not warrant dismissal where the appellant later filed it, the record was adequate, and the appellees showed no prejudice).

12. Granting this Motion will permit the appeal to be decided on its merits, consistent with the policy favoring resolution on the merits and the absence of any prejudice to the Appellees or the estate.

## IV. PRAYER

13. For these reasons, Appellant respectfully requests that the Court (i) grant this Motion; (ii) extend the deadline under Federal Rule of Bankruptcy Procedure 8009(a)(1) to and including October 29, 2026 and deem Appellant's Designation of Record and Statement of Issues, filed at Docket No. 324, timely filed; and (iii) grant Appellant such other and further relief to which he may be justly entitled.

Dated: October 29, 2026

Respectfully submitted,

**HAYWARD PLLC**

By: /s/*Charlie Shelton*
Charlie Shelton
Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, TX 78757
(737) 881-7100 (Phone/Fax)
cshelton@haywardfirm.com

***Counsel for Larry Wright***

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically via the court's CM/ECF system on October 29, 2026, thus effecting service on any parties requesting service. Additionally, on October 29, 2026 or within one business day thereof, the foregoing was served via U.S. First Class Mail to all parties listed below.

| | |
|---|---|
| KrisJenn Ranch, LLC, et al.<br>410 Spyglass Rd.<br>McQueeney, TX 78123-3418<br><br>***Debtors*** | Munsch Hardt Kopf & Harr, P.C.<br>Attn: Jay H. Ong<br>1717 West 6th Street, Suite 250<br>Austin, TX 78703<br><br>***Counsel for the Chapter 7 Trustee*** |
| Christy L. Heimer<br>P.O. Box 140193<br>Austin, TX 78714<br><br>***Chapter 7 Trustee*** | Christopher S. Johns<br>Johns & Counsel PLLC,<br>13341 W. US-290, Building 2,<br>Austin, TX 78737<br><br>***Counsel for appellees — Longbranch Energy, LP; DMA Properties, Inc.; and Frank Daniel Moore*** |
| Timothy Cleveland and Austin H. Krist<br>Cleveland \| Krist PLLC<br>4611 Bee Cave Road, Suite 306B<br>Austin, TX 78746<br><br>***Counsel for appellees — Longbranch Energy, LP; DMA Properties, Inc.; and Frank Daniel Moore*** | Natalie F. Wilson<br>Langley & Banack, Inc.<br>745 East Mulberry Avenue, Suite 700<br>San Antonio, TX 78212<br><br>***Counsel for appellees — Longbranch Energy, LP; DMA Properties, Inc.; and Frank Daniel Moore*** |

*/s/ Charlie Shelton*
Charlie Shelton