**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 20-50805-rbk** |
| **KRISJENN RANCH, LLC,** | § | |
| | § | **Chapter 7** |
| **Debtor.** | § | |

**TRUSTEE'S APPLICATION TO EMPLOY MUNSCH HARDT KOPF & HARR, P.C. AS GENERAL BANKRUPTCY COUNSEL TO THE TRUSTEE**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held. Any response must be timely filed with the United States Bankruptcy Clerk, Western District of Texas, Hipolito F. Garcia Federal Building and United States Courthouse, 615 East Houston Street, Room 597, San Antonio, Texas 78205. If a timely response is filed, the Court will then set a hearing on the motion, and you will be provided with notice of the date, time, and place of the hearing. If you do not attend the hearing, the Court may decide that you do not oppose the motion.**

TO THE HONORABLE RONALD B. KING, U.S. BANKRUPTCY JUDGE:

Christy Heimer, not individually but in her capacity as the duly appointed chapter 7 trustee (in such capacity, the "Trustee"), for and on behalf of KrisJenn Ranch, LLC (the "Debtor" or "Reorganized Debtor"), files this *Application to Employ Munsch Hardt Kopf & Harr, P.C. as General Bankruptcy Counsel to the Trustee* (this "Application"), and in support thereof respectfully states as follows:

## I. SUMMARY

1. By this Application, the Trustee seeks to employ and retain Munsch Hardt Kopf & Harr, P.C. ("Munsch Hardt") as her general bankruptcy counsel, effective October 5, 2026, in accordance with the terms and conditions set forth in that certain engagement letter between the Trustee and Munsch Hardt, dated October 5, 2026, as supplemented by that certain Amendment No. 1 thereto, dated October 26, 2026 (together, the "Engagement Agreement"), a true and correct copy of which is attached as Exhibit "1" to the Declaration of Jay H. Ong in support of this Application (the "Declaration"), and which Declaration is attached hereto as **Exhibit "A"** and incorporated herein by reference for all purposes.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and the standing Western District of Texas Order of Reference of Bankruptcy Cases and Proceedings. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and a matter that arises exclusively under the provisions of the Bankruptcy Code and as to which the Court accordingly has the power consistent with the United States Constitution to enter a final order resolving same. The Trustee hereby consents to such a final disposition by this Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 327(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014, 2016, 9013, and 9014 of the Local Court Rules of the United States Bankruptcy Court for the Western District of Texas (the "Local Rules").

## III. BACKGROUND

4. On April 27, 2020 (the "Petition Date"), the Debtor commenced this case (the "Bankruptcy Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code [Docket No. 1].

5. On June 8, 2020, this Court entered its *sua sponte* Order directing the joint administration of the Debtor's case with those of its affiliated debtors KrisJenn Ranch, LLC, Series Uvalde Ranch (Case No. 20-51083, "Series Uvalde"), and KrisJenn Ranch, LLC, Series Pipeline Row (Case No. 20-51084, "Series Pipeline," and collectively with the Debtor and Series Uvalde, the "Debtors").

6. As of the Petition Date, the most substantial asset held by the Debtors' estates was a pipeline right-of-way consisting of an approximately sixty-five (65) mile easement through four counties in East Texas (the "Express Pipeline").

7. On February 3, 2022, the Debtor filed its *Fourth Amended Substantively Consolidated Plan of Reorganization* [Docket No. 211] (the "Plan") and related *Fourth Amended Joint Disclosure Statement* [Docket No. 212]. Following a hearing on February 17, 2022, the Court entered its *Order Confirming Fourth Amended Substantively Consolidated Plan of Reorganization* on February 28, 2022 [Docket No. 234] (the "Confirmation Order").

8. The Plan substantively consolidated the assets and liabilities of all three Debtors into the Debtor and provided for, among other things: (i) payment of the remaining secured claim of McLeod Oil, LLC pursuant to a settlement in the amount of $385,000; (ii) payment in full of allowed general unsecured claims; (iii) disallowance of the remaining claims of DMA Properties, Inc. ("DMA"), Frank Daniel Moore ("Moore"), and Longbranch Energy, LP ("Longbranch"), subject to the outcome of a then-pending appeal of Adversary Proceeding No. 20-5027 (the "Adversary Proceeding") concerning interests in the Express Pipeline; (iv) subordination of the

insider claim of the Debtors' then-controlling principal, Larry Wright; and (v) retention by equity holders of their pre-petition interests. *See, e.g.*, Plan, § 1.02, Art. IV.

