# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 20-50805-rbk** |
| **KRISJENN RANCH, LLC,** | § | |
| | § | **Chapter 7** |
| **Debtor.** | § | |

**DECLARATION OF JAY H. ONG IN SUPPORT OF TRUSTEE'S APPLICATION TO EMPLOY MUNSCH HARDT KOPF & HARR, P.C. AS GENERAL BANKRUPTCY COUNSEL TO THE TRUSTEE**

I, (Joachim) Jay H. Ong, under penalty of perjury pursuant to 28 U.S.C. § 1746, hereby state as follows:

1. I am over the age of 18 years and am competent and otherwise qualified to make this Declaration ("Declaration"). I am a shareholder in the law firm of Munsch Hardt Kopf & Harr, P.C. ("Munsch Hardt"), proposed attorneys for Christy Heimer, not individually but in her capacity as the chapter 7 trustee (the "Trustee"), for and on behalf of KrisJenn Ranch, LLC (the "Debtor") and its bankruptcy estate (the "Estate").

2. I submit this Declaration in support of the *Trustee's Application to Employ Munsch Hardt Kopf & Harr, P.C. as General Bankruptcy Counsel to the Trustee* (the "Application"),[1] by which the Trustee seeks authority to retain Munsch Hardt as her general bankruptcy counsel in accordance with the terms and conditions set forth in that certain engagement letter between the Trustee and Munsch Hardt, dated October 5, 2026, as supplemented by Amendment No. 1 thereto, dated October 26, 2026, a true and correct copy of which is attached hereto as **Exhibit "1"** and incorporated herein by reference for all purposes. I execute this Declaration for the purpose of

[1] Capitalized terms not defined herein have the definitions ascribed to them in the Application.

making all of the required disclosures for Munsch Hardt pursuant to, *inter alia*, 11 U.S.C. § 327(a) and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure.

3. My office address is 1717 West 6th Street, Suite 250, Austin, Texas 78703, Telephone: (512) 391-6124, Facsimile: (512) 391-6149. I am admitted to practice before the Supreme Court of Texas, this Court, and all federal district courts in Texas, as well as the Fifth Circuit Court of Appeals, among other courts. I have never been the subject of any professional disciplinary proceeding, sanction, or investigation, nor have I ever been arrested or convicted of any felony.

4. I have personal knowledge of each of the facts stated in this Declaration, except for those facts stated on information and belief, and, as to those facts, I am informed and I believe them to be true. If called as a witness, I would testify as to the matters set forth below based upon my personal knowledge, except where otherwise indicated. To the extent that I obtain additional information that requires further disclosure or modification of the Application or this Declaration, I will file a supplemental declaration or other appropriate document with the Court.

**Qualification of Counsel**

5. As set forth in the Application, on October 5, 2026, Munsch Hardt was retained, subject to the Court's approval, as general bankruptcy counsel to the Trustee.

6. Based on my discussions with the Trustee and my knowledge of the issues to be addressed in the Bankruptcy Case, I believe that the representation of the Trustee may involve the issues and require the services of Munsch Hardt as described in the Application. For the reasons stated in the Application, to the best of my knowledge, Munsch Hardt and the professionals it employs are qualified to represent the Trustee in such matters for which Munsch Hardt is proposed to be employed.

7. Munsch Hardt maintains offices in Dallas, Fort Worth, Austin, and Houston, Texas. Munsch Hardt is currently comprised of approximately one hundred eighty (180) lawyers, and its client base includes public and private corporations, both large and small, partnerships, governmental entities, banks, insurance companies, non-profit organizations, estates, trusts, and individuals. Munsch Hardt has expertise in many fields of law, including bankruptcy, business reorganization, complex litigation, and creditors' rights.

8. The Trustee has selected Munsch Hardt as her general bankruptcy counsel because of Munsch Hardt's extensive knowledge of bankruptcy matters and experience representing bankruptcy trustees, as well as other estate fiduciaries and parties in interest.

