**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 20-50805-rbk** |
| **KRISJENN RANCH, LLC,**[1] | § | |
| | § | **Chapter 7** |
| **Debtor.** | § | |

**TRUSTEE'S (EXPEDITED) MOTION FOR ORDER DIRECTING PARTIES TO MEDIATION AND APPOINTING JUDICIAL MEDIATOR**

TO THE HONORABLE RONALD B. KING, U.S. BANKRUPTCY JUDGE:

Christy Heimer, not individually but in her capacity as the duly appointed chapter 7 trustee herein (in such capacity, the "Trustee"), for and on behalf of KrisJenn Ranch, LLC (the "Debtor") and its bankruptcy estate (the "Estate"), files this *(Expedited) Motion for Order Directing Parties to Mediation and Appointing Judicial Mediator* (this "Motion"), which is agreed to by Express H2O Pipeline & Row, LLC ("Express H2O"), as well as DMA Properties, Inc. ("DMA") and Longbranch Energy, LP ("Longbranch", collectively with DMA, "DMA / Longbranch", and DMA / Longbranch collectively with Express H20 and the Trustee, the "Parties"), and in support respectfully states as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of the Bankruptcy Case and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

[1] The Debtor in this chapter 7 case, along with the last four digits of its federal tax identification number, is: KrisJenn Ranch, LLC (0947). The Debtor's substantively consolidated affiliates were KrisJenn Ranch, LLC, Series Uvalde Ranch and KrisJenn Ranch, LLC, Series Pipeline Row.

3. The statutory predicates for the relief requested herein are section 105(a) of title 11 of the United States Code, §§ 101 *et seq*. (as amended, the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1001-1(h) of the Bankruptcy Local Rules for the Western District of Texas (the "Local Bankruptcy Rules").

## II. BACKGROUND

### A. Procedural Background

4. On April 27, 2020 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Case"). *See* Docket No. 1.

5. On June 8, 2020, this Court entered its *sua sponte* Order directing the joint administration of the Debtor's case with those of its affiliated debtors KrisJenn Ranch, LLC, Series Uvalde Ranch (Case No. 20-51083, "Series Uvalde"), and KrisJenn Ranch, LLC, Series Pipeline Row (Case No. 20-51084, "Series Pipeline," and, collectively with the Debtor and Series Uvalde, the "Debtors").

6. As of the Petition Date, the most substantial asset held by the Debtors' estates was a pipeline right-of-way consisting of an approximately sixty-five (65) mile easement through four counties in East Texas (the "ROW").

7. On February 3, 2022, the Debtor filed its *Fourth Amended Substantively Consolidated Plan of Reorganization* [Docket No. 211] (the "Plan") and related *Fourth Amended Joint Disclosure Statement* [Docket No. 212]. Following a hearing on February 17, 2022, the Court entered its *Order Confirming Fourth Amended Substantively Consolidated Plan of Reorganization* on February 28, 2022 [Docket No. 234] (the "Confirmation Order").

8. The Plan substantively consolidated the assets and liabilities of all three debtors under the Debtor. Plan, Art. IV(A).

9. Among other things, the Plan provided for: (i) payment of the secured claim of McLeod Oil, LLC pursuant to a compromise in the amount of $385,000; (ii) payment in full of allowed general unsecured claims; (iii) disallowance of the remaining claims of DMA, Frank Daniel Moore, and Longbranch, subject to the outcome of a then-pending appeal in Adversary Proceeding No. 20-5027 (the "Adversary Proceeding") concerning interests in the ROW; (iv) subordination of the insider claim of Larry Wright; and (v) retention by equity holders of their pre-petition interests. *See* Plan, §§ 1.01, 4.01. Plan payments were to be funded first from the remaining proceeds of the Uvalde Ranch, then from the monetization of the ROW, and then from the sale of the Thunder Rock Holdings. The Plan further required the Reorganized Debtor to tender to DMA and Longbranch a copy of any offer to transfer or dispose of an interest in the ROW at least thirty (30) days before closing, and expressly provided that, if the Reorganized Debtor defaulted under the Plan and the case were converted to chapter 7, all property vested in the Reorganized Debtor would re-vest in the Estate. *See Id.*, §§ 4.01 (Classes 3 and 4), 7.03, 10.02.

