**The relief described hereinbelow is SO ORDERED.**

**Signed November 24, 2026.**

**Ronald B. King**
**United States Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 20-50805-rbk** |
| **KRISJENN RANCH, LLC,**[1] | § | |
| | § | **Chapter 7** |
| **Debtor.** | § | |

**<u>ORDER REQUIRING MEDIATION AND APPOINTING JUDICIAL MEDIATOR</u>**

The Court has considered the Trustee's *(Expedited) Motion for Order Directing Parties to Mediation and Appointing Judicial Mediator* ("<u>Motion</u>")[2] filed by Christy Heimer in her capacity as the duly appointed chapter 7 trustee herein (in such capacity, the "<u>Trustee</u>"), for and on behalf of KrisJenn Ranch, LLC (the "<u>Debtor</u>") and its bankruptcy estate ("<u>Estate</u>"). Through the Motion, the Trustee with the support of Express H2O Pipeline & Row, LLC ("<u>Express H2O</u>"), as well as DMA Properties, Inc. ("<u>DMA</u>") and Longbranch Energy, LP ("<u>Longbranch</u>", collectively with DMA, "<u>DMA / Longbranch</u>", and DMA / Longbranch collectively with Express H2O and the

[1] The Debtor in this chapter 7 case, along with the last four digits of its federal tax identification number, is: KrisJenn Ranch, LLC (0947). The Debtor's substantively consolidated affiliates were KrisJenn Ranch, LLC, Series Uvalde Ranch and KrisJenn Ranch, LLC, Series Pipeline Row.

[2] Capitalized terms used herein, not otherwise defined, shall be given the meanings ascribed in the Motion.



4908-6137-9809v.3

Trustee, the "Parties") requests the Court to direct the Parties to consensual mediation and appoint Bankruptcy Judge Christopher G. Bradley as a judicial mediator. The Court, having reviewed the Motion and noting the agreement of the Parties, finds and concludes that the Motion should be granted and the following Order should be entered.

**IT IS THEREFORE ORDERED THAT:**

1. The Motion is granted as follows.

2. Each of the Parties shall attend and participate in a mediation of their disputes relevant to the above-captioned case, including the Disputes described in the Motion ("Mediation"). Larry Wright may also participate in the Mediation as a Party.

3. Bankruptcy Judge Christopher G. Bradley is hereby appointed as an independent judicial mediator ("Judicial Mediator"), as requested by the Parties. The Mediation shall be conducted and concluded by no later than February 15, 2027, or such other date as the Parties and Judicial Mediator may agree.

4. Unless otherwise directed by the Judicial Mediator: (i) the Mediation shall be conducted at the offices of the Trustee's counsel, Munsch Hardt Kopf & Harr, P.C., 1717 W 6th St., Ste. 250, Austin, Texas, 78703; (ii) Parties and counsel are authorized to attend the Mediation in-person and/or by remote attendance; (iii) the Mediation shall take place over the course of a single day, beginning at such time as the Judicial Mediator directs; and (iv) any and all Disputes and other matters arising in the bankruptcy case may be addressed at Mediation. The Judicial Mediator shall establish any deadline for the submission of mediation statements by the Parties, and which the Judicial Mediator, in his discretion, may permit any Party to submit its mediation statement confidentially if it so chooses. All Parties shall cooperate with the Judicial Mediator.

5. Each of the Parties shall have a client representative present at the Mediation with authority to resolve the Disputes, and the Court requires that all decision makers for each of the Parties attend the Mediation in person. Each of the Parties shall also be represented by counsel at the Mediation.

6. To initiate coordination of the Mediation, counsel for the Trustee shall promptly contact the Judicial Mediator, copying Party counsel, provide contact information for participating counsel to the Judicial Mediator, and to discuss mediation protocols among the Judicial Mediator and counsel for the Parties.

7. The Judicial Mediator is being appointed because of a judicial position, and to act in the specific capacity, as a United States Bankruptcy Judge. By serving as a judicial mediator, the Judicial Mediator performs judicial duties. *See, e.g.*, 28 U.S.C. § 651; Fed. R. Civ. P. 16(a)(5), (c)(2)(I); Code of Conduct for United States Judges, Canon 3(A)(4)(d). As such, the Judicial Mediator and all persons assisting the Judicial Mediator will have full, unqualified judicial immunity, as well as all other privileges, immunities, and protections of a United States Bankruptcy Judge and judiciary employees, regarding any matters arising from or related to the Judicial Mediator's role as the Judicial Mediator.

8. All Parties participating in the Mediation process, are hereby, automatically deemed to:

i. waive and hereafter be unable to assert any claims or causes of action against the Judicial Mediator or any court employees assisting with the mediation and settlement process that arise from or relate to the mediation or settlement process; and

ii. waive and hereafter be unable to seek to compel from the Judicial Mediator or from any court employees assisting with the settlement process any oral or written testimony, document production

(including, without limitation, regarding any records, reports, summaries, notes, communications, or other documents received or made by the Judicial Mediator or any court employees while serving in such capacity), or other evidence or participation whatsoever in any litigation, judicial, arbitral, or other proceeding of any kind.

# # #

Order Respectfully Submitted by (agreed as to form and substance):

*/s/ Jay H. Ong*
Jay H. Ong
Texas Bar No. 24028756
Tara LeDay
Texas Bar No. 24106701
Beverly A. Bass
Texas Bar No. 24125116
Munsch Hardt Kopf & Harr, P.C.
1717 West 6th Street, Suite 250
Austin, Texas 78703
Telephone: (512) 391-6100
Facsimile: (512) 391-6149
Email: jong@munsch.com
tleday@munsch.com
bbass@munsch.com

Counsel for Christy Heimer, Chapter 7 Trustee