9. Plan payments were to be funded first from the remaining proceeds of the Uvalde Ranch, an asset sold by the Debtor on or about September 9, 2021, then from the monetization of the Express Pipeline, and then from the sale of the Debtor's interests in its partly-owned subsidiary Thunder Rock Holdings. *See id.*, § 7.03, Art. IV; Fourth Amended Disclosure Statement [Docket No. 212], p. 2.

10. The Plan further required the Reorganized Debtor to tender to DMA and Longbranch a copy of any offer to transfer or dispose of an interest in the Express Pipeline at least thirty (30) days before closing, and provided that, if the Reorganized Debtor defaulted under the Plan and the case were converted to chapter 7, all property vested in the Reorganized Debtor would re-vest in the bankruptcy estate. Plan, § 10.02, Art. IV.

11. The Confirmation Order also authorized the Debtors to wind up Series Uvalde and Series Pipeline, retained the Court's jurisdiction to carry out the Plan, and provided that any party in interest could reopen the Bankruptcy Case to have the Court adjudicate any dispute regarding the sale, transfer, or encumbrance of the Express Pipeline. Confirmation Order, ¶¶ 16, 19.

12. On April 27, 2022, the Court entered an order granting the Debtors' motion for entry of a final decree [Docket No. 246], and the Bankruptcy Case was closed on April 28, 2022.

13. Thereafter, in connection with DMA's *Motion to Enforce Judgment and Sanctions and Seeking Leave to File Fraudulent Transfer Claims* and Larry Wright's *Motion to Dismiss for Lack of Subject Matter Jurisdiction and Authority* filed in the Adversary Proceeding (Adv. No. 20-5027, ECF Nos. 498, 542), and following a hearing on May 12, 2026, the Court found that the

record raised substantial questions regarding the Reorganized Debtor's compliance with the confirmed Plan sufficient to warrant inquiry under 11 U.S.C. § 1112(b)(4).

14. Accordingly, on May 22, 2026, the Court entered an order reopening the Bankruptcy Case [Docket No. 258] and its *Order to Show Cause* [Docket No. 257] (the "Show Cause Order"), directing the Reorganized Debtor to appear and show cause why the Bankruptcy Case should not be converted from chapter 11 to chapter 7 for cause, including under 11 U.S.C. § 1112(b).

15. On September 29, 2026, the Court conducted a hearing on the Show Cause Order. After the hearing, the Court determined that, pursuant to 11 U.S.C. § 1112(b)(4), the Bankruptcy Case should be converted for cause to a case under chapter 7 and entered its *Order Converting Case to Chapter 7* [Docket No. 301] (the "Conversion Order"). Pursuant thereto, the Debtor's bankruptcy estate (the "Estate") was re-established and the Trustee was appointed as chapter 7 trustee to oversee the administration and management of the Debtor's Estate and its assets, claims, and affairs. The meeting of creditors pursuant to section 341 of the Bankruptcy Code is scheduled for November 4, 2026. *See* Docket No. 307.

16. Immediately following her appointment to act as Trustee and subject to the Court's approval, as set forth in the Engagement Agreement, the Trustee retained Munsch Hardt to serve and act as her general bankruptcy counsel in the Bankruptcy Case, and Munsch Hardt began providing services to assist the Trustee in her administration of the Bankruptcy Case.

17. Also following conversion, Mr. Wright, as ordered by the Court in its Conversion Order (*see* p. 2), has filed the Debtor's amended post-conversion bankruptcy schedules [Docket No. 320] (the "Conversion Schedules"), pursuant to which he discloses no cash on hand and only

$1,000 in fixed assets (consisting of deer feed) held by the post-conversion Estate. *See* Conversion Schedules, Schedule A/B, Nos. 5, 31, 33, 92.

## IV. RELIEF REQUESTED

18. As set forth below, the Trustee believes that Munsch Hardt's employment as her counsel in the Bankruptcy Case is in the best interests of the Debtor's Estate and creditors and by this Application seeks this Court's approval of her proposed engagement of Munsch Hardt, effective as of October 5, 2026. *See* Local Rule 2014-1(c).