9. Munsch Hardt is well qualified to represent the interests of the Trustee and the Estate as the Trustee's bankruptcy counsel. Munsch Hardt is a full-service business law firm with expertise in all areas of commercial and business law, including bankruptcy, reorganization and creditors' rights, corporate, securities, tax, real estate, intellectual property, and litigation. As the lead partner assigned to this case, I have more than twenty-six (26) years' experience representing estates and myriad parties (in addition to serving as a chapter 11 trustee) in bankruptcy cases pending in this Court and other bankruptcy courts across the country.

10. Munsch Hardt's Bankruptcy, Restructuring & Insolvency Section has particular experience in trustee (as well as debtor, estate, committee and party in interest) representations involving complex bankruptcy cases and disputes, both regionally and nationally. Specifically, Munsch Hardt has: (i) represented chapter 11, chapter 7 and post-confirmation trustees in all facets of bankruptcy proceedings; (ii) represented debtors, creditors, trustees, creditors' committees, and examiners, as well as potential purchasers, lenders and other prospective business parties, and other parties in interest, in numerous bankruptcy cases; and (iii) prosecuted, defended and

administered countless contested matters and litigation proceedings in, and in connection with, bankruptcy cases. This experience, coupled with the firm's expertise in numerous other legal matters, provides Munsch Hardt with the expertise to address the potential legal issues that may arise in the context of representing the Trustee.

**Compensation Matters**

11. Munsch Hardt has agreed to perform such legal services on an hourly-fee basis at its customary hourly rates for cases of the size and complexity of this Bankruptcy Case. Munsch Hardt's hourly rates range from $1,575 for shareholders with the highest billing rates to $210 for paralegals with the lowest billing rates. Munsch Hardt's rates are subject to periodic adjustment (normally at year-end) to reflect economic, experience, and other similar factors.

12. As of October 1, 2026, Munsch Hardt's hourly rates for the attorneys and paraprofessionals who will most likely be working on this Bankruptcy Case are:

| | |
|---|---|
| Jay Ong, Shareholder | $840 per hour |
| Tara LeDay, Shareholder | $700 per hour |
| Beverly Bass, Associate | $560 per hour |
| Heather Valentine, Paralegal | $320 per hour |

13. In addition, pursuant to Amendment No. 1 to the Engagement Agreement, in the event the Trustee requests that Munsch Hardt serve as her litigation counsel, on behalf of the Estate, for purposes of pursuing the avoidance and recovery of the Debtor's transfer of the Express Pipeline asset and interests to Express H20 Pipeline & ROW, LLC (including related claims, causes of action, and potential defendants, the "Litigation"), the Trustee has agreed to additional proposed compensation to and for Munsch Hardt to account for its risk of nonpayment under the particular circumstances. Specifically, the Trustee proposes that Munsch Hardt, in its role as

Litigation counsel, and in addition to its hourly compensation at its standard disclosed rates, also be entitled to a contingent success fee, solely in the event it successfully recovers the Debtor's and the Estate's interests through the Litigation, in the amount of the *lesser* of: (i) ten percent (10%) of the Estate's net Litigation recoveries; or (ii) ten percent (10%) of Munsch Hardt's total hourly fees corresponding to its Litigation services (the "Contingent Success Fee").

14. Munsch Hardt will not be paid for any of its services without appropriate interim and final applications being filed by Munsch Hardt and allowed by the Court, subject to any appropriate motion practice and procedure regarding payment of interim compensation.

15. Because this matter constitutes representation of the Estate on a post-conversion basis, Munsch Hardt has neither requested nor received any retainer in connection with this proposed engagement.

16. The attorneys who will provide services to the Trustee are duly licensed to practice in the State of Texas and are admitted to practice law in the Western District of Texas. As necessary, certain other attorneys and/or paraprofessionals may provide services in connection with the engagement.

17. Pursuant to Bankruptcy Rule 2016(b), Munsch Hardt has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person or (b) any compensation another person or party has received or may receive.

18. Subject to this Court's approval, the Trustee has also agreed to the reimbursement of Munsch Hardt for all out-of-pocket expenses incurred by Munsch Hardt in connection with the representation of the Trustee, including, but not limited to, costs for delivery and mail charges, local and/or special courier charges, reproducing documents, necessary travel and lodging expenses, and other necessary out-of-pocket expenses.