10. The Confirmation Order also authorized the Debtors to wind up Series Uvalde and Series Pipeline, retained the Court's jurisdiction to carry out the Plan, and provided that any party in interest could reopen the Bankruptcy Case to have the Court adjudicate any dispute regarding the sale, transfer, or encumbrance of the ROW. Confirmation Order, ¶¶ 16, 18–19.

11. On April 27, 2022, the Court entered an order granting the Debtors' motion for entry of a final decree [Docket No. 246], and the Bankruptcy Case was closed on April 28, 2022.

12. Thereafter, in connection with DMA's *Motion to Enforce Judgment and Sanctions and Seeking Leave to File Fraudulent Transfer Claims* and Larry Wright's *Motion to Dismiss for Lack of Subject Matter Jurisdiction and Authority* filed in the Adversary Proceeding (Adv. No. 20-5027, ECF Nos. 498, 542), and following a hearing on May 12, 2026, the Court found that the

record raised substantial questions regarding the Reorganized Debtor's compliance with the confirmed Plan sufficient to warrant inquiry under 11 U.S.C. § 1112(b)(4).

13. Accordingly, on May 22, 2026, the Court entered an order reopening the Bankruptcy Case [Docket No. 258] and its corresponding *Order to Show Cause* [Docket No. 257] (the "Show Cause Order"), directing the Reorganized Debtor to appear and show cause why the Bankruptcy Case should not be converted from chapter 11 to chapter 7 for cause, including under 11 U.S.C. § 1112(b).

14. On September 29, 2026, the Court conducted a hearing on the Show Cause Order. After the hearing, the Court determined that, pursuant to 11 U.S.C. § 1112(b)(4), the Bankruptcy Case should be converted for cause to a case under chapter 7 and entered its *Order Converting Case to Chapter 7* [Docket No. 301] (the "Conversion Order"), pursuant to which the Trustee was appointed as chapter 7 trustee to oversee the administration and management of the Debtor's Estate and its assets, claims, and affairs.

15. In carrying out those duties, the Trustee has prioritized, *inter alia*, the Estate's recovery of the Debtor's pre-conversion transfer of the pipeline assets. Express H2O is the transferee of the ROW conveyed from the Debtor in 2023. The Trustee is investigating and evaluating the Estate's rights, interests and potential claims relating to the ROW right-of-way and related transfers, presently intends to initiate litigation before this Court to recover the Estate's interests in the ROW for purposes of liquidating same for the benefit of creditors, and the Parties have disputes regarding those matters (the "Disputes").

**B. Mediation Discussions**

16. Following the Trustee's appointment and in connection with her discussions with the other Parties regarding the Disputes, Express H2O raised potential mediation of the Disputes

as a means of potentially resolving them consensually and as efficiently as reasonably practicable, and the Trustee is amenable. The Trustee thereafter conferred with counsel for DMA / Longbranch, and while they question the prospects for successful mediation having trodden this ground before, they have agreed to cooperate.

17. The Parties agree that mediation of the Disputes before a judicial mediator is in the best interests of the Estate and its creditors, and mediation is not proposed for purposes of delay. To be clear, the Trustee intends to soon initiate the Estate's formal litigation claims to recover its interests in the ROW notwithstanding the relief requested in this Motion. The Trustee has informed the other Parties that the Trustee currently is disinclined to delay that effort in order to accommodate mediation but is willing to pursue and participate in mediation under that formal framework, as well as to consider discreet continuances, abatements and other scheduling relief as the particular circumstances may develop.