### A. Qualifications

19. The Trustee has selected Munsch Hardt as her general bankruptcy counsel because of Munsch Hardt's extensive knowledge of bankruptcy matters and experience representing bankruptcy trustees, as well as other estate fiduciaries and parties in interest.

20. Munsch Hardt is well qualified to represent the interests of the Trustee and Estate as the Trustee's general bankruptcy counsel. Munsch Hardt is a full-service business law firm with expertise in all areas of commercial and business law, including bankruptcy, reorganization and creditors' rights, corporate, securities, tax, real estate, intellectual property, and litigation. Munsch Hardt's lead partner assigned to this case has represented parties (in addition to serving as a chapter 11 trustee) in bankruptcy cases pending before this Court, as well as in other courts across the country, for more than twenty-six (26) years.

21. Munsch Hardt's Bankruptcy, Restructuring & Insolvency Section has particular experience in trustee representation involving complex bankruptcy litigation, both regionally and nationally. Specifically, Munsch Hardt has: (i) represented chapter 11, chapter 7, and post-confirmation trustees in all facets of bankruptcy proceedings; (ii) represented debtors, creditors, trustees, creditors' committees, and examiners, as well as potential purchasers, lenders, and other prospective business parties, and other parties in interest, in numerous bankruptcy cases; and (iii)

prosecuted, defended, and administered countless contested matters and litigation proceedings in, and in connection with, bankruptcy cases. This experience, coupled with the firm's expertise in other areas, positions Munsch Hardt to address the potential legal issues that may arise in the context of representing the Trustee. Munsch Hardt regularly represents trustees in chapter 7 bankruptcy cases pending in the Western District of Texas.

**B. Applicable Services**

22. The professional services that Munsch Hardt will render to the Trustee may include, among other things and subject to the Trustee's requests and authorization:

a. assisting in investigating, evaluating, pursuing, recovering, liquidating, and maximizing the value of the Estate's assets;

b. investigating, evaluating, and resolving claims asserted against the Estate, including but not limited to claims asserted to be secured by property of the Estate;

c. formulating, investigating, and pursuing potential avoidable transfers and other causes of action owned by the Estate;

d. negotiating with creditors and parties in interest;

e. assisting the Trustee with the performance of her duties as Trustee and the administration of the Bankruptcy Case; and

f. assisting with reporting, disbursements, and generally in any other matters of administering the Bankruptcy Case.

**C. Disinterestedness**

23. As set forth in the Declaration: (i) Munsch Hardt has no agreement with any other entity to share any compensation received, and no such agreement will be made; and (ii) no attorney at Munsch Hardt is related to any United States Bankruptcy Judge or United States District Court Judge for the Western District of Texas or to the United States Trustee (the "UST").

24. As also set forth in the Declaration, pursuant to Munsch Hardt's performance of its established, customary conflicts review procedures, Munsch Hardt makes the following disclosures in connection with this Application:

a. Tara LeDay, a shareholder at Munsch Hardt who is expected to provide services to the Trustee in this case, previously represented Guadalupe County, Texas ("Guadalupe County"), a creditor in the Bankruptcy Case, while she was associated with the law firm of McCreary, Veselka, Bragg & Allen, P.C. Ms. LeDay filed a notice of appearance and request for service of notice on behalf of Guadalupe County on May 21, 2020 [Docket No. 37]. Guadalupe County's claim was satisfied during the chapter 11 phase of the Bankruptcy Case, and Ms. LeDay, on behalf of Guadalupe County, subsequently filed notices withdrawing Claim No. 2 on July 16, 2021, on the ground that the claim had been satisfied [Docket No. 127], and withdrawing Claim No. 8 on October 8, 2021 [Docket No. 159]. To the best of Munsch Hardt's knowledge, Guadalupe County holds no remaining claim against the Debtor or the Estate, and Ms. LeDay does not currently represent Guadalupe County in connection with the Bankruptcy Case. Munsch Hardt does not believe that Ms. LeDay's prior representation of Guadalupe County creates an interest adverse to the Trustee or the Estate or otherwise affects Munsch Hardt's disinterestedness.