## Disinterestedness of Counsel

19. To the best of my personal knowledge following a reasonable and customary investigation: (a) Munsch Hardt is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Estate, with respect to the specific subject matter of Munsch Hardt's proposed engagement; and (b) Munsch Hardt has no connection to the Debtor, its creditors, or other parties in interest, except as disclosed herein.

20. In connection with its proposed retention by the Trustee in this Bankruptcy Case, Munsch Hardt undertook to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtor or the Estate.

21. In preparing this Declaration, I have utilized Munsch Hardt's procedures for ensuring compliance with the Bankruptcy Code and the Bankruptcy Rules regarding the retention of professionals. To determine disinterestedness, Munsch Hardt conducted a computer search of its records, which include information as to both active and inactive client matters, to determine the existence of any potentially adverse parties. In addition, each attorney employed by Munsch Hardt was given written notice of Munsch Hardt's potential engagement by the Trustee and of all known parties against whom Munsch Hardt may litigate as a result of the representation, and each such attorney was asked if he or she was aware of any conflicts.

22. The search and notification procedures outlined above, and as set forth in the Application, revealed that:

a. Tara LeDay, a shareholder at Munsch Hardt who is expected to provide services to the Trustee in this case, previously represented Guadalupe County, Texas ("Guadalupe County"), a creditor in the Bankruptcy Case, while she was associated with the law firm of McCreary, Veselka, Bragg & Allen, P.C. Ms.

LeDay filed a notice of appearance and request for service of notice on behalf of Guadalupe County on May 21, 2020 [Docket No. 37]. Guadalupe County's claim was satisfied during the chapter 11 phase of the Bankruptcy Case, and Ms. LeDay, on behalf of Guadalupe County, subsequently filed notices withdrawing Claim No. 2 on July 16, 2021, on the ground that the claim had been satisfied [Docket No. 127], and withdrawing Claim No. 8 on October 8, 2021 [Docket No. 159]. To the best of Munsch Hardt's knowledge, Guadalupe County holds no remaining claim against the Debtor or the Estate, and Ms. LeDay does not currently represent Guadalupe County in connection with the Bankruptcy Case. Munsch Hardt does not believe that Ms. LeDay's prior representation of Guadalupe County creates an interest adverse to the Trustee or the Estate or otherwise affects Munsch Hardt's disinterestedness.

23. Based upon the foregoing and my personal investigation, and except as noted above in this Declaration, it is my belief that Munsch Hardt: (i) does not have any connection with the Debtor, its creditors, or other parties in interest relating to the matters for which it is proposed to be engaged; (ii) does not have any connection with the United States Trustee or any person employed by the Office of the United States Trustee; (iii) is a "disinterested person," as defined in § 101(14) of the Bankruptcy Code, with respect to the matters for which it is proposed to be engaged; and (iv) does not hold or represent any interest adverse to the Trustee relating to the matters for which it is proposed to be engaged. Based on a review of Munsch Hardt's records, except as disclosed herein, I believe that Munsch Hardt has no financial connection with the Debtor, the Debtor's creditors, or the Trustee.

24. Munsch Hardt will review its files periodically during the pendency of this Bankruptcy Case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Munsch Hardt will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

25. In light of the foregoing, I believe Munsch Hardt is disinterested within the meaning of section 101(14) of the Bankruptcy Code and that the employment of Munsch Hardt as general bankruptcy counsel for the Trustee is appropriate and should be approved.

26. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

EXECUTED this 30th day of October, 2026.

*/s/ Jay H. Ong*
Jay H. Ong

# <u>Exhibit 1</u>

## Engagement Letter

MUNSCH HARDT

DALLAS / HOUSTON / AUSTIN / FT WORTH

Hartland Plaza
1717 W. 6th Street, Suite 250
Austin, Texas 78703
Main 512.391.6100
Fax 512.391.6149
munsch.com

**JAY H. ONG**
Direct Dial 512.391.6124
Direct Fax 512.391.6149
jong@munsch.com

October 5, 2026

***Via E-Mail (clheimer@trusteeheimer.com)***

Christy Heimer
Chapter 7 Trustee
Heimer Law Offices P.C.
1414 East 51st Stret, STE #120
Austin, Texas 78723

Re: Representation of Christy Heimer in Your Capacity as the Chapter 7 Trustee (**You**, **Client** or **Trustee**) appointed in the Converted Chapter 7 Bankruptcy Cases of KrisJenn Ranch, LLC and its affiliated debtors in bankruptcy (collectively, **Debtors**), jointly administered under Case No. 20-50805-rbk (collectively, **Bankruptcy Case**), pending in the United States Bankruptcy Court for the Western District of Texas (**Bankruptcy Court**).