18. The Parties have agreed to seek this Court's order authorizing mediation and directing a one (1) day mediation before a judicial mediator appointed by this Court and request that the Court solicit the availability of the Hon. Christopher G. Bradley to serve as judicial mediator ("Mediator"). Subject to the Mediator's instructions, the Trustee contemplates the ability of the Parties to submit prior mediation statements, which may be confidential in the Mediator's and Parties' discretion. The Parties request to mediate as soon as reasonably practicable within the next 60 days, subject to the Mediator's availability. The Parties have further agreed to hybrid (i.e., in person and/or remote) attendance for the convenience of the Parties, and the Trustee's counsel has agreed to host the Mediation and in-person attendees unless the Court or Mediator prefer otherwise.

## III. ARGUMENTS AND AUTHORITIES

19. With the consent of the remaining Parties, the Trustee seeks entry of an Order in substantially the form attached hereto directing the Parties to mediation and appointing Bankruptcy Judge Christopher G. Bradley as judicial Mediator.

20. The Parties have consented to mediate the Disputes. "The Court on its own motion or upon the motion of any party or party in interest may order parties to participate in mediation." Local Bankruptcy Rule 1001-1(h). Mediation serves multiple policy goals of the Bankruptcy Code and the bankruptcy courts, including judicial economy, efficiency, and preserving resources for the benefit of the bankruptcy estate. *See Smith v. Smith*, 154 F.R.D. 661, 666 (N.D. Tex. 1994) ("It is hoped that 'mediation will assist the parties in reaching a voluntary agreement that will serve to resolve their dispute and avoid the need for traditional litigation.'") (quoting *In re Ames*, 860 S.W.2d 590, 592 (Tex. App. 1993, no writ)). In general, federal courts favor alternative dispute resolution, including mediation. Indeed, the Western District of Texas requires litigants in civil matters to engage in alternative dispute resolution unless specifically excused from the mandate. *See* W.D. Tex. Local Rule CV-88(a).

21. Additionally, judicial mediation before a sitting bankruptcy judge who is not otherwise involved in any way in the relevant matter is a common practice in this District to promote the consensual and efficient resolution of disputes. *See, e.g., In re Just One Dime Coaching, LLC*, Case No. 22-10783-smr (Bankr. W.D. Tex.), Docket Nos. 378 and 390; *see also Eric Terry v. Salvador Ortiz-Carillo*, Case No. 24-05028-cag (Bankr. W.D. Tex.), Docket Nos. 15 and 16.

## IV. EXPEDITED CONSIDERATION

22. The Parties respectfully request that the Court consider this Motion on an expedited basis in order to conduct the mediation as soon as reasonably practicable, and which is further justified where all of the implicated parties consent. Moreover, the statute of limitations governing the Estate's potential claims under the Texas Uniform Fraudulent Transfer Act, Tex. Bus. & Com. Code §§ 24.001 *et seq.* ("TUFTA"), presumably expires on February 23, 2027. In light of that approaching deadline and given that the upcoming holiday season will necessarily limit the availability of the Parties, their counsel, and the proposed judicial Mediator, the Trustee believes it is essential and in the best interests of the estate to preserve as much time as possible to schedule and conduct a meaningful mediation.

## V. CONCLUSION

WHEREFORE, the Parties respectfully request that the Court enter an order directing the Parties to mediation and appointing Bankruptcy Judge Christopher G. Bradley as the independent judicial Mediator, and grant the Trustee such other and further relief as the Court deems appropriate.

Dated: November 17, 2026

Respectfully submitted,

By: */s/ Jay H. Ong*

Jay H. Ong
Texas Bar No. 24028756
Tara LeDay
Texas Bar No. 24106701
Beverly A. Bass
Texas Bar No. 24125116
MUNSCH HARDT KOPF & HARR, P.C.
1717 West 6th Street, Suite 250
Austin, Texas 78703
Telephone: (512) 391-6100
Facsimile: (512) 391-6149
Email: jong@munsch.com
tleday@munsch.com
bbass@munsch.com

**Counsel for Christy Heimer, Chapter 7 Trustee**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, 17th day of November 2026, she personally caused true and correct copies of the foregoing pleading, together with all exhibits thereto, to be served electronically on those parties requesting electronic service through the Court's CM/ECF system.

By: */s/ Beverly Bass*
Beverly A. Bass, Esq.