25. Based on the foregoing and the absence of any additional relevant matters to disclose, to the best of the Trustee's (and Munsch Hardt's) knowledge, information, and belief: (i) Munsch Hardt does not hold or represent any interest adverse to the Trustee or Estate in the matters for which it is proposed to be retained; (ii) Munsch Hardt is a "disinterested person" as

defined by section 101(14) of the Bankruptcy Code; (iii) neither Munsch Hardt nor its professionals have any connection with the Court, the UST, the Debtors, the Estate, its creditors, or any other party in interest, other than as set forth herein and in the Declaration; and (iv) Munsch Hardt's employment is necessary and in the best interests of the Trustee and the Estate.

**D. Compensation and Reimbursement**

26. Munsch Hardt has agreed to perform the above-referenced legal services for the Trustee, upon request, at the hourly rates customarily charged by Munsch Hardt for legal services provided in a case of this nature, in addition to reimbursement of its actual, out-of-pocket expenses. All such compensation and reimbursement are subject to prior allowance by this Court. Munsch Hardt's rates for attorney time generally range from $420–$1,575/hour. Munsch Hardt's compensation and reimbursement are payable solely from the Estate, and not by the Trustee individually.

27. In addition, pursuant to Amendment No. 1 to the Engagement Agreement, in the event the Trustee requests that Munsch Hardt serve as her litigation counsel, on behalf of the Estate, for purposes of pursuing the avoidance and recovery of the Debtors' transfer of the Express Pipeline asset and interests to Express H20 Pipeline & ROW, LLC (including related claims, causes of action, and potential defendants, the "Litigation"), the Trustee has agreed to additional, proposed compensation to and for Munsch Hardt to account for its risk of nonpayment under the particular circumstances. Specifically, the Trustee proposes that Munsch Hardt, in its role as Litigation counsel, and in addition to its hourly compensation at its standard disclosed rates, also be entitled to a contingent success fee, solely in the event it successfully recovers the Debtors'/Estate's interests through the Litigation, in the amount of the *lesser* of: (i) ten percent

(10%) of the Estate's net Litigation recoveries; or (ii) ten percent (10%) of Munsch Hardt's total hourly fees corresponding to its Litigation services (the "Contingent Success Fee").

28. Munsch Hardt's rates are adjusted on a periodic basis in the normal course. The attorneys who will primarily work on this matter, and their respective billing rates, are more particularly set forth in the Declaration. In particular, Mr. Ong's billing rate is currently $840.00/hr., Ms. LeDay's billing rate is currently $700.00/hr., and Ms. Bass's billing rate is currently $560.00/hr., each effective October 1, 2026.

29. Including consideration of the Contingent Success Fee, Munsch Hardt's billing rates are consistent with, if not lower than, rates charged by other professionals in the Western District of Texas with similar experience working similar cases. Munsch Hardt will also seek reimbursement of all actual out-of-pocket expenses incurred in the rendition of services to the Trustee, subject to the Court's approval. These disbursements may include, among other things, costs for telephone and facsimile charges, photocopying, necessary travel, business meals, computerized research, messengers, couriers, postage, court reporter charges, transcript and witness fees, costs of Court, and other fees related to trials and hearings.

30. Munsch Hardt will apply to the Court for compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court.

31. Because this matter constitutes representation of the Estate on a post-conversion basis, Munsch Hardt has neither requested nor received any retainer in connection with this proposed engagement.

## V. BASIS FOR RELIEF

32. The Trustee, "with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under [the Bankruptcy Code]." 11 U.S.C. § 327(a). An application for retention shall include:

> specific facts showing the need for the employment; the name of the person to be employed; the reasons for the selection; the professional services to be rendered; any proposed arrangement for compensation; and to the best of the applicant's knowledge, all of the person's connections with: the debtor; creditors; any other party in interest; their respective attorneys and accountants; the United States trustee; and any person employed in the United States trustee's office.

Fed. R. Bankr. P. 2014(a)(2).