Dear Christy:

I would first like to take the opportunity to thank you for allowing our firm to represent You (solely in your capacity as the Trustee, and not individually), as Your general bankruptcy counsel in the Bankruptcy Case. The purpose of this letter is to confirm our mutual understanding of the representation that Munsch Hardt Kopf & Harr, P.C. (the **Firm**) has agreed to undertake on behalf of Client and to set forth the scope and the terms of our engagement.

Please review this letter carefully. If it meets with your approval and reflects your understanding of our respective responsibilities, please sign the letter and return it to us.

1. <u>Scope of Engagement</u>

We understand the scope of our engagement (this **Matter**) will be to provide You with legal services in order to assist You in administering the Bankruptcy Case and discharging your duties as Chapter 7 Trustee for the Debtors' bankruptcy estates (collectively, the **Estate**), which customarily may include, upon your request and instruction, without limitation: (i) assisting in investigating, evaluating, pursuing, recovering, liquidating and maximizing the value of the Estate's assets; (ii) investigating, evaluating and resolving claims asserted against the Estate, including but not limited to claims asserted to be secured by property of the Estate; (iii) formulating, investigating and pursuing potential avoidable transfers and other causes of action owned by the Estate; (iv) negotiating with creditors and parties in interest; (v) assisting You with the performance of Your Trustee duties and administration of the Bankruptcy Case; and (v) assisting with reporting, disbursements, and generally in any other matters of administering the Bankruptcy Case.

If the Firm is representing You in connection with litigation and determines, after conducting a preliminary investigation, that the claims should not be pursued further, You agree that the Firm may withdraw from that limited scope of the Matter and representation, with respect to such litigation, by sending written notice of the Firm's intention to withdraw to You.

We understand that you will provide us with the factual information and documents we require to perform the services, will make decisions and determinations as necessary or appropriate to facilitate the rendering of our services, will be available to assist us in the progress of our representation, and will remit payment of our invoices in accordance with the terms set forth below.

You may, from time to time, request we perform additional or other services not included within the scope of services described in this Paragraph 1. You understand that, when and if you request additional services, we will need to determine there are no conflicts presented by that additional representation and may need to enter into a separate engagement letter with you. If we undertake representation of you for additional or other services and do not ask you to enter into a new engagement letter, then this fee agreement will apply to those services.

2. Conflicts

The Firm has performed a check of our client listing to determine if representation of the Client would create an actual or potential conflict of interest. Our review has revealed no potential conflict arising from this representation. However, if for any reason we believe that a conflict may actually develop in connection with our representation in the Matter, we will promptly inform You. If appropriate, we may seek Your waiver of such conflicts in order to continue our representation of You in the Matter or your engagement of alternate counsel to represent You in any such matter.

Please be advised that, depending on the nature of any such actual conflict and even if the Client provides a waiver, we may nevertheless be required to withdraw from representing it in the Matter as we will not represent any parties, including existing clients of the Firm, against other clients of the Firm and with respect to matters as to which the Firm has previously been retained.

3. Progress and Reporting

We will report regularly on the status of each matter and on significant developments as they occur. It is also our practice to provide copies to you of significant documents and to inform you of significant communications in each matter.

We ask that you remain in close contact with us and that you be available to consult with us as developments occur and to instruct and give us authority as necessary. If you have any questions or concerns about the matter, we ask that you raise them with us immediately so they can be promptly and effectively addressed and resolved.

If the matter for which we have been engaged involves litigation, disclosure of responsive Client information may be required. Following both the Texas and Federal Rules of Civil Procedure, we are obligated to sign disclosures that certify to the best of the attorney's knowledge, information and belief, formed after a reasonable inquiry, that the disclosure is complete and correct as of the time it is made. In order to properly sign such a disclosure, we require your cooperation and open, truthful and complete communication regarding whether information exists, where such information is located, how it is organized and maintained and whether and how it can be retrieved, regardless of whether that

information is paper-based documents or electronically stored information. We may require that representatives of Client meet with our firm's litigation support manager to facilitate the identification and retrieval of the information described above.