33. The Trustee further submits that the Contingent Success Fee constitutes reasonable terms and conditions of employment within the meaning of section 327. The relatively modest Contingent Success Fee is payable only in the event of a successful recovery for the Estate, is capped at the lesser of ten percent (10%) of the Estate's net Litigation recoveries or ten percent (10%) of Munsch Hardt's hourly fees for its Litigation services, and fairly compensates Munsch Hardt for the risk of nonpayment it assumes in pursuing the Litigation on behalf of an Estate with virtually no liquid or fixed assets. *See In re ASARCO, L.L.C.*, 751 F.3d 291 (5th Cir. 2014) (affirming 20% and 10% fee enhancements for two law firms that prosecuted fraudulent transfer action); *In re Pilgrim's Pride Corp.*, 690 F.3d 650, 660 (5th Cir. 2012) ("We have consistently held that bankruptcy courts have broad discretion to adjust the lodestar upwards or downwards when awarding reasonable compensation to professionals employed by the estate pursuant to § 330(a)."); *In re WC Met Ctr., LLC*, 645 B.R. 857, 860 (Bankr. W.D. Tex. 2022) (fee enhancement granted to trustee calculated as 1% of $53.5 million in estate recoveries against lodestar of $187,500).

Accordingly, the Trustee requests that the Court approve the Contingent Success Fee as a term of Munsch Hardt's employment.

34. The Trustee submits that, for all the reasons stated above and in the Declaration, the retention and employment of Munsch Hardt as general bankruptcy counsel to the Trustee on the terms proposed by the Trustee is warranted and in the best interests of the Estate.

35. Munsch Hardt began performing services for the Trustee on October 5, 2026, immediately upon her determination and agreement to retain Munsch Hardt, subject to the Court's approval, as her counsel.

## VI. CONCLUSION

WHEREFORE, the Trustee respectfully requests this Court's entry of an order substantially in the form attached hereto as **Exhibit "B"**: (i) approving the Application; (ii) authorizing the Trustee to employ and retain Munsch Hardt, as of October 5, 2026, in accordance with this Application and the Engagement Agreement, as amended; and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: October 30, 2026

Respectfully submitted,

By: */s/ Jay H. Ong*

Jay H. Ong
Texas Bar No. 24028756
Tara LeDay
Texas Bar No. 24106701
Beverly A. Bass
Texas Bar No. 24125116
MUNSCH HARDT KOPF & HARR, P.C.
1717 West 6th Street, Suite 250
Austin, Texas 78703
Telephone: (512) 391-6100
Facsimile: (512) 391-6149
Email: jong@munsch.com
tleday@munsch.com
bbass@munsch.com

*(Proposed) Counsel for Christy Heimer, Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on the 30th day of October 2026, she personally caused true and correct copies of the foregoing pleading, together with all exhibits thereto, to be served by electronically filing it with the Court using the Court's CM/ECF system, which sent notification to the parties receiving same through such system, and on the parties shown on the attached service list, via first class U.S. Mail.

By: */s/ Beverly A. Bass*
Beverly A. Bass, Esq.

Label Matrix for local noticing
0542-5
Case 20-50805-rbk
Western District of Texas
San Antonio
Fri Oct 30 14:52:24 CDT 2026

KrisJenn Ranch, LLC
410 Spyglass Rd
McQueeney, TX 78123-3418

United States Trustee - SA12
US Trustee's Office
615 E Houston, Suite 533
San Antonio, TX 78295-1601

U.S. BANKRUPTCY COURT
615 E. HOUSTON STREET, ROOM 597
SAN ANTONIO, TX 78205-2055

Albert, Neely & Kuhlmann, LLP
1600 Oil & Gas Building
309 W 7th St
Fort Worth, TX 76102-6900

Angelina County
c/o John P. Dillman
Linebarger Goggan Blair & Sampson LLP
P.O. Box 3064
Houston, Tx 77253-3064

Angelina County Tax Assessor
606 E Lufkin Ave
Lufkin, TX 75901-0434

Bigfoot Energy Services, LLC
312 W Sabine St
Carthage, TX 75633-2519

C&W Fuels, Inc.
Po Box 40
Hondo, TX 78861-0040

CLEVELAND
TERRAZAS PLLC
Timothy Cleveland
4611 Bee Cave Road, Suite 306 B
Austin, TX 78746-5284

DMA Properties, Inc.
c/o Michael J. Black
BURNS & BLACK, PLLC
750 Rittiman Road
San Antonio, TX 78209-5500