We communicate, from time to time, with our clients using fax, cell phones, social networking sites, and email. As you are no doubt aware, these forms of communication are not secure against unauthorized access. These forms of communication do not ensure the confidentiality of their contents and there is, therefore, some risk of disclosure and loss of attorney-client privilege in using these forms of communication. If you object to our using any one or more of these forms of communication, please let us know immediately and we will attempt to honor that request.

4. Staffing

I, Tara LeDay, and Beverly Bass will be the attorneys at our Firm primarily responsible for this Matter. My rate is presently $840 / hour, Ms. LeDay's is $700 / hour, and Ms. Bass' is $560 / hour. Where it is to your advantage to do so, we may utilize the services of other lawyers, paralegals, and summer associates in the Firm. I will attempt, wherever possible, to make work assignments in a way that maximizes legal effectiveness and time efficiency and minimizes your legal expenses. Our goal is to provide you cost effective, high quality legal services.

5. Basis for Fees and Costs

The Firm has established an hourly rate for each attorney, paralegal, and summer associate in the Firm. These hourly rates are based on a variety of factors including the experience and expertise of each individual. Our firm's rates for attorney time on this matter range from $450-$1,440/hour. As of October 1, 2026. Other lawyers who may render services may have higher or lower hourly rates.

6. Retainer

Because this Matter constitutes representation of the Estate on a post-conversion basis, the Firm has waived our usual requirement of a retainer.

7. Billing Procedures

We review our billing rates and fixed fees from time to time. Any rate adjustments will be reflected in your invoices. The specific basis on which fees, costs, and expenses are computed, our practice in sending invoices, how we handle past due accounts, and the like, are set forth in greater detail in the enclosed sheet entitled "Information for Clients."

It is our policy to serve our clients with an effective support system, while at the same time allocating costs of the systems to the clients who use them. In addition to fees for, we also charge for courier and other communication costs, online research facilities, and other out-of-pocket costs incurred on your behalf. Statements will be rendered to you on a monthly basis. The attached "Schedule of Charges for In-House Services" sets out our current charges for these items. These charges may be reviewed and adjusted annually when our billing rates are adjusted.

We make every effort to include disbursements in the statement for the month in which the disbursements are incurred. However, some of the disbursements are not available to us until the

following months, in which case a supplemental statement will be rendered to you for these additional charges.

Statements are not the personal obligation of the Trustee, you individually, or of Heimer Law Offices P.C., but are payable solely from the Estate, following and in accordance with Bankruptcy Court approval and authorization for compensation and reimbursement thereunder.

8. Record Retention

At the conclusion of each matter, it is your obligation to advise us as to which, if any, of the documents in our files that you want us to return to you. The Firm may dispose of any and all documents it deems superfluous consistent with maintaining the confidentiality of the contents of those documents. Subject to casualties beyond our control, the Firm will store the entire balance of the file for each matter, at the Firm's expense, for at least five years. After the five-year retention period, unless you make other arrangements and pick up the file, the file for each matter may be disposed of in the regular course of business, at the Firm's expense, consistent with maintaining the confidentiality of its contents.

9. Optional Representative Client List

The Firm would like to include Client as a part of our Representative Client List in our marketing materials. By signing this form, Client hereby authorizes the Firm's use of only the legal name and logo of your company in our marketing materials. Any additional information will require Client's prior consent.

10. Termination

The relationship established by this agreement is subject to termination by the Firm as follows:

a) Nonpayment of fees, costs, and expenses in accordance with this agreement or the representation is causing an unreasonable financial burden on the Firm.

b) Failure to cooperate and comply fully with all reasonable requests of the Firm with respect to each matter.

c) Client's engagement in conduct that renders it unreasonably difficult for the Firm to carry out the purposes of its engagement including but not limited to insisting on pursuing an objective that the lawyer considers repugnant or imprudent or with which the Firm has fundamental disagreement.

d) The development or disclosure of facts that, in the opinion of the Firm, creates an existing or potential conflict of interest in the ongoing representation of Client. Client, by signing this letter, acknowledges it currently knows of no facts that would create an actual or potential conflict of interest.

e) The client persists in a course of action involving the Firm's services that the Firm reasonably believes may be criminal or fraudulent.