DMA Properties, Inc.
c/o NATALIE F. WILSON
745 East Mulberry, Suite 700
San Antonio, Texas 78212-3172

DMA Properties, Inc. and Frank Daniel Moore
c/o NATALIE F. WILSON
745 East Mulberry, Suite 700
San Antonio, Texas 78212-3172

DUKE, BANISTER, RICHMOND, PLLC
Jeffrey Duke
P.O. Box 175
Fulshear, TX 77441-0175

Davis, Cedillo & Mendoza, Inc.
755 E Mulberry Ave Ste 500
San Antonio, TX 78212-3135

Frank Daniel Moore
c/o NATALIE F. WILSON
745 East Mulberry, Suite 700
San Antonio, Texas 78212-3172

Granstaff Gaedke & Edgmon PC
5535 Fredericksburg Rd Ste 110
San Antonio, TX 78229-3553

Guadalupe County
c/o Tara LeDay
P.O. Box 1269
Round Rock, TX 78680-1269

Hopper's Soft Water Service
120 W Frio St
Uvalde, TX 78801-3699

Internal Revenue Service
Po Box 7346
Philadelphia, PA 19101-7346

JOHNS &COUNSEL PLLC
Christopher S. Johns
14101 Highway 290 West, Suite 400A
Austin, TX 78737-9376

KRISJENN RANCH, LLC, KRISJENN RANCH, LLC, Se
410 Spyglass Rd
Mc Queeney, TX 78123-3418

Larry Wright
410 Spyglass Rd
Mc Queeney, TX 78123-3418

Longbranch Energy
c/o DUKE BANISTER RICHMOND
Po Box 175
Fulshear, TX 77441-0175

Longbranch Energy, LP
DMA Properties, Inc.
c/o Mr. Michael J. Black
Burns & Black, PLLC
750 Rittiman Road
San Antonio, Texas 78209-5500

METTAUER LAW FIRM, PLLC
c/o April Prince
403 Nacogdoches St Ste 1
Center, TX 75935-3810

McLeod Oil, LLC
c/o John W. McLeod, Jr.
700 N Wildwood Dr
Irving, TX 75061-8832

McLeod Oil, LLC
c/o Laura L. Worsham
Jones Allen & Fuquay, LLP
8828 Greenville Avenue
Dallas, Texas 75243-7143

Medina Electric
2308 18th St.
Po Box 370
Hondo, TX 78861-0370

Medina's Pest Control
1490 S Homestead Rd
Uvalde, TX 78801-7625

Nacogdoches County Tax Assessor
101 W Main St Ste 100
Nacogdoches, TX 75961-4820

Nacogdoches County, et al.
c/o Tab Beall
Perdue Brandon Fielder Collins & Mott
PO Box 2007
Tyler, TX 75710-2007

Rusk County Appraisal District
107 N Van Buren St
Henderson, TX 75652-3113

Shelby County
c/o John P. Dillman
Linebarger Goggan Blair & Sampson LLP
P.O. Box 3064
Houston, Tx 77253-3064

Shelby County Tax Collector
200 St. Augustine St.
Center, TX 75935-3959

Tenaha ISD Tax Assessor-Collector
138 College St
Tenaha, TX 75974-5612

(p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS
REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION
PO BOX 13528
AUSTIN TX 78711-3528

Texas Farm Store
236 E Nopal St
Uvalde, TX 78801-5391

Uvalco Supply
2521 E Main St
Uvalde, TX 78801-4940

Uvalde County Tax Assessor
Courthouse Plaza, Box 8
Uvalde, TX 78801-5239

Uvalde County Tax Office
209 N High St.
Uvalde, TX 78801-5207

Uvalde County Tax Office
c/o Carlos M. Arce
Perdue, Brandon, Fielder, Collins & Mott
613 NW Loop 410, Ste. 550
San Antonio, TX 78216-5593

Christy L Heimer
PO Box 140193
Austin, TX 78714-0193

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Texas Comptroller of Public Accounts
Capitol Station
Po Box 13528
Austin, TX 78711-3528

End of Label Matrix

| | |
|---|---|
| Mailable recipients | 42 |
| Bypassed recipients | 0 |
| Total | 42 |