In the event this relationship is terminated for any reason, Client will be obligated to pay the Firm any fees incurred to that time and the Firm shall be entitled to reimbursement of all expenses, charges, and costs incurred during the course of the representation.

Unless previously terminated, our representation will be considered terminated when the Bankruptcy Court has approved the Firm's final application for compensation and reimbursement, or as otherwise ordered by the Bankruptcy Court. When termination occurs, papers and property that you have provided to us will, at your request, be returned to you promptly. Copies of papers we have created for you, which you may need but no longer have, will be made available to you. We reserve the right, subject to any applicable laws or rules of professional responsibility to the contrary, to destroy within a reasonable time any items described in this paragraph that are retained by us.

Finally, after termination of the engagement we will have no continuing obligation to provide advice concerning legal developments that are related to or might have a bearing on the subject matter of any engagement.

This agreement will be governed under Texas law and represents the complete agreement of the parties. It supersedes all prior discussions and understandings.

We look forward to representing You in connection with the Bankruptcy Case, and thank You for looking to us to assist. If you have any questions concerning the contents of this letter, or any matter relating to our legal representation, please do not hesitate to call me directly.

Very truly yours,

Jay H. Ong

ACCEPTED AND AGREED:

**CHRISTY HEIMER, CHAPTER TRUSTEE**

By: ______________________________

Name: Christy Heimer

JO:akm
Enclosures

## SCHEDULE OF CHARGES FOR IN-HOUSE SERVICES

| Description | Charge |
|---|---|
| Online Research Facilities | Standard rates less discounts available to the Firm based on usage |
| Photocopies | $.20 per page |
| Pacer Research | Actual cost invoiced |
| Fax | $.50 per page |
| Telecommunications | Actual cost invoiced |
| Courier | Actual cost invoiced |

## INFORMATION FOR CLIENTS

We are pleased to have the opportunity to serve you. We are providing the following information about some of our standard client service practices and billing procedures. These practices and procedures will apply to your account unless you have reached a different understanding with us.

PERSONNEL

One lawyer will generally be assigned primary responsibility for seeing that your legal needs are met. When appropriate, additional lawyers may, from time to time, assist or replace others in rendering legal services. We attempt to assign lawyers and other personnel on the basis of experience, expertise, nature and scope of the issues, and the time constraints imposed by the matter.

BASIS FOR FEES

Our fees for a particular matter may be based upon a variety of factors, depending on the nature of the representation. Those factors might include the time spent on the matter; the novelty and difficulty of the questions involved; the experience, reputation, and abilities of the lawyers rendering the services; the amount at issue; the results obtained; time limitations imposed by you or by the circumstances of the matter; and whether work on this matter will preclude the Firm from rendering services to other clients. We are guided (but not controlled) in setting fees by the customary hourly rates of our lawyers and legal assistants for working on comparable matters. These rates may be adjusted annually.

COSTS AND EXPENSES

We may, from time to time, advance or incur certain costs and expenses that will be charged to you. These charges include court filing fees, deposition or transcript fees, consulting or expert witness fees and expenses, title company reports, computerized printing, computerized legal research, fees related to managing evidence using a document review platform, travel expenses, messenger services, and overhead on certain services. All such expenses are your responsibility and we assume no liability for payment. For administrative ease, we, acting on your behalf, may advance payment of certain of these providers if your account with us is current. When the amounts involved are large, however, we will forward invoices to you for direct payment.

MONTHLY INVOICES

We typically bill on a monthly basis, and payment is due upon receipt of the invoice. Invoices outstanding more than 30 days may be assessed a 1% per month administrative fee. A Statement of Account will be forwarded to you automatically each month if you have any outstanding invoices. Invoices outstanding more than 30 days may be assessed a 1% per month administrative fee.

CONFLICT OF INTEREST

We performed a name check of our other clients to see if our representation of you would create a conflict of interest for us. That check was done using your name and other names you gave us before we commenced working for you. Please inform us immediately if you use other names or have affiliated companies that you want entered into our conflicts system or if you

become aware of any additional parties or entities to which your interests are, or may become, adverse in the matter.

DELINQUENT ACCOUNTS

We, like other businesses, have substantial cash demands that may require us to borrow money if our accounts receivable are not paid promptly. If an account becomes delinquent, we employ the prudent collection procedures used by other businesses to ensure that the vast majority of our clients who do pay their bills promptly are not penalized for the additional costs attributed to delinquent bills. If it becomes necessary for us to file a claim or to engage a collection agency for collection of our fees or disbursements, you will pay all our related costs and expenses, including reasonable legal fees.

TERMINATION OF SERVICES

We retain the right to cease performing legal services and to terminate our representation of you, for any reason consistent with the applicable ethical rules, including unanticipated conflicts of interest or delinquency or nonpayment of legal fees and expenses incurred on your behalf.

QUESTIONS

One of our goals is to ensure that legal services are delivered effectively and efficiently and that all billings are accurate and understandable. Please direct any questions about services or fees to the lawyer responsible for your account. Any questions regarding the billing or payment status of your account should be promptly directed to our Accounting Department, at 214.740.5198.

MUNSCH HARDT
DALLAS / HOUSTON / AUSTIN / FT WORTH

Hartland Plaza
1717 W. 6th Street, Suite 250
Austin, Texas 78703
Main 512.391.6100
Fax 512.391.6149
munsch.com

**JAY H. ONG**
Direct Dial 512.391.6124
Direct Fax 512.391.6149
jong@munsch.com

October 26, 2026

***Via E-Mail (clheimer@trusteeheimer.com)***

Christy Heimer
Chapter 7 Trustee
Heimer Law Offices P.C.
1414 East 51st Stret, STE #120
Austin, Texas 78723

Re: Amendment No. 1 (this **Amendment**) to Engagement Agreement dated October 5, 2026 (**Engagement Agreement**), Providing for Representation of Christy Heimer in Your Capacity as the Chapter 7 Trustee (**You**, **Client** or **Trustee**) as General Bankruptcy Counsel in the Converted Chapter 7 Bankruptcy Cases of KrisJenn Ranch, LLC and its affiliated debtors in bankruptcy (collectively, **Debtors**), jointly administered under Case No. 20-50805-rbk (collectively, **Bankruptcy Case**), pending in the United States Bankruptcy Court for the Western District of Texas (**Bankruptcy Court**).

Dear Christy:

As we discussed, this Amendment to the Engagement Agreement is intended to supplement the terms thereof and not to replace or supersede any such terms except as may be expressly provided herein.

We understand that you have determined that you may request that the Firm serve as litigation counsel to You, on behalf of the Estate, for purposes of pursuing the avoidance and recovery of the Debtors' transfer of their right of way asset and interests to and from Express H2O Pipeline & ROW, LLC (including related claims, causes of action and potential defendants, the **Litigation**); subject to your express request for same.

In such event, the Firm agrees to act as your Litigation counsel under the hourly billing arrangements and rates set forth in the Engagement Agreement, *provided however that*, in order to compensate the Firm for the risks of nonpayment of its fees and out of pocket expenses incurred in pursuing the Litigation, the parties agree that:

> In addition to compensation for its hourly fees and reimbursement for out of pocket expenses, the Firm shall also be entitled to a contingent success fee, solely in the event the Firm successfully recovers the Debtor's / Estate's interests, in the amount of the lesser of: (i) ten percent (10%) of the Estate's **net** Litigation recoveries; or (ii) ten percent (10%) of the Firm's total hourly fees corresponding to its Litigation services.

All other provisions of the Engagement Agreement remain in full force and effect, including, but not limited to, Bankruptcy Court authorization and the parties' agreement that the Firm's engagement with You is solely in your capacity as Chapter 7 Trustee and not individually; such that the Firm's

corresponding compensation and reimbursement payable only from the Estate (and subject to allowance).

If you are amenable to this Amendment, please execute in the space provided below and return it to me. Thank You again for looking to us to assist.

Very truly yours,

Jay H. Ong

ACCEPTED AND AGREED:

**CHRISTY HEIMER, CHAPTER 7 TRUSTEE**

By: ______________________

Name: Christy Heimer

JO:akm
Enclosures